Adam Mandelsberg, Bar No. 065532013
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jason Zangara,<br><br>                    Plaintiff,<br><br>        v.<br><br>National Board of Medical Examiners,<br><br>                    Defendant. | Civil No. 3:22-cv-01559-GC-LHG<br><br>Motion Returnable September 19, 2022 |

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

## **<u>TABLE OF CONTENTS</u>**

<u>**Page**</u>

INTRODUCTION ...................................................................................1

BACKGROUND ...................................................................................2

I.    NBME and NBME Subject Examinations ....................................2

II.   Mr. Zangara's Allegations..............................................................3

ARGUMENT ........................................................................................4

I.    Mr. Zanagara Fails to Show that the Court Has Personal Jurisdiction Over NBME.............................................................4

    A.    Legal standard .....................................................................4

    B.    Mr. Zangara fails to state a basis for personal jurisdiction over NBME...........................................................5

II.   Mr. Zangara Fails to State a Claim Against NBME......................7

    A.    Pleading Standards ..............................................................7

    B.    Mr. Zangara's ADA claim is time-barred ...........................9

    C.    Mr. Zangara fails to state a claim under the ADA .............11

        1.    Mr. Zangara fails to allege he is disabled within the meaning of the ADA. ...............................................12

        2.    Mr. Zangara's conclusory allegations with respect to any examination other than the CBSE fail to state a claim with respect to those examinations .........................13

        3.    Mr. Zangara's allegations with respect to the "grading" of the CBSE are conclusory and implausible, and do not comply with Rule 8 pleading standards ...................14

        4.    Mr. Zangara's allegation about "grading on a curve" is refuted by his own exhibits ......................................17

CONCLUSION.................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Abulkhair v. U.S. Postal Serv.*,
    No. 13-7796, 2015 WL 858075 (D.N.J. Feb. 27, 2015)......................................16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................8, 15, 16

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................8, 16

*Boggi v. Med. Rev. & Accrediting Council*,
    415 F. App'x 411 (3d Cir. 2011) ...............................................................11, 13

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)...........................................................................................5

*Datto v. Assoc. of Amer. Med. Colleges*,
    No. 18-21053, 2019 WL 12470329 (S.D. Fla. June 8, 2019) .............................7

*Datto v. Harrison*,
    664 F. Supp. 2d 472 (E.D. Pa. 2009).................................................................10

*El-Hewie v. Paterson Pub. Sch. Dist.*,
    No. 13-5820, 2014 WL 1234476 (D.N.J. Mar. 24, 2014) .................................16

*Estrada v. Trager*,
    No. 01-4669, 2002 WL 31053819 (E.D. Pa. Sept. 10, 2002).............................10

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
    141 S. Ct. 1017 (2021).......................................................................................6

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) .............................................................................13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011).............................................................................................5

*Hone v. Ereaux*,
    No. 21-479, 2022 WL 205670 (D.N.J. Jan. 24, 2022) ........................................4

## <u>TABLE OF AUTHORITIES (continued)</u>

<u>Page(s)</u>

*Jager v. Fleet Mgmt. Road Serv.*,
   No. 14-8130, 2021 WL 4932765 (D.N.J. Oct. 22, 2021).....................................6

*Karipidis v. ACE Gaming LLC*,
   No. 09-3321, 2010 WL 2521209 (D.N.J. June 9, 2010) ...................................13

*Kim v. Prudential Fin.*,
   No. 19-19594, 2020 WL 2899259 (D.N.J. June 3, 2020) .................................16

*Murray v. John Wood Cmty. College*,
   No. 19-20920, 2020 WL 4670927 (D.N.J. Aug. 12, 2020)................................5

*Nat'l R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101 (2002)...........................................................................................10

*Norkunas v. Southern Pennsylvania Transportation Auth.*,
   No. 19-627, 2019 WL 6337913 (D.N.J. Nov. 27, 2019)............................4, 5, 6

*Robinson v. Family Dollar Inc.*,
   679 F. App'x 126 (3d Cir. 2017) .......................................................................15

*Rose v. Seton Hall Univ.*,
   No. 13-7797, 2015 WL 9049438 (D.N.J. Dec. 15, 2015) ...................................9

*S.B. ex rel. A.B. v. Trenton Sch. Dist.*,
   No. 13-949, 2013 WL 6162814 (D.N.J. Nov. 25, 2013)......................................9

*Sangi v. Warren Hosp.*,
   No. 10-4571, 2011 WL 4857933 (D.N.J. Oct. 11, 2011)...................................17

*Santiago v. Warminster Tp.*,
   629 F.3d 121 (3d Cir. 2010) ..............................................................................15

*Schlafly v. Eagle Forum*,
   No. 19-2405, 2022 WL 1261319 (3d Cir. Apr. 28, 2022)...................................7

*Skelton v. New Jersey Dep't of Correction*,
   No. 19-18597, 2020 WL 6376652 (D.N.J. Oct. 30, 2020).................................13

# TABLE OF AUTHORITIES (continued)

**Page(s)**

*Stampone v. Fopma*,
567 F. App'x 69 (3d Cir. 2014) ........................................................................7

*Taylor v. Henderson*,
632 F. App'x 70 (3d Cir. 2015) ......................................................................10

*Thakar v. Tan*,
372 F. App'x 325 (3d Cir. 2010) ......................................................................8

*Walden v. Fiore*,
571 U.S. 277 (2014) ..........................................................................................5

*Walker v. U.S. Sec'y of the Air Force*,
7 F. Supp. 3d 438 (D.N.J. 2014) ....................................................................12

**STATUTES**

42 U.S.C. § 12102(1)(A) ......................................................................................12

42 U.S.C. § 12189 ................................................................................................11

N.J. Stat. Ann. 2A:14-2 ........................................................................................9

**REGULATIONS**

28 C.F.R. § 36.105(d)(1)(v) ..........................................................................12, 13

28 C.F.R. § 36.309 ..............................................................................................11

**RULES**

Fed. R. Civ. P. 8(a)(2) ..........................................................................................7

Fed. R. Civ. P. 12(b)(2) ........................................................................................4

Fed. R. Civ. P. 12(b)(6) ........................................................................................8

## **INTRODUCTION**

According to his Complaint, Plaintiff Jason Zangara ("Plaintiff" or "Mr. Zangara") is a student at the Caribbean Medical University School of Medicine. He has brought a *pro se* Complaint against Defendant National Board of Medical Examiners ("NBME") based on his alleged inability to pass the Comprehensive Basic Science Exam ("CBSE"), an examination developed by NBME but used by his medical school. Mr. Zangara alleges that he has Attention Deficit/Hyperactivity Disorder ("ADHD") and learning disabilities, that "those who are disabled will always score lower" on the CBSE because it is purportedly "graded on a curve," and that NBME's alleged "grading" method violates the Americans with Disabilities Act ("ADA"). Complaint (Dkt. 1) p.5.

Mr. Zangara's assertions about NBME's scoring methodology are incorrect, but he cannot proceed with his Complaint in any event for at least three reasons. First, he has not shown that this Court has personal jurisdiction over NBME. Second, his Complaint fails to satisfy Rule 8 pleading standards and fails to state a claim under the ADA. Third, his ADA claim is barred by the applicable two-year statute of limitations based upon allegations appearing on the face of the Complaint. Dismissal is therefore warranted.

## BACKGROUND

### I.     NBME and NBME Subject Examinations

NBME is a non-profit organization based in Pennsylvania. *See* Complaint p.

3. NBME's mission is to help protect the health of the public through the develop-

ment and administration of high-quality examinations for health professionals.

NBME is perhaps best known as the co-sponsor of the United States Medical

Licensing (USMLE) program (the other sponsor is the Federation of State Medical

Boards, which is also a non-profit organization).[1] The USMLE is a standardized

examination used to evaluate applicants' competence for medical licensure. Three

"Step" exams make up the USMLE, taken at different times in an individual's med-

ical education process: Step 1, Step 2 Clinical Knowledge (Step 2 CK), and Step 3.[2]

State medical boards use USMLE outcomes to inform licensure decisions and to

help achieve their mission of helping to ensure safe and effective patient care.[3] Mr.

Zangara does not allege that he has taken or registered to take any Step of the US-

MLE.

NBME also develops subject examinations in the basic and clinical sciences

for the purpose of assisting medical schools in assessing the educational

---

[1] *See* https://www.nbme.org/assessment-products/medical-licensing-exams.

[2] *See* https://www.usmle.org/step-exams.

[3] *See* https://www.usmle.org/sites/default/files/2021-08/2022bulletin.pdf, at 13.

achievement of their students in specific content areas.[4] The Comprehensive Basic Science Examination, or "CBSE," is one of the subject examinations developed by NBME.

## II.   Mr. Zangara's Allegations

Mr. Zangara alleges that he is currently a medical student, and that he has been diagnosed with ADHD and learning disabilities. Complaint p. 5. Based on an exhibit to his Complaint, he appears to be a student at the Caribbean Medical University School of Medicine, *id.* at Ex. B, which is located on the island of Curaçao in the southern Caribbean Sea, off the coast of Venezuela (*see* https://cmumed.org/about/). According to Mr. Zangara, "in order to sit for the licensing exams we are required by our [medical] school to take and 'pass' the examinations offered by NBME including Comprehensive Basic Science Exam, Comprehensive Clinical Science exam, shelf exams along with USMLE Step 1, 2 and 3." *Id.*, Complaint p. 5.

Mr. Zanagara alleges that he has "been trying for the past almost 6 years to pass the Comprehensive Basic Science Exam." *Id.* He claims that the CBSE "along with all others is discriminatory against myself and others because they do not give us a fair chance to prove that we are competent in what we are being tested on." *Id.* According to Mr. Zangara, the exams are "graded on a curve" compared to other

---

[4] *See* https://www.nbme.org/sites/default/files/2021-04/NBME_Subject_Exam_Program_Guide_2021.pdfMedical, at 5.

examinees who previously took the exam and he "does not compare the same as others who took the exam." *Id.* He opines that "[p]eople with true learning disabilities will have lower abilities to do things to begin with and there will always be a gap between what they can do and what others can do.… Here, by grading on a curve those who are disabled will always score lower." *Id.*

Mr. Zangara alleges that he is a citizen of New Jersey and that NBME is a citizen of Pennsylvania. Complaint p. 3. He alleges that the events giving rise to his claim occurred at NBME, Complaint p. 4—*i.e.*, in Pennsylvania. And in response to the question on the Court's *pro se* complaint form regarding when the events giving rise to his claim occurred, he answered, "This has been ongoing since 2016." *Id.*

## ARGUMENT

### I. Mr. Zanagara Fails to Show that the Court Has Personal Jurisdiction Over NBME

#### A. Legal standard

Mr. Zangara has the burden of making a *prima facie* showing that the Court has personal jurisdiction over NBME in response to NBME's Rule 12(b)(2) motion. *Hone v. Ereaux*, No. 21-479, 2022 WL 205670, at *1 (D.N.J. Jan. 24, 2022) (citation omitted). The Court must accept Mr. Zangara's allegations as true and construe disputed facts in his favor. *Norkunas v. Southern Pennsylvania Transportation Auth.*, No. 19-627, 2019 WL 6337913, at *2 (D.N.J. Nov. 27, 2019) (citation omitted). Nevertheless, "the focus of the personal jurisdiction analysis is fairness to the

defendant — not the plaintiff." *Murray v. John Wood Cmty. College*, No. 19-20920, 2020 WL 4670927, at *5 n.5 (D.N.J. Aug. 12, 2020) (citation omitted); *see also Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties.") (citation omitted).

### B.    Mr. Zangara fails to state a basis for personal jurisdiction over NBME

Courts may assert general or specific jurisdiction over a defendant. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). "Specific jurisdiction, on the other hand, depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (citation omitted).

There is no stated basis in Mr. Zangara's Complaint for this Court to exercise general jurisdiction over NBME. "The Third Circuit has recognized that it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business.'" *Norkunas*, 2019 WL 6337913, at *3 (citations omitted); *see also Daimler AG v. Bauman*, 571

U.S. 117, 137 (2014) (explaining a corporation's place of incorporation and princi-

pal place of business are the "paradigm" bases for general jurisdiction). NBME's

principal place of business is Philadelphia, Pennsylvania, not New Jersey. *See* Com-

plaint at 3. Mr. Zangara does not allege NBME's place of incorporation, but the

Court can take notice of the fact that NBME is incorporated in the District of Co-

lumbia, as shown in Exhibit A hereto. *See Norkunas*, 2019 WL 6337913, at *3

("While Plaintiff has not pled the location of [defendant's] principal place of busi-

ness or state of incorporation, this Court may — and will — take judicial notice of

such information."); *Jager v. Fleet Mgmt. Road Serv.*, No. 14-8130, 2021 WL

4932765, at *5 (D.N.J. Oct. 22, 2021) ("There is no suggestion that [defendant] is

actually domiciled in New Jersey. No viable basis for general jurisdiction is sug-

gested.").

There also is no stated basis in the Complaint for this Court to exercise spe-

cific jurisdiction over NBME. Mr. Zangara must show that his claim arises out of or

relates to NBME's contacts with New Jersey. *Jager*, 2021 WL 4932765, at *5 (citing

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021)). His

Complaint, however, "does not make any allegations relating to acts in New Jersey.

On its face, there is no basis for specific personal jurisdiction." *Id.* To the contrary,

and as Mr. Zangara acknowledges, NBME's scoring of his CBSE exam—which is

the act giving rise to his purported ADA claim—occurred where NBME's offices

are located, which is in Pennsylvania, not New Jersey. *See* Complaint at 4 (Question: "Where did the events giving rise to your claim(s) occur?" Response: "National Board of Medical Examiners (NBME)."). Mr. Zangara's Complaint "does not allege that he was harmed by any action [NBME] took in New Jersey." *Stampone v. Fopma*, 567 F. App'x 69, 71 (3d Cir. May 19, 2014) (per curiam).[5] Mr. Zangara therefore has failed to allege a basis for this Court to exercise personal jurisdiction over NBME.

## II.   Mr. Zangara Fails to State a Claim Against NBME

### A.   Pleading Standards

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this does not necessitate "detailed factual allegations," it does require "more than unadorned, the-

---

[5] Mr. Zangara may argue that he tested in New Jersey, but this is not alleged in his Complaint and it is not a sufficient basis to support personal jurisdiction in this Court in any event given that, among other things, Mr. Zangara's claim is not based on his test-day experience. *See Schlafly v. Eagle Forum*, No. 19-2405, 2022 WL 1261319, at *2 (3d Cir. Apr. 28, 2022) ("Here, all of the alleged misdeeds of the Board occurred outside of New Jersey. In fact, the only connection these claims seem to have to New Jersey is the fact that [plaintiff] happens to live there. That fact is simply insufficient to establish specific jurisdiction over [defendant]."); *cf. Datto v. Assoc. of Amer. Med. Colleges*, No. 18-21053, 2019 WL 12470329, at *4 (S.D. Fla. June 8, 2019) ("[T]hough Plaintiff points to AAMC's MCAT examination services as engaging [in] business in Florida, these activities are disconnected from Plaintiff's allegations against AAMC, which relate to his rejection from the medical schools he applied to."), *report and rec. adopted in relevant part*, 2019 WL 12470330 (S.D. Fla. Aug. 5, 2019).

defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570. A facially plausible claim must be supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such an inference cannot be drawn based on the pleading of facts suggesting "a sheer possibility that a defendant has acted unlawfully." *Id*. (citation and internal quotation marks omitted).

"While a litigant's *pro se* status requires a court to construe the allegations in the complaint liberally, … a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (internal citation omitted).

In addition to pleading deficiencies, "a statute of limitations defense may be raised under Rule 12(b)(6), 'but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of

limitations.'" *S.B. ex rel. A.B. v. Trenton Sch. Dist.*, No. 13-949, 2013 WL 6162814, at *7 (D.N.J. Nov. 25, 2013) (citations omitted).

**B.    Mr. Zangara's ADA claim is time-barred**

Mr. Zangara attempts to assert a claim under Title III the Americans with Disabilities Act ("ADA"). *See* Complaint at 3 (referencing 42 U.S.C. § 12101(b)(1) and 42 U.S.C. §§ 12181-12189). "[C]laims under the ADA and the Rehabilitation Act are subject to the statute of limitations applicable to personal injury actions in the state in which the trial court sits." *Rose v. Seton Hall Univ.*, No. 13-7797, 2015 WL 9049438, at *3 (D.N.J. Dec. 15, 2015) (citations omitted). A two-year statute of limitations therefore applies to Mr. Zangara's claim under New Jersey law. *Id.* (citing N.J. Stat. Ann. 2A:14-2).

Mr. Zangara's own allegations reveal that his ADA claim is barred by the two-year statute of limitations. According to Mr. Zangara, he has "been trying for the past almost 6 years to pass the Comprehensive Basic Science Exam."  Complaint at 5; *see id.* at 6 ("I want to be a doctor and have been held up for the past 6 years."). His claim, challenging a purported scoring methodology that Mr. Zangara alleges has kept him from "passing" the CBSE examination "for the past almost 6 years," accrued (if at all), "almost 6 years" ago, and therefore is barred by the two-year statute of limitations.

The fact that Mr. Zangara tested as recently as February 2022 does not change

this outcome. Mr. Zangara cannot wait to sue until after he fails to pass the test repeated times, when his failure to pass is attributed to the same allegedly discriminatory reason. *Cf. Taylor v. Henderson*, 632 F. App'x 70, 73-74 (3d Cir. 2015) (affirming district court's dismissal of ADA claim filed in 2012 based on his denial of parole in 2012, where he was also denied parole for the same reason in 2008 and "knew or should have known of that alleged injury at that time").

The "continuing violation theory" also does not apply here, because it "is restricted to situations like those alleging a hostile work environment, involving repeated actions that may not be actionable on their own." *Datto v. Harrison*, 664 F. Supp. 2d 472, 486 (E.D. Pa. 2009) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)); *see also Estrada v. Trager*, No. 01-4669, 2002 WL 31053819, at *5 (E.D. Pa. Sept. 10, 2002) ("[W]ere the fact of a plaintiff's injury because of a policy that is still in place enough to state a continuing violation, the statute of limitations would become a dead letter."). Mr. Zangara's claim is not based on cumulative acts by NBME that would not be actionable (if at all) on their own; they are based upon an alleged "grading" policy that has purportedly been in place and applied to Mr. Zangara since 2016. Therefore, he cannot rely on the continuing violation theory to save his time-barred claims.

Mr. Zangara's ADA claim is barred by the two-year statute of limitations and must be dismissed.

### C.     Mr. Zangara fails to state a claim under the ADA

A specific provision in Title III of the ADA applies to private entities offering certain types of examinations. *See* 42 U.S.C. § 12189. Section 12189 provides as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

Mr. Zangara cites the regulation that implements this provision in his Complaint. *See* Complaint at 5 (discussing 28 C.F.R. § 36.309); *see also Boggi v. Med. Rev. & Accrediting Council*, 415 F. App'x 411, 414 (3d Cir. 2011) ("the District Court properly assessed [the pro se plaintiff's] ADA claims under section 309 of Title III, 42 U.S.C. § 12189") (per curiam).[6]

Even assuming solely for purposes of this motion to dismiss that Section 12189 applies with respect to the CBSE or other subject examinations developed by NBME, Mr. Zangara has failed to state a claim under Section 12189. First, he fails to allege that he is disabled within the meaning of the ADA (he alleges only that he

---

[6] Mr. Zangara's Complaint does not address accessibility of the CBSE —i.e., the place and manner in which it was administered. It addresses the way in which the exam is allegedly scored. NBME denies that Mr. Zangara's dissatisfaction with NBME's alleged scoring methodology constitutes a cognizable claim under Section 12189. It is not addressing this issue at this time, however, given the other deficiencies in Mr. Zangara's Complaint.

has been diagnosed with certain impairments). Second, his allegations regarding NBME's purported method of scoring the CBSE and its impact on individuals with disabilities are speculative and conclusory statements that are not entitled to an assumption of truth. Third, even if his speculative assertions were credited, his allegations that he (and all individuals with learning disabilities) will necessarily perform worse on the CBSE and that NBME's supposed "grading" methodology is therefore discriminatory requires an inferential leap that is not allowed under the *Twombly/Iqbal* pleading standards. Finally, Mr. Zangara's claim that the CBSE is graded "on a curve" is simply wrong, as shown by the very exhibits he attached to his Complaint. The Complaint should therefore be dismissed.

### 1.    Mr. Zangara fails to allege he is disabled within the meaning of the ADA.

Mr. Zangara's ADA claim fails at the outset because he does not allege that he is disabled within the meaning of the statute. To be disabled under the ADA, Mr. Zangara must have a physical or mental impairment that substantially limits him in one or more major life activities as compared to most people in the general population. 42 U.S.C. § 12102(1)(A); 28 C.F.R. § 36.105(d)(1)(v); *see also Walker v. U.S. Sec'y of the Air Force*, 7 F. Supp. 3d 438, 452 (D.N.J. 2014) ("Merely having an impairment does not make one disabled....  Claimants also need to demonstrate that the impairment limits a major life activity.").

Mr. Zangara alleges that he has been diagnosed with ADHD and learning

disabilities. *See* Complaint at 5. He does not, however, allege that he is substantially limited in any major life activities, and this "creates a defect in the Complaint." *See Karipidis v. ACE Gaming LLC*, No. 09-3321, 2010 WL 2521209, at *8 (D.N.J. June 9, 2010);[7] *see also Skelton v. New Jersey Dep't of Correction*, No. 19-18597, 2020 WL 6376652, at *12 (D.N.J. Oct. 30, 2020) ("Plaintiff's allegations under the ADA … fail to state a claim because he does not sufficiently allege that his diabetes substantially limits a major life activity.") (citation omitted); *see generally* 28 C.F.R. 36.105(d)(1)(v) ("[N]ot every impairment will constitute a disability ….").

Mr. Zangara has not alleged that he is substantially limited in any major life activity, and therefore he fails to state a claim under the ADA.

### 2. Mr. Zangara's conclusory allegations with respect to any examination other than the CBSE fail to state a claim with respect to those examinations

The only test Mr. Zangara alleges to have taken to date and not "passed" is the CBSE. The two exhibits he offers in an attempt to show that NBME "grades on

---

[7] The *Karipidis* court distinguished *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009), where the Third Circuit held that "so long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading," *id.* at 214 (citation omitted), because in *Fowler* the plaintiff "was injured on the job; thus her employer was already aware of her disability." 2010 WL 2521209, at *8 n.9. This case is not an employment discrimination case, and NBME has no independent knowledge of which major life activities (if any) are relevant to Mr. Zangara's claim. The *Fowler* approach therefore does not apply to this case. *See also Boggi*, 415 F. App'x at 415 (post-*Fowler* opinion where Third Circuit affirmed dismissal of ADA claim based on plaintiff's failure to allege a substantial limitation in a major life activity).

a curve" are CBSE score reports. Mr. Zangara references other examinations developed by NBME—the Comprehensive Clinical Science Examination, other "shelf exams," and the licensing examination itself (USMLE Step 1, Step 2 CK, and Step 3)—but his allegations relating to those examinations are even more conclusory and speculative than his allegations regarding the CBSE. *See* Complaint at 5. Mr. Zangara therefore has failed to state a claim with respect to any of these other examinations.

> ### 3. Mr. Zangara's allegations with respect to the "grading" of the CBSE are conclusory and implausible, and do not comply with Rule 8 pleading standards

The bulk of Mr. Zangara's allegations—and the bases for his purported ADA claim—are vague, speculative, and conclusory opinions about NBME's purported "grading" methodology for the CBSE and its alleged impact on Mr. Zangara and individuals with learning disabilities. These allegations include:

- "Grading these exams on a curve or in comparison to others does not in any way test my proficiency to become a physician."

- "NBME will not allow me and others to 'pass' because I do not compare the same as others who took the exam."

- "NBME will not give me and others the chance to have our exams graded to assess how much we actually know."

- "I should not be compared to a reference group of however many people

[took] the same exam two years ago. That does nothing to show if I am competent."

- "NBME grades on a curve so [those] with a low score automatically fail."

- "You cannot grade on a curve without failing people on purpose."

- "Those with disabilities will most likely [drop] out."

- "Even though 70% shows they are competent, you still fail because the OTHERS score higher and you have to score with them."

- "People with true learning disabilities will have lower abilities to do things to begin with and there will always be a gap between what they can do and what others can do."

- "Here, by grading on a curve those who are disabled will always score lower."

These and similar allegations in Mr. Zangara's Complaint are "'naked assertion[s]' devoid of 'further factual enhancement[,]'" *Iqbal*, 556 U.S. at 678 (citation omitted), and they are not entitled to any assumption of truthfulness. *See Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010) (explaining that in assessing the sufficiency of a complaint, a court should "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth'") (citation omitted); *Robinson v. Family Dollar Inc.*, 679 F. App'x 126, 132 (3d Cir. 2017) ("*Iqbal* and *Twombly* require courts to identify all nonconclusory factual allegations *before*

determining whether they give rise to a plausible claim for relief.").

Even if these allegations were assumed to be true, they are insufficient to support any inference of discriminatory conduct on the part of NBME and do not give rise to a plausible claim to relief:

> Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' … If the 'well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' the complaint should be dismissed for failing to show 'that the pleader is entitled to relief' as required by Rule 8(a)(2).

*Kim v. Prudential Fin.*, No. 19-19594, 2020 WL 2899259, at *2 (D.N.J. June 3, 2020) (quoting *Iqbal*, 556 U.S. at 679) (dismissing *pro se* complaint). Mr. Zangara's speculative assertions about NBME's purported "grading" methodology and its allegedly discriminatory impact do not give rise to a plausible ADA claim. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557); *cf. Abulkhair v. U.S. Postal Serv.*, No. 13-7796, 2015 WL 858075, at *3 (D.N.J. Feb. 27, 2015) ("[Plaintiff] certainly does not allege any facts to support a plausible inference that any individuals or agencies conspired to tamper with his mail. Without details of who, what, when, where, or why to support his allegations, this Court cannot make any inferences that would support a plausible claim for relief."); *El-Hewie v. Paterson Pub. Sch. Dist.*, No. 13-5820, 2014 WL 1234476, at *5 (D.N.J. Mar. 24, 2014)

("[T]he Complaint speaks in sweeping generalities, without any specific facts from which discrimination could be inferred."); *Sangi v. Warren Hosp.*, No. 10-4571, 2011 WL 4857933, at *2 (D.N.J. Oct. 11, 2011) ("At best, Plaintiff has pled facts that, taken as true and viewed in the light most favorable to Plaintiff, show that she was subject to certain adverse employment actions.… Alleging merely that Plaintiff 'believes' these actions were taken against her because of her age is not sufficient to meet the federal pleading requirements.").

Mr. Zangara's ADA claim does not satisfy the *Twombly/Iqbal* pleading standards and must be dismissed.

### 4. Mr. Zangara's allegation about "grading on a curve" is refuted by his own exhibits

As it turns out, the underlying premise of Mr. Zangara's claim—that the CBSE is "graded on a curve"—is incorrect, as shown by the very exhibits attached to his Complaint.

Exhibit B to the Complaint, which Mr. Zangara describes as "a copy of [his] most recent attempt to pass" the CBSE, shows that Mr. Zangara obtained a score of 174 on the examination. As stated in the Score Report, the score represents "an estimate of [Mr. Zangara's anticipated] performance on Step 1 [of the USMLE] if [he] had taken both exams under the same conditions and with the same level of knowledge." Complaint Ex. B. Nothing in this score report states or reflects that Mr. Zangara was "graded on a curve." His score is based upon *his* knowledge of the

subjects tested on the exam. Although other parts of the Score Report show Mr.

Zangara's performance compared to other examinees, those comparisons were pro-

vided for informational and study purposes—they did not change his score. *Id.*[8]

Exhibit D to the Complaint includes a sample Examinee Performance Report

for the CBSE.[9] It provides a "percent correct score," which shows "***the percentage***

***of the content that you have mastered***." Complaint Ex. D at 1 (emphasis added).

The Examinee Performance Report explains that the score is "statistically adjusted

to account for slight variations in exam form difficulty and may be slightly lower or

higher than the actual percentage of questions you answered correctly on this spe-

cific form." *Id.* The Examinee Performance Report does ***not*** state that the score is

---

[8] The Score Report also does not assign any type of "grade" to Mr. Zangara or state that he did not "pass" the test. Instead, the Score Report explains that Mr. Zangara's "CBSE performance can be used in conjunction with other information to assess readiness for Step 1." *Id.*

[9] In late February 2022, NBME replaced 3-digit scoring of the CBSE (as shown in Ex. B) with an equated percent correct score that represents the percentage of content mastered. *See* "Common Questions about CBSE/CBSSA Score Report Changes," *at* https://www.nbme.org/sites/default/files/2021-12/For_Educators_Common_Questions_2022_Score_Report_Changes.pdf. The first two pages of the document submitted by Mr. Zangara at Exhibit D show a preliminary sample of the new CBSE Examinee Performance Report that NBME made available to medical school faculty and students in late 2021 and early 2022 to familiarize them with the new score report format. There is an updated version of a sample CBSE Examinee Performance Report available on the NBME website, found at https://www.nbme.org/sites/default/files/2022-04/CBSE_Examinee_Performance_Report_2022.pdf. The last three pages of Mr. Zangara's Exhibit D are a Score Interpretation Guide for the CBSE Examinee Performance Report that was used prior to the changes in late February 2022.

"curved" based on the examinee's performance compared to other examinees. Instead, like the Score Report found at Exhibit B to the Complaint, the Examinee Performance Report at Exhibit D provides additional information showing how the examinee's score compares to the scores achieved by other examinees, to help identify the examinee's strengths and weaknesses and estimate his or her future performance.[10]

Mr. Zangara's exhibits thus contradict his own allegations. NBME does not "grade" the CBSE "on a curve." His ADA claim is meritless, and his Complaint should be dismissed with prejudice.

---

[10] The Examinee Performance Report at Exhibit D to the Complaint, like the Score Report at Exhibit B, also provides a score, not a "grade," and does not state that the examinee "passes" or "fails" the test. Rather, it shows how the CBSE score compares to passing performance on the USMLE Step 1 examination. *Id.*

## <u>CONCLUSION</u>

Mr. Zangara's Complaint should be dismissed for failure to show that this Court has personal jurisdiction over NBME. Alternatively, his Complaint should be dismissed with prejudice for failure to state a claim.

Dated:  August 23, 2022

**PERKINS COIE LLP**

By:  */s/ Adam Mandelsberg*
Adam Mandelsberg, Bar No. 065532013
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

# EXHIBIT A


.gov
Mayor Muriel Bowser

(/Home.aspx/Index)

Home (/Home.aspx)

Edit Account (/Account.aspx/AccountManagement)

Sign Out (/Account.aspx/LogOff?signoutFromCropLogin=true)

# NATIONAL BOARD OF MEDICAL EXAMINERS OF THE UNITED STATES OF AMERICA - Initial File Number: 680837

| Main | Reports | Trade Names | Beneficial Owners |

## Entity Info

**Business Name**
NATIONAL BOARD OF MEDICAL EXAMINERS OF THE UNITED STATES OF AMERICA

**Suffix**

**Registration / Effective Date**
3/17/1922

**Commencement Date**
3/17/1922

**Entity Status**
Active

**Foreign Name**
NA

**Date of Organization**
3/17/1922

**State**
District of Columbia

**Country**
USA

## Business Address

**Line1**
3750 Market Street

**Line2**

| City | State | Zip |
| --- | --- | --- |
| Philadelphia | Pennsylvania | 19104 |

## Agent

**Is non-commercial Registered Agent?**
No

**Name**
C T CORPORATION SYSTEM

## Address

**Line1**
1015 15th St NW

**Line2**
Suite 1000

| **City** | **State** | **Zip** |
| --- | --- | --- |
| Washington | District of Columbia | 20005 |

**Email**
CLS-CTWashingtonDCFulfillment@wolterskluwer.com

**Return to Home**

---

**District News**

- Mayor's Public Schedule (https://mayor.dc.gov/newsroom)
- Citywide News (https://newsroom.dc.gov)
- Citywide Calendar (https://calendar.dc.gov/events)
- Subscribe to Receive Emails (https://service.govdelivery.com/accounts/DCWASH/subscriber/new)
- Subscribe to Text Alerts (https://hsema.dc.gov/page/alertdc)
- Subscribe to Newsletters (https://public.govdelivery.com/accounts/DCWASH/subscriber/new)

**District Initiatives**

- Green DC (https://green.dc.gov)
- Grade DC (https://grade.dc.gov)
- Age-Friendly DC (https://agefriendly.dc.gov)
- Sustainable DC (https://sustainable.dc.gov)
- Connect DC (https://connect.dc.gov)
- Great Streets (https://greatstreets.dc.gov)
- Ready DC (https://ready.dc.gov)

**About DC**

- Open DC (https://open.dc.gov)
- Budget (https://cfo.dc.gov/budget)
- Emancipation (https://emancipation.dc.gov)
- Consumer Protection (https://oag.dc.gov/consumer-protection)
- Contracts (https://dc.gov/contracts)

Property Quest (https://propertyquest.dc.gov)

Track DC (https://track.dc.gov)

**Contact Us**

- Agency Director (https://directory.dc.gov)

- Call 311 (https://311.dc.gov)

- Contact the Mayor (https://dcforms.dc.gov/webform/executive-office-mayor-ask-mayor)

- Contact Agency Directors (https://dcra.dc.gov/page/contact-agency-directors)

- FOIA Requests (https://foia.dc.gov)

- Report Website Problems (https://dcforms.dc.gov/webform/problems-dc-government-website)

- Send Feedback (https://feedback.dc.gov)