**VERNON GREEN, Plaintiff,**

v.

**PHIL MURPHY, et al., Defendants,**

Civ. No. 21-11852 (GC) (DEA).

**United States District Court, D. New Jersey.**

July 5, 2022.

**NOT FOR PUBLICATION**

**OPINION**

GEORGETTE CASTNER, District Judge.

# I. INTRODUCTION

Plaintiff, Vernon Green ("Plaintiff" or "Green"), is proceeding *pro se* with this civil rights action. Previously, the Court granted Plaintiff's application to proceed *in forma pouperis.* (*See* ECF 9). Plaintiff wishes to have his Amended Complaint filed on July 12, 2021 be considered as his operative pleading. (*See* ECF 14). This matter was reassigned to the undersigned on April 11, 2022. (*See* ECF 15).

The Court must screen the allegations of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's Amended Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

# II. BACKGROUND

The allegations of the Amended Complaint are construed as true for purposes of this screening Opinion. Plaintiff names the following Defendants in his Amended Complaint: (1) Lawrence Township Police Department; (2) Detective Daniel Gladney; and (3) Lt. Lech.

Plaintiff was arrested pursuant to a complaint warrant on charges of burglary and attempted burglary. Plaintiff states Defendants Gladney and Lech, both from the Lawrence Township Police Department, relied on false information given to them by the Hamilton Police Department in completing the affidavit of probable cause supporting the complaint warrant.

Plaintiff asserts his federal constitutional and state law rights have been violated. Most specifically, he claims his arrest was unlawful and that he was racially profiled. He also complains that his vehicle was illegal impounded.

## III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B). The PLRA directs a court to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane Sears,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)*). That standard is set forth in *Ashcroft v. Iqbal, 556 U.S. 662 (2009)* and *Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)*. To survive the court's screening for failure to state a claim, the complaint must allege `sufficient factual matter' to show that the claim is facially plausible. See *Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)* (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014)* (quoting *Iqbal, 556 U.S. at 678*). "[A] pleading that offers `labels or conclusions' or `a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal, 556 U.S. at 678* (quoting *Twombly, 550 U.S. at 555*).

*Pro se* pleadings, as always, are liberally construed. See *Haines v. Kerner, 404 U.S. 519 (1972)*. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)* (citation omitted).

In this case, Plaintiff seeks relief under 42 U.S.C. § 1983 and under state law. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law, See *Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011)* (citations omitted); *see also West v. Atkins, 487 U.S. 42, 48 (1988)*.

## IV. DISCUSSION

### A. Unlawful Arrest/Unlawful Imprisonment

Plaintiff first raises an unlawful arrest claim. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995); Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)), "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000) (quoting Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995)); see also Minatee v. Phila. Police Dep't, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). Immunity is generally extended to "an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant." Adams v. Officer Eric Selhorst, 449 F. App'x 198, 202 (3d Cir. 2011) (citing Berg v. Cnty. of Allegheny, 219 F.3d 261, 273 (3d Cir. 2000)). However, "an apparently valid warrant does not render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances." Id. (citing Berg, 219 F.3d at 273). Where a plaintiff is arrested pursuant to a facially valid warrant, a court may only find probable cause lacking if the arresting officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant" and "such statements or omissions [were] material, or necessary, to the finding of probable cause." Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (citing Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)); see also Eckman v. Lancaster City, 529 F. App'x 185, 186 (3d Cir. 2013).

Plaintiff attaches the complaint warrant as an exhibit to his Amended Complaint. The arrest warrant is facially valid as a judicial officer found there was probable cause to issue the warrant. (See ECF 8 at 5). Nevertheless, Plaintiff states the affidavit of probable cause from the investigating officers relied on false and fabricated information provided to the investigating officers by the Hamilton Township Police Department. (See ECF 8 at 3).

Plaintiff's allegations of falsity with the affidavit of probable cause are conclusory and lack facial plausibility. Such allegations are insufficient to state a false arrest claim. See Iqbal, 556 U.S. at 678; see also Dennis v. Evans, No. 09-656, 2011 WL 900911, at *6 (M.D. Pa. Feb. 2, 2011) (noting conclusory allegation that affidavit of probable cause contained false statements insufficient to state a false arrest claim), report and recommendation adopted by, 2011 WL 901187 (M.D. Pa. Mar. 14, 2011). Thus, Plaintiff's false arrest claim is dismissed without prejudice for failure to state a claim.

Plaintiff also states that he was unlawfully restrained because of the purported unlawful arrest. Such an allegation appears to be Plaintiff's claim for unlawful/false imprisonment claim. A claim for unlawful imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. See Adams, 449 F. App'x at 201 (citing Groman, 47 F.3d at 636). Thus, a claim of unlawful imprisonment in this context is derivative of Plaintiff's claim for arrest without probable cause. See Johnson v. Camden Cnty. Prosecutors' Office, No. 11-3588, 2012 WL 273887, at *4 n.2 (D.N.J. Jan. 31, 2012) (citing Groman, 47 F.3d at 636).

Plaintiff's unlawful imprisonment allegations are insufficient to state a claim for the same reasons as to why his unlawful arrest allegations fail to state a claim, Thus, Plaintiff's false imprisonment claim is also dismissed without prejudice for failure to state a claim upon which relief may be granted.

## B. Equal Protection

Next, Plaintiff states he was racially profiled. This Court construes this statement by Plaintiff as an equal protection claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall `deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (2) he was treated differently from similarly situated individuals. *See id.* Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination to state an equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

While Plaintiff alleges racial profiling, he does not allege with any facial plausibility that he was treated differently from others similarly situated. *See Mitchell v. Twp. of Pemberton*, No. 09-810, 2010 WL 2540466, at *6 (D.N.J. June 17, 2010) ("The Supreme Court's and, accordingly, the Third Circuit's recent clarification of the standard for reviewing a complaint to determine whether a valid claim has been advanced instructs that a plaintiff, such as Plaintiff in this case, cannot merely claim that a racial profiling policy or custom caused a constitutional violation, without a single fact, aside from Plaintiff's particular incident, to support such a claim."). Thus, his equal protection claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## C. Cruel and Unusual Punishment

Next, Plaintiff alludes to a violation of his right to be free from cruel and unusual punishment. As Defendants involvement in this case relates to Plaintiff's arrest, this Court presumes Plaintiff is asserting that he was subjected to excessive force during his arrest.

Excessive force during an arrest is analyzed under the Fourth Amendment. *See Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999). A plaintiff in an excessive force suit "must show that a seizure occurred, and that it was unreasonable." *Id.* The test of Fourth Amendment reasonableness is whether, under the totality of the circumstances, an officer's "actions are `objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (internal citations omitted); *see also Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004).

Plaintiff fails to state with any facial plausibility that the officers used excessive force during his arrest. Indeed, besides alluding to being subject to "cruel and unusual punishment," Plaintiff's Amended Complaint does not contain any allegations that would potentially give rise to the use of excessive force during his arrest. Accordingly, this claim is also dismissed without prejudice for failure to state a claim upon which relief may be granted.

## D. Impoundment of Vehicle

Plaintiff next states that his vehicle was illegally impounded.

> An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the

Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984); *Parrott v. Taylor*, 451 U.S. 527, 543-44 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982), the Supreme Court explained, however, that post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action.

*Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012). New Jersey provides a post-deprivation remedy to potential plaintiffs for unauthorized deprivation of property by public employees by suing defendants under the New Jersey Tort Claims Act, *See* N.J. Stat. Ann. § 59:1-1, *et seq.*; *see also Love v. New Jersey Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015) (noting New Jersey provides a proper post-deprivation remedy for unauthorized deprivation of property through the New Jersey Tort Claims Act).

As New Jersey provides Plaintiff with an adequate post-deprivation remedy, Plaintiff can only bring a due process claim against the Defendants if the deprivation of his property was due to a state procedure or policy. However, Plaintiff does not allege that his car's impoundment was accomplished through an established state procedure. Accordingly, Plaintiff fails to state a federal constitutional due process claim with respect to the purported improper impoundment of his vehicle. Therefore, to the extent Plaintiff is seeking to assert a *federal* claim for the car's impoundment, it is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## E. State Law Claims

Finally, Plaintiff's Amended Complaint is construed as also asserting claims under New Jersey state law. However, when a court dismisses all claims over which it had original federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Plaintiff's federal claims have been dismissed at this early screening stage for failure to state a claim upon which relief may be granted, the Court will exercise its discretion to decline supplemental jurisdiction over any related state law claims.

## V. CONCLUSION

For the foregoing reasons, Plaintiff fails to state a federal claim upon which relief may be granted and the Court declines to exercise supplemental jurisdiction over any state law claims. Accordingly, the Amended Complaint is dismissed without prejudice. Plaintiff shall have an opportunity to file another proposed amended complaint that corrects the deficiencies of his Amended Complaint as stated in this Opinion should he elect to do so. An appropriate order will be entered.

Save trees - read court opinions online on Google Scholar.