**WENDELL JOHNSON, Plaintiff,**

v.

**DONALD J. TRUMP, et al., Defendants.**

Civ. No. 21-13353 (GC) (TJB).

**United States District Court, D. New Jersey.**

May 5, 2022.

**NOT FOR PUBLICATION**

**OPINION**

GEORGETTE CASTNER, District Judge.

# I. INTRODUCTION

Plaintiff, Wendell Johnson ("Plaintiff" or "Johnson") is a state pretrial detainee proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* will be granted. At this time, this Court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

# II. BACKGROUND

Plaintiff is a state criminal detainee at the Mercer County Correctional Center ("MCCC"). (*See* ECF 1 at 2-3). In his current complaint,[1] Plaintiff raises claims against former President Donald J. Trump, former Attorney General William Barr, various state legislators, a state judge, his criminal attorney, and several administrative officials raising claims related to contracting COVID-19 while detained. (*See id.* at 3-9). Essentially, Plaintiff alleges that these individuals "understated" the threat of COVID-19 and permitted Plaintiff to remain detained and subject to prosecution while the pandemic is ongoing. (*See id.*). Plaintiff seeks monetary damages as relief. He also requests a change of venue to a foreign nation. (*See id.* at 8-9).

# III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678), "[A] pleading that offers `labels or conclusions' or `a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings, as always, are liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972), Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

Plaintiff raises claims against some Defendants who are immune from suit. More specifically, this Court notes that Plaintiff names as Defendants his criminal defense attorney, Anthony S. Verrelli, and the judge overseeing his criminal proceedings, Judge Janetta D. Marbrey. Defense attorneys, including public defenders and appointed counsel, however, are not state actors when acting in their capacity as criminal lawyers, and are therefore not subject to suit under § 1983 based on their actions relating to criminal representations. See Carter v. Kane, 717 F. App'x 105, 108 (3d Cir. 2017); see also Polk Cnty. v. Dodson, 454 U.S. 312, 324 (1981).

Next, a judicial officer has immunity in the performance of his duties. See Mireles v. Waco, 502 U.S. 9, 11 (1991). The immunity is absolute and cannot be overcome by allegations of bad faith or malice. See id. There are two exceptions: (1) for non-judicial actions, not taken in the judge's official capacity; and (2) for actions which, although judicial in nature, were taken in the complete absence of jurisdiction. See id. at 11-

12. Whether an act is judicial relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir.2000) (citations omitted). Plaintiff's allegations appear related to court proceedings which are judicial acts subject to judicial immunity. As Plaintiff's claims against Judge Marbrey and Verrelli are related to their actions or inactions in acting as a criminal judge and defense attorney, they are immune from suit.

Turning to the remaining Defendants, Plaintiff fails to indicate how they are actually involved in the alleged harm — Plaintiff being criminally detained and subject to trial during the COVID-19 pandemic, resulting in his contracting the disease. To plead a plausible claim for relief under § 1983, a plaintiff must plead facts which, if proven, would show that the named defendants had personal involvement in the alleged wrongs. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). As Plaintiff has pled no facts connecting former President Trump, the various state legislators, former Attorney General Barr, or the administrators to any alleged constitutional violation in this matter, the remaining Defendants must be dismissed without prejudice for failure to state a claim for which relief may be granted.

Plaintiff also requests summary judgment in his favor and a transfer of venue to a foreign nation. (*See* ECF 4). Notwithstanding any procedural impropriety of these requests, as his complaint fails to state a claim, these requests are also denied.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice. An appropriate order will be entered.

[1] Plaintiff states that he is seeking to raise claims in this matter against additional defendants based on the "same facts" alleged in a prior civil complaint filed in this Court under Docket Number 20-11472. The other complaint Plaintiff references details his claims against jail staff and various state officials arising out of his having contracted COVID-19 and does not reference the Defendants in this matter. Plaintiff's claims against the Defendants named in this matter are largely distinct from those referenced in his prior complaint, which were concerned with jail conditions rather than the propriety of the state conducting criminal matters during the pandemic. The Court will treat Plaintiff's current complaint as a separate matter from Docket Number 20-11472 as Plaintiff chose to file this matter in a separate complaint more than a year after his previous complaint.

Save trees - read court opinions online on Google Scholar.