**JOSEPH O. BOGGI, D.O., Appellant,**

v.

**MEDICAL REVIEW AND ACCREDITING COUNCIL; LARRY DOWNS, Esq.; JOE SOKOLOWSKI, M.D.; INSTITUTE FOR PHYSICIAN EDUCATION; ANDREA CICCONE, Director; SCOTT MANNEKER, M.D.; NATL BD MED EXAMINER; RICHARD HAWKINS, M.D.; DONALD MELNICK, M.D.; UMDNJ, and the Unnamed Consultant.**

No. 10-1619.

**United States Court of Appeals, Third Circuit.**

Submitted Pursuant to Third Circuit LAR 34.1(a) January 18, 2011.
Opinion filed: February 23, 2011.

Before: FUENTES, GREENAWAY, JR. and ROTH, Circuit Judges.

# NOT PRECIDENTIAL

# OPINION

PER CURIAM.

Joseph Boggi, D.O., appeals from orders of the District Court dismissing his complaint for failure to state claims against the Medical Review and Accrediting Council (MRAC), Larry Downs, Andrea Ciccone, the National Board of Medical Examiners (NBME), the University of Medicine and Dentistry of New Jersey (UMDNJ), an unnamed UMDNJ consultant, and Drs. Sokolowski, Melnick, Manaker and Hawkins. We will affirm.

## I.

In September 1999, the Maryland State Board of Physician Quality Assurance (the Board) issued a final suspension of Boggi's license to practice medicine following a determination that Boggi is "incompetent to practice medicine . . ., has committed unprofessional conduct in the practice of medicine . . ., and has failed to cooperate with the Board's investigation." The decision stated that Boggi's license could be reinstated after one year if several conditions were met, including that Boggi "obtains current neuropsychological testing and completes a personality inventory," and "provides evidence satisfactory to the Board that he has become competent to practice medicine safely." Boggi appealed the Board's decision without success. See Boggi v. Bd. of Physicians, No. 1213/00 (Md. Ct. Spec. App., Dec. 13, 2001), cert. denied Boggi v. State Bd., 796 A.2d 695 (Md. 2002) (table).

In November 2005, Boggi contacted MRAC for testing and retraining in order to prove his fitness to reenter the practice of medicine in Maryland. Boggi was given a competency evaluation in Philadelphia over the course of two days in May 2006; testing on the first day was directly administered by MRAC and involved a series of multiple choice questions, while the second day's test was administered by the Institute for

Physician Education (the IPE)[1] and involved computer case simulations and an in-person interview. The interview included a Transaction Stimulated Recall (TSR) portion that required Boggi to discuss his responses to the computer case simulations. In July 2006, Boggi received unfavorable test results based on the in-person interview, and the TSR in particular.

Boggi contacted MRAC, requesting that it develop a remedial program so that he could correct the deficiencies identified in the test results. In October 2006, Boggi was advised by letter from Larry Downs that MRAC was denying his request. Downs stated that, while Boggi "performed well on some of the standardized testing . . .[, the] results of the TSR indicate disordered thinking which is consistent with some of the findings reported in [the Board's decision]. The underlying dual problems of adult variant ADD and narcissistic personality disorder present real problems for any remediation plan MRAC could provide."

In October 2008, Boggi filed this complaint asserting violations of 42 U.S.C. § 1983 and the Americans with Disabilities Act (the ADA). Specifically, Boggi claimed that MRAC's refusal to develop a remedial plan for medical retraining resulted in an unconstitutional deprivation of his property, as well as unlawful disability-based discrimination. For relief, Boggi requested a new competency test and "retraining in medicine," in addition to an indeterminate damages award.

In July 2009, MRAC and Downs filed a motion to dismiss Boggi's complaint under Federal Rule of Civil Procedure 12(b)(6). So did NBME, Andrea Ciccone, and Drs. Melnick, Hawkins, and Manaker (collectively, the NBME defendants). Dr. Sokolowski filed his Rule 12(b)(6) motion in August 2009. The District Court granted all three motions by order entered September 15, 2009.[2] The District Court concluded that Boggi's "complaint is short on factual allegations that would render any of the moving Defendants state actors" for purposes of § 1983 liability. The District Court also concluded that, "[a]lthough NBME and MRAC must comply with the ADA, Dr. Boggi's claim remains legally deficient because it lacks any allegations that Defendants discriminated against him because of his disability." Finally, the District Court concluded that Boggi's "ADA claims against individual Defendants must also be dismissed" because "the overwhelming authority on the issue has concluded that no such individual liability exists." The District Court denied Boggi's motion for reconsideration.

UMDNJ was not served with Boggi's complaint until October 2009. After being granted an extension of time to file its answer, UMDNJ filed a Rule 12(b)(6) motion in January 2010. The District Court granted the motion by order entered January 27, 2010. Boggi timely appealed and, in addition to his opening and reply briefs, has filed with this Court motions for counsel, for appointment of a special master, and for permission to file supplemental reply briefs.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and our review is plenary. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to `estate a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___;, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). In addition to being accepted as true, the allegations of the complaint must be interpreted in the light most favorable to the complainant, with all reasonable inferences drawn in his favor. See Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 158 (3d Cir. 2010).

## III.

For substantially the reasons given in its September 15, 2009 decision, the District Court did not err in concluding that Boggi failed to state a claim under § 1983 against the NBME defendants, Dr. Sokolowski, MRAC, and Downs. The allegations in Boggi's pleadings do not show that those defendants engaged in any conduct that could be considered state action for purposes of § 1983 liability: they did not "act[] with the help of or in concert with state officials"; none was "delegated . . . a power traditionally exclusively reserved to the State"; and it cannot be said that "there is a sufficiently close nexus between the state and the challenged action of the [private] entity so that the action of the latter may fairly be treated as that of the State itself." McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ., 24 F.3d 519, 524 (3d Cir. 1994).[3] And while UMDNJ might be considered a "person" under § 1983, see Mauriello v. UMDNJ, 781 F.2d 46, 47 (3d Cir. 1986); Fuchilla v. Layman, 537 A.2d 652, 653 (N.J. 1988), we agree with the District Court that Boggi's pleadings are devoid of any factual matter implicating UMDNJ or its unnamed consultant in a deprivation of Boggi's constitutional rights.[4]

We further agree with the District Court that Boggi failed to state an ADA claim against any of the non-entity defendants sued in their individual capacities. See Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002); Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002). Concerning Boggi's ADA claims against two of the entity defendants — MRAC and NBME — our analysis differs slightly from that of the District Court, though we ultimately reach the same conclusion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 109 (3d Cir. 2002) ("we can affirm on any ground supported by the record"). We first note that, given Boggi's pro se status, the District Court properly assessed his ADA claims under section 309 of Title III, 42 U.S.C. § 12189. See Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 155 (3d Cir. 1999). We also note that Boggi's complaint provides uncontroverted allegations that Boggi suffers from Attention Deficit Hyperactivity Disorder (ADHD), and that he received adverse test results from MRAC because it perceived Boggi to suffer from certain psychiatric impairments. Moreover, in Boggi's complaint he asserts that he is entitled to at least one reasonable accommodation from MRAC: retesting.

We will assume, arguendo, that ADHD is a mental impairment within the meaning of the ADA. See Love v. Law School Admission Council, Inc., 513 F. Supp. 2d 206, 224 (E.D. Pa. 2007).[5] Nevertheless, Boggi's complaint fails to contain any allegations suggesting that his ADHD substantially limits his ability to work, read, write, or engage in any other major life activity. See 42 U.S.C. § 12102(2). Indeed, Boggi disavows such a notion in his complaint.

## IV.

Accordingly, for the reasons given in this opinion, we will affirm the judgment of the District Court. Boggi's motions for appointment of counsel, for appointment of a special master, and to file supplemental reply briefs are denied

[1] The IPE is a discontinued program of the NBME, which the District Court substituted in for IPE as the real party in interest to Boggi's suit. Andrea Ciccone, Dr. Melnick, Dr. Hawkins, and Dr. Manaker are or were affiliated with NMBE in a professional capacity.

[2] The District Court also granted Boggi's first motion to amend his complaint, and in ruling on the motions to dismiss "considered [it] along with his original Complaint so as to broadly construe his factual allegations and claims."

[3] Boggi suggests on appeal that, because he has stated a plausible breach of contract claim against MRAC, it follows that he has made out a viable due process claim. Boggi is incorrect; a breach of contract theory of liability is distinct from a theory of liability under § 1983.

See City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 709 (1999) ("[w]e have repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability, and have interpreted the statute in light of the background of tort liability.") (citations omitted).

[4] For that same reason, Boggi has failed to state an ADA claim against either UMDNJ or its unnamed consultant.

[5] Boggi denies that he suffers from narcissistic personality disorder, a psychiatric impairment attributed to Boggi in the Board's decision and in the Downs letter. As a result, Boggi cannot assert an ADA claim based on that impairment. We recognize the potential, sad irony that, if Boggi does suffer from narcissistic personality disorder, it could prevent him from admitting so.

Save trees - read court opinions online on Google Scholar.