Case No. 3:17-cv-02372
UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA

# Velez v. Cont'l Serv. Grp., Inc.

Decided Apr 4, 2018

Case No. 3:17-cv-02372

04-04-2018

Kasey Velez, Plaintiff v. Continental Service Group, Inc. d/b/a Conserve, Defendant

Judge Richard P. Conaboy

()

## Memorandum

We consider here Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure (Doc. 8). The motion has been fully briefed by the parties (Docs. 9, 11, and 12) and is now ripe for disposition.

## I. Operative Legal Standard.

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Bell Atlantic Corp v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a possible claim for relief will ... be a context-specific task that requires the reviewing Court to draw on its traditional experience and common sense." *Id.* (citation omitted).

McTernan, 577 F.3d at 530. The Third Circuit discussed the effect of Twombly and Iqbal in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

Case 3:22-cv-01559-RK-JBD   Document 13-16   Filed 09/07/22   Page 2 of 7 PageID: 375

Velez v. Cont'l Serv. Grp., Inc.   Case No. 3:17-cv-02372 (M.D. Pa. Apr. 4, 2018)

[D]istrict Courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949.] Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the Plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a Plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips v. Co. of Alleghany*, 515 F.3d 224, 234-35 (3d Cir. 2008). As the Supreme Court instructed in Iqbal, "[w}here the well-pleaded facts do not permit the Court to infer more that the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.* at 1950.

3  Fowler, supra, at 210-11. *3

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pleaded facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. September 24, 2009) (quoting Twombly, 550 U.S. at 555) (not precedential). **II. Factual Background.**[1]

[1] The factual recitation here is faithful to the allegations contained in Plaintiff's Complaint. This must be the case because the law requires that we accept as true Plaintiff's well-pleaded factual allegations. See Iqbal, supra, at 1949.

Plaintiff's Amended Complaint (Doc. 6) alleges that the Defendant violated multiple sections of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("Act"). Plaintiff contends first that Defendant violated the Act by structuring the debt collection letter it transmitted to Plaintiff in a manner that would confuse the recipient regarding what steps needed to be taken to insure no calls concerning the debt would be made to her at her place of employment. Specifically, Plaintiff complains that a notice that applied only to Massachusetts residents was placed and formatted in such a manner that it would cause an unsophisticated consumer to believe that the Massachusetts notice applied to all consumers irrespective of their residence. *4 Plaintiff contends that the notice was misleading and deceptive in violation of § 1692e (10) of the Act.

4

Plaintiff also contends that the first page of the letter contains a disclosure that ambiguously informs the reader concerning what steps would be necessary to prevent the Defendant from assuming that the debt was valid. Specifically, Plaintiff asserts that the disclosure could lull a consumer into believing that the debt could be disputed telephonically when, in fact, debts must be disputed in writing. Plaintiff contends that the disclosure did not meet the criteria required in 15 U.S.C. § 1692g.

### III. Discussion.

The Plaintiff in a case brought under the Act must prove four things: (1) that she is a consumer; (2) that the Defendant is a debt collector; (3) that the Defendant's action involves an "attempt to collect a debt" as defined in the Act; and (4) that the defendant violated a provision of the Act in attempting to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Activity undertaken for the general purpose of inducing payment constitutes debt

Case 3:22-cv-01559-RK-JBD   Document 13-16   Filed 09/07/22   Page 3 of 7 PageID: 376

Velez v. Cont'l Serv. Grp., Inc.   Case No. 3:17-cv-02372 (M.D. Pa. Apr. 4, 2018)

collection. *Simon v. FIA Card Services*, 732 F.3d 259, 265 (3d Cir. 2013). The Act, specifically § 1692e, explicitly prohibits debt collectors from using "any false, deceptive or misleading representation or means in connection with the collection of any debt." In this case there *5 is no dispute that Plaintiff has satisfied the first three prongs of the Douglass test. The bone of contention is exclusively whether Defendant has violated one or more provisions of the Act in attempting to collect the debt in question.

Defendant raises two arguments, one directed at Plaintiff's § 1692e claim and one directed at her § 1692g claim. Defendant asserts that these arguments compel dismissal of this case. We shall consider them in turn. **A. Whether the "Massachusetts Notice" on the second page of the debt collection letter may be reasonably interpreted to apply to Plaintiff, a Pennsylvania resident?**

The notice in question is set forth in a separate block construction on the second page of the letter. (Doc. 6-1, Exhibit A) and is set amidst an array of special regulations and notices that are unique to various states. These states are each identified in bold type and arranged in alphabetical order. The general heading above these state-specific notices reads: "We are required under state law to notify consumer of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law." The notice in question (Massachusetts Notice) states:

> **MASSACHUSETTS:**
> Our office address is 200 CrossKeys Office Park, Fairport, NY and our hours are 8:00 am - 12:00 am (ET) Monday through Thursday, 8:00 am to 8:30 pm (ET) Friday.
>
> **NOTICE OF IMPORTANT RIGHTS**
>
> You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written conformation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

Plaintiff directs our attention to the fact that 15 U.S.C. § 1692 (c)(a)(3) permits a consumer in states other than Massachusetts to permanently stop calls to her place of employment by orally notify the debt collector that her employer does not permit such calls (Doc. 11 at 4). Plaintiff contends that "the Notice is formatted and spaced as if it is not associated with a disclosure for a specific state, and as though instead a notice directed to all consumers, irrespective of where they live." (Doc. 6 at ¶ 16).

Defendant maintains that the notice in question is not misleading and, in any event, it mirrors a state-specific requirement for notices under Massachusetts Law. Defendant then cites various cases for the proposition that, when a debt collector transmits a dunning letter that includes mandated state-specific notices, such notices are categorically compliant with the Act.

Defendant relies upon various cases, including one appellate decision, from other jurisdictions in support of its argument that explicit inclusion of a state-specific notice in a dunning letter *7 is not contrary to the Act. The leading case Defendant cites is *White v. Goodman,* 200 F.3d 1016, 1020 (C.J. Posner, 7th Cir. 2000). White concerned a claim that the Act had been violated by inclusion of a Colorado state-specific notice that could be misleading to residents of other states. In dismissing this notion, the Court stated:

Case 3:22-cv-01559-RK-JBD   Document 13-16   Filed 09/07/22   Page 4 of 7 PageID: 377

Velez v. Cont'l Serv. Grp., Inc.   Case No. 3:17-cv-02372 (M.D. Pa. Apr. 4, 2018)

On the reverse of the dunning letters that North Shore (the debt collector) sends appears a paragraph which begins: "the State of Colorado requires that we furnish Colorado residents with the following information. . . ." A list of the rights that Colorado residents have to limit further communications from a debt collector follows. The paragraph is not claimed to be inaccurate. The argument is, rather, that it implies that non-residents of Colorado do not have similar rights, whereas in fact the Fair Debt Collection Practices Act itself confers similar rights on debtors. 15 U.S.C. § 1692c. In other words, the reader of the paragraph is assumed to react by saying to himself, "Since I'm not a resident of Colorado, I guess I have no right to limit further communications from this pesky debt collector." This is fantastic conjecture. Since the Fair Debt Collection Practices Act does not require that a copy or summary of it be furnished with every (or any) dunning letter. It is unlikely, to say the least, that recipients of such letters, unless they happen to be class action lawyers specializing in consumer finance litigation, have any idea of what specific federal or state rights they might have; so they have no benchmark against which to compare the rights that Colorado law confers. And far from implying that Coloradans have superior rights, the paragraph by its opening sentence makes clear that Colorado merely requires that the debt collector furnish Colorado residents with the specified information. The implication is not that such residents have more rights than residents of other states, but, at most, that they are less sophisticated and

8   *8

therefore need more information about their rights. Realistically, the only reaction of a non-Colorado resident to the paragraph would be that it had nothing to do with him.

Any document can be misread. The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one. *Gammon v. G C Services Limited Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994); *Clomon v. Jackson*, 988 F. 2d 1314, 1319-20 (2d Cir. 1993).

White, supra at 1020.

White has been followed by other cases to which Defendant cites including: *Jackson v. Immediate Credit Recovery, Inc.*, 2006 WL 3453180, *4 (E.D.N.Y. November 28, 2006); *Morse v. Dunn & Bradstreet, Inc.* 87 F. Supp. 2d 901, 903-04 (D. Minn. 2000); and *Krieger v. The Financial Recovery Services, Inc.*, No. 16-cv-1132 (E.D.N.Y. July 7, 2016). Each of these cases rejected arguments that state-specific notices violated the Act. Krieger is most analogous to this case because it concerned the "Massachusetts Notice" Plaintiff complains of here. Like the Plaintiff in this case, Krieger argued that, because of its uppercase and prominent lettering, he thought the Massachusetts Notice applied to all consumers wherever situated. Krieger argued further that the Massachusetts Notice narrowed the protection afforded debtors by the Act and caused him to believe that his rights under the Act were less broad than is actually the case. The Krieger Court disagreed and stated: *9

9

Case 3:22-cv-01559-RK-JBD   Document 13-16   Filed 09/07/22   Page 5 of 7 PageID: 378

Velez v. Cont'l Serv. Grp., Inc.   Case No. 3:17-cv-02372 (M.D. Pa. Apr. 4, 2018)

... not even the least sophisticated consumer could have been misled by the inclusion of the Massachusetts Notification. The notification states that it applies only to Massachusetts residents, and is couched above and below a number of other state-specific notices. ... Additionally, above all of the state-specific notices is a disclaimer that provides that "[t]his list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws." ... that the lettering of the Massachusetts Notification was in uppercase does not change this analysis.

Krieger, supra, at 5-6.

To counter Plaintiff's position, Plaintiff relies upon two district court cases from other circuits: *Joslin v. Fair Collections & Outsourcing, Inc.*, 2016 WL 4831117 (W.D.Mo. February 5, 2016); and *Ensminger v. Fair Collections & Outsourcing, Inc.*, 2016 WL 6905882 (D.Kan. November 23, 2016). Both cases conclude that collection letters transmitted by Fair Collections & Outsourcing, Inc. that contain the "Massachusetts Notice" were potentially misleading to unsophisticated consumers. The Joslin Court found the language misleading because it was not on the same line as the heading "Massachusetts" and was typed in bold print and capital letters. The Ensminger Court relied on the same formatting issues as the Joslin Court and also found it significant that the cases Plaintiff cites (See Jackson, White, Morse, and Krieger, ante) included notices that the various disclosures applied only to residents of a specific state. *10

10

In the absence of any guidance from within the Third Circuit, we must decide which authorities cited by the parties are most persuasive. We note that the "Massachusetts Notice" as used in the dunning letter in this case is part of an array of state-specific notices that are arranged in alphabetical order under the preamble: "We are required under state law to notify consumers of the following rights. <u>This list does not contain a complete list of the rights consumers have under state and federal law."</u> (emphasis added).

While this Court is well aware of the remedial purpose of the Act and the need to construe its provisions broadly *(Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006), we are equally cognizant of the need to guard against "bizarre or idiosyncratic interpretation of collection notices" *(Clomon v. Jackson*, 988 F. 2d 1314, 1318 (2d Cir. 1993). Having read the cases provided by the parties, we conclude that the "Massachusetts Notice" was included in the letter at issue in a way that should not have confused even an unsophisticated debtor. We are struck by the fact that the preamble to the list of state-specific notices advised readers that the list was not a complete list of their rights under federal and state law.[2] We find also that the formatting of *11 the state-specific notices, by their alphabetical presentation, uniform spacing between the various notices, and capitalized, bold-type heading for each state-specific notice, should have made it adequately clear to even unsophisticated consumers who were not Massachusetts residents that the "Massachusetts Notice" did not apply to them. Judge Posner's observation in White, supra, that the Act protects unsophisticated debtors but not irrational ones (page 9, ante) applies here. Accordingly, Plaintiff's cause of action under 15 U.S.C. § 1692e will be rejected.

11

[2] There was no such preamble to the Massachusetts Notice in the collection letters that were found to violate the Act in the cases (Joslin and Ensminger) cited by Plaintiff.

**B. Whether the disclosure that advised Plaintiff of the steps necessary to dispute the validity of the debt was deficient under the Act?**

Case 3:22-cv-01559-RK-JBD   Document 13-16   Filed 09/07/22   Page 6 of 7 PageID: 379

Velez v. Cont'l Serv. Grp., Inc.   Case No. 3:17-cv-02372 (M.D. Pa. Apr. 4, 2018)

Plaintiff alleges that Defendant violated § 1692g of the Act by inclusion of a paragraph on the first page of the dunning letter that stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. Federal Law prohibits unfair collection practices.

*12 Plaintiff's complaint concerns the fact that the first sentence of the above-stated paragraph does not specify that she must dispute the validity of the debt in question in writing. Plaintiff relies on *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991) for the proposition that the first sentence of the above-quoted excerpt from the dunning letter, which is totally consistent with the language of § 1692g (a) (3), was nevertheless deficient as a matter of law because it did not state that Plaintiff must challenge the validity of the debt in writing.

Plaintiff's reliance on Graziano for this broad proposition is tenuous at best. Graziano concerned a notice quite unlike the one presented in this case. The notice in Graziano required the debtor to respond in writing in 30 days to challenge the validity of the debt. However, other language in the collection letter advised the debtor that he had 10 days to respond or face legal action. The District Court concluded that, despite this obvious inconsistency, the notice "was adequate to advise Graziano of his rights under § 1692g." Graziano at 111. The Third Circuit disagreed and held that: "A notice of rights, when presented in conjunction with such a contradictory demand, is not effectively communicated to the debtor." Id. The Third Circuit concluded that the threat to take action within 10 days "rendered the statutory notice invalid under § 1692g." Graziano at 113. Thus, Graziano stands for the proposition that an otherwise proper validation *13 notice can be rendered invalid by contradictory language that appears elsewhere in a collection letter. This is a concept that subsequent Third Circuit decisions have denominated "overshadowing".

Plaintiff seizes upon other language in Graziano which he interprets to create a judicial fiat that every validation notice must include the words "in writing". That language states: "... § 1692g (a)(3), like subsections (a)(4) and (a) (5), contemplates that any dispute, to be effective, must be in writing." Graziano at 112. However, a close reading of Graziano persuades this Court that it does not stand for the broad principle Plaintiff champions. The discussion of a writing requirement for § 1692g (a)(3) notices occurred in the context of considering whether such a requirement necessarily invalidated the specific notice at issue. The Third Circuit concluded only that "the requirement of a writing did not render the statutory notice invalid." Id. This is a far cry from requiring that all § 1692g (a)(3) notices must include the words "in writing". Third Circuit decisions that postdate Graziano confirm this conclusion.

In *Wilson v. Quadramed Corp.* 225 F.3d 350 (3d Cir. 2000), the Court considered the propriety of a validation notice identical to the one at issue here. The Court found no violation of § 1692g and dismissed the debtor's appeal. As in Graziano, the Wilson court was focused on the pivotal issue whether other language in the *14 collection letter "overshadowed or contradicted" the message of the validation notice. Wilson, supra, at 359-60. Because no such contradictory language was present in the Wilson case, the Third Circuit held

Case 3:22-cv-01559-RK-JBD   Document 13-16   Filed 09/07/22   Page 7 of 7 PageID: 380

Velez v. Cont'l Serv. Grp., Inc.   Case No. 3:17-cv-02372 (M.D. Pa. Apr. 4, 2018)

"that neither the form nor the substance of Quadramed's letter overshadowed or contradicted the validation notice." (emphasis added).

More recently, the Third Circuit decided another case, *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (2013), which involved the same language verbatim as the validation notice in this case and in Wilson, supra. In describing the validation notice, the Caprio court stated; "As the District Court indicated, the Validation Notice on the reverse side of HRRG's Collection Letter--at least when viewed in isolation--satisfied this statutory scheme [that of § 1692g]." Wilson at 149. (emphasis added). The Caprio Court also stated: "the required validation notice appeared in the letter's third and final paragraph". (emphasis added). Thus, while Caprio ultimately remanded the case to the district court, it did not do so on the basis that the collection letter was deficient because it did not comport with the statute, but because the "required validation notice" was "overshadowed and contradicted" by other language that would likely confuse the unsophisticated debtor.

In sum, the Court cannot agree with the restrictive construction of what constitutes an acceptable § 1692 (a)(3) *15 notice urged by Plaintiff. We find, as did the Third Circuit in Wilson and Caprio, that the validation notice presented in this case is facially acceptable and, without evidence of overshadowing or contradiction by other language in a collection letter that would confuse a consumer as to his right to dispute the validity of a debt, is adequate to comply with the statute. Since Plaintiff does not direct our attention to language that contradicts or overshadows the validation notice here, Defendant's argument on this point must prevail.[3]

[3] Because we have now determined that both substantive arguments made by Defendant are correct, this case must be dismissed. This conclusion renders moot Defendant's third argument that Plaintiff's Amended Complaint did not relate back to the original Complaint. --------

## IV. Conclusion.

For the reasons stated in the preceding discussion, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 8) will be granted. An Order consistent with that determination will be filed contemporaneously.

**BY THE COURT,**

**S/Richard P.Conaboy**

**Richard P. Conaboy**

**United States District Judge Dated: April 4, 2018**

casetext