Adam R. Mandelsberg, Bar No. 065532013
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jason Zangara,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>National Board of Medical Examiners,<br><br>　　　　　Defendant. | Civil No. 3:22-cv-01559-GC-LHG<br><br>Motion Returnable September 19, 2022 |

## REPLY IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.     The Court's initial screening process does not save Mr. Zangara's complaint from dismissal in response to NBME's motion ...........................1

II.    Mr. Zangara fails to show that the Court has personal jurisdiction over NBME.....................................................................................................2

III.   Mr. Zangara fails to state a claim against NBME ........................................3

     A.     Mr. Zangara's ADA claim is time-barred ............................................3

     B.     Mr. Zangara fails to state a claim under the ADA ..............................4

          1.     There is no actual dispute about which ADA provision is the basis of Mr. Zangara's claim.................................................4

CONCLUSION ......................................................................................................8

158206851.1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ball v. Buckley*,
No. 11-1829, 2011 WL 7070658 (M.D. Pa. Dec. 13, 2011) ...............................2

*Commw. of Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
836 F.2d 173 (3d Cir. 1988) ..................................................................7

*Davis v. Rubin*,
No. 22-1472, 2022 WL 3037254 (3d Cir. Aug. 2, 2022) ....................................6

*Eshelman v. Agere Systems, Inc.*,
554 F.3d 426 (3d Cir. 2009) ...................................................................8

*Graf v. Lanigan*,
No. 14-2613, 2016 WL 324946 (D.N.J. Jan. 27, 2016) ......................................2

*Mala v. Crown Bay Marina, Inc.*,
704 F.3d 239 (3d Cir. 2013) ....................................................................1

*Marten v. Godwin*,
499 F.3d 290 ....................................................................................2

*Vorchheimer v. Philadelphia Owners Ass'n*,
903 F.3d 100 (3d Cir. 2018) .....................................................................6

**STATUTES**

28 U.S.C. § 1915 ...............................................................................1, 2

42 U.S.C. § 12102(1)(B) .........................................................................7

42 U.S.C. § 12189 .............................................................................4, 5

**RULES**

Local Civ. R. 7.2(d) .............................................................................1

**REGULATIONS**

28 C.F.R. § 36.309 ..............................................................................4

Mr. Zangara's sprawling, 61-page brief fails to save his case from dismissal. *See* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (Dkt. 13) ("Pl. Br.").[1] He does not address NBME's personal jurisdiction argument at all. He argues at length about the merits of his ADA claim, but nothing changes the fact that his own exhibits show the premise of his claim is simply incorrect—NBME has not graded Mr. Zangara "on a curve."

Mr. Zangara may be frustrated by his apparent inability to move forward with his medical education, but there is no basis for his ADA claim against NBME. This lawsuit should be dismissed even if jurisdiction could be exercised over NBME (it cannot), and even if his claim against NBME were timely (it is not).

## I. The Court's initial screening process does not save Mr. Zangara's complaint from dismissal in response to NBME's motion.

Mr. Zangara argues that the Court has already "decided" NBME's Rule 12(b) motion because it allowed Mr. Zangara to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pl. Br. at 3-9. But nothing about this screening process "is intended in any way to convey any final judgment on the sufficiency of [the] pleadings, and nothing in this preliminary determination prevents the defendants from filing proper dispositive motions under either Rule 12 or Rule 56." *Ball v. Buckley*, No. 11-1829,

[1] Mr. Zangara's brief violates the Court's rules on lengths of briefs. *See* Civ. R. 7.2(d). Pro se litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

2011 WL 7070658, at *3 n.3 (M.D. Pa. Dec. 13, 2011), *report and recommendation adopted*, 2012 WL 175158 (M.D. Pa. Jan. 20, 2012). Indeed, "this Court can … dismiss a claim under 28 U.S.C. § 1915(e)(2)(B) at any time the Court determines that the complaint has failed to state a claim upon which relief may be granted." *Graf v. Lanigan*, No. 14-2613, 2016 WL 324946, at *3 (D.N.J. Jan. 27, 2016) (dismissing pro se complaint in response to defendants' motion to dismiss).

## II.    Mr. Zangara fails to show that the Court has personal jurisdiction over NBME.

Rather than address NBME's personal jurisdiction argument, Mr. Zangara argues that federal subject matter jurisdiction in this case is proper. *See* Pl. Br. at 51-53. NBME is not challenging federal subject matter jurisdiction.

Instead, as NBME argued in its opening brief, Mr. Zangara has not shown a basis for the Court to exercise personal jurisdiction over NBME, a non-profit organization based in Pennsylvania and incorporated in the District of Columbia, based on a claim relating to NBME's scoring of CBSE examinations in Pennsylvania. *See* Mem. of Law in Support of Defendant's Motion to Dismiss ("NBME Br.") (Dkt. 12-1) at 4-7. Mr. Zangara does not contest NBME's personal jurisdiction argument, and his complaint should be dismissed on this basis.  *See Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007) ("If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists.").

-2-

## III.   Mr. Zangara Fails to State a Claim Against NBME.

Mr. Zangara's arguments in his opposition brief also fail to save his complaint from dismissal under Rule 12(b)(6).

### A.   Mr. Zangara's ADA claim is time-barred.

Mr. Zangara does not dispute that his claim arises under the ADA and that a two-year statute of limitations applies to his claim.

NBME showed in its opening brief that Mr. Zangara's claim based on the alleged scoring of the CBSE is time-barred because he alleges that he has "been trying for the past almost 6 years to pass" the test. NBME Br. at 9. Even though Mr. Zangara is seeking forward-looking relief, *see* Pl. Br. at 13, his cause of action accrued (if at all) six years ago. It is therefore barred by the two-year statute of limitations.

Mr. Zangara's argument that the exam is now scored on a "pass/fail" basis is immaterial in this regard, *see* Pl. Br. at 13, because according to Mr. Zangara's complaint, NBME's alleged scoring ("grading on a curve") has remained unchanged, and this is the basis for his ADA claim. *See* Pl. Br. at 12; Complaint at 5 ("These exams have [recently] been changed to "Pass/Fail" but they are still graded on a curve ….").

Mr. Zangara's ADA claim is thus barred by the two-year statute of limitations and should be dismissed.

**B.      Mr. Zangara fails to state a claim under the ADA.**

**1.      There is no actual dispute about which ADA provision is the basis of Mr. Zangara's claim.**

Mr. Zangara offers a lengthy diatribe about NBME's purported "bait and switch" argument regarding which provision of the ADA is applicable to this dispute. He insists that he is asserting his claim under the regulation found at 28 C.F.R. § 36.309, and that NBME's reliance on the statute found at 42 U.S.C. § 12189 is somehow improper. *See* Pl. Br. at 15-22. The regulation at 28 C.F.R. § 36.309, however, is the implementing regulation for the statutory provision found at 42 U.S.C. § 12189. There is no "bait and switch."

Even if this statute (and its implementing regulations) applied to the CBSE (which NBME has assumed to be the case solely for the purpose of its motion to dismiss), Mr. Zangara has failed to state a claim under the statute. Mr. Zangara has not challenged the place and manner in which he has tested. *See* 42 U.S.C. § 12189; 28 C.F.R. § 36.309(a). Indeed, this is not a testing accommodations dispute at all. Mr. Zangara's focus on the decisions in *Ramsay v. NBME* and *Rawdin v. American Board of Pediatrics* is therefore misplaced, given that those cases involved testing accommodation requests and the issue whether the plaintiffs were disabled was decided after evidentiary hearings on motions for preliminary injunction.

Despite Mr. Zangara's insistence that he is bringing a different type of claim under the regulatory provision found at 28 C.F.R. § 36.309(b)(1), *see* Pl. Br. at 20,

this regulation can be no broader than the statutory provision that it implements. Section 12189 of the ADA requires that tests subject to that provision be offered "in a place and manner accessible to persons with disabilities," or "alternative accessible arrangements" must be made.

The Court, however, does not need to wade into the nature and viability of a Section 12189 claim related to test scoring, because the premise of Mr. Zangara's claim—that the CBSE is "graded on a curve" and does not test his proficiency or allow him to "pass" because he is "graded" in comparison to others—is contradicted by his own exhibits.[2] As NBME explained in its opening brief:

> Exhibit B to the Complaint, which Mr. Zangara describes as "a copy of [his] most recent attempt to pass" the CBSE, shows that Mr. Zangara obtained a score of 174 on the examination. As stated in the Score Report, the score represents "an estimate of [Mr. Zangara's anticipated] performance on Step 1 [of the USMLE] if [he] had taken both exams under the same conditions and with the same level of knowledge." Complaint Ex. B. Nothing in this score report states or reflects that Mr. Zangara was "graded on a curve." His score is based upon *his* knowledge of the subjects tested on the exam. Although other parts of the Score Report show Mr. Zangara's performance compared to other examinees, those comparisons were provided for informational and study purposes—they did not change his score. *Id.*
>
> Exhibit D to the Complaint includes a sample Examinee Performance Report for the CBSE. It provides a "percent correct score," which

---

[2] In its opening brief, NBME noted that Mr. Zangara's allegations with respect to any examinations other than the CBSE were even more conclusory and speculative than his allegations about the CBSE and failed to state a claim with respect to those tests. Mr. Zangara offers no argument in response, *see* Pl. Br. at 35-39, and this point is therefore conceded.

shows "***the percentage of the content that you have mastered***." Complaint Ex. D at 1 (emphasis added). The Examinee Performance Report explains that the score is "statistically adjusted to account for slight variations in exam form difficulty and may be slightly lower or higher than the actual percentage of questions you answered correctly on this specific form." *Id.* The Examinee Performance Report does ***not*** state that the score is "curved" based on the examinee's performance compared to other examinees. Instead, like the Score Report found at Exhibit B to the Complaint, the Examinee Performance Report at Exhibit D provides additional information showing how the examinee's score compares to the scores achieved by other examinees, to help identify the examinee's strengths and weaknesses and estimate his or her future performance.

NBME Br. at 17-19 (original footnotes omitted).[3] NBME also explained that neither score report assigns any type of "grade" to the examinee or states that the examinee "passed" or "failed" the test. *Id.* at 18 n.8 and 19 n.10.

Because Mr. Zangara's "own exhibits contradict [his] allegations in the complaint, the exhibits control." *Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018) (citations omitted); *see also, e.g., Davis v. Rubin*, No. 22-1472, 2022 WL 3037254, at *2 (3d Cir. Aug. 2, 2022) ("Notably, [plaintiff's] allegation that the defendants 'mocked' her disability in a June 26, 2019 letter is flatly contradicted by the letter, which Davis attached to her amended complaint as an exhibit.") (affirming judgment dismissing case) (citation omitted).

---

[3] Mr. Zangara complains about NBME's explanatory footnote in its opening brief regarding the documents provided by Mr. Zangara as "Exhibit D" to his complaint. *See* Pl. Br. at 46-49. That explanation was provided for clarity of the record; it is not material to NBME's argument. Mr. Zangara's claim fails even if Exhibit D is accepted as a true and correct representation of NBME's current CBSE score report.

Finally, Mr. Zangara also fails to state a claim under the ADA because he has not alleged that he is substantially limited in any major life activity. NBME Br. at 12-13. Mr. Zangara emphasizes and quotes at length from the report attached to his complaint, *see* Pl. Br. at 25, but while this document is relevant to Mr. Zangara's allegations of impairment, it does not identify any major life activities in which Mr. Zangara claims to be substantially limited. An individual can have a diagnosed impairment but not be disabled within the meaning of the ADA. NBME Br. at 12-13. Mr. Zangara now references major life activities including performing manual tasks, learning, reading, concentrating, thinking, and communicating, *see id.* at 26, but in doing so, he still does not allege that he is substantially limited in performing those activities compared to most people. *See id.* at 25-26. In any event, he cannot amend his complaint by way of arguments in a brief. *See Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

Mr. Zangara also appears to argue that he does not need to allege a substantial limitation in a major life activity if he is proceeding under the "record of disability" prong of the ADA definition, *see* Pl. Br. at 31, but to establish a "record of disability," he still must allege that he has "a record of" a physical or mental impairment that substantially limits one or more major life activities. *See* 42 U.S.C. §

-7-

12102(1)(B); *Eshelman v. Agere Systems, Inc.*, 554 F.3d 426, 437 (3d Cir. 2009) ("Here, [plaintiff's] 'record of' claim required her to prove that she had a 'history of, or [had] been misclassified as having, an impairment that substantially limited a major life activity.'") (citations omitted). He has not done so.

Given the length of Mr. Zangara's brief, the lack of clarity in many of his arguments, and the dispositive issues addressed above, NBME is not responding to all of Mr. Zangara's arguments. NBME's silence on any point, however, should not be interpreted as agreement.

## CONCLUSION

Mr. Zangara's Complaint should be dismissed for failure to show that this Court has personal jurisdiction over NBME. Alternatively, his Complaint should be dismissed with prejudice as time-barred and for failure to state a claim.

Dated:  September 12, 2022    **PERKINS COIE LLP**

By: */s/ Adam R. Mandelsberg*
Adam R. Mandelsberg, Bar No. 065532013
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

*Attorneys for Defendant*
*National Board of Medical Examiners*

158206851.1

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing REPLY IN

SUPPORT OF DEFENDANT'S MOTION TO DISMISS was electronically filed

with the United States District Court for the District of New Jersey on September

12, 2022 and was sent by Federal Express overnight delivery to:

> Jason Zangara
> 573 Sidorske Avenue
> Manville, New Jersey 08835
> *Pro Se Plaintiff*

<div align="right">

*/s/ Adam R. Mandelsberg*
Adam R. Mandelsberg

</div>

-9-

158206851.1