

**Jason A. Zangara, MPH, MA, FF/NREMT, AIFireE**

573 Sidorske Avenue
Manville, NJ 08835
(908) 672-0626
firefighterjazzy1@yahoo.com

September 13, 2022

**VIA UPS OVERNIGHT**

**Clerk's Office**
District Court of New Jersey
Clarkson S. Fisher U.S. Court House
402 East State Street
Room 2020
Trenton, NJ 08608

**Re: Zangara v. National Board of Medical Examiners Civil No. 3:22-cv-01559-GC-LHG**

Dear Judge Castner,

Please accept this letter brief in lieu of a more formal brief if permission is granted pursuant to Rule 7.1(d)(6). I would like to raise two points that I do not believe I had the full opportunity to respond to in regards to Defendants arguments as stated in their reply brief; since they raised them for the first time.

### The First Point

The first point that Defendants have brought up for the first time is the statement starting on page 4 of their reply brief and going on to page of their reply brief 5. It states the following:

*"Despite Mr. Zangara's insistence that he is bringing a different type of claim under the regulatory provision found at 28 C.F.R. § 36.309(b)(1), see Pl. Br. at 20, this regulation can be no broader than the statutory provision that it implements. Section 12189 of the ADA requires that tests subject to that provision be offered "in a place and manner accessible to persons with disabilities," or "alternative accessible arrangements" must be made"*

After reading the Defendants briefs it can be seen that this was not brought up in their original brief. They just outright ignored it and Plaintiff responded to them outright ignoring it. Now however it can be seen they are challenging the regulation itself in relation to the statue which they did not do before. Therefore Plaintiff feels he needs to respond to this. The Third Circuit in Ramsay addressed this as the Defendants did not want to believe they had to follow 28 C.F.R. §36.101:

"[I]t was the stated goal of Congress in enacting the ADA Amendments Act to make it easier for individuals with disabilities to obtain protection under the Act and to mandate that the definition of "disability" "be construed broadly in favor of expansive coverage." See, 29 C.F.R. §1630.1(c)(4), 1630.2(j), and 28 C.F.R. §36.101(b). The Regulations clearly state that "[t]he primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability." And, "[t]he question of whether an individual meets the definition of disability under this part should not demand extensive analysis." Id.(emphasis added). In re-analyzing the results of the numerous diagnostic tests that were administered,[and attached to the complaint, NBME] did just that. They thus focused on whether Plaintiff met the definition of disability, rather than whether the covered entity had complied with their obligations under the Act(s). **Indeed, although NBME may not have liked the terminology used in the implementing regulations, despite its registered objections, the foregoing language is what was enacted and it is this language which must be followed**" quoting Ramsay v. Nat. Bd. of Medical Examiners 968 F.3d 251 (3d Cir. 2020)

Therefore, despite their outright refusal to accept that **they lost** the Ramsay case simply disagreeing with the regulation and on top of that trying to get this court to overturn the Third Circuit is both improper and inappropriate. In addition to that somehow reversing the precedent on their own to win this case by dismissing Plaintiffs complaint is without merit.

### The Second Point

Defendants claim now claim that Plaintiff has not "challenged" their "Personal Jurisdiction" argument but only "Subject Matter" jurisdiction. They then state that "NBME is not challenging federal subject matter jurisdiction", which they did not state this point in their original brief. Plaintiff raised the "Jurisdiction Argument" in his brief but now Defendants are claiming that they are two separate things. It is clear that Defendants have turned one argument

into two separate arguments. Since Defendants now have separated both of them and "elaborated" Plaintiff has not had the chance to address both, since both were not raised as two items, therefore he will address both arguments now.

As Plaintiff points out, the Pro Se form he used to make his complaint <u>does</u> <u>not</u> separate the two terms as Defendants are claiming are separate issues. It seems that the requirements of "federal jurisdiction" of the document does not specify anything other than "a federal question". If the court were to deem this "inefficient" it is through no fault of the Plaintiff as he filled out the documentation correctly. As stated on the form in order to obtain "federal jurisdiction" he had to "list the statues, treaties, of provisions of the Constitution that are at issue". That's it, they asked to name something. There is nothing listed under "II Basis for Jurisdiction" asking about any events taking place in or out of a state. Therefore, Plaintiff should not be prejudiced if this becomes some type of clerical error on the part of whoever designed these Pro Se forms. As for Defendants arguments of "jurisdiction" they fail because Plaintiff did not do anything improperly.

In addition to this, As Plaintiff has responded to the jurisdiction argument that Defendants had made in his brief. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." <u>28 U.S.C. §§ 1331</u>; <u>United States v. Sayward</u>, 160 <u>U.S.</u> 493, 16 S.Ct. 371, 40 L. Ed. 508 (1895); <u>Fishback v. Western Union Tel. Co.</u>, 161 <u>U.S.</u> 96, 16 S.Ct. 506, 40 L. Ed. 630 (1896); <u>Halt v. Indiana Manufacturing Co.</u>, 176 <u>U.S.</u> 68, 20 S.Ct. 272, 44 L. Ed. 374 (1900). These cases should apply because they are not specifying the two types of "jurisdiction that Defendants are referencing.

However, since they now want it separate, Plaintiff will separate them. Plaintiff has stated that his claim has arisen out of federal law citing the Americans with Disabilities Act in his complaint. As for **subject matter jurisdiction**, as stated by the Third Circuit "The District Court had subject matter jurisdiction under 28 U.S.C. § 1331 because Fowler's causes of action arise under federal law. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009); <u>Growth</u>

Horizons, Inc. v. Delaware Cty., 983 F.2d 1277, 1281 (3d Cir. 1993) (explaining that a district court has federal question jurisdiction in a case where a plaintiff makes a non-frivolous allegation that she is entitled to relief under the U.S. Constitution or a federal statute). Plaintiff does not need to take this argument further.

As for **personal jurisdiction** "[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (quoting Provident Nat'l Bank v. cal. federal Say. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir.1987)). In New Jersey, "courts may exercise jurisdiction over a non resident defendant to the uttermost limits permitted by the United States Constitution." Nicastro v. McIntyre Mach. Am., Ltd., 201 N.J. 48, 72 (2010) (internal quotation marks omitted), rev'd on other grounds sub nom., I McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873 (2011). "Accordingly, 5 Case 2:16-cv-04498-JMV-JBC Document 17 Filed 06/29/17 Page 5 of 14 PageID: in determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted).

Personal jurisdiction may be established by means of general jurisdiction or specific jurisdiction over a defendant. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (noting that "opinions in the wake of the path marking International Shoe decision have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction"). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" DaimlerAG v. Bauman, 134 S. Ct. 746, 760 (2014). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." Id. (internal quotation marks omitted). A corporation's principal place of business is where the corporation's "affiliations with the State are so continuous and

systematic as to render it essentially at home in the forum State." Id. at 761 (internal quotation marks omitted).

Once general jurisdiction is established, a defendant can be sued in that jurisdiction on any matter. This is why general jurisdiction is referred to as "all-purpose" jurisdiction. Specific jurisdiction requires that the defendant "has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. e. Ritdzewicz, 471 U.S. 462, 472 (1985) (internal citations and quotation marks omitted). A court's exercise of personal jurisdiction "requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." I McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, $80 (2011)

In this matter, Plaintiff cannot state the obvious in his brief, as it is against the rules and would prejudice the Defendants.

- Defendants have stated in their brief that they sponsor the United States Medical Licensing Exam (USMLE) and they developed subject examinations including the Comprehensive Basic Science Examination (as stated on pages 2 & 3 of their initial brief.)
- The New Jersey administrative code states the following:
    - N.J. Admin. Code § 13:35-3.1

*Effective December 1994, the standard medical and surgical licensing examination in the State of New Jersey shall be the United States Medical Licensing Examination (USMLE)*

    - N.J. Admin. Code § 13:35-3.2

*"The Board shall grant without examination a license to practice medicine and surgery to any person who shall furnish proof that he or she can fulfill the requirements of law relating to applicants for admission by examination and who:...........Has taken the full*

*USMLE examination sequence in a manner consistent with New Jersey standards, as set forth in 13:35-3.1.*

- Defendants state on page 7 of their brief: "Mr. Zangara may argue that he tested in New Jersey, but this is not alleged in his complaint"

- Plaintiff has attached Comprehensive Basic Science Examination results to his complaint.

- Defendants were parties to all of these actions regarding testing in all these locations thought the country: Scheibe v. Nat'l Bd. of Med. Examiners, Civ. A. No. 05-180, 2005 WL 1114497, at *3 (W.D. Wis. May 10, 2005) (citing cases concluding that NBME is subject to ADA); Biank v. Nat'l Bd. of Med. Examiners, 130 F. Supp. 2d 986, 988 (N.D. Ill. 2000) (holding that NBME, "as a private entity offering examinations related to licensing, is subject to ADA under Section 12189"); Rush v. National Bd. of Medical Examiners, 268 F. Supp. 2d 673 (N.D. Tex. 2003); Currier v. National Board of Medical Examiners, 965 N.E.2d 829, 462 Mass. 1 (2012); Gonzalez v. National Bd. of Medical Examiners, 60 F. Supp. 2d 703 (E.D. Mich. 1999); Powell v. National Bd. of Medical Examiners ,364 F.3d 79 (2d Cir. 2004); Gonzales v. National Bd. of Medical Examiners, 225 F.3d 620 (6th Cir. 2000); Price v. National Bd. of Medical Examiners, 966 F. Supp. 419 (S.D.W. Va. 1997).

In "[d]etermining whether a complaint states a possible claim for relief will ... be a context-specific task that requires the reviewing Court to draw on its traditional experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662 (2009). Plaintiff does not believe that he needs to elaborate further on either of Defendants arguments. This court has both types of jurisdiction regardless if it's one or two separate arguments.

If this brief is accepted I ask that you please consider these responses to the issues that the Defendants have raised in their briefs.

Please advise if you have any questions or require any additional information from me. Thank you for your immediate attention to this matter.

Very truly yours,

Jason A. Zangara, Pro Se
**Attorney for Plaintiff**