# EXHIBIT A

Adam R. Mandelsberg, Bar No. 065532013
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jason Zangara,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>National Board of Medical Examiners,<br><br>　　　　　　　Defendant. | Civil No. 3:22-cv-01559-GC-LHG<br><br>Motion Returnable September 19, 2022 |

## RESPONSE TO PLAINTIFF'S SUR-REPLY
## ON DEFENDANT'S MOTION TO DISMISS

NBME briefly responds to the two points made in Mr. Zangara's September 14, 2022 sur-reply.

First, as explained in NBME's reply brief, the *Ramsay* decision discussed in Mr. Zangara's sur-reply letter is simply inapposite to NBME's motion to dismiss. *Ramsay* involved an examinee who was seeking accommodations for an upcoming USMLE examination. This case, however, is not a testing accommodations dispute,

-1-

and the only issue with respect to Mr. Zangara's alleged disability at this stage of the litigation is the sufficiency of his pleading.

NBME's point with respect to the applicability of 42 U.S.C. § 12189 and its implementing regulations, which is quoted in part in Mr. Zangara's sur-reply, related to whether the statute and regulations are even applicable in the context of this test **scoring** dispute. NBME was not attempting to "overturn" the *Ramsay* decision; indeed, NBME's argument does not relate to the *Ramsay* decision at all. Moreover, NBME has not moved to dismiss Mr. Zangara's claim based on the inapplicability of the Section 12189 implementing regulation relied upon by Mr. Zangara. As NBME stated in its reply: "The Court, however, does not need to wade into the nature and viability of a Section 12189 claim related to test scoring, because the premise of Mr. Zangara's claim—that the CBSE is 'graded on a curve' and ... he is 'graded' in comparison to others—is contradicted by his own exhibits." Dkt. 15 at 5; *see also* Dkt. 12-1 at 11 n.6.

Second, NBME made a clear personal jurisdiction challenge in its opening brief, and Mr. Zangara made no response in opposition. After another discussion of subject matter jurisdiction (which NBME has never challenged), Mr. Zangara now argues for the first time that NBME is subject to general and specific personal jurisdiction in this Court. His arguments come too late. *See Zahl v. Local 641 Teamsters Welfare Fund*, No. 09-1100, 2010 WL 3724520, at *3 (D.N.J. 2010) (internal

-2-

citations and quotations) ("[A] sur-reply is meant only to address new issues raised by the opposing party for the first time in a reply brief. It is not meant to be used as a vehicle for providing the Court with arguments that could have been included in the earlier opposition brief.").

Even if his new arguments are considered, they should be rejected. The fact that NBME offers the USMLE in New Jersey or that Mr. Zangara took the CBSE in New Jersey is not enough to support either general or specific jurisdiction in New Jersey for the claim raised by Mr. Zangara. As discussed in NBME's motion to dismiss, NBME is not incorporated in New Jersey and does not have its principal place of business in New Jersey, so it is not "at home" in the state to support general jurisdiction. And, as also discussed in NBME's motion, Mr. Zangara's claim does not relate to his taking the test in New Jersey; it relates to NBME's scoring of the test, which occurs in Pennsylvania. Thus, there is likewise no basis for specific jurisdiction in New Jersey.

Dated: September 16, 2022

Respectfully submitted,

**PERKINS COIE LLP**

By: /s/ *Adam R. Mandelsberg*
Adam R. Mandelsberg, Bar No. 065532013
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

*Attorneys for Defendant*
*National Board of Medical Examiners*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing RESPONSE TO SUR-REPLY ON DEFENDANT'S MOTION TO DISMISS was electronically filed with the United States District Court for the District of New Jersey on September 16, 2022 and was sent by first class mail, postage prepaid, to:

Jason Zangara
573 Sidorske Avenue
Manville, New Jersey 08835
*Pro Se Plaintiff*

                                          */s/ Adam R. Mandelsberg*
                                          Adam R. Mandelsberg