# EXHIBT C

▓▓▓▓ stipulates that it shall be considered as actually given at ▓▓▓▓ere shall be no postponement or continuance.

▓▓▓▓ 1, 2010.

## COMMENT

▓▓▓bering; Application in Criminal Cases.
▓▓▓▓.
▓▓▓ Room" Rule.
▓▓▓ for Application.
▓▓▓uances.

▓▓▓mbering; Application in Criminal Cases. L.Civ.R. 6.1 was ▓▓▓rely and without change from former General Rule 13. L.Civ.R. ▓▓▓(2) were also specifically made applicable to criminal cases ▓▓▓ L.Cr.R. 1.1.

▓▓▓ of Rule. L.Civ.R. 6.1 governs the procedures for obtaining an ▓▓▓ of time or a continuance. While the language of the Rule and its ▓▓▓ application focus on an extension of time to answer or ▓▓▓ move after service of a complaint, the Rule's procedures clearly ▓▓▓ all requests for a continuance or extension of time mandated by a ▓▓▓rder of the Court, e.g., extending the time for discovery or for ▓▓▓pert reports as fixed in the Magistrate Judge's scheduling order ▓▓▓ after a conference held pursuant to Fed. R. Civ. P. 16 and L.Civ.R. ▓▓▓.

▓▓▓pt in the "breathing room" situation covered by L.Civ.R. 6.1(b), ▓▓▓ Court has the authority to extend timelines and a formal request ▓▓▓ be made to the Court pursuant to L.Civ.R. 6.1(a). See e.g. Monica ▓▓▓A America Bank, 2006 U.S. Dist. LEXIS 49457 (D.N.J. July 19, ▓▓▓heridan) ("Monica's Motion to Extend Time to Answer is Granted ▓▓▓ to L. Civ. R. 6.1"); Chiropractic Alliance of New Jersey v. Parisi, ▓▓▓ F.R.D. 618 (D.N.J. 1996) (Brotman) ("parties who find themselves ▓▓▓ to comply with a dispositive motion deadline imposed by a ▓▓▓ling order should request an extension pursuant to [former] Local ▓▓▓ 13 setting forth why good cause exists for such an extension[;] future ▓▓▓ who fail to make such a request do so at their peril"). See also ▓▓▓y v. Atlantic City Police Dept., 1995 U.S. Dist. LEXIS 20857 (D.N.J. ▓▓▓) (Irenas), where the District Court affirmed the Magistrate Judge's ▓▓▓ barring supplemental expert testimony when plaintiff failed to meet ▓▓▓ deadline for submission of such testimony and failed to seek an ▓▓▓priate extension under what is now L.Civ.R. 6.1(a).

▓▓▓reathing Room" Rule. As amended in 2010, L.Civ.R. 6.1(b), the ▓▓▓thing room" rule, allows a party to obtain an essentially automatic 14-▓▓▓ extension of time to answer or reply to a complaint. So long as ▓▓▓cation is made in proper form, see L.Civ.R. 6.1(a), before the time to ▓▓▓wer or reply has expired, the Clerk will grant the extension whether or ▓▓▓ the adverse party is on notice. That the rule contemplates such a result ▓▓▓clear in Thaper v. Columbia University, 1984 U.S. Dist. LEXIS 24642 ▓▓▓N.J. Aug. 1, 1984) (Fisher). There, plaintiff moved for entry of a default ▓▓▓ment although defendants had requested an extension of time to ▓▓▓pond under former Rule 13B four days before the time to answer would

**RULE 6.1**  **LOCAL CIVIL RULES**

Issues of confidentiality arise under other local rules as well. Under L.Civ.R. 16.1, the Magistrate Judge must address confidentiality of discovery matters in the initial conference with the parties. See Comment 3a to L.Civ.R. 16.1. Indeed, Magistrate Judges are called on often to make initial determinations as to confidentiality issues. See L.Civ.R. 72.1(a) and comments thereto. Additionally, L.Civ.R. 26.1(c)(3) provides that, where discovery materials are required to be filed with the court, the materials are to be placed "in the open case file unless otherwise ordered." See Comment 5 to L.Civ.R. 26.1.

Some local rules create grants of confidentiality. Confidentiality is assured as to information disclosed to a mediator pursuant to L.Civ.R. 301.1. See Comment 7d to L.Civ.R. 301.1. Similarly, presentence investigative reports in criminal cases are presumed to be confidential. See generally Comment 3b to L.Cr.R. 32.1. Statements made to pretrial services agency representatives in connection with bail applications are also confidential. See Comment 4 to L.Cr.R. 46.1.

Note, of course, that a motion to limit or restrict discovery is governed by L.Civ.R. 37.1 and not L.Civ.R. 5.3. See H.A. v. Camden Bd. of Education, 2011 U.S. Dist. LEXIS 82652 (D.N.J. July 28, 2011) (Simandle).

**9. Automatic Stay.** Where a motion to seal materials pursuant to L.Civ.R. 5.3 is brought before and denied by a Magistrate Judge, L.Civ.R. 72.1(c)(1)(C), as amended in 2010, provides for an automatic stay for 14 days calculated from the filing of the order. If a notice of appeal from the order is timely filed, the materials will remain under seal pending determination of the appeal by a District Judge.

## Civ. RULE 6.1 EXTENSIONS OF TIME AND CONTINUANCES

**(a) Each application for an extension of time shall:**

**(1) be made in writing;**

**(2) be served prior to the expiration of the period sought to be extended; and**

**(3) disclose in the application the date service of process was effected and all similar extensions previously obtained.**

**(b) The time within which to answer or reply may, before its first expiration and with or without notice, be extended once for a period not to exceed 14 days on order granted by the Clerk. Any other proposed extension of time must be presented to the Court for consideration.**

**(c) A motion to postpone or continue a trial on the grounds of absence of a witness or evidence shall be made upon affidavit showing the nature and materiality of the expected testimony or evidence, and that diligent effort has been made to secure the witness or evidence. If the testimony or the evidence would be admissible at the trial, and the**