# EXHIBIT A

Adam Mandelsberg, Bar No. 065532013
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| Jason Zangara, | Civil No. 3:22-cv-01559-GC-LHG |
| Plaintiff, | Motion Returnable November 7, 2022 |
| v. | |
| National Board of Medical Examiners, | |
| Defendant. | |

**SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................1

ARGUMENT ..........................................................................................................4

CONCLUSION .......................................................................................................6

## INTRODUCTION

Plaintiff Jason Zangara attends a medical school located on an island in the Caribbean. For "almost six years" he has not been able to pass a subject examination that his medical school uses known as the Comprehensive Basic Science Examination ("CBSE"). *See* Complaint at 5 (Dkt. 1).[1] Defendant National Board of Medical Examiners ("NBME") develops the CBSE and other subject examinations that medical schools can purchase to use as part of their curriculum. (Dkt. 25 at 3-5).

Unhappy with his inability to progress in medical school, Mr. Zangara filed suit against NBME in March 2022, claiming that his failing grades on the CBSE are attributable not to his knowledge or abilities, but to the manner in which NBME scores the CBSE. (Dkt. 1). NBME is a non-profit corporation whose mission is to help protect the public's health by developing state-of-the-art assessments that evaluate the knowledge and skills of prospective health care professionals. (*See* Dkt. 19). NBME denies that its examinations are scored in a discriminatory manner and has moved to dismiss Mr. Zangara's complaint. (*See* Dkt. 12). The motion to dismiss is fully briefed.

---

[1] According to Mr. Zangara, he "took 10 years to get an Associate's Degree and 12 to get a Bachelors in which his GPA was 2.7 and struggled through medical school where he has a 2.04 (before adjustment) GPA." Dkt. 26 at 17 (citations omitted).

Several months after filing his complaint, Mr. Zangara filed a motion asking the Court to enter a preliminary injunction relating to the manner in which NBME allegedly scores the CBSE and other examinations that NBME develops. (Dkt. 19 (filed 9/26/22)). NBME filed its opposition brief on October 17, 2022, supported by a declaration from Carol Morrison, Ph.D., who is a psychometrician who works for NBME. (*See* Dkt. 25, 25-1). Mr. Zangara then filed a 61-page reply brief. (Dkt. 26) ("Pl. Reply Br.").

In addition to misstating facts, mischaracterizing court holdings, and inappropriately maligning both NBME and its counsel, Mr. Zangara's reply brief falsely accuses Dr. Morrison of committing perjury in her declaration, and NBME of submitting "fraudulent" documents to the Court.[2]

---

[2] *See, e.g.*, Pl. Reply Br. at 3 ("This is all contradicted by the lies that Morrison has submitted...."), 5 ("As for Morrison, she first **commits perjury** by stating that only a school can purchase an exam (See Morrison Decl. ¶ 9.) **withholds from the court, and does not include in her certification** that Plaintiff took his most recent CBSE on March 22, 2022 ... **Which [sic] Plaintiff purchased directly from Defendants as documented by the receipt for order number O-0001894270 specifying 'Jason Zangara' as the buyer which was paid for with his visa card ending in 4489 (See Planitff [sic] Cert. at 29 & Exhibit O)**") (original emphasis), 5 ("Next Morrison commits perjury again by calming [sic] that schools set the [CBSE] passing score (See Morrison Decl. ¶ 7.) after Plaintiff had correctly stated that Defendants set the passing scores (See Plaintiff Cert at 26) which was confirmed by the Student Performance Assessment Committee at his school when Plaintiff questioned the scoring (See Plaintiff Cert at 30 & Exhibit P)"), 7 ("Morrison also falsely claims that Plaintiffs Examinations are not graded in comparison to others ... and claims they are graded using an 'equated percent correct,'") 11 ("Morrison [is] clearly lying...."), 15 ("The Fraudulent Documents. Now back to Morrison, who on behalf of defendants is attempting to commit fraud upon this

court by submitting the documentation attached to her certification. She first claims that 'Attached at Exhibit M is a true and correct copy of a sample Examinee Performance Report for the CBSE reflecting current score reporting' and submits a document.  However this document was altered with the material fact that is the subject of this litigation after Defendants were served with Plaintiffs [sic] complaint. The Defendants, [sic] did not think though because they obviously didn't realize that even though they were served in early July; [sic] **Plaintiffs documents were already in the courts [sic] possession on March 18, 2022 as shown by dates on the documents (the UPS overnight receipt) and the filings in the clerk's office; so this "updated document" wasn't created yet. The one attached to Plaintiffs original complaint is the original one which the court already had.**") (original emphasis); 17 ("The second fraudulent item attached to Morrison's looks and seems legit and appears to have taken a lot of effort. That effort is justifiable in a twisted business way as if the court grants Plaintiff the injunction he has asked for, fewer people, especially those who are disabled won't be taking Defendants [sic] exams over and over again....  On that note, what Morrison has submitted to this court is like a Gucci bag from Canal street in New York City. It looks really nice, everyone thinks it's a real Gucci bag, it must be real Gucci bag right? Wrong."), 21 ("As it can be seen this 'Canal Street Gucci Bag' is a fake as Defendants didn't consider someone taking the time to actually test the tables that they and Morrison provided."), 22 ("Defendants ... have created fraudulent documents and Plaintiff will show you the reader how you can verify this online because even the best criminals, don't always cover their tracks and make mistakes."), 25 ("Defendants of course knew Plaintiff would get a hold of this document so they obviously changed it.  However the correct versions is [sic] still on websites such as this one including the originals of both documents shown above before they were altered for this litigation."), 26 ("As you can see this documents [sic] very damaging and destroys any arguments that Defendants could make because this is all over the internet already. You already know what they did, they updated the document on their website to be able to claim Plaintiff is wrong which was created after Plaintiff filed this litigation."), 27 ("As stated though even good criminals leave clues of their crimes behind so even though Defendants uploaded this one to their website, they are not very computer savvy because the original and correct version is still live from their server at this link (which Plaintiff encourages the court to keep checking so if it disappears it supports Plaintiffs [sic] arguments even more that they are trying to hide it...."), 29 ("Defendants (1) Are Lying"), and 43 ("[Plaintiff] has also shown without a doubt how much trouble Defendants are going through to cover this up; with the fraudulent documents attached to Morrison's certification and the score reports that were altered after Plaintiff filed this

## ARGUMENT

Without responding chapter and verse to Mr. Zangara's baseless and offensive diatribe, and in the interest of making clear that Mr. Zangara's accusations are categorically denied, NBME respectfully states as follows:

- Dr. Morrison did not commit perjury in the declaration she submitted in support of NBME's opposition to Mr. Zangara's preliminary injunction motion, nor did NBME submit any fraudulent documents to the Court.

- Dr. Morrison accurately stated in her declaration that only schools may purchase CBSE subject examinations.  Morrison Decl. ¶ 8 (Dkt. 25-1).  The receipt attached by Mr. Zangara to his reply brief reflects his purchase of a Comprehensive Basic Science **Self-Assessment**, which is a different product than a CBSE examination that a school purchases for administration to its students. *See* https://www.nbme.org/examinees/self-assessments ("With NBME Self-Assessments, you can evaluate your readiness and practice for the USMLE®, an NBME Subject Exam, or the International Foundations of Medicine® (IFOM®) Exam").  Mr. Zangara's receipt clearly states that what he purchased was a "Comprehensive Basic Science Self-Assessment (CBSSA)," not a CBSE.  *See* Dkt. 26, Ex. 0 (Dkt. p. 66 of 68).

---

litigation against them."); 52 ("Plaintiff has briefed showing the lies and misrepresentations of Morrison's certification....").

- Dr. Morrison accurately stated that, as of the date of her declaration, the most recent CBSE taken by Mr. Zangara is the one he took in February 2022.  Morrison Decl. ¶ 28 (Dkt. 25-1).  The CBSE that Mr. Zangara claims to have taken on "March 22, 2022" is apparently the CBSSA referenced above, not a CBSE.

- Dr. Morrison accurately stated that medical schools decide whether their students must achieve a minimum score on the NBME subject matter tests that the school uses and, if so, what that score will be.  Morrison Decl. ¶ 7.  The school email that Mr. Zangara cites for his contrary assertion does not, in fact, state otherwise.  *See* Dkt. 26, Ex. O (Dkt. p. 68 of 68).

- Dr. Morrison accurately stated that the scores of individuals who take the CBSE are not based upon a comparison of their performance to the performance of other examinees, and that scores are instead based upon the number of questions the examinee answers correctly (the candidate's raw score) and any minor adjustment that occurs to the raw score based on an equating process to account for possible differences in the difficulty level of questions that appear on different forms of a particular exam.  Morrison Decl. ¶ 10-15 (Dkt. 25-1).  Mr. Zangara's contrary insistence reflects a basic misunderstanding of the fact that testing organizations routinely report not only an examinee's individual test result, but also how the examinee's performance compared to the performance of other examinees.  (*See* Dkt. 25 at 6-7).

-5-

- None of the documents attached to Dr. Morrison's declaration were altered to affect the outcome of this lawsuit, and none of the documents were "fraudulent" in any way. Mr. Zangara's contrary allegations—with reference to fake Gucci bags and the pasting and annotating of USMLE website screen shots relating not to the CBSE but to an exam he has neither taken nor registered to take (USMLE Step 1)—show nothing improper on the part of NBME. NBME routinely changes content on its web pages to make them more informative for examinees and to clarify points that may have been confusing to certain examinees. Nothing in any of the screen shots identified in Mr. Zangara's reply brief reflects inaccurate, much less fraudulent, information. Dr. Morrison accurately stated in her declaration that all of the documents attached as exhibits to her declaration were true and correct copies of the applicable documents. Mr. Zangara's scurrilous suggestion that the exhibits attached to Dr. Morrison's declaration were doctored to affect this case lacks any factual basis whatsoever.

## CONCLUSION

Mr. Zangara's motion for a preliminary injunction should be denied.

| | |
|---|---|
| Dated: November 3, 2022 | **PERKINS COIE LLP** |

By: */s/ Adam Mandelsberg*
Adam Mandelsberg, Bar No. 065532013
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners