

**Jason A. Zangara, MPH, MA, FF/NREMT, AIFireE**

573 Sidorske Avenue
Manville, NJ 08835
(908) 672-0626
firefighterjazzyj@yahoo.com

November 4, 2022

**VIA ELECTRONIC DELIVERY**

**Honorable Georgette Castner**
District Court of New Jersey
Clarkson S. Fisher U.S. Court House
402 East State Street
Room 2020
Trenton, NJ 08608

**Re: Zangara v. National Board of Medical Examiners Civil No. 3:22-cv-01559-GC-LHG**

Dear Judge Castner,

  Please accept this letter brief in lieu of a more formal brief in response to, or in Opposition to the "Motion" I received from the Defendants yesterday, November 3, 2022. I apologize for reaching out to you but Defendants Council, Mr. Mandelsberg has given me no choice but to waste time and respond to the nonsense he has submitted to this court. I also apologize of not getting a hard copy of this correspondence to you as I am aware your decision on this motion is imminent.
  It is clear that the "tone" of this document shows he was obviously "called in the office" by his boss because this was not the "slam dunk" case he thought it was going to be. This reassures me however that he feels he is losing especially when combined with his other behavior in this litigation. As I have pointed out his tactics include all of which I have documented in briefs and correspondence:

1. Not serving me on multiple occasions with documents

2. Waiting until Friday after the clerk's office closes to submit his papers

3. Lying to the court about needing time to answer this motion when he was in New York with Defendants NBME in Sampson v. NBME

4. Trying to get the clerk's office to overturn your scheduling order citing a rule that had nothing to do with the motion but to answer a complaint

5. Assisting his client by submitting fraudulent documents (the tables that don't work and others)

6. Serving me with their opposition to this motion on Thursday giving me 4 days to answer when he was supposed to serve me Monday giving time the standard 8

Now, he has submitted to this court a "Sur Reply" which he knows is not allowed because he has not pointed at new issues that were raised in my reply. Everything he has pointed out is a response to the original arguments as he has even cited the original documents. See Zahl v. Local 641 Teamsters Welfare Fund, No. 09-1100, 2010 WL 3724520, at *3 (D.N.J. 2010) ("[A] sur-reply is meant only to address new issues raised by the opposing party for the first time in a reply brief. It is not meant to be used as a vehicle for providing the Court with arguments that could have been included in the earlier opposition brief."); G.O.D., Inc. v. USF Corp., Inc., 2007 WL 2904198, FN2 (D.N.J. October 2, 2007). "[M]any courts have noted" that surreplies "are highlydisfavored." Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc., 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).

I still stand by my statements that Morrison is lying and Mandelsberg is helping her as I showed that the documents she submitted do not function . Why on earth would Defendants have Documents that do not function? They supplied exam results and a table which claimed I scored in the 80th and 80th percentile. Then, they claim that these are accurate documents and "conveniently" others were changed adding information that supports their defense.

As related to the current matter, I supported and voted for President Biden in the last election with President Obama before that. However I could not support a candidate so much that I would do the things to the extent of what Defendants Attorneys have done to support the same political party I vote for. It is no surprise to me that fraudulent documents are being submitted to this court on behalf of NBME that are coming out of the same office that created the infamous "Trump Dossier" and resulted in the indictment of Michael Sussman, one of the firm's partners. As stated in an article by the New York Times:

> *"The dossier grew out of opposition research indirectly funded by Hillary Clinton's presidential campaign and the Democratic National Committee. **Their law firm, Perkins Coie, contracted with the research firm Fusion GPS, which subcontracted research about Trump business dealings in Russia to a company run by Christopher Steele, a former British intelligence agent.**"[1]*

With something this major, the fraudulent documents by NBME are "peanuts" to them so Mandelsberg has no issue submitting them to this court. His behavior however gives me justification to purse ethics charges against him personally at the conclusion of this litigation if I so choose, as stated in the Rules of Professional Conduct (which look to be the same from the American Bar Association and the New Jersey Bar Association)

> Rule 4.1 Truthfulness In Statements To Others - Under Rule 1.2(d), a lawyer is prohibited from counseling or assisting a client in conduct that the lawyer knows is criminal or fraudulent.

---

[1] https://www.nytimes.com/2022/10/09/us/politics/durham-trump-steele-dossier-trial.html

> Rule 3.3 Candor Toward The Tribunal - Paragraph (a)(3) requires that the lawyer refuse to offer evidence that the lawyer knows to be false, regardless of the client's wishes.

This brings me to the next point in the letter submitted to this court of still trying to claim that I can't move of an injunction on exams that I have not taken yet. As this court is aware an attorney is an officer of the court **so Mandelsberg's obligation is to this court before Defendants NBME**. That Obligation requires him to concede that Ramsay allows me to move for an injunction against all the exams offered by Defendants See Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) (Affirming Injunction against NBME applied to all exams they offered and rejecting the arguments by their Attorneys from Perkins Coie claiming "Ramsay didn't take the exams yet") This obligation to admit Ramsay is the precedential case in this jurisdiction and has already overruled all of their arguments is required by the following which Mandelsberg is bound by:

> Rule 3.3 Candor Toward The Tribunal- [4] **Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal.** A lawyer is not required to make a disinterested exposition of the law, but **must recognize the existence of pertinent legal authorities**. Furthermore, as stated in paragraph (a)(2), **an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction**[2]

Just because his firm lost Ramsay, does not relieve him of his responsibility to concede that all of his arguments are directly contradicted by the Third Circuits opinion.

In addition to the other items that have been submitted, (none of which have been confirmed by Defendants only by Mandelsberg apparently upset judging by the context of his brief) I had correctly stated that Defendants set the passing scores (See Plaintiff Cert at 26) which was confirmed by the Student Performance Assessment Committee at his school when Plaintiff questioned the scoring (See Plaintiff Cert at 30 & Exhibit P) (Directly From my Reply Brief)

**spac@cmumed.org** <spac@cmumed.org>

**To:** firefighterjazzyj@yahoo.com

**Cc:** aayubi@cmumed.org, mboegels@hotmail.com, students@cmumed.org, spac@cmumed.org

Wed, Oct 13, 2021 at 9:13 AM

Dear mr. Zangara,

The SPAC states that the SPAC cannot interfere with rules or requirements of gradings of exams. As the SPAC cannot influence gradings, there is no possibility to appeal with the SPAC itself.

He should appeal to the administrators of the exams (NBME, CBSE or USMLE) to ask for special individual grading requirements.

Kind Regards

Student Performance Assessment Committee (SPAC)
Dr. Marijn Bögels, Chair
Dr. Ali Ayubi, Member

**Caribbean Medical University**
Toll Free: +1 888 877 4268
Direct: +1 224 444 4700
Fax: +1 302 397 2092
Email: aayubi@cmumed.org

---

[2] https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_3_3_candor_toward_the_tribunal/comment_on_rule_3_3/

This matches the information published by Defendants in *"Common Questions about NBME CBSE/CBSSA Score Report Changes"* that Plaintiff has submitted in **which Defendants didn't even respond too or offer any explanation in their brief or Morrison's Certification** (See Plaintiff Cert at 24 & Exhibit K)

**What scores on the equated percent correct scale correspond to the USMLE Step 1 low-pass range?**
The low-pass range goes from 62 to 68 on the equated percent correct scale. This range represents CBSE scores corresponding to Step 1 performance starting at the passing standard plus 2 standard errors of measurement.

This also matches the information that Plaintiff has submitted proving the Subject Examinations are graded by judges who set the "Equated Percent Correct Score" using the Modified Angoff and Hofstee methods to choose the passing score, in which also **Defendants did not respond too, deny or offer any explanations as to this document in their brief or Morrison's Certfication** (See Plaintiff Cert at 22 & Exhibit I)





As for claiming that there are two exams here**, it is written right across the front of the document I have submitted that they are the same exam and the same information applies to both that is why it reads "Common Questions about NBME CBSE/CBSSA Score Report Changes**" in big letters (See Plaintiff Cert at 24 & Exhibit K)

in addition to this, As I stated in my reply brief, They leave clues they are lying and their position changes at multiple places in their brief :

Page 2 stating they are grading the exams properly:

> There is no basis for the Court to enjoin NBME from doing something that it
>
> does not do and has never done. Simply stated, Mr. Zangara is wrong about how the

Page 10 stating if the court grants what Plaintiff has asked, to grade their exams based on the test takers own merit not in comparison to others, they have to change something:

> F.3d 645, 653 (3d Cir. 1994) (citation omitted). Mr. Zangara is seeking such a mandatory injunction (*i.e.*, an order that directs NBME to change the way the CBSE and other NBME exams are scored). As noted, his requested relief is entirely misguided

On page 14 they then try and relate this to accommodations somehow (which Plaintiff has shown, he never asked or told the court he wanted any accommodations He asked to be scored like everyone else) but the second part of this gives them up when it reads "there is no basis for scoring his performance any differently then other examinees"

> addressed by way of the accommodations he received when he tested, and there is no basis for scoring his performance any differently than other examinees. This is a further reason why his ADA claim fails.

Plaintiff has asked the court to make Defendants score his exams on their own merit to the minimum standard to safely practice medicine and not on the bases of comparing his scores to others. What is there to change if Defendants are already scoring them this way?

Notice how they didn't dispute Morrison's paper contradicting her certification along with the table as I showed in my reply brief?

As Plaintiff has stated, the new exams are not "a percentage of content mastered" but "**Equated percent correct scores [that] provide score users with...norm-referenced results**"[3] **in which the tables for the CBSE are not allowed to be shared with students or the public** (See Plaintiff Cert at 24 & Exhibit K)

> **May I share the CBSE conversion table with my students?**
> No, the conversion table is not intended to be shared with students. It was created and provided to help faculty and learning specialists adjust during the transition from the 3-digit scores to equated percent correct (EPC) scores.

Notice how they didn't contradict that the exams are graded using Angoff and Hofstee methods as raised in my original brief (See Plaintiff Cert at 22 & Exhibit I) and how those methods are discriminatory also supported by academic literature? That's because they don't want to draw attention to it since it damages Morrison's credibility

---

[3] Morrison, C., Ross, L., Baker, G., & Maranki, M. (2019). Implementing a New Score Scale for the Clinical Science Subject Examinations: Validity and Practical Considerations. Medical science educator, 29(3), 841–847. https://doi.org/10.1007/s40670-019-00747-9

Park, Y. S., & Yang, E. B. (2015). Three controversies over item disclosure in medical licensure examinations. *Medical education online*, *20*(1), 28821.

Burr, S. A., Whittle, J., Fairclough, L. C., Coombes, L., & Todd, I. (2016). Modifying Hofstee standard setting for assessments that vary in difficulty, and to determine boundaries for different levels of achievement. *BMC Medical Education*, *16*(1), 1-11.

Bowers, J. J., & Shindoll, R. R. (1989). *A Comparison of the Angoff, Beuk, and Hofstee Methods for Setting Apassing Score*. Iowa City, IA: American College Testing Program.

George, S., Haque, M. S., & Oyebode, F. (2006). Standard setting: comparison of two methods. *BMC medical education*, *6*(1), 1-6.

   Everything being submitted to this court on behalf of Defendants is nothing more than a lie and a sham. Morrison needs to be in your courtroom answering questions not hiding behind this mountain of garbage that has been piled up. How much do you think that they have invested in fighting this case already? Why pay Mandelsberg what? $400? $500? per hour for this case and costs of potential appeals if they're already doing what they're supposed to be doing? They could avoided all of this and settled by submitting an consent order saying *"We promise to grade Plaintiffs exams on their own merit not in comparison to others to the standard required to safely practice medicine"*

   I used to work in an operating room (among other positions in healthcare starting in 1999) so I can tell the competence and experience level of a Surgeon or Anesthesiologist in less than a minute. Therefore I am confident that I can keep (and have kept) my family safe by not consenting to something such as surgery or questioning a physicians ability to practice. On that note I leave you with this question when deciding how this case impacts all of you: "Would you put the life of your children / parents / significant other in the hands of a Surgeon or Anesthesiologist who "scored like the 2020 reference group" on an exam, by betting their lives on Morrison's certification and the reputation of the firm representing them with their history/behavior during this litigation?

             Very truly yours,

             *[signature]*

             **Jason A. Zangara, Pro Se**
             **Attorney for Plaintiff**

CC: Perkins Coie Regular Mail