# Exhibit C

Adam Mandelsberg, Bar No. 065532013
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jason Zangara,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>National Board of Medical Examiners,<br><br>　　　　　Defendant. | Civil No. 3:22-cv-01559-GC-LHG<br><br>Motion Returnable December 5, 2022 |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO FILE
SUR-REPLY IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

## **INTRODUCTION**

Mr. Zangara's reply brief in support of his motion for a preliminary injunction falsely accuses Carol Morrison, Ph.D., a psychometrician who works for NBME, of committing perjury in her declaration in support of NBME's opposition, and NBME of submitting "fraudulent" documents to the Court. (Dkt. 26). NBME therefore filed a motion on November 3, 2022, seeking leave to file a brief sur-reply that responds to Mr. Zangara's false accusations. (Dkt. 27). NBME submitted the proposed sur-reply with its motion. (Dkt. 27-1).

On November 4, 2022, Mr. Zangara filed a 7-page letter brief that, while nominally submitted in response to NBME's motion for leave to file a sur-reply, is more accurately characterized as a sur-sur-reply. (Dkt. 28). He did not seek leave of Court to file a sur-sur-reply. *See* L. Civ. R. 7.1(d)(6).

There is no merit to any of the accusations leveled in Mr. Zangara's letter brief.[1]

---

[1] Among other things, Mr. Zangara accuses NBME and its counsel of exhibiting a lack of candor to the Court by failing to "concede that all of his arguments are directly contradicted by the Third Circuits opinion [in *Ramsay v. NBME*, 968 F.3d 251 (3d Cir. 2020)]." (*See* Dkt. 28 at 3). The *Ramsay* decision, however, involved fundamentally different issues than the present case and is not controlling authority on any issue now before the Court. The issue in *Ramsay* was whether the plaintiff was disabled within the meaning of the ADA (an issue that must be decided on a case-by-case basis) and entitled to testing accommodations on the United States Medical Licensing Examination. Mr. Zangara is not seeking testing accommodations in this lawsuit, on the USMLE or any other test that NBME develops or administers. Moreover, NBME cited and distinguished *Ramsay* in its opposition to Mr. Zangara's preliminary injunction motion (Dkt. 25 at 18), and thus cannot be accused of failing to call that decision to this Court's attention.

They are untrue, and they are entirely inappropriate.[2] NBME should be permitted to file its proposed sur-reply brief so that the record reflects NBME's categorical denial of Mr. Zangara's accusations and the facts that unequivocally contradict them.

Dated: November 10, 2022            **PERKINS COIE LLP**

By: */s/ Adam R. Mandelsberg*
Adam R. Mandelsberg, Bar No. 065532013
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

---

[2] *See, e.g., In re Paige*, 738 F. App'x 85, 85 (3d Cir. 2018) ("The tone and contents of the Appellants' briefs . . . require additional commentary. These filings are striking for their inappropriate tenor, and for the scurrilous and degrading language used throughout. The indecorous nature of Appellants' opening and reply briefs crosses a line of legal decorum and approaches actionable behavior."); *Gunn v. Credit Suisse Group AG,* 610 F. App'x 155, 158 n.2 (3d Cir. 2015) ("Gunn's status as a pro se litigant does not excuse him from exhibiting an acceptable level of civility."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("'[I]f the . . . pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court.'") (citing Fed. R. Civ. P. 12(f)); *Dinnerstein v. Burlington Cty. Coll.*, No. 1:13–cv–5598-NLH/KMW, 2017 WL 5593776, at *6 (D.N.J. Nov. 21, 2017) ("[T]he pro se litigant must act with civility.").