# Exhibit H

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 18-1124

In re: CHRISTOPHER HOWARD PAIGE; MICHELE ANNA PAIGE,
Debtors

Lerner Master Fund, LLC

v.

Christopher Howard Paige;
Michele Anna Paige,
Appellants

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Civil No. 3-17-cv-00023)
District Judge: Honorable A. Richard Caputo

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2018

BEFORE: JORDAN, VANASKIE, and NYGAARD, *Circuit Judges*

(Filed September 27, 2018)

OPINION*

NYGAARD, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After granting Christopher and Michele Paige's motion for judgment on all counts following ten days of trial proceedings, the Bankruptcy Court denied their five separate motions for sanctions. They appealed that ruling to the District Court, which affirmed the Bankruptcy Court. Now, they appeal the ruling on sanctions, as well as the Bankruptcy Court's refusal to admit two exhibits into evidence during the hearing on their sanctions motions. We review these rulings for an abuse of discretion.[1] We have instructed bankruptcy courts that before imposing sanctions, they must "articulate sufficient reasons for [their] determination of what is the appropriate sanction to apply," and "provide a sufficient basis for reviewing its exercise of discretion."[2] The Bankruptcy Court has done so. After reviewing the record, the briefing, and the arguments on both sides, and finding this appeal to be wholly without merit, we will affirm the Bankruptcy Court's rulings without further discussion.

The tone and contents of the Appellants' briefs, however, do require additional commentary. These filings are striking for their inappropriate tenor, and for the scurrilous and degrading language used throughout. The indecorous nature of Appellants' opening and reply briefs crosses a line of legal decorum and approaches actionable behavior. Our concern began with the Notice of Appeal. The purpose of such a notice "is to notify the court of appeals and the opposing party that an appeal is being taken."[3] The notice filed here fulfills that purpose, but inappropriately goes further. It baldly questions our integrity as a Court and labels the District Court as bigoted,

---

[1] *In re Miller*, 730 F.3d 198, 203 (3d Cir. 2013).
[2] *Id.* (citation omitted).
[3] *Gov't of Virgin Islands v. Mills*, 634 F.3d 746, 751 (3d Cir. 2011) (citation omitted).

2

ascribing lude and derogatory terminology to it as identifiers for the Paiges.[4] This inappropriate and outlandish commentary continued into their briefing. As an example, Appellant Michele Paige begins the Summary of the Argument section of her brief by stating that "[t]he lower courts unlawfully discriminated against my husband and I [sic] — implicitly, but unambiguously holding that we are 'faggots' and 'cunts' with no rights that anyone is bound to respect."[5] The District and Bankruptcy Courts never used these terms to refer to the Paiges. Yet both Appellants adopt these vulgar terms for themselves throughout their briefs. And they go further.

Christopher Paige calls this Court and the members of our Bar a "cesspool of bigots and the jurists who protect them."[6] Michele Paige charges that "[f]or generations, the Third Circuit [has] turned away African-Americans, Latinos, [and] gays — anyone who did not meet this Circuit's limited definition of a person."[7] What we have done—for generations—is give significant leeway to pro se litigants and their filings.[8] We have done so here, but the Paiges' filings are beyond the pale of zealous advocacy. This is

---

[4] The Notice of Appeal states "[W]e respectfully request that the Court of Appeals restore the rule of law, the courts' integrity, and the public's confidence therein by reversing this transparently–ludicrous and blatantly-bigoted Opinion (Dkt. #76) and Order (Dkt. #77), which–quite literally–held that "faggots" and "cunts" like my wife and I [sic] are legally obligated to settle, rather than litigate, any and all claims against us because we have no rights that anyone is bound to respect— not even the right to have our Briefs read before our appeals are rejected." App. Vol I. at 8. The crude terminology, apparently, originated in certain in-house emails sent by various employees of the Appellees. *See, e.g.*, App. Vol. IV, at 146.

[5] Brief of Appellant Michele Paige at 1 (Paige's brief restarts its pagination after page 19 to page 1. Our citation here is to the second "Page 1" of the brief).

[6] Opening Brief of Christopher Paige at 8 (that is, page 8 appearing after page 12).

[7] Opening Brief of Michele Page at 19 (the second appearance of Page 19 in the document, not the first).

[8] *See, e.g., United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007).

3

especially true given that the Paiges are atypical pro se litigants: both claim law degrees from a prestigious law school and other advanced degrees from respected institutions of higher education.[9]

As we indicated above, the Paiges' arguments are wholly without merit and we will affirm. We present this additional commentary only to castigate the Appellants and to emphasize the importance we place on proper decorum and professionalism for all advocates who appear before us, whether they are pro se, or licensed attorneys.[10]

---

[9] *See, e.g.,* Opening Brief of Christopher Paige at 28 (that is, page 28 following page 12), where he admits to being a "Yale Law School educated moron who won awards for brief writing"; Opening Brief of Michele Paige at 18 (that is, page 18 following page 12) wherein she speaks of attending Harvard Business School and Yale Law School. Both Christopher and Michele Paige acknowledge that they are attorneys—although not appearing as such—in the relevant portions of their briefs. Michele Paige states that her Bar status is "immaterial," denies any Bar membership, and citing this Court's "tolerance of bigotry," states her disinterest in joining "your corrupt profession." Opening Brief of Michele Paige, unnumbered page. Christopher Paige tells us his Bar status is also "immaterial." Opening Brief of Christopher Paige, unnumbered page.

[10] Appellants also assert that "Now we all know you won't read this Brief . . .." Opening Brief of Christopher Paige at page 9 (as occurring after page 12). As you see *supra*, we did.