# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

**RECEIVED**

**Case Number:** _____

**Case Name:** Zangara v NBME

MAR - 6 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

## INFORMAL BRIEF

**DIRECTIONS:** *Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary. <u>The total number of pages cannot exceed 30.</u> Parties are encouraged to use one side of the paper for ease of reading. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

**1. Jurisdiction:** What order(s) of the district court or agency are you appealing?
The order directing me to file a motion to ammend the complaint
and the District Court not ruling on two seperate applications for an injunction after 1 year

What is the date of the order(s)?
3/2/23 (See Exhibit A) There is no order for the denial of the two injunctions

When did you file your notice of appeal or petition for review?
Today

**2. Statement of the case:** Explain the proceedings in the district court or before the agency (i.e. what the district court or the agency did in deciding your case).
I have attached a copy of the Docket report as Exhibit B and willl cite the entries as "DK"

I originally filed the complaint almost one year ago March 8, 2022 (DK 1) and a few days later (when the complaint was actually filed) filed an Order to Show Cause why a Preliminary Injunction should not issue on March 21, 2022 (DK 3). The court never acted upon my Order to Show Cause or provided me any feedback.

The Summons was issued on July 5, 2022 and served by the US Marshall on July 1,2022 (DK 9). Defendants Attorney Adam Mandelsberg entered an appearance and after a request for an extension, filed a Motion to Dismiss on August 8, 2022 (DK 12) I filed a response (after which Defendants asked for another extension) on September 7, 2022 (DK 13) I then filed a Sur Reply, Defendants the responded with a motion which I responded to (DK15-18).

Included with my response to Defendants motion to file a Sur Reply, before the motion to dismiss was decided I requested leave to amend my complaint (DK 18). This was hand delivered to the Clerk's office, with a courtesy copy to the Presiding Judge (DK 18) and a hard copy sent Defendants Attorney, Mr. Mandelsberg via UPS Overnight (See Exhibit C) Mr. Mandelsberg was also sent notice of the filings via the automated system to his email address: amandelsberg@perkinscoie.com

At this time the court never heard my application for an Order to Show Cause from March, 6 months prior so I filed another application (DK 19-20) and the court set the return date and ordered Defendants to reply (Dk20) This started the chain of filing of multiple replies and Sur Replies all of which are on file with the clerk's office, with the motion being fully briefed on November 14,2022 (DK 30) The court has not ruled on my second application for injunctive relief

**3. Statement of facts**: Explain the facts and events that led to the complaint in the district court or the action before the agency.

I request that this court pursaunt to FRAP 24(c) and LAR 30.2 review the documents and briefs on file with the district court. I will include a brief summary cut and pasted from my application for an Injunction on September 26, 2022 (DK 19)

"The NBME, together with the Federation of State Medical Boards of the United States, Inc., offers the USMLE. The USMLE is a standardized multiple-choice test administered in three parts, or " Steps " . The USMLE was designed as a licensing exam meant to assess an examinee's understanding of, and ability to apply, concepts and principles that are important in health and disease and constitute the basis of safe and effective patient care. In order to obtain a license to practice medicine in the United States, an examinee must obtain a passing score on all three Steps of the USMLE. Prior to May 1999, the USMLE was provided in a written format. Since May 1999, the USMLE has been given in a computerized format. After an examinee takes the USMLE, the NBME sends a score report to the examinee. Although the USMLE was designed for use as a licensing exam, it is common practice for residency and fellowship programs to use USMLE test scores in evaluating candidates for admission to their programs. At an examinee's request, the NBME will send a USMLE score transcript to third parties designated by the examinee, including residency and internship programs and state licensing authorities." quoting Doe v. National Bd. of Med. Exam ' rs, 199 F.3d 146, 154-155 (3d Cir. 1999)

Plaintiff is a third year medical student at Caribbean Medical University and is required to take the USMLE exams. However in order to sit for these examination, Plaintiff is required to receive a "passing score" on examinations administered by Defendant (NBME) such as the Comprehensive Basic Science Exam (CBSE) These exams are administered via computer at Prometric testing centers and scored in a manner outlined by Defendant which decides "Passing" or "Failing" solely by comparing his test results to others.

Plaintiff has been diagnosed with Attention Deficit Hyperactivity Disorder and multiple learning disabilities dating back to second grade almost 30 years ago. He has attempted exams administered by Defendants multiple times but has not passed because these exams, Plaintiff believes are not accounting for his disabilities since they are not graded upon what he knows, but only how he compares to others who have taken the exams. This grading practice appears to not be in compliance with the requirements of the Americans with Disabilities Act ( " ADA " ), Pub.L. 101-336, Title III, 42 U.S.C. §?12181 et seq. and its implementing regulation 28 C.F.R. §?36.309 which requires examinations to "reflect the applicant's aptitude and knowledge, rather than the limitations or manifestations of the applicant's disability"

Plaintiff has commenced this action to obtain an Injunction against Defendants to prevent them from scoring his exams and others exams solely on the bases of comparison to others because the current such practice does not "reflect the applicant ' s aptitude and knowledge, rather than the limitations or manifestations of the applicant ' s disability" He has applied to the court for an Order to show Cause why a Preliminary Injunction should not issue when he filed his complaint. However this has still not been acted upon by the court even though his application is on file with the clerk's office. Plaintiff has been experiencing irreparable harm by the day so he has submitted a second application.

3

**4. Statement of related cases:** Have you filed an appeal or petition for review in this case before? If so, give title of case and docket number.
No

Do you have any cases related to this case pending in the district court, in the court of appeals or before the agency? If so give title of case and docket number.
No

**5.** Did the district court or the agency incorrectly decide the facts of your case? _____ If so, what facts?
Yes See next section, court is requiring a motion to amend almost 6 months after the ammended complanit was filed and the court did not rule on two seperate applications for an Injuctnion pursuant to Rule 65

**6.** Did the district court or the agency apply the wrong law (either cases or statutes)? ____
If so, what law do you want applied?

The Amended Complaint

I believe the Magistrate Judge errored in ordering that I make a motion to amend the complaint because the Complaint has already been filed. As attached to the certification was a copy of the 3rd Circuit Opinion that I included specifically holding that I did not need to file a motion because it was allowed to be filed as of right (DK18) That opinion is Merritt v. Fogel, 349 F. App'x 742, 745 (3d Cir. 2009) :

We begin by addressing a procedural wrinkle identified by neither the parties nor the District Court. After Merritt filed his initial complaint and defendants filed their motions to dismiss, Merritt filed his first motion "for leave" to file an amended complaint. Merritt, however, was entitled to file that amended complaint as of right. Defendants' motions to dismiss were not "pleadings," see Fed.R.Civ.P. 7(a), so Merritt remained entitled to amend his complaint once as a matter of course, see Fed.R.Civ.P. 15(a)(1). Thus, the District Court should have construed Merritt's initial motion, to which his amended complaint was attached, as the filing of that amended complaint. That filing would have rendered moot defendants' motions to dismiss. See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002). Technically speaking, then, there were no motions to dismiss properly pending when the District Court dismissed Merritt's complaint.

Merritt v. Fogel, 349 F. App'x 742, 745 (3d Cir. 2009)

The holding in Merritt did not and does not require me to file a motion to amend my complaint. When I filed my certification on September 19, 2022 (DK 18) the complaint was deemed filed and Defendants were served with a copy of the proposed amended complaint via UPS (See Exhibit C) (and emailed) and never responded. I filed my second application for a Preliminary Injunction because since the amended complaint was filed "That filing would have rendered moot defendants' motions to dismiss" Merritt v. Fogel, 349 F. App'x 742, 745 (3d Cir. 2009) Defendants never filed a motion to dismiss the proposed amended complaint and only responded to my application for a Preliminary Injunction on October 17, 2022 (DK 25)

Defendants should have served a second Dismiss within 21 days as detailed in Rule 12, but they failed to do so and therefore consented to its filing. Defendants have not raised any objections to my amended complaint in 6 months , Therefore I should not have to file any motion as ordered by the Magistrate Judge (DK 31)

Urgent Relief / Not Ruling on Either
Application for a Preliminary Injunction

I have made two (2) applications pursuant to Rule 65 to the court for a Preliminary Injunction once on March 21, 2022 (DK 3) and a second on September 26, 2022 (DK 26) The court has not addressed my applications of relief and this has caused even further irreparable harm on my part for the past year. I cannot continue my medical education without passing Defendants examinations and it has been decided that a delay in medical education and pursuing my career constitutes irreparable harm. These same Defendants have been sued multiple times by other students and have been held liable by this court for the same reasons See Ramsay v. National Board of Medical Examiners, 968 F.3d 251, 263 (3d Cir. 2020) See also Rush v. National Board of Medical Examiners, 268 F. Supp.2d 673 (N.D. Tex. 2003) (Delay in medical education and pursuing career as a physician caused by Defendants examinations constituted irreparable harm)

They were also recently sued in new York District Court in Sampson v. National Board of Medical Examiners, No. 2:2022cv05120 (E.D.N.Y. 2022) as explained in the courts opinion:

Because Sampson cannot proceed to his final year of medical school until he passes Step 1, any further delay pending a trial on the merits would continue to deprive Sampson of his opportunity to pursue his medical training. Berger v. Nat ' l Bd. of Med. Exam ' rs, No. 19-CV-99, 2019 WL 4040576, at *28 (S.D. Ohio Aug. 27, 2019) ( finding that " a delay in taking the Step 2 CK exam pending the resolution of this lawsuit would deprive [plaintiff] of the opportunity to practice his chosen profession of medicine " ); Doe v. Samuel Merritt Univ., 921 F. Supp. 2d 958, 964 (N.D. Cal. 2013) (medical student was likely to suffer irreparable harm by inability to participate in clinical rotations and earn medical degree while lawsuit was pending, delaying her professional career); Bonnette v. D.C. Ct. of Appeals, 796 F. Supp. 2d 164, 186 – 87 (D.D.C. 2011) ( " Because [plaintiff] cannot practice law until she successfully passes the D.C. Bar Examination, any delay in taking the MBE deprives her of time to practice her chosen profession. " ); Jones v. Nat ' l Conf. of Bar Exam ' rs, 801 F. Supp. 2d 270, 286 – 87 (D. Vt. 2011) ( " [W]hile Plaintiff is losing opportunities to take the MPRE, there is no countervailing benefit she obtains through the passage of time. Indeed, the passage of time is likely to exacerbate her harm as it may delay completion of her law school education and may delay her entry into her chosen professional field. " )

Therefore, I request that this court expedite this appeal as soon as I may be heard and grant injunctive relief as I have been asking for the courts help for almost one year with no response.

**7.** Are there any other reasons why the district court's judgment or the agency's decision was wrong? _____
    If so, briefly state these reasons.

1. Holding in Merritt v. Fogel, 349 F. App'x 742, 745 (3d Cir. 2009) deemed my amended complanit filed almost 6 months ago which defendants never opposed

2. Applications for Injunctions are supposed to be made on an emergent basis pursuant to Rule 65

**8.** What action do you want the Court of Appeals to take in this case?

Please review the records and briefs submitted to the District Court as I understand FRAP 24(c) and LAR 30.2 to allow. Both parties have invested significant time into briefing this completely already. I have already invested significat time away from studying. I am asking this court of appeals for two things. The first is to deem the amended complanit filed and unopposed as evidenced by the record and the second is to grant the injunction that I have requested that the distrct court has not addressed. That Injunction requires Defendants to grade their examinations (which include the Comprehensive Basic Science Exam, Comprehensive Clinical Science Exam, USMLE Steps 1, 2 and 3 along with all NBME Subjcet Examinations) based on the test takers own merit to the standard required to safely practice medicine, not in compairason to any one else.

_____
Signature

The entire district court record is available for the court's review. You must attach copies of the district court docket entries, the opinion and order appealed, and the notice of appeal. You may, but are not required to, attach any documents filed in the district court that you think the court of appeals must see in order to decide your appeal. Documents not admitted in the district court may not be submitted to the court of appeals without permission of the court.

**IMPORTANT: IF YOU ARE PROCEEDING PROCEEDING IN FORMA PAUPERIS, YOU MUST FILE AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. IF YOU HAVE PAID THE DOCKETING FEE, YOU MUST FILE AN ORIGINAL AND SIX (6) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. A COPY OF THIS BRIEF AND ANY ATTACHMENTS MUST ALSO BE SENT TO ALL OPPOSING PARTIES. YOU MUST CERTIFY ON THE ATTACHED PROOF OF SERVICE THAT A COPY OF THIS BRIEF AND ANY ATTACHMENTS WERE SENT TO ALL OPPOSING PARTIES.**