UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JASON A. ZANGARA            )
                                    )
      Plaintiff,            )       Civil No. 3:22-cv-01559-GC-LHG
                                      )
v.                            )
                                    )
National Board of Medical Examiners (NBME)  )
                                    )
      Defendants

**RECEIVED**

MAR 23 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO AMEND COMPLAINT

JASON A. ZANGARA PRO SE
573 SIDORSKE AVENUE
MANVILLE, NJ 08835
(908)672-0626
ATTORNEY FOR PLAINTIFF

## **Table of Contents**

**Page**

Table of Authorities.................................................................................................................ii

Introduction..............................................................................................................................1

Procedural History...................................................................................................................2

Argument...................................................................................................................................3

     I.  Amending the Complaint.......................................................................................3

     II. The Standard........................................................................................................3

     III. Plaintiffs Complaint..........................................................................................5

Conclusion.................................................................................................................................6

## Table of Authorities

**Cases**                                                                                                      **Pages**

Ashcroft v. Iqbal, ___ U.S. ___,
129 S.Ct. 1937, 1955, 173 L.Ed.2d 868 (2009)...............................................................................3

Ashcroft v. Iqbal,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...............................................................5

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..............................................................3,5

Conley v. Gibson,
355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .................................................................4,6

Foman v. Davis,
371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) .......................................................................6

Fowler v. UPMC Shadyside,
578 F.3d 203, 209-10 (3d Cir. 2009) ............................................................................................3,4

Malleus v. George,
641 F.3d 560, 563 (3d Cir. 2011) .....................................................................................................5

Valley Joist, LLC v. OBG Building Materials, LLC,
Civ. A. No. 3: 21-cv-20374 (GC)(DEA) (D.N.J. Feb. 27, 2023) ....................................................4

West Run Student Housing Associates, LLC v. Huntington National Bank,
712 F.3d 165, 171 (3d Cir. 2013) ....................................................................................................3

**Rules**

Fed. R. Civ. P. 8(a)(2) ......................................................................................................................4

Fed.R.Civ.P. 15(a) .........................................................................................................................3,6

**Publications**

3 Moore, Federal Practice (2d ed. 1948) .........................................................................................6

## **Introduction**

Plaintiff signifies the public importance of this case and the importance of the relief that he has requested which requires Defendants to stop the discriminatory practice. However this practice, now realized during this litigation has raised additional significant public concerns. Regardless of the emphasis on rules, laws regulations, legal conclusions or differences of opinions of the parties it is imperative that the court act in the best interest of the public.

Plaintiff has accused the Defendants of not grading his examinations on their own merit, but based solely on others who took the exams prior and their exams based on those who took the exams prior to them. Meaning the only criteria to passing the exam is that you score as the others did before you.

Despite this discriminating against Plaintiff and others who are disabled by forcing them to get the same score as a non disabled person to pass; it has the potential to allow a group of students to receive a sub standard score and therefore those after them are compared to this group. This then allows individuals who should not have passed the exam now because the first group did not take their exam seriously.

It is apparent that there is no minimum standard to safely practice medicine established by Defendants which is why they are fighting this lawsuit so hard. Until they demonstrate to the court in real time (1) what the minimum standard is on a specific exam is and (2) how they score their exams without comparison to any group, norm, reference population, ect; It should be assumed that they do not have one. Otherwise they would have told Plaintiff that they would agree and settle since it is required by law anyway.

Every person reading and even touching this brief along with their families is affected and have an interest in the outcome of this case. Ask yourself: do you want an anesthesiologist to

put you to sleep in an operating room and a surgeon to cut you open or do the same to you or your significant other, kids, parents knowing that they received their licenses because they scored like "the last group" or because they met the standard necessary to practice medicine?

## Procedural History

Plaintiff filed this action one year ago, March 2022 along with a motion to proceed in forma pauperis, requested the court issue an Temporary Restraining Order and sign an Order to Show Cause before Defendants were even served due to the irreparable harm he has been experiencing. The court filed, but has never acted upon his application to this day.

This action was then transferred from Judge Michael Shipp to Judge Georgette Castner by order of the court on its own motion. Plaintiffs in forma pauperis application was granted, summons was issued and Defendants were served. Defendants responded with a request to extend the time to answer which was granted by the clerk. Defendants then responded with a motion to dismiss, Plaintiff responded later seeking Leave to Amend from the Court.

Defendants motion to dismiss became moot, therefore Plaintiff moved for an Injunction on notice for the second time in September 2022. Defendants responded and the matter was fully briefed in November 2022 but no action was ever taken by the court and the motion was never heard for the second time in seven months. The court then ordered Plaintiff to file an Amended Complaint returnable over one year after he originally applied for urgent relief.

## Argument

### I. Amending the Complaint

"Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading. Fed.R.Civ.P. 15(a)." West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) Following this, the party must seek leave of court for that amendment See Rule 15 (a)  In response to the order of the court on March 2, 2023 Plaintiff  moves the court to amend his complaint.

### II. The Standard

"Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in Phillips, supra., and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1955, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009)

"Iqbal — decided two days before this case was argued, but acknowledged by counsel during oral argument — centered on a prison inmate's allegations that certain government defendants violated his constitutional rights by discriminating against him on the basis of his religion. The Supreme Court's opinion makes clear that the Twombly "facial plausibility" pleading requirement applies to all civil suits in the federal courts. After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. See Id. at 1949-50; see also Twombly, 550 U.S. at 555, n. 3, 127 S.Ct. 1955. Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009)

"Iqbal additionally provides the final nail-in-the-coffin for the "no set of facts" standard that applied to federal complaints before Twombly. See also Phillips, 515 F.3d at 232-33. Before the Supreme Court's decision in Twombly, and our own in Phillips, the test as set out in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), permitted district courts to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. Under this "no set of facts" standard, a complaint effectively could survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements." Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009)

As Judge Georgette Castner explains in Valley Joist, LLC v. OBG Building Materials, LLC, Civ. A. No. 3: 21-cv-20374 (GC)(DEA) (D.N.J. Feb. 27, 2023):

> "To state such a prima facie plausible claim in accord with the Federal Rules, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief,'" Fed. R. Civ. P. 8(a)(2), "in order to `give the defendant fair notice of what the ... claim is and the grounds upon which it rests[,]'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) abrogated by Twombly, 550 U.S. 544). The reviewing district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678).

The Third Circuit has devised a three-step process to facilitate evaluation of a complaint's sufficiency. See <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must `tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Iqbal, 556 U.S. at 675). "Second, the court should identify allegations that, `because they are no more than conclusions, are not entitled to the assumption of truth.'" Id. (quoting Iqbal, 556 U.S. at 679). "Third, `whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" Id. (quoting Iqbal, 556 U.S. at 679). This divides the district court's analysis into three discrete segments: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Id."

### III. Plaintiffs Complaint

For the purpose of this motion, all of the allegations included in Plaintiffs Amended Complaint are to be assumed to be true See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (a court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); id., at 556, 127 S.Ct. 1955 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable)

Plaintiffs Amended Complaint is very detailed and thoroughly written to provide as much detail as possible, with certification and exhibits even though "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Twombly, 550 U.S., at 555, 127 S.Ct. 1955" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) Therefore,  "When there are well-pleaded factual allegations, a court should assume their veracity" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

<u>**Conclusion**</u>

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) "Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), <u>Foman v. Davis</u>, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Plaintiff therefore requests that the court accept and file his amended complaint.

Dated: 3 /23/2023

Jason A. Zangara, MPH, MA
573 Sidorske Avenue
Manville, New Jersey 08835
(908) 672-0626
firefighterjazzyj@yahoo.com

Plaintiff, Pro Se

6