Adam Mandelsberg, Bar No. 065532013
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jason Zangara,<br><br>     Plaintiff,<br><br> v.<br><br>National Board of Medical Examiners,<br><br>     Defendant. | Civil Action No. 3:22-cv-01559-GC-LHG<br><br>MOTION RETURNABLE APRIL 3, 2023 |

### NBME'S RESPONSE TO
### PLAINTIFF'S MOTION FOR LEAVE TO AMEND

  Plaintiff Jason Zangara ("Plaintiff" or "Mr. Zangara") seeks leave to file an Amended Complaint in this action. *See* Notice of Motion to Amend Complaint (Dkt. 38). His proposed pleading is a 184-page, 836-paragraph Amended Complaint with 86 separate counts. (Dkt. 38-3) Attached to the proposed Amended Complaint are a 5-page "certification" with an additional 23 paragraphs of substantive allegations (Dkt. 38-6) and 208 pages of exhibits, including numerous medical

1

and school records and published court decisions (Dkts. 38-7—38-25).

Mr. Zangara's proposed Amended Complaint does not comply with the basic pleading requirements of Fed. R. Civ. P. 8(a) and 8(d)(1). *See generally Schiano v. MBNA*, No. 05-1771, 2013 WL 2452681, at *9-10 (D.N.J. Feb. 11, 2013) (denying motion for leave to amend due to procedural defects and failure to comply with Rule 8), *aff'd*, 2013 WL 2455933 (D.N.J. June 3, 2013); *cf. Kamden-Ouaffo v. Huczko*, 810 F. App'x 82, 83 (3d Cir. 2020) (finding district court did not "harshly punish [pro se] plaintiff for prolixity" by dismissing complaint without prejudice to refiling a revised, "Rule-8 compliant pleading"). Mr. Zangara himself describes his proposed Amended Complaint as "very detailed and thoroughly written to provide as much detail as possible, with certification and exhibits even though 'Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Dkt. 38-2 at 5.

It would certainly be appropriate for the Court to deny Mr. Zangara's motion to file such a cumbersome complaint, which will require additional, unnecessary work by NBME and the Court. Nevertheless, given Mr. Zangara's pro se status, NBME does not oppose his motion for leave to amend. NBME will instead reserve its arguments on the merits of Mr. Zangara's proposed claims and his compliance with Rule 8 pleading standards for a Rule 12 motion, should the Court

grant his motion for leave to file the proposed Amended Complaint.

Dated:  April 3, 2023                              Respectfully submitted,

**PERKINS COIE LLP**

By: */s/ Adam Mandelsberg*
Adam Mandelsberg, Bar No. 065532013
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the United States District Court for the District of New Jersey on April 3, 2023 and was sent by first class mail, postage prepaid, to:

Jason Zangara
573 Sidorske Avenue
Manville, New Jersey 08835

*Pro Se Plaintiff*

                                                      */s/ Adam Mandelsberg*