UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Jason A. Zangara | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:22-cv-01559-GC-LHG |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| National Board of Medical Examiners (NBME) | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFFS REPLY BREIF IN SUPPORT OF
## APPLICATION TO AMEND COMPLAINT

JASON A. ZANGARA PRO SE
573 SIDORSKE AVENUE
MANVILLE, NJ 08835
(908)672-0626
ATTORNEY FOR PLAINTIFF

## Table of Contents

**Page**

Table of Authorities.................................................................................................ii

Introduction.......................................................................................................2

Argument...........................................................................................................3

      I.  **Response to: Mr. Zangara's proposed Amended Complaint does not**
            **comply with the basic pleading requirements of**
            **Fed. R. Civ. P. 8(a) and 8(d)(1)**.................................................3

      II. **Response to: NBME will instead reserve its arguments.....**
           **for a Rule 12 motion**...................................................................5

          **A. "Estoppel"**.......................................................................5

          **B. An Amended Complaint & Rule 12(b)(6)** .............................6

          **C. Successive Motions to Dismiss**...........................................7

          **D. Defendants Have Consented to Filing Plaintiffs**
          **Amended Complaint**................................................................9

Conclusion.....................................................................................................9

## Table of Authorities

**Cases**                                                                                 **Pages**

Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.,
771 F.3d 697, 703 (10thCir. 2014)....................................................................................8

Ashcroft v. Iqbal,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ..........................................3,4

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .............................................3,4

Brooks v. Caswell,
No. 3:14-CV-01232-AC, 2016 WL 866303, at *3 (D. Or. Mar. 2, 2016) .....................8

Burton v. Ghosh,
961 F.3d 960 (7th Cir. 2020) ..........................................................................................8

City of Las Cruces v. The Lofts at Alameda,
LLC, 591 F. Supp. 3d 1038 (D.N.M. 2022) ...................................................................8

CMR D.N. Corp. v. City of Philadelphia,
703 F.3d 612, 629 (3d Cir. 2013) ...................................................................................6

Danielson v. Chester Twp.,
Civil Action No. 13-5427, 2013 U.S. Dist. LEXIS 164271, at *24 (D. N.J. Nov.19, 2013) .........5

DiLoreto v. Borough of Oaklyn,
744 F. Supp. 610 (D.N.J. 1990) .....................................................................................8

English v. Dyke,
23 F.3d 1086, 1090-91 (6th Cir.1994) ...........................................................................8

Fowler v. UPMC Shadyside,
578 F.3d 203, 209-10 (3d Cir. 2009) .............................................................................3

Glover v. FDIC,
698 F.3d 139, 147 (3d Cir.2012) ....................................................................................5

Grillo v. BA Mortgage, LLC,
2004 U.S. Dist. LEXIS 20347 at *9 (E.D. Pa. Oct. 4, 2004) .........................................7

In re Burlington Coat Factory Sec. Litig.,
114 F.3d 1410, 1434 (3d Cir. 1997) ...............................................................................7

Kamdem-Ouaffo v. Huczko,
   No. 19-2231, 3 (3d Cir. Apr. 22, 2020) ...........................................................3,4

Kounelis v. Sherrer,
   396 F. Supp. 2d 525, 529-30 (D.N.J. 2005) ........................................................7

Leyse v. Bank of Am. Nat'l Ass'n,
   804 F.3d 316, 320 (3d Cir. 2015) ......................................................................8

Lim-bright v. Hofmeister,
   2010 WL 1740905, *2 (E.D.Ky.2010) ...............................................................8

Montrose Medical Group v. Bulgar,
   243 F.3d 773, 779-80 (3d Cir. 2001) ...............................................................5,6

Okpor v. Ocasio,
   Civil No. 05-5313(RMB), 7 (D.N.J. Aug. 24, 2006) .......................................7,9

Regents of Univ. of California v. Triple S Steel Holdings Inc.,
   No. SACV161408DOCFFMX, 2016 WL 11002545, at *2 (C.D. Cal. Nov. 1, 2016)...................8

Rowley v. McMillan ,
   502 F.2d 1326, 1333 (4th Cir. 1974) ..................................................................8

Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,
   81 F.3d 355, 361 (3d Cir. 1996) .........................................................................5

Schiano v. MBNA,
   No. 05-1771 JLL, 2013 WL 2452681, at*26 (D.N.J. Feb. 11, 2013) ...........................3

Schreane v. Seana,
   506 F. App'x 120, 122 (3d Cir. 2012) .................................................................1

Sears Petroleum & Transport Corp. v. Ice Ban Am., Inc.,
   217 F.R.D. 305, 307 (N.D.N.Y. 2003) .................................................................8

Pascal v. Concentra, Inc.,
   Case No. 19-cv-02559-JCS (N.D. Cal. Aug. 21, 2020) ......................................8

Shane v. Fauver,
   213 F.3d 113, 115 (3d Cir. 2000) .......................................................................7

Townsend Farms v. Goknur Gida A.S.,
   No. SACV150837DOCJCGX, 2016 WL 10570248, at *6 (C.D. Cal. Aug. 17, 2016)..................8

**Rules**

Fed.R.Civ.P. 8(a) ........................................................................................................5

Fed.R.Civ.P. 8(c) ........................................................................................................8

Fed.R.Civ.P. 12(b)(6) ...........................................................................................1,5,6,7

Fed.R.Civ.P.12(g)(2) .................................................................................................8

Fed.R.Civ.P. 12(h) .....................................................................................................8

Fed.R.Civ.P15 (a) (2) ................................................................................................9

**Laws**

28 U.S.C. § 1915(e)(2)(B) .........................................................................................1

28 U.S.C. § 1915(e)(2)(B)(ii) .....................................................................................1

28 U.S.C. § 1927.........................................................................................................9

**Publications**

5A C. Wright & A. Miller Federal Practice and Procedure
§ 1388 at p. 736 (2d ed. 1990) ....................................................................................8

5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure
§ 1388 (3d ed.2004) ....................................................................................................7

## Statement

Plaintiff filed this action and his complaint  along with and application to proceed In

Forma Pauperis on March 18, 2022 (Docket Entry hereinafter "DK" #1) As required  by 28

U.S.C. § 1915(e)(2)(B) Plaintiffs original complaint was screened and ordered to be filed by

Judge Georgette Castner because it met the requirements of Rule 12 b and stated a claim for

which relief could be granted (DK5)[1] Even though his complaint already stated a claim,

Defendants still claimed "it wasn't good enough" and filed a motion to dismiss (DK12)

Plaintiff then supplemented his complaint on September 19, 2022 (DK18) Almost 6

months later Judge Lois Goodman ruled opposite to Judge Castner that Plaintiffs complaint (he

assumes) was inadequate and had to file another with a motion to amend on March 2, 2023

(DK31)

Therefore Defendants and the court asked for this amended complaint with more

information, so it is unfair and unjust for Plaintiff now to be told "it's too long".

---

[1] the Court is required "to screen Smith's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)."
(ECF No. 4 at 2-3.) "The legal standard for dismissing a complaint for failure to state a claim
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant
to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir.
2012).

## Introduction

It is apparent that Defendants are attempting to prolong this litigation to retaliate against Plaintiff for filing suit by causing further irreparable harm. Their response indicates that they have no regard for judicial efficacy or economy by claiming they are not raising defenses now because they want to raise them later. Represented by a firm with 20 offices around the world, 1000+ Attorneys and a 2022 revenue of $1,155,565,000, Plaintiff is shocked that they have submitted nothing more than the claim that they don't oppose his motion.

At the same time they claim that "it's too long", but it's ok we still won't oppose it. Their motive however is clear judging by their legal argument ~ Rubber stamp the court into establishing a precedent because they can't come up with anything. It is abundantly clear that they do not have a legal argument to attempt a Rule 12 cross motion because Plaintiff specifically addressed each and every deficiency they "claimed" existed. This leaves them at a loss because they cannot respond to this amended compliant because it includes each and every element that they "demanded" be included in their prior submissions to this court.

They know very well as soon as Carol Morrison testifies their case is over in less than 5 minutes so they are desperately trying to beat the litigation "on the papers". They can't do that with the rock solid complaint and exhibits Plaintiff has submitted to this court (otherwise they would have already tried) so by submitting the 4 page document that they have, they are hoping for the court to: (1) Not allow the filing to buy them time while to attempting to find a supposed "legitimate" reason to file an [impermissible] Rule 12 B motion as this case proceeds on appeal or (2) use the time to answer after the amended complaint is filed to come up with a half baked reason to file an [impermissible] Rule 12 B motion

**Argument**

Since Defendants have both not opposed the motion and attempted to make a legal

argument that the same time, Plaintiff will address both.

**I. Response to: Mr. Zangara's proposed Amended Complaint does not comply with
the basic pleading requirements of Fed. R. Civ. P. 8(a) and 8(d)(1).**

Since Defendants first argument is completely contradicted by **published precedential**

**case law** they attempt to mislead this court into thinking the two cases they are citing somehow

empower the court to prevent Plaintiff from filing his amended complaint. This is untrue as the

United States Supreme Court and the Third Circuit have ruled otherwise. They "cite" the

following:

- Schiano v. MBNA, No. 05-1771 JLL, 2013 WL 2452681, at*26 (D.N.J. Feb. 11,
  2013) (unpublished magistrate judge opinion dismissing complaint and holding
  that plaintiffs' allegations that they do not know the owner of their mortgage and
  that the assignments of their mortgage are invalid are not sufficient to establish a
  quiet title action)

- Kamdem-Ouaffo v. Huczko, No. 19-2231, 3 (3d Cir. Apr. 22, 2020)

  **PER CURIAM**
  **NOT PRECEDENTIAL**

  On Appeal from the United States District Court for the District of New Jersey
  (D.C. No. 2:16-cv-08859)
  District Judge: Honorable Claire C. Cecchi Submitted Pursuant to Third Circuit
  L.A.R. 34.1(a)
  on April 7, 2020 Before: JORDAN, BIBAS, and PHIPPS, Circuit Judges
  OPINION PER CURIAM

  **This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
  does not constitute binding precedent**.

As this court is aware, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955,

167 L.Ed.2d 929 (2007)  and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868

(2009) are the standards that are required for pleading, which are explained in detail in Fowler v.

3

UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009) **none of of these cases appear as part of these unpublished opinions.**

Defendants also do not explain to the court <u>why</u> the complaint was dismissed in <u>Kamdem</u>:

> "The foregoing three-sentence summary of Kamdem-Ouaffo's case is not easily discerned from the amended complaint, which contained almost 2,500 numbered paragraphs and incorporated hundreds of pages of exhibits. An astounding number of paragraphs replicated material found elsewhere in the filing. And an equal number reflected material plainly vulnerable to the remedial strike of Federal Rule of Civil Procedure 12(f), including countless facially inaccurate references to Uber as Kamdem-Ouaffo's business partner; unnecessary exposition about service of legal process; impertinent analyses of case law; irreverent musings about Uber's business model, profitability, and public interest in self-driving cars; and critiques of New Jersey's roads. See id. ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.") <u>Kamdem-Ouaffo v. Huczko</u>, No. 19-2231, 3 (3d Cir. Apr. 22, 2020)

In this matter, Plaintiffs complaint is not the same as the complaint in <u>Kamdem</u> , (as Kamdem's complaint seems to be excessive).

The correct standard to apply is that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 679 (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555

Plaintiff detailed his amended complaint as clearly as possible since "Neither the Court nor the Defendants should be forced to speculate which events and theories of liability give rise to [a given count] . . . Certainly, neither the Court nor the Defendant should be required to sift through all of Plaintiff's previously stated allegations in order to piece together a claim."

Danielson v. Chester Twp., Civil Action No. 13-5427, 2013 U.S. Dist. LEXIS 164271, at *24

(D. N.J. Nov.19, 2013) (citing Iqbal, 556 U.S. at 678); see also Glover v. FDIC, 698 F.3d 139,

147 (3d Cir.2012) ("Rule 8(a) requires that a complaint 'be presented with clarity sufficient to

avoid requiring a district court or opposing party to forever sift through its pages in search' of the

nature of the plaintiff's claim.")

## II. Response to: <u>NBME will instead reserve its arguments.....for a Rule 12 motion</u>

### A. "Estoppel"

Defendants have also claimed in a reversal of their decision not to oppose the motion to

amend that will file a motion to dismiss if the motion is granted also on page 2 of their brief

> *"NBME will instead reserve its arguments on the merits of Mr. Zangara's proposed*
> *claims and his compliance with Rule 8 pleading standards for a Rule 12 motion, should*
> *the Court grant his motion for leave to file the proposed Amended Complaint."*

Their position that they "reserve [their] arguments on the merits" however is barred by

the doctrine of 'Estoppel' This doctrine does not allow them to take these in consist positions.

Since it is clear that Defendants are doing nothing more delaying the inevitable injunction

against them, they are, in bad faith attempting to hold up this litigation and as retaliation, inflect

as much irreparable harm against Plaintiff as possible.  Therefore they are taking advantage of

the court and Plaintiff which justifies this doctrine be invoked by not allowing them to file any

such " Rule 12 Motion[s]" forcing them to file an answer to Plaintiffs amended complaint:

> "Three requirements must be met before a district court may properly apply judicial
> estoppel. First, the party to be estopped must have taken two positions that are
> irreconcilably inconsistent. See Ryan Operations G.P. v. Santiam-Midwest Lumber
> Co.,81 F.3d 355, 361 (3d Cir. 1996). Second, judicial estoppel is unwarranted unless the
> party changed his or her position "in bad faith — i.e., with intent to play fast and loose
> with the court." Id. Finally, a district court may not employ judicial estoppel unless it is
> "tailored to address the harm identified" and no lesser sanction would adequately remedy
> the damage done by the litigant's misconduct. Klein,185 F.3d at 108 (quotation marks
> and citation omitted)" Montrose Medical Group v. Bulgar, 243 F.3d 773, 779-80 (3d Cir.
> 2001)

Defendants have not presented any arguments why they cannot bring any potential "Rule 12 motion" **now like every other court opinion which indicates the Defendants responded with a motion to dismiss when a Plaintiff moves to amend their complaint**. Therefore it appears their "intent [is] to play fast and loose with the court" Montrose Medical Group v. Bulgar, 243 F.3d 773, 779-80 (3d Cir. 2001)

Plaintiff, like any other Plaintiff is held to the same standard which requires prompt action on his part not to delay the litigation:

> "We have also explained that a significant, unjustified, or "undue" delay in seeking the amendment may itself constitute prejudice sufficient to justify denial of a motion for leave to amend. See, e.g., Cureton,252 F.3d at 273 ("the question of undue delay requires that we focus on the movant's reasons for not amending sooner."). Following this principle, we have refused to overturn denials of motions for leave to amend where the moving party offered no cogent reason for the delay in seeking the amendment." CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 629 (3d Cir. 2013)

Not only have Defendants not served a responsive motion, but they have specially indicated in their brief that they do not oppose the court granting Plaintiffs request to amend the complaint on page two of their response brief to Plaintiffs motion:

> *"Nevertheless given Mr. Zangara's pro se status, NBME does not oppose his motion for leave to amend"*

Therefore by their lack of opposition, they will not be prejudiced by the filing of and answering of Plaintiffs amended complaint.

### B. An Amended Complaint & Rule 12(b)(6)

If this court proceeds with and grants Plaintiffs motion to amend, it would have already decided that it met the standard to deny a motion for failure to state a claim pursuant to Rule 12(b)(6). Therefore Defendants are barred from a future motion to dismiss, **especially when they did not oppose the motion to amend**. "In determining whether the proposed amendment would be futile, the Court must apply the legal standard applicable to a motion to

6

dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Kounelis v. Sherrer,396 F. Supp. 2d 525, 539 (D.N.J. 2005); Grillo v. BA Mortgage, LLC, 2004 U.S. Dist. LEXIS 20347 at *9 (E.D. Pa. Oct. 4, 2004). For purposes of analyzing the proposed Second Amended Complaint pursuant to Rule 12(b)(6), the Court must accept all well-pled allegations in the Complaint as true and construe the Complaint in the light most favorable to the Plaintiff; "[t]he question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail." Kounelis396 F. Supp. 2d at 530-31." Okpor v. Ocasio, Civil No. 05-5313(RMB), 7 (D.N.J. Aug. 24, 2006)

"Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). In assessing futility, the court applies the same standard of legal sufficiency as it applies under Fed.R.Civ.P. 12(b)(6). See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency. See id. Kounelis v. Sherrer, 396 F. Supp. 2d 525, 529-30 (D.N.J. 2005)

### C. Successive Motions to Dismiss

Defendants have already made a motion pursuant to 12(b)(6) (DK#12) **and** they did not submit one to oppose the filing of the amended complaint therefore, they **cannot** make another one See Fed.R.Civ.P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule"). "The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and

Procedure § 1388 (3d ed.2004) . "The procedural bar of Rule 12(g)(2), however, covers all motions to dismiss for failure to state a claim, regardless of the grounds asserted." See Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 320 (3d Cir. 2015) **(Holding that the District Court of New Jersey erred under Rule 12 by allowing a defendant to file successive motions to dismiss)** See also Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., 771 F.3d 697, 703 (10thCir. 2014); English v. Dyke, 23 F.3d 1086, 1090-91 (6th Cir.1994); DiLoreto v. Borough of Oaklyn, 744 F. Supp. 610 (D.N.J. 1990) (See Fed.R.Civ.P. 12(h); Fed.R.Civ.P. 8(c) ("a party shall set forth affirmatively ... [any] matter constituting an avoidance or affirmative defense") (emphasis added). Thus, "the filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to amendment." 5A C. Wright & A. Miller Federal Practice and Procedure § 1388 at p. 736 (2d ed. 1990)") ; City of Las Cruces v. The Lofts at Alameda, LLC, 591 F. Supp. 3d 1038 (D.N.M. 2022); Rowley v. McMillan , 502 F.2d 1326, 1333 (4th Cir. 1974); Lim-bright v. Hofmeister, 2010 WL 1740905, *2 (E.D.Ky.2010) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to the amendment of the pleading."); Burton v. Ghosh, 961 F.3d 960 (7th Cir. 2020); Townsend Farms v. Goknur Gida A.S., No. SACV150837DOCJCGX, 2016 WL 10570248, at *6 (C.D. Cal. Aug. 17, 2016); Brooks v. Caswell, No. 3:14-CV-01232-AC, 2016 WL 866303, at *3 (D. Or. Mar. 2, 2016); Regents of Univ. of California v. Triple S Steel Holdings Inc., No. SACV161408DOCFFMX, 2016 WL 11002545, at *2 (C.D. Cal. Nov. 1, 2016); Sears Petroleum & Transport Corp. v. Ice Ban Am., Inc., 217 F.R.D. 305, 307 (N.D.N.Y. 2003); Pascal v. Concentra, Inc., Case No. 19-cv-02559-JCS (N.D. Cal. Aug. 21, 2020)

Any attempt at such a motion knowing that it is prohibited would do nothing more prolong this litigation, prejudice Plaintiff causing more irreparable harm and waste judicial resources which is why this process is correctly prohibited by the courts " 28 U.S.C. § 1927, provides, "An attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."Okpor v. Ocasio, Civil No. 05-5313(RMB), 9 (D.N.J. Aug. 24, 2006)

### D. Defendants Have Consented to Filing Plaintiffs Amended Complaint

Rule 15 (a) (2) "Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Since Defendants have not opposed Plaintiffs Amended Complaint they have consented to its filing and he has met the requirements of the Rule '"party may amend its pleading only with the opposing party's written consent" Rule 15 (a) (2) so this application should be granted

### Conclusion

Defendants have not opposed and consented to the filing of Plaintiffs Amended Complaint pursuant to Rule 15 therefore Plaintiff respectfully requests that this court order the complaint filed & require an answer

Dated: 4/7/2022

Jason A. Zangara, MPH, MA
573 Sidorske Avenue
Manville, New Jersey 08835
(908) 672-0626
firefighterjazzyj@yahoo.com
Plaintiff, Pro Se