Adam Mandelsberg, Bar No. 065532013
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jason Zangara,<br><br>    Plaintiff,<br><br>v.<br><br>National Board of Medical Examiners,<br><br>    Defendant. | Civil Action No. 3:22-cv-01559-RK-LHG |

**NBME'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERA-TION AND/OR IN THE ALTERNATIVE CHANGE OF VENUE**

Pursuant to the Court's July 11, 2023 Text Order, defendant National Board of Medical Examiners ("NBME") provides this brief response to Plaintiff's motion for reconsideration or change of venue (Dkt. 42) ("Pl. Mot.").

Plaintiff's request for reconsideration of his motion for preliminary injunction is wholly unsupported. Plaintiff's motion for preliminary injunction was denied based on the Court's finding that Plaintiff failed to show that this Court has

personal jurisdiction over NBME. (Dkt. 40) Plaintiff argues that his proposed amended complaint "corrected the specific deficiencies the court addresses in its April 6, 2023 opinion," Pl. Mot. at 1, but he does not identify how his proposed amended complaint—if allowed to be filed—would address the procedural deficiencies identified by the Court. Plaintiff has shown no basis for reconsideration of the Court's prior order. His motion for reconsideration should be denied.

Plaintiff also summarily requests, in the alternative, that his case be transferred under 28 U.S.C. § 1404(a). He indicates that the purpose of this transfer statute is to "'prevent the waste of 'time, energy and money' and to protect litigants, witnesses and public against unnecessary inconvenience and expense,'" Pl. Mot. at 2 (citations omitted), but he offers no argument why transfer of this case to the Eastern District of Pennsylvania will achieve these goals. Plaintiff has already wasted the time, energy, and money of NBME by asserting meritless claims in this action.[1] Now, his proposed amended complaint is a 184-page, 836-paragraph pleading with 86 separate counts. (Dkt. 38-3) "[D]ismissal in lieu of transfer best serves 'the interests of justice' where it is clear that transfer would be 'a futile waste of judicial and party resources.'" *Sciore v. Phung*, No. 19-13775, 2022 WL 950261, at *17 (D.N.J. Mar. 30, 2022) (citations omitted).[2] Although NBME does

---

[1] *See* Dkt. 12 (NBME's Motion to Dismiss and supporting brief).
[2] *Sciore* addressed a motion to transfer venue under 28 U.S.C. § 1631, not 28 U.S.C. § 1404, but both statutes address transfer when it is "in the interest of justice."

not have a pending motion to dismiss because Plaintiff's motion for leave to amend his complaint has not yet been ruled upon,[3] the prolixity of Plaintiff's complaint alone lays bare its failure to satisfy the basic pleading requirements of Fed. R. Civ. P. 8(a) and 8(d)(1). *See* NBME's Response to Plaintiff's Motion for Leave to Amend (Dkt. 39).

Given Plaintiff's failure to offer any reason to justify transfer of this case (other than in response to the personal jurisdiction findings made in the Court's preliminary injunction decision), and because transfer would be a futile waste of judicial and party resources, his motion to transfer should also be denied.

Dated:  July 14, 2023

Respectfully submitted,

**PERKINS COIE LLP**

By: */s/ Adam Mandelsberg*
Adam Mandelsberg, Bar No. 065532013
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners

---

[3] *See* Dkt. 34 (Text Order administratively terminating NBME's motion to dismiss pending decision on Plaintiff's motion for leave to amend).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Plaintiff's Motion for Reconsideration and/or in the Alternative Change of Venue were electronically filed with the United States District Court for the District of New Jersey on July 14, 2023 and were sent by first class mail, postage prepaid, to:

Jason Zangara
573 Sidorske Avenue
Manville, New Jersey 08835

*Pro Se Plaintiff*

/s/ Adam Mandelsberg