**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON ZANGARA, <br><br> PLAINTIFF, <br><br> V. <br><br> NATIONAL BOARD OF MEDICAL EXAMINERS, <br><br> DEFENDANT. | Civil Action No. 22-1559 (RK) (JBD) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

      **THIS MATTER** comes before the Court upon *pro se* Plaintiff Jason Zangara's April 7, 2023 Motion (ECF No. 42) seeking reconsideration of the Court's Order (ECF No. 41) denying Plaintiff's Motion for a Preliminary Injunction (ECF No. 19). In the alternative, Plaintiff seeks to transfer the case to the Eastern District of Pennsylvania. Defendant, the National Board of Medical Examiners ("NBME"), opposes both reconsideration and transfer. (ECF No. 48.) Also pending on is Plaintiff's motion to amend the complaint, (ECF No. 38), which Defendant does not oppose (ECF No. 39).

      The Court has carefully considered the record and the parties' submissions, and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion for Reconsideration (ECF No. 42) is **DENIED**; Plaintiff's alternative Motion to Transfer (ECF No. 42.) is **DENIED** without prejudice; and Plaintiff's Motion to File an Amended Complaint (ECF No. 38) is **GRANTED**.

I.      **BACKGROUND**

The Court's April 6, 2023 Memorandum Opinion (ECF No. 40) summarizes Plaintiff's claims. The Court presumes the parties' familiarity with Plaintiff's claims and recites only the facts and procedural history necessary to resolve Plaintiff's motion.

On March 18, 2022, Plaintiff filed the instant action alleging that Defendant's manner of administering its medical examination, which Plaintiff's medical school required Plaintiff to take, violated the Americans with Disabilities Act ("ADA"). (Compl., ECF No. 1.) The Complaint alleges that Plaintiff has been diagnosed with ADHD and learning disabilities, and seeks for Defendant to "be enjoined from grading [Plaintiff's] exams (and the exams of others that are disabled) . . . on a curve and deciding passing or failing based on comparing [Plaintiff] to others." (*Id.* at 6.)

On September 19, 2022, Plaintiff filed a submission indicating that Plaintiff sought to add approximately ten pages to his Complaint. (ECF No. 18.) On March 2, 2023, the Honorable Lois H. Goodman ordered Plaintiff to re-file his motion for leave to file an Amended Complaint in accordance with Local Civil Rule 15.1 by March 24, 2023. (ECF No. 31.) Plaintiff immediately appealed Judge Goodman's order to the Third Circuit Court of Appeals (ECF No. 32), which dismissed for lack of jurisdiction to review a Magistrate Judge's order (ECF No. 44.)

On March 23, 2023, Plaintiff filed a motion in response to Judge Goodman's Order, which included a proposed Amended Complaint running 184 pages and including 836 paragraphs and 86 separately-numbered counts. (ECF No. 38-3.) On April 3, 2023, Defendant filed a response, noting that the Amended Complaint ran afoul of Federal Rule of Civil Procedure 8(a)'s pleading requirements but stating that Defendant "does not oppose his motion" given Plaintiff's *pro se* status. (ECF No. 39 at 2.) Plaintiff replied on April 10, 2023. (ECF No. 43.)

On September 26, 2022, Plaintiff filed a motion for a preliminary injunction seeking relief identical to what he sought in his Complaint: to prevent Defendant from scoring his exam "objectively to determine passing or failing not his relation to the performance of others, on a curve, using percentiles or any other statistical method." (Proposed Order, ECF No. 19-2 at 2.) Plaintiff argued that he would likely succeed on the merits based on his learning disabilities and a provision of the ADA that required a "private entity offering an examination covered by this section" to ensure that when an examination is administered to a disabled person, its "results accurately reflect the individual's aptitude or achievement level." (Pl. Br., ECF No. 19-1 at 14–15 (quoting 28 C.F.R. § 36.309).) Plaintiff claimed irreparable harm based on his likely inability to pass the exam if Defendant continued administering it in the same manner (*id.* at 36–37), and argued that the public interest would be served by an injunction because it would "increase the number of qualified physicians." (*Id.*)

On October 17, 2022, Defendant opposed the motion, arguing against the merits of Plaintiff's injunction request and further contending that the Court lacked personal jurisdiction over Defendant. (ECF No. 25 at 10.) On October 24, 2022, Plaintiff filed his reply brief. (ECF No. 26.)

On April 6, 2023, the Honorable Georgette Castner denied Plaintiff's motion for a preliminary injunction. (Order, ECF No. 41; Mem. Op., ECF No. 40.) The Court found that it lacked personal jurisdiction over Defendant and therefore could not grant injunctive relief, even if it were to reach the merits of Plaintiff's request. (*Id.* at 7.) The Court could not exercise general jurisdiction because Defendant is a District of Columbia-registered, Pennsylvania-headquartered company with no operations in New Jersey. (*Id.* at 9.) The Court also held that it lacked specific jurisdiction. (*Id.* at 10.) Reviewing Plaintiff's Complaint, Certification in Support of Application

for Preliminary Injunction, and briefs in support of his injunction motion, the Court found that Plaintiff's sole allegation of Defendant's contact with New Jersey — that Plaintiff took Defendant's examinations for a fee while Plaintiff was located in New Jersey — was insufficient to establish Defendant's purposeful availment of the forum. (*Id.*)

On April 7, 2023, Plaintiff filed the subject motion for reconsideration and/or to transfer the case to the Eastern District of Pennsylvania where Defendant is headquartered. (ECF No. 42.) Defendant initially failed to respond, and on July 11, 2023, the Court ordered Defendant to file any opposition to Plaintiff's motion by July 14, 2023. (ECF No. 47.) On July 14, 2023, Defendant filed a brief submission opposing reconsideration and transfer. (ECF No. 48.)

## II.   **LEGAL STANDARD**

Reconsideration is an "extraordinary remedy" to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quotations and citations omitted). To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). Pursuant to Local Civil Rule 7.1(i), a party moving for reconsideration must file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." Local Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*,

130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citing Allyn Z. Lite, *New Jersey Federal Practice Rules* 30 (2001)).

A federal district court may transfer a civil action to a different venue pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The movant bears the burden of establishing that transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Section 1404(a) "is [intended] 'to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Kremer v. Lysich*, No. 18-3676, 2019 WL 3423434, at *3 (D.N.J. July 30, 2019) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Thus, the statute vests district courts "with a large discretion," S*olomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973), "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as of right "if the pleading is one to which a responsive pleading is required . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1). Once a plaintiff has amended his complaint as a matter of course, the rule provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." R. 15(a)(2). A "court should freely give leave when justice so requires." *Id.* The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970).

## III.   **DISCUSSION**

### A.   RECONSIDERATION

Plaintiff's sole argument in seeking the Court to reconsider its denial of motion for preliminary injunction is that the Court relied on the Complaint rather than Plaintiff's proposed Amended Complaint. (ECF No. 42-3.) Plaintiff notes that the "court references and relies on Plaintiff[']s original complaint when he was ordered to file a motion to amend his complaint by this court." (*Id.* at 1.) Essentially, Plaintiff believes that in deciding his motion for a preliminary injunction, the Court should have considered his proposed Amended Complaint attached to his March 23, 2023 motion to amend, (ECF No. 38), but that to date has not been ruled on. The Court's decision, handed down on April 6, 2023, cited Plaintiff's Complaint without reference to the Amended Complaint. (ECF No. 41.)

Plaintiff has failed to suggest any "need to correct a clear error of law or prevent manifest injustice." *Gibson*, 994 F.3d at 190. A proposed amended complaint is not legally operative until the Court grants the motion to amend, at which point the amended complaint becomes the operative pleading and nullifies the original. "[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" *West Run Student Housing Associates, LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1502 (3d Cir. 1996)). Here, at the time the District Court denied Plaintiff's motion for a preliminary injunction, his motion to amend was merely a request to change the operative complaint. Neither the fact that Plaintiff had filed his motion to amend after the Court instructed him to file his motion in compliance with Local Civil Rule 15.1 (ECF No. 31), nor that Defendant

indicated it would not oppose Plaintiff's motion to amend in light of his *pro se* status (ECF No.
39), affect this conclusion.

Accordingly, Plaintiff's motion for reconsideration of the Court's denial of his motion for
a preliminary injunction is denied.

**B.     TRANSFER**

Because the Court denies Plaintiff's motion to reconsider, it will consider his alternative
request to transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

Plaintiff's argument in support of transfer is that the Eastern District of Pennsylvania is
"where Defendant[']s principle place of business is located." (ECF No. 42-3 at 2.) Plaintiff claims
transfer would serve the purposes of section 1404(a) by "prevent[ing] the waste of 'time, energy
and money'" and "protect[ing] litigants, witnesses, and the public against unnecessary
inconvenience and expense." (*Id.* at 2 (quoting *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp.
473, 479 (D.N.J. 1993)).) In a brief opposition filed after prompting from the Court, Defendant
objects to transfer, arguing that "Plaintiff has already wasted the time, energy, and money of
NBME by asserting meritless claims in this action" and that transfer would not serve "the interests
of justice" because it would be "a futile waste of judicial and party resources." (ECF No. 48 at 2
(quoting *Sciore v. Phung*, No. 19-13775, 2022 WL 950261, at *17 (D.N.J. Mar. 30, 2022)).)

Transfer at this stage of the litigation, with a pending motion to file an Amended
Complaint, is premature and would unnecessarily inconvenience the parties and the transferee
court if personal jurisdiction is cured by amendment. The Court notes that the parties have not
briefed the transfer issue: Plaintiff's transfer request spans one page (ECF No. 42-3 at 3), and
Defendant opposes transfer in a single page as well (ECF No. 48 at 2). The Court cannot easily
apply the requisite public and private interest factors under section 1404(a) without the necessary

facts to determine which way each factor cuts. *See Jumara*, 55 F.3d at 879 (listing six private interest factors and six public interest factors the Court considers and balances in determining whether to transfer a case).

Plaintiff's motion to transfer the case to the Eastern District of Pennsylvania is denied without prejudice and may be refiled and briefed more thoroughly at a later date.

### C.    AMENDED COMPLAINT

Plaintiff's unopposed motion to file an Amended Complaint is also pending before the Court. Under Federal Rule of Civil Procedure 15, once the opportunity to amend as a matter of course has passed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id.*

Here, the Court find that justice requires that Plaintiff have an opportunity to file his Amended Complaint. While Plaintiff's first attempt to amend his complaint (ECF No. 18) did not qualify as amendment as of right under Federal Rule of Civil Procedure 15(a)(1) and did not comply with Local Rule 15.1's requirements, the attempted amendment, filed 28 days after Defendant filed its motion to dismiss, does not evidence bad faith, dilatory motive, or unfair prejudice that would result to Defendant. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Once the Court reviewed Plaintiff's attempted amendment and ordered him to file a motion to amend in compliance with Local Rule 15.1 (ECF No. 31), Plaintiff complied by filing the instant motion to amend by the deadline set by the Court (ECF No. 38), and Defendant "does not oppose his motion" given Plaintiff's *pro se* status. (ECF No. 39 at 2); *see Gingham v. Liberty Mut. Fire Ins. Co.*, No. 09-

2798, 2010 WL 1379909, at *7 (D.N.J. Mar. 26, 2010) (granting motion to amend when Defendant "does not object to the Court granting plaintiff leave to file an amended complaint").[1]

The Court does not comment on whether a meritorious claim or sufficient facts to support personal jurisdiction are set forth within the 186 pages of Plaintiff's proposed Amended Complaint. However, in light of Defendant's consent to file and lacking any evidence at this juncture that Plaintiff's litigation practice has been in bad faith, the Court grants Plaintiff leave to file his Amended Complaint. Plaintiff is directed to file his Amended Complaint on the docket in compliance with Local Civil Rule 15.1(a) ("If the motion to amend is granted, the moving party shall file the original forthwith as the amended pleading.").

---

[1] Plaintiff argues on reply that Defendant's consent for Plaintiff to file his Amended Complaint bars it from subsequently arguing that the Amended Complaint should be dismissed for failure to state a claim. (ECF No. 43 at 6–7.) While the Court need not reach this argument in order to resolve the pending motion, the Court notes that it does not read Defendant's consent as agreement that the Amended Complaint states a viable claim, but rather that Defendant does not contest amendment in order to move the litigation along.

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's order denying his motion for a preliminary injunction (ECF No. 42) is **DENIED**. Plaintiff's alternative motion to transfer venue to the Eastern District of Pennsylvania (ECF No. 42) is **DENIED** without prejudice. Plaintiff's motion to file an amended complaint (ECF No. 38) is **GRANTED**.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

<u>Dated</u>: July 21st, 2023