UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JASON A. ZANGARA )
)
    Plaintiff )    Civil No. 3:22-cv-01559-GC-LHG
)
v. )
)    **COMPLAINT**
)
National Board of Medical Examiners (NBME) )
)
    Defendants

## COMPLAINT

1. Plaintiff Jason Zangara files this complaint against the National Board of Medical
   Examiners or NBME, Defendants. NBME has been and intends to grade Plaintiffs and
   others examinations in violation of various laws and their implementing regulations
   including but not limited to the Americans with Disabilities Act, the Rehabilitation Act of
   1973, the Civil Rights Act of 1964 & 1991, the New Jersey Law Against Discrimination
   and the New Jersey Civil Rights Act.

## PARTIES

2. Plaintiff, Jason  Zangara, is an adult residing in Manville, which is located in Somerset
   County, State of New Jersey who is a medical student at Caribbean Medical University.

3.  Defendant is incorporated in Washington D.C. w their principle place of business being
   in Philadelphia headquartered at  3750 Market Street, Philadelphia, Pennsylvania. NBME
   develops, administers, establishes scoring requirements and scores examinations
   including but not limited to the United States Medical  Licensing Examination
   ("USMLE"), a three-step examination, the successful completion of which is required for

medical licensure in the United States; along with Medical Subject and Comprehensive Science Examinations in multiple forms to be purchased by medical schools and individuals. NBME is a private entity that offers examinations related to the application and credentialing for professional purposes and as such is subject to the non-discrimination and appropriate accommodations requirements of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, the Civil Rights Act of 1964 & 1991, the New Jersey Law Against Discrimination and the New Jersey Civil Rights Act.

## JURISDICTION AND VENUE

4. Plaintiff is a citizen of the State of New Jersey in which is his primary residence.

5. Defendant ,NBME administers the USMLE throughout the country, including the State of New Jersey.

6. Defendant engages in business in New Jersey and this judicial district by selling and or charging fees for examinations to both medical schools and individuals. These individuals include Plaintiff and other medical students located within  the state of New Jersey. Defendants examinations are offered remotely at Prometric testing centers in New Jersey for those schools not located directly in this state such as Plaintiffs school, Caribbean Medical University and for schools located within New Jersey including Rutgers School of Medicine and Cooper School of Medicine at Rowan University.

7. Defendants charge fees for all of their examinations of variable amounts which are partially or in some cases completely, paid by the students themselves using funding from federal student loans or the nonprofit education institutions themselves using funding from the federal student loans and other federal grants and or stipends. Defendants

examinations are required as a condition of medical licensure in all states including See N.J. Admin. Code § 13:35-3.1.

8. In addition to fees being paid to Defendants directly from those within the jurisdiction of this court, Defendants also receive fees for examinations from the federal government to fund themselves as a nonprofit organization from schools run by the Department of Defense. These federal schools include but are not limited to the F. Edward Hébert School of Medicine which are for the active Members of the United States Military who do not pay tuition or any other fees to obtain their Doctor of Medicine (MD) degree

9. This action arises from those business activities in relation to including, but not limited to creating, administering and scoring examinations and collecting fees from Plaintiff and others, therefore this court has personal jurisdiction and general jurisdiction over Defendants

10. This action arises under the laws, regulations and statues of the United States, specifically the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794; the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17, Therefore, this Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. §1331 and 1343.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as NBME is doing business in this judicial district by virtue of administering their examinations in this district and has sufficient contacts for personal jurisdiction. Alternatively, and cumulatively, venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that acts of discrimination have taken place in this judicial district.

12. This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367,New Jersey

   Law Against Discrimination ("NJLAD") NJSA 10:5-1 and the New Jersey Civil Rights

   Act 10:6-2 pursuant to the New Jersey Long Arm Statute

13. All other courts throughout the country have held that Defendants, even though they are

   incorporated in Washington and have a principle place of business in Philadelphia can be

   sued in any federal or state court for their repeated violations of the ADA, some of which

   include: Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert.

   denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021); Doe v. National Bd. of Med. Exam'rs,

   199 F.3d 146, 154-155 (3d Cir. 1999); Katz v. Nat'l Bd. of Med. Exam'rs, 751 F. App'x

   231 (3d Cir. 2018); Powell v. National Bd. of Medical Examiners , 364 F.3d 79 (2d Cir.

   2004); Jenkins v. Nat'l Bd. of Med. Exam'rs, No. 08-5371, 2009 U.S. App. LEXIS 2660

   (6th Cir. Feb. 11, 2009); Gonzales v. National Bd. of Medical Examiners, 225 F.3d 620

   (6th Cir. 2000); Biank v. Nat'l Bd. of Med. Examiners, 130 F. Supp. 2d 986, 988 (N.D.

   Ill. 2000) ; Currier v. National Board of Medical Examiners, 965 N.E.2d 829, 462 Mass.

   1 (2012) ; Gonzalez v. National Bd. of Medical Examiners, 60 F. Supp. 2d 703 (E.D.

   Mich. 1999); Wright v. NBME, 2021WL 5028463, *9 (D. Colo. 2021); Black v. Nat'l

   Bd. of Med. Examiners, 281 F. Supp. 3d 1247, 1249-50 (S.D. Fla. 2017); Berger v. Nat'l

   Bd. of Med. Exam'rs, No. 1:19-cv-99, 2019 U.S. Dist. LEXIS 145666 (S.D. Ohio Aug.

   27, 2019); Price v. National Bd. of Medical Examiners, 966 F. Supp. 419 (S.D.W. Va.

   1997); Rush v. National Board of Medical Examiners, 268 F. Supp.2d 673 (N.D. Tex.

   2003); Scheibe v. Nat'l Bd. of Med. Examiners, Civ. A. No. 05-180, 2005 WL 1114497,

   at *3 (W.D. Wis. May 10, 2005)

## FACTUAL ALLEGATIONS

### Plaintiff

14. Plaintiff is currently Medical Student at Caribbean Medical University in which he has attended basic science courses on the island of Curacao and have had clinical training at various hospitals here in the United States

15. Plaintiff has been diagnosed with both Attention Deficit Hyperactivity Disorder and Learning Disabilities since second grade and have seen doctors for 30 years for treatment which has included but not limited to multiple types of medications (See Generally Certification of Plaintiff hereinafter "Plaintiff Cert" at 1-18, Exhibits A-H)

16. He is substantially limited in multiple life activities including but not limited to reading, writing, comprehension and mathematics (See Plaintiff Cert. at 14,15,17,)

17. Despite mitigation measures he is unable to concentrate for academic purposes anywhere but a silent rooms the slightest distraction significantly interferes with any activity that he is working on

18. He also has a problem with memory that has been investigated for years and the cause was never found. (See Plaintiff Cert. at 18 & Exhibit H))

19. This memory problem effects his abilities to recall facts and remember the steps of complicated subjects such as Anatomy & physiology , pharmacology & physics along with high level mathematics such as calculus

20. He sometimes need to be told things multiple times or reminded to do things

21. There are times that the symptoms of the ADHD such as impulsivity effected him while he was working and as had trouble at employers over issues sometimes with other employees

22. Plaintiff was placed out of district for High school and classified under section 504 of the Rehabilitation Act and the Americans with Disabilities Act (See Generally Plaintiff Cert. at 10-13, Exhibits C-D)

23. He attended a specialized high school that was specifically for those with learning disabilities. (See Generally Plaintiff Cert. at 10-13, Exhibits C-D)

24. He had an Individualized Education Plan (IEP) that dictated his education until he graduated(See Generally Plaintiff Cert. at 10-13, Exhibits C-D)

25. He was told that he would never become a Doctor all through High school because of his disabilities

26. Plaintiff was able to graduate High School but has learned from the IEP that he was exempt from some of the requirements

27. He applied for and attempted to pursue a pre medical program at Middlesex County College along with "Project Connections" the collages program for students with disabilities and was placed on academic restriction for failing courses (See Plaintiff Cert. at 14 & Exhibit E)

28. He then applied for the Licensed Practical Nurse Program at the Somerset County Vocational and Technical School in which I failed Anatomy & Physiology by 1.5 points and was removed from the program.

29. Plaintiff attempted to apply to the nursing program at Raritan Valley Community College in which he passed Anatomy & Physiology at the first attempt with a "D" and passed with a "C" in the second attempt (See Plaintiff Cert. at 14& Exhibit E)

30. He then attempted to take the second course in the sequence which was Anatomy 2 and received a "D"

31. He was then barred from applying to the nursing program since I had two letter grades of "D"

32. At this time Plaintiff gave up on attempting to finish college or become a doctor.

33. He was a firefighter during this time and used these skills to build his knowledge base of the field.

34. He was able to complete his Associates of Applied Science online after 10 years as he was able to isolate himself to self accommodate and rely on his experience (See Plaintiff Cert. at 16& Exhibit F)

35. Plaintiff, unhappy with his career choice was online one day, saw the advertisement for his Medical School and applied for the Pre medical program

36. The classes had 6-8 students just like high school and he was able to study alone

37. He still barley made it through these classes scoring the absolute minimal on most of his exams (See Plaintiff Cert. at 17 & Exhibit G)

38. As the medical school is not in the US and the professors are not from here, they are more forgiving and do not discredit grades such as "D"s like the US does

39. Plaintiff was able to meet the minimum requirements to proceed into the medical program and start working on his Doctor of Medicine

40. While in the program he still had the same academic troubles he did when he was younger and in pre med

41. He was still however, able to eventually meet the minimal requirements of the basic science years even though he had to retake courses and final exams he failed multiple times

42. When Plaintiff returned home following completion of the Basic Science portion of his degree program, he requested Neurophysiologic evaluations of his current cognitive status which the report explains:

- Plaintiff has concerns of cognitive decline, difficulty with multi tasking, distractibility, difficulty focusing, difficulty acquiring information from lectures and books, even with the mitigation effects of Vyvanse medication & after trails of other medications including Strattera, Adderall and Concerta

- Neurophysiologic Evaluation Findings (Pertinent) :

  1. Test of Memory Malingering (TOMM) - Of note his failure on trial 1 of the TOMM may be due to a genuine visual memory disorder due to his similar poor performance

  2. Sensory/ Motor Dominate right hand motor control Mildly impaired

  3. IQ scores within normal limits with VCI < PRI 14 **significant**

  4. Attention/ Processing Speed

     Autonomic mental processing speed: **Severely Impaired**

     Controlled mental processing speed : **Severely Impaired**

  5. Higher Order Integrative Functioning

     Mental flexibility:

        Inhibition: **Severely Impaired**

        Inhibition / Switching: **Severely Impaired**

     Abstract Reasoning:

        Unstructured Problem Solving/ Fluid Reasoning:

        **well below expectation**

Total Errors: **Severely Impaired**

Conceptual Responses: **Severely Impaired**

Initiation/ Generation: **Severely Impaired**

6. Memory

Visual Memory

Immediate rote visual memory: **Severely Impaired**

Delayed rote visual memory: **Severely Impaired**

Immediate incidental visual memory: **Severely Impaired**

Delayed incidental visual memory: **Severely Impaired**

Delayed recognition memory discrimination: **Severely Impaired**

Summary

The Patient...with prior dx of ADHD....complaints of memory loss...is an individual...who shows dysfunction of executive functioning and visual memory...complex attention is impaired...despite being on ADHD mediation at the time of testing. executive dysfunction is seen in aspects of behavior inhibition, unstructured problem solving and phonemic fluency.....visual memory is grossly impaired...

Impression

Overall the results of current testing are abnormal and indicate frontal and non-dominant temporal lobe dysfunction. Executive dysfunction appears compatible with his history of inattention and disorganization. (See Plaintiff Cert. at 18 & Exhibit H)

43. After further evaluation from multiple physicians, no explanation was ever found

## 44. Defendants Examinations

45. Plaintiff attempted to study for the Comprehensive Basic Science Examination (CBSE) which is required to be passed before the United States Medical Licensing Examination (USLME)

46. This took years and it was suggested that he see if Clinical Rotations would help him learn some of the material on the exams

47. During this time he was able to obtain another degrees online, as he was at home in a quiet place and used his experience in Emergency Services to serve as the primary study source for all the courses and assignments (See Plaintiff Cert. at 16 & Exhibit F )

48. He started rotations and with the exception of the first, Infectious Disease, in which he received a "B", he has received "A"s in all of his rotations to date (See Plaintiff Cert. at Exhibit G)

49. These examinations are all created by, administered by and scored by the Defendants, the National Board of Medical Examiners

50. He failed multiple attempts at multiple examinations administered and graded by NBME

51. NBME sells self assessment examinations which are identical in every way, including scoring to the ones administered at Prometric testing centers to prepare the test taker properly

52. After failing these exams which are interchangeable with the Comprehensive Basic Science Exam with ones taken at his school, Plaintiff started researching how all Defendants examinations were set up and scored  to understand how close he was to passing in late 2021 and discovered his cause of action against Defendants in early 2022

53. Plaintiff found out these examinations used by the test provider, NBME were scored using complex methods that were comparing his score to the scores of others who took the exam prior, not based on "percentage of content mastered" as claimed

54. The examinations were based on "norms" and "percentiles" and "equated percentiles which all are set up to discriminate against those with disabilities

55. These examinations were deliberately excluding him from passing due to the score comparing him to those that took the examinations prior and improper validation techniques

56. For licensure, Plaintiff is required to take and obtain the score set by Defendants for all Subject Examinations along with all USMLE Steps all of which are graded in a discriminatory manner

57. Defendants have designed and created the "Subject Examination Program" which is compromised of examination such as the Comprehensive Basic Science Exam (See Plaintiff Cert. at Exhibit J) which identical is in form, content and scoring to the Comprehensive Basic Science Self Assessment Exam (See Plaintiff Cert. at Exhibit K)

58. NBME frequently uses the terminology "percentage of content mastered" which is an illusion of an actual percentage of the questions a test taker gets correct.

59. "Percentage of content mastered" is not how many questions a test taker has gotten correct, but the probability someone will answer the question correctly

60. Defendants Principal Psychometrician, Carol Morrison published a paper explaining this in 2019[1]

---

[1] Morrison, C., Ross, L., Baker, G., & Maranki, M. (2019). Implementing a New Score Scale for the Clinical Science Subject Examinations: Validity and Practical Considerations. Medical science educator, 29(3), 841–847. https://doi.org/10.1007/s40670-019-00747-9

Equated percent correct scores are based on the concept of a domain score calculated using item response theory (IRT) In this case, a domain is defined as a collection of items that represent the content outline of the particular clinical science examination. All of the items on the form the student took and all of the items that constitute the domain are put on the **same scale...**

The Rasch model is a widely used IRT model that considers only one item characteristic, difficulty, when **determining the probability of a student answering an item correctly. All of the items on the forms included in the content domain and on the forms taken by the students for each subject examination were calibrated using the Rasch model and put on a common scale...**

The Rasch model was used to calculate the probability $P_i(\theta)$ that a student with proficiency $\theta$ based on the particular examination form he/she took would answer domain item $i$ correctly: $b_i$ represents the difficulty of item $i$

$$Pi(\theta)=e(\theta-bi)/1+e(\theta-bi)(i=1,2,.....,n)$$

$$1$$

An equated percent correct score ($\pi$) was then calculated that represents the percentage of items in the domain that a student with proficiency $\theta$ would answer correctly.

$$\pi|\theta=(1n\textstyle\sum ni=1Pi(\theta))\times100(i=1,2,.....,n)$$

61. As explained in another paper: "In the Rasch model, the probability of a correct response is given by

Pr.xij D 1/ D e i,j 1 C e i,j

where i is the ability (latent trait) of subject i and ,j is the difficulty parameter of item j. The probability of a correct response is determined by the item's difficulty and the subject's ability"[2].

---

[2] An, X., & Yung, Y.F. (2014). Item Response Theory: What It Is and How You Can Use the IRT Procedure to Apply It.

62. Equated percentage correct score are not the "percentage of content mastered" but the probability that a test taker will answer a question correctly

63. This scoring violates federal and state laws and regulations because it discriminates against those that have a disability

64. Those that are disabled do not have the same ability as those who are not disabled, hence dis-ability

65. One example, in addition to other federal and state laws is the direct violation of the implementing regulations of the Americans with Disabilities by the Department of Justice act which requires exams to measure what the test taker can do, not the disability as stated in 28 C.F.R. §36.309:

> (b) Examinations.
>
>    (1) Any private entity offering an examination covered by this section must assure that -
>
> (i) The examination is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills

66. Defendants, not medical schools, accreditations agencies or licensing boards conduct studies and decide "Passing" "equated percent correct" scores for their examinations

67. One of these examinations is the Emergency Medicine Exam, which a publicly available document and details the process that Defendants use to decide "passing "scoring for their Subject Examination Program using "Equated Percentage Correct"

68. Defendants use the same "Angoff and Hofstee" methods to decide the passing score in the same manner they do on the USMLE Steps (See Plaintiff Cert. at Exhibit L)

69. This is well known as a controversial method of scoring because judges limit the amount of people that can pass and decide a minimum amount of people that must fail:

> "**the United State Medical Licensure Examination (USMLE), administered by the National Board of Medical Examiners (NBME), has turned to the Angoff and Hofstee methods in determining cut score.** The former approach involves a group of subject matter experts setting minimal qualifying requirements (in terms of test score) for a successful candidate, who will later be certified as a medical doctor. The Board's opinion serves as a foundation for the evaluation of each test item and a reference for determining cut score. The latter method asks judges to determine minimum/maximum acceptable scores, along with minimum/maximum fail rates, which serve as the key parameters in determining the final cut score[3]

70. NBME creates examinations using the **Modified** Angoff method to discriminate against individuals in violation of multiple federal and state laws along with other rules and regulations. This only accounts for the abilities of average people not minimally competent and certainly not disabled

71. In an original Angoff study "minimally competent" is considered but in the modified approach it is avoided:

> " In the Angoff method a panel of judges examines each multiple-choice item or item on a checklist (for OSCEs) and estimates the probability that the "minimally competent" or "borderline" candidate would answer the item correctly. Then the scores are discussed in the group and consensus is reached if possible. **This stage is avoided in the modified approach.**[4]

72. The judges only consider what they "think" the probability of an average person, not a disabled one will get correct

73. Defendants then compare the exam results using "Norm Group" or "Cohort" which automatically fails a percentage of test takers each time:

---

[3] "Three controversies over item disclosure in medical licensure examinations" Park, Y. S., & Yang, E. B. (2015). Three controversies over item disclosure in medical licensure examinations. Medical education online, 20(1), 28821.
[4] Standard setting: comparison of two methods. BMC medical education George, S., Haque, M. S., & Oyebode, F. (2006). Standard setting: comparison of two methods. BMC medical education, 6(1), 1-6.

The norm reference methods are easy to use and understand, can easily be explained to trainees and variations in test difficulty are automatically corrected for as the pass mark is influenced by the performance of the examinee cohort, **The drawbacks of these methods are that some examinees will always fail irrespective of their performance, students can   deliberately influence the pass score and that the pass score is not known in advance"**[5]

74. These "Norm Groups" are created by Defendants and placed into percentages, meaning the percentile you place into on the exam is translated to a "equated percentile correct" (See Plaintiff Cert. at Exhibit M) therefore it is not a "percentage of content mastered"

75. "The Hofstee method will fail to produce a passing score if the judges' estimates fall entirely above or below the **score curve.** If the judges' estimate of the **highest acceptable failure** rate is lower than the actual percent of the examinee group who would fail at the score representing judges' estimate of the lowest acceptable passing score, the line that is supposed to intersect the score curve will instead lie entirely under it. Likewise, if the judges' estimate of the **lowest acceptable failure rate** is higher than the actual percent of the examinee group who would fail at the score representing the judges' estimate of the highest acceptable passing score, the line that is supposed to intersect the **score curve** will instead lie entirely above it[6]

76. NBME then superimposes this "Equated Percent Correct" onto the scaling for the USMLE step exams to "decide" who "passes" or "fails" their subject examinations such as the Comprehensive Basic Science exam and the Comprehensive Basic Science Self Assessments

---

[5] Standard setting: comparison of two methods. BMC medical education George, S., Haque, M. S., & Oyebode, F. (2006). Standard setting: comparison of two methods. BMC medical education, 6(1), 1-6.

[6] Bowers, J. J., & Shindoll, R. R. (1989). *A Comparison of the Angoff, Beuk, and Hofstee Methods for Setting Apassing Score*. Iowa City, IA: American College Testing Program.

77. Since this process is extremely controversial, they do not allow the "conversion tables" to be public and medical schools are prohibited from showing them to the students since *"some examinees will always fail irrespective of their performance, students can deliberately influence the pass score and that the pass score is not known in advance"*[7](See Plaintiff Cert. at Exhibit N)

> **May I share the CBSE conversion table with my students?**
> No, the conversion table is not intended to be shared with students. It was created and provided to help faculty and learning specialists adjust during the transition from the 3-digit scores to equated percent correct (EPC) scores.

78. On the Comprehensive Basic Science Exam and Comprehensive Basic Science Self Assessment, Defendants have set the "low pass" on these exams in a "range" from 62 to 68 and this range is "corresponding to Step 1 Performance starting at the passing standard plus 2 standard errors of measurement" (See Plaintiff Cert. at Exhibit N)

> **What scores on the equated percent correct scale correspond to the USMLE Step 1 low-pass range?**
> The low-pass range goes from 62 to 68 on the equated percent correct scale. This range represents CBSE scores corresponding to Step 1 performance starting at the passing standard plus 2 standard errors of measurement.

79. On the two examples they used the same "norm group" which is the "performance of a 2020 national cohort of students" as the norm-referenced group to decide who passes and who fails and (See Plaintiff Cert. at Exhibit J&K)

80. Defendants Principal Psychometrician, Carol Morrison has conceded to Plaintiffs allegations that "Equated Percentage Correct" is not based on how many questions an

---

[7] Standard setting: comparison of two methods. BMC medical education George, S., Haque, M. S., & Oyebode, F. (2006). Standard setting: comparison of two methods. BMC medical education, 6(1), 1-6.

examinee gets correct or a minimum standard, but a scale comparing him to others referring to it as "The equated percent scale" in her paper[8]

81. Plaintiff attempted to take an exam on March 27, 2022 in which his equated percent correct was calculated using the Angoff and Hofstee methods, then superimposed and converted on the scale for the USMLE Step 1 ((See Plaintiff Cert. at Exhibit O)

82. The "Equated Percentage Correct" score on this exam is not a "Percentage of Content Mastered" but the "probability of a student answering an item correctly"[9] as stated in Morrison's paper

83. Plaintiffs exam was scored by comparison of his "equated percent correct" (decided by the judges, not the "percentage of content mastered"(See Plaintiff Cert. at Exhibit L)) to the "norm group" which was the "performance of a 2020 national cohort of students"

84. Scoring this exam in this manner is a violation of numerous federal and state laws including their implementing regulations since Plaintiff and anyone disabled is being compared to others it by their knowledge , but the probability they will answer the question the same as an average student with normal abilities

85. Plaintiff took another exam almost one year after on February 28,2023 and after studying full time & not working somehow received the same score (See Plaintiff Cert. at Exhibit P)

---

[8] Morrison, C., Ross, L., Baker, G., & Maranki, M. (2019). Implementing a New Score Scale for the Clinical Science Subject Examinations: Validity and Practical Considerations. Medical science educator, 29(3), 841–847. https://doi.org/10.1007/s40670-019-00747-9

[9] Morrison, C., Ross, L., Baker, G., & Maranki, M. (2019). Implementing a New Score Scale for the Clinical Science Subject Examinations: Validity and Practical Considerations. Medical science educator, 29(3), 841–847. https://doi.org/10.1007/s40670-019-00747-9

86. The reason is that the March 27,2022 exam was scored against a "2020 national cohort of students" (See Plaintiff Cert. at Exhibit P) and the February 28, 2023 was scored against a "**2021** national cohort of students" (See Plaintiff Cert. at Exhibit P)

87. Regardless of how many times Plaintiff or any disabled person takes the exam they will be scored lower because "some examinees will always fail irrespective of their performance[10]" and "a clinical diagnosis of a learning disability is typically based upon a comparison between the individual and others in the general population" Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021).

88. In addition to these exams Plaintiff has taken 4 subject Examinations between June 18,2021 and August 3,2021 Pediatrics, Psychiatry, Family Medicine and Medicine (See Plaintiff Cert. at Exhibit Q)

89. Somehow, even though he received all "A's" in the clinical rotations (See Plaintiff Cert. at Exhibit G) he did not pass the examinations administered by Defendants

90. "The National Board of Medical Examiners' Subject Examination Program provides standardized, objective, and discipline-based assessments...[which include]...family medicine, medicine, obstetrics and gynecology, pediatrics, psychiatry, and surgery."[11]

91. Defendants, not medical schools, accreditations agencies or licensing boards conduct standard setting studies for their "Subject Examination Program" and decide "Passing"

---

[10] Standard setting: comparison of two methods. BMC medical education George, S., Haque, M. S., & Oyebode, F. (2006). Standard setting: comparison of two methods. BMC medical education, 6(1), 1-6.

[11] Morrison, C., Ross, L., Baker, G., & Maranki, M. (2019). Implementing a New Score Scale for the Clinical Science Subject Examinations: Validity and Practical Considerations. Medical science educator, 29(3), 841–847. https://doi.org/10.1007/s40670-019-00747-9

"equated percent correct" scores for their examinations which scored using the Modified

Angoff and Hofstee Methods (See Plaintiff Cert. at Exhibit L)

92. Plaintiff learned this when he was told by the Student Performance Assessment

Committee that they "cannot interfere with the rules or requirements of grading of

exams" and that he has to "appeal to the administrators of the exams (NBME,CBSE or

USMLE) to ask for special individual grading requirements" (See Plaintiff Cert. at

Exhibit I)

93. The committee was aware that Defendants told them what the scores for the exams were

when they were implemented as conceded by Morrison in her paper:

"NBME provided frequent updates to the medical schools prior to implementation in
order to inform schools about the change so they could assess how the change would
impact them and prepare accordingly. NBME staff conducted numerous webcasts prior to
and after the new scores were implemented. Psychometric staff explained how to
interpret the new scores and how to make comparisons between the old and new scales in
order to locate passing scores that schools use to make decisions about student
performance."[12]

94. Defendants use the Angoff and Hofstee Methods to grade their "Subject Examination

Program" examinations which include, but is not limited to"...family medicine, medicine,

...pediatrics, psychiatry,"[13]

95. This is well known as a controversial method of scoring because judges limit the amount

of people that can pass and decide a minimum amount of people that must fail:

**"the United State Medical Licensure Examination (USMLE), administered by the
National Board of Medical Examiners (NBME), has turned to the Angoff and
Hofstee methods in determining cut score.** The former approach involves a group of

---

[12] Morrison, C., Ross, L., Baker, G., & Maranki, M. (2019). Implementing a New Score Scale for
the Clinical Science Subject Examinations: Validity and Practical Considerations. Medical
science educator, 29(3), 841–847. https://doi.org/10.1007/s40670-019-00747-9
[13] Morrison, C., Ross, L., Baker, G., & Maranki, M. (2019). Implementing a New Score Scale for
the Clinical Science Subject Examinations: Validity and Practical Considerations. Medical
science educator, 29(3), 841–847. https://doi.org/10.1007/s40670-019-00747-9

subject matter experts setting minimal qualifying requirements (in terms of test score) for a successful candidate, who will later be certified as a medical doctor. The Board's opinion serves as a foundation for the evaluation of each test item and a reference for determining cut score. The latter method asks judges to determine minimum/maximum acceptable scores, along with minimum/maximum fail rates, which serve as the key parameters in determining the final cut score[14]

96. NBME creates examinations using the **Modified** Angoff method to discriminate against

    individuals in violation of multiple federal and state laws along with other rules and

    regulations. This only accounts for the abilities of average people not minimally

    competent and certainly not disabled

97. In an original Angoff study "minimally competent" is considered but in the modified

    approach it is avoided:

    " In the Angoff method a panel of judges examines each multiple-choice item or item on a checklist (for OSCEs) and estimates the probability that the "minimally competent" or "borderline" candidate would answer the item correctly. Then the scores are discussed in the group and consensus is reached if possible. **This stage is avoided in the modified approach.**[15]

98. The judges only consider what they "think" the probability of an average person, not a

    disabled one will get correct

99. Defendants then compare the exam results using  "Norm Group" or "Cohort" which

    automatically fails a percentage of test takers each time:

    The norm reference methods are easy to use and understand, can easily be explained to trainees and variations in test difficulty are automatically corrected for as the pass mark is influenced by the performance of the examinee cohort, **The drawbacks of these methods are that some examinees will always fail irrespective of their performance,**

---

[14] "Three controversies over item disclosure in medical licensure examinations" Park, Y. S., & Yang, E. B. (2015). Three controversies over item disclosure in medical licensure examinations. Medical education online, 20(1), 28821.
[15] Standard setting: comparison of two methods. BMC medical education George, S., Haque, M. S., & Oyebode, F. (2006). Standard setting: comparison of two methods. BMC medical education, 6(1), 1-6.

**students can   deliberately influence the pass score and that the pass score is not known in advance"**[16]

100.     "The Hofstee method will fail to produce a passing score if the judges' estimates

fall entirely above or below the **score curve.** If the judges' estimate of the **highest**

**acceptable failure** rate is lower than the actual percent of the examinee group who would

fail at the score representing judges' estimate of the lowest acceptable passing score, the

line that is supposed to intersect the score curve will instead lie entirely under it.

Likewise, if the judges' estimate of the **lowest acceptable failure rate** is higher than the

actual percent of the examinee group who would fail at the score representing the judges'

estimate of the highest acceptable passing score, the line that is supposed to intersect the

**score curve** will instead lie entirely above it[17]

101.     Therefore Defendants scoring methods utilized are discriminatory as they only

show how Plaintiff and others who are disabled compares to others who are not disabled

and do not measure his or their competency

### USMLE STEPS

102.     In addition to the exams stated prior, Defendants also score the USMLE Steps 1, 2

& 3 by using the controversial Angoff and Hofstee methods which is discriminatory in

nature against those that are disabled:

> "**the United State Medical Licensure Examination (USMLE), administered by the National Board of Medical Examiners (NBME), has turned to the Angoff and Hofstee methods in determining cut score.** The former approach involves a group of subject matter experts setting minimal qualifying

---

[16] Standard setting: comparison of two methods. BMC medical education George, S., Haque, M. S., & Oyebode, F. (2006). Standard setting: comparison of two methods. BMC medical education, 6(1), 1-6.

[17] Bowers, J. J., & Shindoll, R. R. (1989). *A Comparison of the Angoff, Beuk, and Hofstee Methods for Setting Apassing Score*. Iowa City, IA: American College Testing Program.

requirements (in terms of test score) for a successful candidate, who will later be certified as a medical doctor. The Board's opinion serves as a foundation for the evaluation of each test item and a reference for determining cut score. The latter method asks judges to determine minimum/maximum acceptable scores, along with minimum/maximum fail rates, which serve as the key parameters in determining the final cut score[18]

103.      NBME creates examinations using the **Modified** Angoff method to discriminate

against individuals in violation of multiple federal and state laws along with other rules

and regulations. This only accounts for the abilities of average people not minimally

competent and certainly not disabled

104.      In an original Angoff study "minimally competent" is considered but in the

modified approach it is avoided:

" In the Angoff method a panel of judges examines each multiple-choice item or item on a checklist (for OSCEs) and estimates the probability that the "minimally competent" or "borderline" candidate would answer the item correctly. Then the scores are discussed in the group and consensus is reached if possible. **This stage is avoided in the modified approach.**[19]

105.      The judges only consider what they "think" the probability of an average person,

not a disabled one will get correct

106.      Defendants then compare the exam results using  "Norm Group" or "Cohort"

which automatically fails a percentage of test takers each time:

The norm reference methods are easy to use and understand, can easily be explained to trainees and variations in test difficulty are automatically corrected for as the pass mark is influenced by the performance of the examinee cohort, **The drawbacks of these methods are that some examinees will always fail irrespective of their performance,**

---

[18] "Three controversies over item disclosure in medical licensure examinations" Park, Y. S., & Yang, E. B. (2015). Three controversies over item disclosure in medical licensure examinations. Medical education online, 20(1), 28821.
[19] Standard setting: comparison of two methods. BMC medical education George, S., Haque, M. S., & Oyebode, F. (2006). Standard setting: comparison of two methods. BMC medical education, 6(1), 1-6.

**students can   deliberately influence the pass score and that the pass score is not known in advance"[20]**

107.   "The Hofstee method will fail to produce a passing score if the judges' estimates fall entirely above or below the **score curve.** If the judges' estimate of the **highest acceptable failure** rate is lower than the actual percent of the examinee group who would fail at the score representing judges' estimate of the lowest acceptable passing score, the line that is supposed to intersect the score curve will instead lie entirely under it. Likewise, if the judges' estimate of the **lowest acceptable failure rate** is higher than the actual percent of the examinee group who would fail at the score representing the judges' estimate of the highest acceptable passing score, the line that is supposed to intersect the **score curve** will instead lie entirely above it[21]

108.   The best illustration and proof of Defendants examinations deciding passing or failing based on how an examinee compares to others is the failing score report for the USMLE

109.   This clearly shows that the reason someone did not pass was because they didn't receive the same score as the passing mark as "examinees from LCME-accredited US/Canadian medical schools taking Step 1 for the first time between January 1, 2020 and December 31, 2020"

110.   There is no scoring or other information included in the report because it does not exist

---

[20] Standard setting: comparison of two methods. BMC medical education George, S., Haque, M. S., & Oyebode, F. (2006). Standard setting: comparison of two methods. BMC medical education, 6(1), 1-6.

[21] Bowers, J. J., & Shindoll, R. R. (1989). *A Comparison of the Angoff, Beuk, and Hofstee Methods for Setting Apassing Score*. Iowa City, IA: American College Testing Program.

111.     It simply shows "you didn't pass because you didn't get the passing score they did

on their distribution of test takers" and doesn't say what that score is (See Plaintiff Cert. at

Exhibit T)



112.     The reality is that if this "examinees from LCME-accredited US/Canadian

medical schools taking Step 1 for the first time between January 1, 2020 and December

31, 2020" all went out partying the night before the exam and the average was 50% and

passing was 15%, the current exam as long as you get 15% of the questions correct, they

pass you and the public would never know

113.     This is why Defendants **do not** have a minimum established standard for their

exams which allows (or forces) the examinee to score like the last group

114.     If they don't score like the last group or, the comparison or "norm" group they fail

122.    In order to utilize Defendants current scoring methods of excluding those that are disabled , they must prove that their exams are related to the examinees ability to practice medicine

123.    Since the exams are not only used to obtain licensure but are also used to obtain paid employment as a medical resident in order to qualify for that license, Defendants examinations must be proven be job related and they are not as extensively documented in numerous research publications and studies ("In agreement with other studies, we found no correlation between NBME scores and performance during residency")[24] ("USMLE scores are not effective indicators of a physician's success during residency.")[25] ("Our study finds that USMLE Step 2 is not a reliable predictor of residency performance")[26] ("During the eight years of the study period......There was a non-significant correlation between clinical performance and the Step 1 score. Conclusion: Neither USMLE Step 1 nor Step 2 Clinical Knowledge were good predictors of the actual clinical performance of residents during their training")[27](" (Step 1, 2 CK, grades, AOA) was not associated with residency clinical performance on milestones. Isolated correlations were found between specific milestones (eg, higher surgical grade increased wound care score), but most had no correlation with residency performance.")[28]

[24] Borowitz, S. M., Saulsbury, F. T., & Wilson, W. G. (2000). Information collected during the residency match process does not predict clinical performance. Archives of pediatrics & adolescent medicine, 154(3), 256-260.
[25] Miller, B., Dewar, S. B., & Nowalk, A. (2019). Lack of Correlation Between USMLE Scores and Performance in Pediatrics Residency Training Based on ACGME Milestones Ratings Academic Pediatrics, 19(6), e34

[26] Udawatta, M., Preet, K., Lagman, C., French, A. M., Bruton, C., Bergsneider, M., ... & Yang, I. (2020). United States Medical Licensing Examination Step 2 scores do not predict American Board of Neurological Surgery scores: a single-institution experience. Journal of the Neurological Sciences, 408, 116556.
[27] Sajadi-Ernazarova, K., Ramoska, E. A., & Saks, M. A. (2020). USMLE Scores Do Not Predict the Clinical Performance of Emergency Medicine Residents. Mediterranean Journal of Emergency Medicine & Acute Care, 1(2).
[28] Burkhardt, J. C., Parekh, K. P., Gallahue, F. E., London, K. S., Edens, M. A., Humbert, A. J., ... & Hopson, L. R. (2020). A critical disconnect: Residency selection factors lack correlation with intern performance. Journal of graduate medical education, 12(6), 696-704.

## LIABILITY ALLEGATIONS

124.     Plaintiff alleges each of the following, multiple counts establishing a separate,

independent claim based alleged violations of: the Americans with Disabilities Act, the

Rehabilitation Act of 1973, the Civil Rights Act of 1964 & 1991, the New Jersey Law

Against Discrimination and the New Jersey Civil Rights Act and their implementing

regulations for each of the following: (1) Each examination created by, scored by and

administered by Defendants that Plaintiff has taken and not passed, (2) Each examination

created by, scored by and administered by Defendants that Plaintiff must retake (3) Each

Exam created by, scored by and administered by Defendants that Plaintiff will take in the

future (4) Each examination created by, scored by and administered by Defendants that is

not yet created or required in order to obtain medical licensure

## FIRST COUNT

125.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith ·

126.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

127.     Specifically, Plaintiff has taken a Comprehensive Basic Science Exam

Assessment on March 27,2022 administered by and scored by Defendants in a

discriminatory manner as described within this complaint which is in violation of the

Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. and its implementing

regulations

128.    Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

129.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## SECOND COUNT

130.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

131.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

132.    Specifically, Plaintiff has taken a Comprehensive Basic Science Exam

Assessment on March 27,2022 administered by and scored by Defendants in a

discriminatory manner as described within this complaint which is in violation of Section

504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing regulations

133.     Plaintiff has been injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

134.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## THIRD COUNT

135.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

136.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees have committed and/or will commit discrimination in grading / scoring their examinations as presented herewith

137.    Specifically, Plaintiff has taken a Comprehensive Basic Science Exam

Assessment on March 27,2022 administered by and scored by Defendants in a

discriminatory manner as described within this complaint which is in violation of The

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 and its implementing regulations

138.    Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

139.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

**FOURTH COUNT**

140.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

145.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

146.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

147.     Specifically, Plaintiff has taken a Comprehensive Basic Science Exam

Assessment on March 27,2022 administered by and scored by Defendants in a

discriminatory manner as described within this complaint which is in violation of The

New Jersey Civil Rights Act 10:6-2 and its implementing regulations

148.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

149.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## SIXTH COUNT

150.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

151.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

152.     Specifically, Plaintiff has taken a Comprehensive Basic Science Exam

Assessment on February 28,2023 administered by and scored by Defendants in a

discriminatory manner as described within this complaint which is in violation of the

Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. and its implementing

regulations

153.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

154.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals

a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SEVENTH COUNT

155.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

156.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

157.     Specifically, Plaintiff has taken a Comprehensive Basic Science Exam

Assessment on February 28, 2023 administered by and scored by Defendants in a

discriminatory manner as described within this complaint which is in violation of Section

504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing

regulations

158.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

159.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations,

studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## EIGHTH COUNT

160.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

161.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees have committed and/or will commit discrimination in grading / scoring their examinations as presented herewith

162.     Specifically, Plaintiff has taken a Comprehensive Basic Science Exam Assessment on February 28,2023 administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 and its implementing regulations

163.     Plaintiff has been injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

164.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based

strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **NINETH COUNT**

165.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

166.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

167.     Specifically, Plaintiff has taken a Comprehensive Basic Science Exam

Assessment on February 8,2023 administered by and scored by Defendants in a

discriminatory manner as described within this complaint which is in violation of the

New Jersey Law Against Discrimination ("NJLAD") NJSA 10:5-1 and its implementing

regulations

168.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

169.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations

(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **TENTH COUNT**

170.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

171.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees have committed and/or will commit discrimination in grading / scoring their examinations as presented herewith

172.     Specifically, Plaintiff has taken a Comprehensive Basic Science Exam Assessment on February 28,2023 administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2 and its implementing regulations

173.     Plaintiff has been injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

174.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **ELEVETH COUNT**

175.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

176.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

177.     Specifically, Plaintiff has taken the Pediatrics examination on June 18, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Americans with Disabilities Act, 42

U.S.C. § 12101 et. seq. and its implementing regulations

178.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

179.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **TWELVETH COUNT**

180.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

181.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

182.     Specifically, Plaintiff has taken the Pediatrics examination on June 18, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of Section 504 of the Rehabilitation Act of

1973, as amended, 29 U.S.C. 794 and its implementing regulations

183.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

184.      Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## THIRTEENTH COUNT

185.      Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

186.      Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

187.      Specifically, Plaintiff has taken the Pediatrics examination on June 18, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§

2000e - 2000e17 and its implementing regulations

188.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

189.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants  /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## FOURTEENTH COUNT

190.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

191.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

192.     Specifically, Plaintiff has taken the Pediatrics examination on June 18, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the New Jersey Law Against

Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

193.    Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

194.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## FIFTEENTH COUNT

195.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

196.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

197.     Specifically, Plaintiff has taken the Pediatrics examination on June 18, 2021, administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2 and its implementing regulations

198.     Plaintiff has been injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

199.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SIXTEENTH COUNT

200.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

201.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

202.     Specifically, Plaintiff has taken the Psychiatry examination on June 26, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Americans with Disabilities Act, 42

U.S.C. § 12101 et. seq. and its implementing regulations

203.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

204.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

### SEVENTEENTH COUNT

205.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

206.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

207.     Specifically, Plaintiff has taken the Psychiatry examination on June 26, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of Section 504 of the Rehabilitation Act of

1973, as amended, 29 U.S.C. 794 and its implementing regulations

208.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

209.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants  /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## EIGHTEENTH COUNT

210.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

211.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

212.     Specifically, Plaintiff has taken the Psychiatry examination on June 26, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§

2000e - 2000e17 and its implementing regulations

213.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

214.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## NINETEENTH COUNT

215.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

216.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

217.     Specifically, Plaintiff has taken the Psychiatry examination on June 26, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the New Jersey Law Against

Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

218.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

219.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of

candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## TWENTETH COUNT

220.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

221.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees have committed and/or will commit discrimination in grading / scoring their examinations as presented herewith

222.     Specifically, Plaintiff has taken the  Psychiatry examination on June 26, 2021, administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2 and its implementing regulations

223.     Plaintiff has been injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

224.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected

by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## TWENTY FIRST COUNT

225.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

226.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

227.    Specifically, Plaintiff has taken the Family Medicine examination on July 28,

2021, administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Americans with Disabilities Act, 42

U.S.C. § 12101 et. seq. and its implementing regulations

228.    Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

229.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to

safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **TWENTY SECOND COUNT**

230.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

231.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

232.     Specifically, Plaintiff has taken the Family Medicine examination on July 28,

2021, administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of Section 504 of the Rehabilitation Act of

1973, as amended, 29 U.S.C. 794 and its implementing regulations

233.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

234.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any

future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## TWENTY THIRD COUNT

235.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

236.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees have committed and/or will commit discrimination in grading / scoring their examinations as presented herewith

237.     Specifically, Plaintiff has taken the Family Medicine examination on July 28, 2021, administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 and its implementing regulations

238.     Plaintiff has been injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

239.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,

Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## TWENTY FOURTH COUNT

240.    Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

241.    Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees have committed and/or will commit discrimination in grading / scoring their examinations as presented herewith

242.    Specifically, Plaintiff has taken the Family Medicine examination on July 28, 2021, administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the New Jersey Law Against Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

243.    Plaintiff has been injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

244.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## TWENTY FIFTH COUNT

245.    Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

246.    Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees have committed and/or will commit discrimination in grading / scoring their examinations as presented herewith

247.    Specifically, Plaintiff has taken the Family Medicine examination on July 28, 2021, administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2 and its implementing regulations

248.    Plaintiff has been injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

249.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## TWENTY SIXTH COUNT

250.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

251.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

252.     Specifically, Plaintiff has taken the Medicine examination on August 3, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Americans with Disabilities Act, 42

U.S.C. § 12101 et. seq. and its implementing regulations

253.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

254.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## TWENTY SEVENTH COUNT

255.   Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

256.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

257.     Specifically, Plaintiff has taken the Medicine examination on August 3, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of Section 504 of the Rehabilitation Act of

1973, as amended, 29 U.S.C. 794 and its implementing regulations

258.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

259.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## TWENTY EIGTH COUNT

260.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

261.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

262.     Specifically, Plaintiff has taken the Medicine examination on August 3, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§

2000e - 2000e17 and its implementing regulations

263.     Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

264.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## TWENTY NINETH COUNT

265.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

266.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

267.     Specifically, Plaintiff has taken the Medicine examination on August 3, 2021, administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the New Jersey Law Against Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

268.     Plaintiff has been injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

269.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **THIRTIETH COUNT**

270.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

271.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees have committed and/or will commit

discrimination in grading / scoring their examinations as presented herewith

272.    Specifically, Plaintiff has taken the Medicine examination on August 3, 2021,

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2

and its implementing regulations

273.    Plaintiff has been injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

274.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## THIRTY FIRST COUNT

275.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

276.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

277.     Specifically, Plaintiff will take the Pediatrics examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Americans with Disabilities Act, 42

U.S.C. § 12101 et. seq. and its implementing regulations

278.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

279.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

280.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2

failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **THIRTY SECOND COUNT**

285.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

286.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

287.     Specifically, Plaintiff will take the Pediatrics examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Section 504 of the Rehabilitation Act of

1973, as amended, 29 U.S.C. 794 and its implementing regulations

288.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

289.     Defendants attempted to argue in  <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (<u>See</u> Plaintiff Cert. at Exhibit R)

290.     This argument was rejected by the Third Circuit  court:

"Given our conclusion that the District Court correctly held
that Ramsay has shown a likelihood of success on the merits
of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

291.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

292.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

293.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

294.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any

future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## THIRTY THIRD COUNT

295.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

296.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

297.     Specifically, Plaintiff will take the Pediatrics examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§

2000e - 2000e17 and its implementing regulations

298.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

299.     Defendants attempted to argue in  Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained

why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

300.     This argument was rejected by the Third Circuit court:

"Given our conclusion that the District Court correctly held
that Ramsay has shown a likelihood of success on the merits
of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

301.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

302.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

303.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

304.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## THIRTY FOURTH COUNT

305.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

306.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

307.     Specifically, Plaintiff will take the Pediatrics examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the New Jersey Law Against

Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

308.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

309.     Defendants attempted to argue in  Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

310.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

311.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

312.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

313.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

314.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## THIRTY FIFTH COUNT

315.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

316.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

317.     Specifically, Plaintiff will take the Pediatrics examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The New Jersey Civil Rights

and its implementing regulations

318.     Plaintiff is entitled to seek Injunctive Relief against Defendants for

exams they administer even if he is not currently eligible or scheduled to ta

they are required to pursue his career and obtain a license to practice

319.     Defendants attempted to argue in  Ramsay v. Nat'l Bd. of Med. Ex;

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 2

Ramsay was not entitled to a injunction for exams she was not ready to tak

> "Plaintiff's medical school did not mention the other US-MLE exan
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court n
> why she would be irreparably harmed if she could not immediately
> order granting extra time on those exams (one of which she will lik
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at
> (See Plaintiff Cert. at Exhibit R)

320.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 1
> (See Plaintiff Cert. at Exhibit S)

321.     Defendants have attempted to argue that  The speculative nature of

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517

255 (2021):"Courts have held that alleged harm is speculative where it is ɪ

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Foot

Plaintiff Cert. at Exhibit R)

322.     This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

323.     Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

324.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## THIRTY SIXTH COUNT

325.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

326.    Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

327.    Specifically, Plaintiff will take the Psychiatry examination which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. and its implementing regulations

328.    Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

329.    Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

330.    This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (See Plaintiff Cert. at Exhibit S)

331.        Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

332.        This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

333.        Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

334.        Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

    "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees /contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## THIRTY SEVENTH COUNT

335.　　Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

336.　　Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

337.　　Specifically, Plaintiff will take the Psychiatry examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Section 504 of the Rehabilitation Act of

1973, as amended, 29 U.S.C. 794 and its implementing regulations

338.　　Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

339.　　Defendants attempted to argue in   <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (<u>See</u> Plaintiff Cert. at Exhibit R)

340.　　This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits

of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (See Plaintiff Cert. at Exhibit S)

341.    Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See Plaintiff Cert. at Exhibit R)

342.    This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

343.    Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

344.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to

safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## THIRTY EIGHTH COUNT

345.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

346.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

347.     Specifically, Plaintiff will take the Psychiatry examination which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 and its implementing regulations

348.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

349.     Defendants attempted to argue in  <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for

at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

350.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

351.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

352.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

353.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

354.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

### THIRTY NINETH COUNT

355.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

356.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

357.     Specifically, Plaintiff will take the Psychiatry examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the New Jersey Law Against

Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

358.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice


359.     Defendants attempted to argue in  Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

360.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

361.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

362.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

363.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

364.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## FORTIETH COUNT

365.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

366.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

367.     Specifically, Plaintiff will take the Psychiatry examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2

and its implementing regulations

368.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

369.     Defendants attempted to argue in  Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

370.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

371.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

372.     This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

373.     Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

374.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FORTY FIRST COUNT

375.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

376.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

377.     Specifically, Plaintiff will take the Family Medicine examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Americans with Disabilities Act, 42

U.S.C. § 12101 et. seq. and its implementing regulations

378.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

379.     Defendants attempted to argue in   <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (<u>See</u> Plaintiff Cert. at Exhibit R)

380.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (<u>See</u> Plaintiff Cert. at Exhibit S)

381.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

382.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

383.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

384.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FORTY SECOND COUNT

385.    Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

386.    Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

387.    Specifically, Plaintiff will take the Family Medicine examination which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing regulations

388.    Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

389.    Defendants attempted to argue in  <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

390.    This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits

of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

391.        Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

392.        This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

393.        Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

394.        Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

    "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to

safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FORTY THIRD COUNT

395.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

396.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

397.    Specifically, Plaintiff will take the Family Medicine examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§

2000e - 2000e17 and its implementing regulations

398.    Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

399.    Defendants attempted to argue in <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for

at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
(See Plaintiff Cert. at Exhibit R)

400.     This argument was rejected by the Third Circuit court:

"Given our conclusion that the District Court correctly held
that Ramsay has shown a likelihood of success on the merits
of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

401.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

402.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

403.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

404.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FORTY FOURTH COUNT

405.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

406.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

407.     Specifically, Plaintiff will take the Family Medicine examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the New Jersey Law Against

Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

408.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

409.     Defendants attempted to argue in  Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

410.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

411.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

412.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

413.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

414.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## FORTY FIFTH COUNT

415.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

416.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

417.     Specifically, Plaintiff will take the Family Medicine examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2

and its implementing regulations

418.　　　Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

419.　　　Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

420.　　　This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

421.　　　Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

422.     This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

423.     Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

424.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FORTY SIXTH COUNT

425.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

426.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

427.     Specifically, Plaintiff will take the Medicine examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Americans with Disabilities Act, 42

U.S.C. § 12101 et. seq. and its implementing regulations

428.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

429.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

430.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

431.     Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See Plaintiff Cert. at Exhibit R)

432.     This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

433.     Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

434.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FORTY SEVENTH COUNT

435.      Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

436.      Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

437.      Specifically, Plaintiff will take the Medicine examination which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing regulations

438.      Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

439.      Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

440.      This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits

of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

441.     Defendants have attempted to argue that The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

442.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

443.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

444.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to

safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **FORTY EIGHITH COUNT**

445.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

446.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

447.     Specifically, Plaintiff will take the Medicine examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§

2000e - 2000e17 and its implementing regulations

448.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

449.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for

at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

450.     This argument was rejected by the Third Circuit court:

"Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (See Plaintiff Cert. at Exhibit S)

451.     Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See Plaintiff Cert. at Exhibit R)

452.     This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

453.     Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

454.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **FORTY NINETH COUNT**

455.      Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

456.      Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

457.      Specifically, Plaintiff will take the Medicine examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the New Jersey Law Against

Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

458.      Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

459.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

460.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

461.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

462.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

463.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

464.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## FIFTIETH COUNT

465.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

466.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

467.     Specifically, Plaintiff will take the Medicine examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2

and its implementing regulations

468.        Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

469.        Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

470.        This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

471.        Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

472.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

473.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

474.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## FIFTY FIRST COUNT

475.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

476.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

477.     Specifically, Plaintiff will take the Obstetrics & Gynecology examination which

will be administered by and scored by Defendants in a discriminatory manner as

described within this complaint which is in violation of the Americans with Disabilities

Act, 42 U.S.C. § 12101 et. seq. and its implementing regulations

478.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

479.     Defendants attempted to argue in  <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (<u>See</u> Plaintiff Cert. at Exhibit R)

480.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (<u>See</u> Plaintiff Cert. at Exhibit S)

481.   Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (<u>See</u> Plaintiff Cert. at Exhibit R)

482.   This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (<u>See</u> Plaintiff Cert. at Exhibit R)

483.   Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

484.   Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FIFTY SECOND COUNT

485.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

486.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

487.     Specifically, Plaintiff will take the Obstetrics & Gynecology examination which

will be administered by and scored by Defendants in a discriminatory manner as

described within this complaint which is in violation of the Section 504 of the

Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing regulations

488.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

489.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

490.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits

of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

491.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

492.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

493.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

494.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to

safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FIFTY THIRD COUNT

495.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

496.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

497.     Specifically, Plaintiff will take the Obstetrics & Gynecology examination which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 and its implementing regulations

498.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

499.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for

at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

500.    This argument was rejected by the Third Circuit court:

"Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (See Plaintiff Cert. at Exhibit S)

501.    Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See Plaintiff Cert. at Exhibit R)

502.    This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

503.    Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

504.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FIFTY FOURTH COUNT

505.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

506.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

507.     Specifically, Plaintiff will take the Obstetrics & Gynecology examination which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the New Jersey Law Against Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

508.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

509.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

510.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

511.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

512.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

513.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

514.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## FIFTY FIFTH COUNT

515.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

516.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

517.     Specifically, Plaintiff will take the Obstetrics & Gynecology examination which

will be administered by and scored by Defendants in a discriminatory manner as

described within this complaint which is in violation of The New Jersey Civil Rights Act
10:6-2 and its implementing regulations

518.         Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

519.         Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

520.         This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

521.         Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

522.    This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

523.    Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

524.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FIFTY SIXTH COUNT

525.    Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

526.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

527.     Specifically, Plaintiff will take the Surgery examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Americans with Disabilities Act, 42

U.S.C. § 12101 et. seq. and its implementing regulations

528.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

529.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

530.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

531.    Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See Plaintiff Cert. at Exhibit R)

532.    This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

533.    Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

534.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FIFTY SEVENTH COUNT

535.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

536.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

537.     Specifically, Plaintiff will take the Surgery examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the Section 504 of the Rehabilitation Act of

1973, as amended, 29 U.S.C. 794 and its implementing regulations

538.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

539.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

>   "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
>   Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
>   why she would be irreparably harmed if she could not immediately obtain an
>   order granting extra time on those exams (one of which she will likely not take for
>   at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
>   (See Plaintiff Cert. at Exhibit R)

540.     This argument was rejected by the Third Circuit court:

>   "Given our conclusion that the District Court correctly held
>   that Ramsay has shown a likelihood of success on the merits

of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (See Plaintiff Cert. at Exhibit S)

541.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

542.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

543.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

544.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to

safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FIFTY EIGHTH COUNT

545.    Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

546.    Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

547.    Specifically, Plaintiff will take the Surgery examination which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 and its implementing regulations

548.    Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

549.    Defendants attempted to argue in  Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for

at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

550.    This argument was rejected by the Third Circuit court:

"Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (See Plaintiff Cert. at Exhibit S)

551.    Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See Plaintiff Cert. at Exhibit R)

552.    This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

553.    Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

554.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## FIFTY NINETH COUNT

555.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

556.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

557.     Specifically, Plaintiff will take the Surgery examination which will be

administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of the New Jersey Law Against

Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

558.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

559.    Defendants attempted to argue in  Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

>    "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
>    Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
>    why she would be irreparably harmed if she could not immediately obtain an
>    order granting extra time on those exams (one of which she will likely not take for
>    at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
>    (See Plaintiff Cert. at Exhibit R)

560.    This argument was rejected by the Third Circuit  court:

>    "Given our conclusion that the District Court correctly held
>    that Ramsay has shown a likelihood of success on the merits
>    of her claim that she has a disability for which she is entitled to
>    accommodations, we will affirm the preliminary injunction
>    requiring the Board to provide the accommodations on Step 2
>    CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
>    2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
>    (See Plaintiff Cert. at Exhibit S)

561.    Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

562.    This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

563.     Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

564.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SIXTIETH COUNT

565.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

566.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

567.     Specifically, Plaintiff will take the Surgery examination which will be administered by and scored by Defendants in a discriminatory manner as described

within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2
and its implementing regulations

568.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

569.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (<u>See</u> Plaintiff Cert. at Exhibit R)

570.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (<u>See</u> Plaintiff Cert. at Exhibit S)

571.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in <u>Ramsay v. Nat'l Bd. of Med.</u>

<u>Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (<u>See</u>

Plaintiff Cert. at Exhibit R)

572.     This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

573.     Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

574.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SIXTY FIRST COUNT

575.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

576.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

577.     Specifically, Plaintiff will take the Comprehensive Basic Science Examination

which will be administered by and scored by Defendants in a discriminatory manner as

described within this complaint which is in violation of the Americans with Disabilities

Act, 42 U.S.C. § 12101 et. seq. and its implementing regulations

578.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

579.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

580.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

581.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

582.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

583.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

584.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

### SIXTY SECOND COUNT

585.　　Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

586.　　Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

587.　　Specifically, Plaintiff will take the Comprehensive Basic Science Examination

which will be administered by and scored by Defendants in a discriminatory manner as

described within this complaint which is in violation of the Section 504 of the

Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing regulations

588.　　Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

589.　　Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

　　　　　　"Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
　　　　　　Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
　　　　　　why she would be irreparably harmed if she could not immediately obtain an
　　　　　　order granting extra time on those exams (one of which she will likely not take for
　　　　　　at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
　　　　　　(See Plaintiff Cert. at Exhibit R)

590.　　This argument was rejected by the Third Circuit court:

　　　　　　"Given our conclusion that the District Court correctly held
　　　　　　that Ramsay has shown a likelihood of success on the merits

of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

591.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

592.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

593.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

594.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to

safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SIXTY THIRD COUNT

595.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

596.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

597.     Specifically, Plaintiff will take the Comprehensive Basic Science Examination

which will be administered by and scored by Defendants in a discriminatory manner as

described within this complaint which is in violation of The Civil Rights Act of 1964, 42

U.S.C. §§ 2000e - 2000e17 and its implementing regulations

598.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

599.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for

at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
(See Plaintiff Cert. at Exhibit R)

600.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

601.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

602.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

603.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

604.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SIXTY FOURTH COUNT

605.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

606.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

607.     Specifically, Plaintiff will take the Comprehensive Basic Science Examination which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the New Jersey Law Against Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

608.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

609.    Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

610.    This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

611.    Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

612.    This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

613.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

614.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## SIXTY FIFTH COUNT

615.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

616.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

617.     Specifically, Plaintiff will take the Comprehensive Basic Science Examination

which will be administered by and scored by Defendants in a discriminatory manner as

described within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2 and its implementing regulations

618.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

619.     Defendants attempted to argue in   <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (<u>See</u> Plaintiff Cert. at Exhibit R)

620.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled
> to accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (<u>See</u> Plaintiff Cert. at Exhibit S)

621.     Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (<u>See</u> Plaintiff Cert. at Exhibit R)

622.    This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

623.    Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

624.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SIXTY SIXTH COUNT

625.    Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

626.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

627.     Specifically, Plaintiff will take the Comprehensive Clinical Science Examination which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. and its implementing regulations

628.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

629.     Defendants attempted to argue in   <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (<u>See</u> Plaintiff Cert. at Exhibit R)

630.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (<u>See</u> Plaintiff Cert. at Exhibit S)

631.    Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (<u>See</u> Plaintiff Cert. at Exhibit R)

632.    This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (<u>See</u> Plaintiff Cert. at Exhibit R)

633.    Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

634.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SIXTY SEVENTH COUNT

635.    Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

636.    Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

637.    Specifically, Plaintiff will take the Comprehensive Clinical Science Examination which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing regulations

638.    Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

639.    Defendants attempted to argue in  Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

640.    This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits

of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

641.    Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

642.    This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

643.    Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

644.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to

safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SIXTY EIGHTH COUNT

645.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

646.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

647.    Specifically, Plaintiff will take the Comprehensive Clinical Science Examination

which will be administered by and scored by Defendants in a discriminatory manner as

described within this complaint which is in violation of The Civil Rights Act of 1964, 42

U.S.C. §§ 2000e - 2000e17 and its implementing regulations

648.    Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

649.    Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for

at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

650.     This argument was rejected by the Third Circuit  court:

"Given our conclusion that the District Court correctly held
that Ramsay has shown a likelihood of success on the merits
of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

651.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

652.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

653.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

654.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SIXTY NINETH COUNT

655.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

656.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

657.    Specifically, Plaintiff will take the Comprehensive Clinical Science Examination

which will be administered by and scored by Defendants in a discriminatory manner as

described within this complaint which is in violation of the New Jersey Law Against

Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

658.    Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

659.        Defendants attempted to argue in   <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (<u>See</u> Plaintiff Cert. at Exhibit R)

660.        This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (<u>See</u> Plaintiff Cert. at Exhibit S)

661.        Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in <u>Ramsay v. Nat'l Bd. of Med.</u>

<u>Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (<u>See</u>

Plaintiff Cert. at Exhibit R)

662.        This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (<u>See</u> Plaintiff

Cert. at Exhibit R)

663.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

664.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## SEVENTIETH COUNT

665.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

666.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

667.     Specifically, Plaintiff will take the Comprehensive Clinical Science Examination

which will be administered by and scored by Defendants in a discriminatory manner as

described within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2 and its implementing regulations

668.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

669.     Defendants attempted to argue in <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (<u>See</u> Plaintiff Cert. at Exhibit R)

670.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (<u>See</u> Plaintiff Cert. at Exhibit S)

671.     Defendants have attempted to argue that The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (<u>See</u> Plaintiff Cert. at Exhibit R)

672.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

673.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

674.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants  /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## SEVENTY FIRST COUNT

675.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

676.      Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

677.      Specifically, Plaintiff will take the United States Medical Examination (USMLE)

Step 1 which will be administered by and scored by Defendants in a discriminatory

manner as described within this complaint which is in violation of the Americans with

Disabilities Act, 42 U.S.C. § 12101 et. seq. and its implementing regulations

678.      Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

679.      Defendants attempted to argue in   <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (<u>See</u> Plaintiff Cert. at Exhibit R)

680.      This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (<u>See</u> Plaintiff Cert. at Exhibit S)

681.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in <u>Ramsay v. Nat'l Bd. of Med.</u>

<u>Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (<u>See</u>

Plaintiff Cert. at Exhibit R)

682.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (<u>See</u> Plaintiff

Cert. at Exhibit R)

683.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

684.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SEVENTY SECOND COUNT

685.     Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

686.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

687.     Specifically, Plaintiff will take the United States Medical Examination (USMLE) Step 1 which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing regulations

688.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

689.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

690.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits

of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

691.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

692.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

693.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

694.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants  /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to

safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SEVENTY THIRD COUNT

695.      Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

696.      Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

697.      Specifically, Plaintiff will take the United States Medical Examination (USMLE)

Step 1 which will be administered by and scored by Defendants in a discriminatory

manner as described within this complaint which is in violation of The Civil Rights Act

of 1964, 42 U.S.C. §§ 2000e - 2000e17 and its implementing regulations

698.      Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

699.      Defendants attempted to argue in <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

"Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for

at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
(See Plaintiff Cert. at Exhibit R)

700.    This argument was rejected by the Third Circuit court:

"Given our conclusion that the District Court correctly held
that Ramsay has shown a likelihood of success on the merits
of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

701.    Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

702.    This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

703.    Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

704.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SEVENTY FOURTH COUNT

705.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

706.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

707.     Specifically, Plaintiff will take the United States Medical Examination (USMLE)

Step 1 which will be administered by and scored by Defendants in a discriminatory

manner as described within this complaint which is in violation of the New Jersey Law

Against Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

708.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

709.    Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

710.    This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

711.    Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

712.    This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

713.    Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

714.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## SEVENTY FIFTH COUNT

715.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

716.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

717.    Specifically, Plaintiff will take the United States Medical Examination (USMLE)

Step 1 which will be administered by and scored by Defendants in a discriminatory

manner as described within this complaint which is in violation of The New Jersey Civil

Rights Act 10:6-2 and its implementing regulations

718.        Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

719.        Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

720.        This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

721.        Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

722.    This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

723.    Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

724.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SEVENTY SIXTH COUNT

725.    Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

726.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

727.     Specifically, Plaintiff will take the United States Medical Examination (USMLE) Step 2 which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. and its implementing regulations

728.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

729.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

730.     This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (See Plaintiff Cert. at Exhibit S)

731.      Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

732.      This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

733.      Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

734.      Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

  "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SEVENTY SEVENTH COUNT

735.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

736.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

737.     Specifically, Plaintiff will take the United States Medical Examination (USMLE)

Step 2 which will be administered by and scored by Defendants in a discriminatory

manner as described within this complaint which is in violation of the Section 504 of the

Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing regulations

738.     Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

739.     Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

740.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits

of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

741.      Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

742.      This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

743.      Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

744.      Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to

safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SEVENTY EIGTH COUNT

745.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

746.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

747.     Specifically, Plaintiff will take the United States Medical Examination (USMLE)

Step 2 which will be administered by and scored by Defendants in a discriminatory

manner as described within this complaint which is in violation of The Civil Rights Act

of 1964, 42 U.S.C. §§ 2000e - 2000e17 and its implementing regulations

748.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

749.     Defendants attempted to argue in   <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for

at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
(See Plaintiff Cert. at Exhibit R)

750.    This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

751.    Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

752.    This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

753.    Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

754.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## SEVENTY NINETH COUNT

755.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

756.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

757.    Specifically, Plaintiff will take the United States Medical Examination (USMLE)

Step 2 which will be administered by and scored by Defendants in a discriminatory

manner as described within this complaint which is in violation of the New Jersey Law

Against Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

758.    Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

759.     Defendants attempted to argue in <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (<u>See</u> Plaintiff Cert. at Exhibit R)

760.     This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (<u>See</u> Plaintiff Cert. at Exhibit S)

761.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in <u>Ramsay v. Nat'l Bd. of Med.</u>

<u>Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (<u>See</u>

Plaintiff Cert. at Exhibit R)

762.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (<u>See</u> Plaintiff

Cert. at Exhibit R)

763.    Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

764.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

   "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants  /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"


## EIGHTITH COUNT

765.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

766.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

767.    Specifically, Plaintiff will take the United States Medical Examination (USMLE)

Step 2 which will be administered by and scored by Defendants in a discriminatory

manner as described within this complaint which is in violation of The New Jersey Civil

Rights Act 10:6-2 and its implementing regulations

768.         Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

769.         Defendants attempted to argue in  <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (<u>See</u> Plaintiff Cert. at Exhibit R)

770.         This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (<u>See</u> Plaintiff Cert. at Exhibit S)

771.         Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in <u>Ramsay v. Nat'l Bd. of Med.</u>

<u>Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (<u>See</u>

Plaintiff Cert. at Exhibit R)

772.      This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

773.      Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

774.      Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## EIGHTY FIRST COUNT

775.      Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

776.     Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

777.     Specifically, Plaintiff will take the United States Medical Examination (USMLE) Step 3 which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. and its implementing regulations

778.     Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

779.     Defendants attempted to argue in <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

>    "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (<u>See</u> Plaintiff Cert. at Exhibit R)

780.     This argument was rejected by the Third Circuit court:

>    "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (<u>See</u> Plaintiff Cert. at Exhibit S)

781.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

782.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

783.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

784.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

  "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in

order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## EIGHTY SECOND COUNT

785.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

786.    Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

787.    Specifically, Plaintiff will take the United States Medical Examination (USMLE)

Step 3 which will be administered by and scored by Defendants in a discriminatory

manner as described within this complaint which is in violation of the Section 504 of the

Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing regulations

788.    Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the

exams they administer even if he is not currently eligible or scheduled to take them as

they are required to pursue his career and obtain a license to practice

789.    Defendants attempted to argue in   Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

790.    This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held

that Ramsay has shown a likelihood of success on the merits
of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

791.    Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

792.    This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

793.    Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

794.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

    "Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based

strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **EIGHTY THIRD COUNT**

795.　　Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

796.　　Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

797.　　Specifically, Plaintiff will take the United States Medical Examination (USMLE) Step 3 which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 and its implementing regulations

798.　　Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

799.　　Defendants attempted to argue in　<u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

　　　　"Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an

order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

800.     This argument was rejected by the Third Circuit court:

"Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (See Plaintiff Cert. at Exhibit S)

801.     Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See Plaintiff Cert. at Exhibit R)

802.     This Argument was also rejected by the Third Circuit: "Accordingly, the District Court correctly concluded that Ramsay established she would be irreparably harmed absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff Cert. at Exhibit R)

803.     Plaintiff will be further injured irreparably by Defendants actions by delaying his education, licensing and career, causing a financial loss of future income, delay of personal milestones such as complete financial independence, retirement investing & planning, debt repayment, marriage and starting a family along with pain and suffering

804.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents /servants /employees / contractors /consultants to grade or score all of their examinations (including Subject/ Shelf Examinations, Comprehensive Basic Science Examination, Comprehensive Clinical Science Examination, Comprehensive Self Assessment Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **EIGHTY FOURTH COUNT**

805.    Plaintiff alleges and incorporates all prior statements, attached certifications and exhibits herewith

806.    Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

807.    Specifically, Plaintiff will take the United States Medical Examination (USMLE) Step 3 which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the New Jersey Law Against Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations

808.    Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

809.    Defendants attempted to argue in Ramsay v. Nat'l Bd. of Med. Examiners, 968

F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that

Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK,
> Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained
> why she would be irreparably harmed if she could not immediately obtain an
> order granting extra time on those exams (one of which she will likely not take for
> at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13
> (See Plaintiff Cert. at Exhibit R)

810.    This argument was rejected by the Third Circuit court:

> "Given our conclusion that the District Court correctly held
> that Ramsay has shown a likelihood of success on the merits
> of her claim that she has a disability for which she is entitled to
> accommodations, we will affirm the preliminary injunction
> requiring the Board to provide the accommodations on Step 2
> CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
> 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
> (See Plaintiff Cert. at Exhibit S)

811.    Defendants have attempted to argue that The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

812.    This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

813.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

814.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## EIGHTY FIFTH COUNT

815.     Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

816.     Plaintiff further alleges that Defendants through their agents, servants,

contractors, consultants and/or employees will commit discrimination in grading / scoring

their examinations as presented herewith

817.     Specifically, Plaintiff will take the United States Medical Examination (USMLE)

Step 3 which will be administered by and scored by Defendants in a discriminatory

manner as described within this complaint which is in violation of The New Jersey Civil Rights Act 10:6-2 and its implementing regulations

818.    Plaintiff is entitled to seek Injunctive Relief against Defendants for <u>all</u> of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

819.    Defendants attempted to argue in   <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (<u>See</u> Plaintiff Cert. at Exhibit R)

820.    This argument was rejected by the Third Circuit  court:

> "Given our conclusion that the District Court correctly held that Ramsay has shown a likelihood of success on the merits of her claim that she has a disability for which she is entitled to accommodations, we will affirm the preliminary injunction requiring the Board to provide the accommodations on Step 2 CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *; 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16 (<u>See</u> Plaintiff Cert. at Exhibit S)

821.    Defendants have attempted to argue that  The speculative nature of Plaintiff's alleged future harm did not warrant injunctive relief in <u>Ramsay v. Nat'l Bd. of Med. Examiners</u>, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021):"Courts have held that alleged harm is speculative where it is unclear a plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (<u>See</u> Plaintiff Cert. at Exhibit R)

822.    This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

823.    Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

824.    Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any
future developed Medical related examinations) in a non discriminatory manner; based
strictly and solely on the test candidates own merit, to the minimum standard required to
safely practice medicine; including the public disclosure of all information, computations,
studies, methods and justifications used to establish that standard and score as expected
by the public and licensing authorities for the safety of the public; not basing passing or
failing on a test candidates comparison to any current or prior testing candidate, group of
candidates cohorts or norms or curves; giving both disabled and non disabled individuals
a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in
order to successfully obtain the necessary education, certifications and/or licensure
required to pursue a career as a Physician"

## EIGHTY SIXTH COUNT

825.    Plaintiff alleges and incorporates all prior statements, attached certifications and

exhibits herewith

826.   Plaintiff further alleges that Defendants through their agents, servants, contractors, consultants and/or employees will commit discrimination in grading / scoring their examinations as presented herewith

827.   Specifically, Plaintiff will take an exam not yet created or required in order to graduate and /or become licensed as a physician which will be administered by and scored by Defendants in a discriminatory manner as described within this complaint which is in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. and its implementing regulations; and/or Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 and its implementing regulations; and/or The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 and its implementing regulations; and/or the New Jersey Law Against Discrimination ("NJLAD") NJSA 10:5-1 and its implementing regulations; and/or The New Jersey Civil Rights Act 10:6-2 and its implementing regulations

828.   Plaintiff is entitled to seek Injunctive Relief against Defendants for all of the exams they administer even if he is not currently eligible or scheduled to take them as they are required to pursue his career and obtain a license to practice

829.   Defendants attempted to argue in  Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) that Ramsay was not entitled to a injunction for exams she was not ready to take

> "Plaintiff's medical school did not mention the other US-MLE exams (Step 2 CK, Step 2 CS, and Step 3), seeAppx1513-1525, and the district court never explained why she would be irreparably harmed if she could not immediately obtain an order granting extra time on those exams (one of which she will likely not take for at least two years)." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 13 (See Plaintiff Cert. at Exhibit R)

830.   This argument was rejected by the Third Circuit court:

"Given our conclusion that the District Court correctly held
that Ramsay has shown a likelihood of success on the merits
of her claim that she has a disability for which she is entitled to
accommodations, we will affirm the preliminary injunction
requiring the Board to provide the accommodations on Step 2
CK, any written or reading portions of Step 2 CS, and Step 3." 968 F.3d 251 *;
2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 at footnote 16
(See Plaintiff Cert. at Exhibit S)

831.     Defendants have attempted to argue that  The speculative nature of Plaintiff's

alleged future harm did not warrant injunctive relief in Ramsay v. Nat'l Bd. of Med.

Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d

255 (2021):"Courts have held that alleged harm is speculative where it is unclear a

plaintiff would fail")." 2020 U.S. 3RD CIR. BRIEFS LEXIS 468 * at Footnote 14 (See

Plaintiff Cert. at Exhibit R)

832.     This Argument was also rejected by the Third Circuit: "Accordingly, the District

Court correctly concluded that Ramsay established she would be irreparably harmed

absent an injunction" 2020 U.S. App. LEXIS 24307 **; 2020 WL 4431789 (See Plaintiff

Cert. at Exhibit R)

833.     Plaintiff will be further injured irreparably by Defendants actions by delaying his

education, licensing and career, causing a financial loss of future income, delay of

personal milestones such as complete financial independence, retirement investing &

planning, debt repayment, marriage and starting a family along with pain and suffering

834.     Wherefore Plaintiff demands a declaratory judgment against Defendants in the

form of permanent injunctive relief:

"Requiring Defendants, The National Board of Medical Examiners (NBME) their agents
/servants /employees / contractors /consultants to grade or score all of their examinations
(including Subject/ Shelf Examinations, Comprehensive Basic Science Examination,
Comprehensive Clinical Science Examination, Comprehensive Self Assessment
Examinations, United States Medicine Licensing Examination Steps 1,2&3 and any

future developed Medical related examinations) in a non discriminatory manner; based strictly and solely on the test candidates own merit, to the minimum standard required to safely practice medicine; including the public disclosure of all information, computations, studies, methods and justifications used to establish that standard and score as expected by the public and licensing authorities for the safety of the public; not basing passing or failing on a test candidates comparison to any current or prior testing candidate, group of candidates cohorts or norms or curves; giving both disabled and non disabled individuals a fair opportunity to demonstrate their depth of knowledge, aptitude and achievement in order to successfully obtain the necessary education, certifications and/or licensure required to pursue a career as a Physician"

## **DEMAND FOR RELIEF**

835.    Plaintiff demands injunctive relief along with a declaratory judgment for each of

the multiple counts establishing a separate, independent claim based alleged violations of:

the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Civil Rights Act

of 1964 & 1991, the New Jersey Law Against Discrimination and the New Jersey Civil

Rights Act and their implementing regulations for each of the following: (1) Each

examination created by, scored by and administered by Defendants that Plaintiff has

taken and not passed, (2) Each examination created by, scored by and administered by

Defendants that Plaintiff must retake (3) Each Exam created by, scored by and

administered by Defendants that Plaintiff will take in the future (4) Each examination

created by, scored by and administered by Defendants that is not yet created or required

in order to obtain medical licensure

## **OFFER OF STIPULATION OF SETTLEMENT**

836.    Plaintiff offers in good faith the opportunity at any time during this action for

settlement by the parties by accepting the attached terms and signing the proposed order

attached to this complaint for approval by the court

Dated: 3/23/2023

Jason A. Zangara, MPH, MA
573 Sidorske Avenue
Manville, New Jersey 08835
(908) 672-0626
firefighterjazzyj@yahoo.com

Plaintiff, Pro Se