# Exhibit A



**Jason A. Zangara, MPH, MA, FF/NREMT, AlFireE**

573 Sidorske Avenue
Manville, NJ 08835
(908) 672-0626
firefighterjazzyj@yahoo.com



RECEIVED
NOV 14 2022
AT 8:30_____
WILLIAM T. WALSH
CLERK

November 11, 2022

**VIA UPS OVERNIGHT**

**Honorable Georgette Castner**
District Court of New Jersey
Clarkson S. Fisher U.S. Court House
402 East State Street
Room 2020
Trenton, NJ 08608

**Honorable Lois Goodman**
District Court of New Jersey
Clarkson S. Fisher U.S. Court House
402 East State Street
Room 2020
Trenton, NJ 08608

Re: **Zangara v. National Board of Medical Examiners Civil No. 3:22-cv-01559-GC-LHG**

Dear Judges Castner & Goodman

    I apologize for reaching out to you regarding the above captioned matter, however it is necessary as I am upon receipt of a filing from Defendants from yesterday. The contents of that filing is the reason why I am reaching out to you and specifically you both as I understand you are both involved in this case. I don't do this every day so if its not proper procedure or in violation of some rule I apologize. I believe though, that you would be value the importance of having all the information in front of you before making a decision jut as a patient would want all the information in front of them before deciding any treatment decisions.

    As a quick synopsis for Judge Goodman and a refresher for Judge Castner, everything is on file with the clerk regarding my statements so they can be verified if necessary in prior submissions to the court. I'm in-between my Third & Fourth years of medical school at Caribbean medical University. I returned to school after many years of failures due to being a

special education student having learning disabilities diagnosed in 9th grade and being diagnosed with ADHD and placed on medication since age 7 in (1994 I believe it was?) had an IEP all sorts of testing all of which has been documented. I was able to competed my undergraduate and graduate education online and have struggled through medical school for the past few years. As you can see, I can struggle through things such as writing and research and have demonstrated by my evaluates in school that I can safety treat and manage patients.

In order to complete medical school, I have to a series of examiners offered by Defendants, NBME. As you are aware the ADA requires that things such as places of public & private accommodations provide equal access, employers and other entities cannot deny things to people because they are disabled and as relevant to this matter, cannot grade examinations that discriminate against a protected class of people. I have brought this action against Defendants because regardless of their excuses, they are grading their exams and basing the passing scores not on a minimum standard, but on comparison to a group of people that took the exam at an earlier date. These exams include their Subject Examinations, the Clinical assessments that I have purchased directly from them, and the USMLE Steps 1,2,3.

I addition to having the fundamental flaw of there being no minimum standard these exams exclude those that have disabilities in certain areas such as I do. The way that someone is evaluated at any age is that they are given a series of tests by a physiatrist or a neurophysiologist and in school by these that are trained in special education. If these tests show that you score within a normal population, then you are lucky enough not to be diagnosed. In addition to this, you are evaluated for a discrepancy or gap in things such as an IQ score. Normally a person's verbal and performance IQ scores are the same, meaning it does not matter if your writing, problem solving ect.; you should get the same results as if you verbally answer the questions. In my case, all this testing I have gone through shows a (21 point gap?) between my verbal and performance impairments on other testing ( all of which is on file with the clerks office)

The relevance to this matter is that if these exams offered by Defendants show that I'm scoring substantially lower than those that are non disabled members of the population, their exams are nothing more than a utility to diagnose disabilities and impairments. All the exams are doing is saying "yes, you do not score like the group who took this exam at an earlier date" when they should be saying "you have met the minimum standard to practice medicine". It is possible for someone like me to be substantially limited in learning but still meat a minimum standard. It took me 10 years to earn my Associates Degree as my first, but the time is something that cannot be held against me because I must learn at a slower pace.

Defendants examinations Subject Examinations, Clinical Assessments, USMLE Steps cannot be designed and given in a matter that only shows my disabilities, they must show what I can do and know. This is detailed in the DOJ regulations that I have cited many times found at 28 CFR § 36.309

> "The examination is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills (except where those skills are the factors that the examination purports to measure)"

My school has told me that they do not decide any passing or failing grades for these exams that it is on NBME and they cannot modify anything NBME has in place. Therefore, I have brought this action against Defendants for them to grade my exams Subject Examinations, Clinical Assessments and USMLE Steps to decide if I passed them or failed them, not compared them to anyone who took the examinations at an earlier date. Despite the expense and time of trying to pass these examinations, I have asked for no money or special treatment, just grade the exams to the passing or failing standard. That's it.

Now that you are both up to speed about the background and purpose of this action, I can explain why I felt the need to reach out to you. It is apparent that Defendants and their attorneys did not anticipate that "the special ed kid who can't pass his exam in med school" could actually mitigate his disabilities enough to navigate the legal system and actually perform research. When they figured this out, they stared to play "games" assuming that I would not catch n to them or know any better.

I have read a lot of things online regarding people representing themselves and assuming an attorney doing their job is "playing games" because they simply don't understand the excessive effort this profession takes. It is not my profession, I respect what you all do, but as you can see just because I can't understand the "rocket science" behind cardio and endocrine physiology due to things such as a visual memory impairment, doesn't mean that I can't research cases. I took courses in college to be a Fire Chief so as an "employer" we are still taught how to not break laws and get sued to keep ourselves of the courthouse. I therefore have an elementary knowledge of what is going on here and where to find information.

As I have pointed out, mostly to Judge Castner, I am not accusing Defendants and their Attorney of "Playing games" because I don't understand, I have accused them of playing games because they are actually "planning games". They cannot win this litigation honestly and therefore resort to these measures because they don't anticipate what I am going to do or how much research I have done. The best example wason September 30th I had sent a letter to the clerk and copied Judge Castner when they tried to have the clerk overturn her scheduling order and give them an extension of time

> TEXT ORDER: The Court is in receipt of Plaintiff's Motion for a Preliminary Injunction. (ECF No. 19 .) Defendant shall respond on or before October 10, 2022, and Plaintiff shall reply to Defendant's response on or before October 17, 2022. **So Ordered by Judge Georgette Castner on 9/26/2022. (adi, ) (Entered: 09/26/2022)**

They cited L.Civ.R. 6.1(b) which as you are aware has nothing to do with asking for an extension of time for a Rule 65 motion.

> *3. "Breathing Room "Rule. As amended in 2010 L.Civ.R. 6.1(b), the "breathing room" rule, allows a party to obtain an essentially automatic 14-day extension of time to answer or reply to **a complaint**"* (citing Gann, New Jersey Federal Practice Rules)

They know exactly what the rule was intended for as they have already used it, (See Defendants Letter Exhibit A) but they didn't asked the judge, they went to the clerk because they knew it was an improper request (See Defendants Letter Exhibit B) After the clerk received my opposition to the request it was forwarded to Judge Caster. They requested 14 days and she gave them. As it was not in my favor because I have been reiterating the irreparable harm I am experiencing waiting for an injection, I understand her position of taking the "middle of the road" and only granting them 7 days extension. On top of this, I had learned Defendants and their Attorney Mr. Mandelsberg did not require more time to answer this injunction, but to try another case in the Eastern District of New York for another medical student that is also suing them under the ADA for an injunction in Sampson v. National Board of Medical Examiners # 2:22-cv-05120

When I didn't receive a reply on the day Judge Castner ordered their response, I assumed that they did not oppose my motion. I had found out on Wednesday however that they did file on Monday to comply with the Judge's order, but it did not arrive with me until Thursday giving me 4 days to respond. The clerk's office has explained how to use the electric system and has given

me an email address to file my own electric submitting so this does not happen to me in the future. When their brief arrived unstapled with all the pages mixed up and thrown in the Fed Ex envelope, it confirmed that I must be doing something right. There have been other instances in with I have documented to Judge Castner and are on file with the clerk's office as to this behavior by Mr. Mandelsberg.

As I have stated the purpose of this letter is to respond to what I was with served yesterday, because I will not allow Mr. Mandelsberg to keep bullying and taking advantage of me along with attempting to manipulate the both of you right in front of us all. Other then saying my "accusations" don't have any merit in less than a page (even though I submitted a 62 page brief detailing with screen shots proving that they do) They raise two issues in both footnotes. Among the many things I have stated that they are doing is (1) They consistently misrepresent cases including precedential case law to this court (2) Are lying because they can't keep tier story straight.

As for the first: Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021). Ramsay was a medical student who filed suit against the same Defendants NBME, in the Eastern District of Pennsylvania for violating the same ADA, the same statue and regulations. Defendants hired the same law firm who they hired for this case to represent them, Perkins Coie. The Attorney in Ramsay was Cariole Mew, the same Attorney who tried Sampson v. National Board of Medical Examiners in the Eastern District of New York assisting Mr. Mandelsberg which is why he didn't have to answer my Injunction. Ramsay requested more time on her exam as an accommodation, I have requested and injunction be granted to the regulation that specifies the exams need to not show my disability. The district court ranted the injunction for Ramsay, the Third Circuit affirmed that injunction. Defendants petitioned for an en bank rehearing which was denied and then filed a petition with the United States Supreme Court which was also denied.

Defendants and their attorneys are furious that I have found this case and **have copies of their original briefs which is where I am getting my informaiton from.** Which is why Mr. Mandelsberg is stopping at nothing to try and "win" this case. His strategy has become clear: he things that Judge Goodman will not read the submissions to Judge Castner and Judge Castner will not read the items submitted to Judge Goodman. That is exactly why I am submitting this to both of you so you can see what he is doing right in front of you. He first claims on page 1 at the first footnote that:

> "The Ramsay decision, however, involved fundamentally different issues than the present case and is not controlling authority on any issue now before the Court." (See Exhibit C)

I have include copies of both opinions, and will direct them to you both in a minute, but as you will see before you even read them that he is lying twice. I have include both the Opposition to Ramsay and the Opposition to my Injunctions submitted by the same Attorneys and you see the similarities have nothing to do with if it is an accommodations or a scoring case. They cited the same cases for the same reasons making the same arguments. This brief is from the district court, but as you will see the Third Circuit affined and addresses in detail why these arguments were rejected. On page 29 of their Ramsay brief they state the following:

> "It is also speculative whether Ms. Ramsay [will] pass Step 1.......Baer v. Nat'l Bd. of Med. Exam's, 392 F. Supp. 2d 42, 49 (D. Mass.2005) ("[I]t is not certain that [plaintiff] will suffer the predicted harm; she may pass the test.")"(See Exhibt D)

In this matter Defendants have stated the same thing, used the same argument that failed in Ramsay and cited the same case on page 17 of their Opposition brief in this matter

> "it is speculative whether Mr. Zangara will pass or fail the CBSE if he re-tests. If he studies and learns the materials, he might well pass. See Baer v. Nat'l Bd. of Med. Exam'rs, 392 F. Supp. 2d 42, 49 (D. Mass. 2005) ("[I]t is not certain that [plaintiff] will suffer the predicted harm; she may pass the test."). (See Exhibit E)

As you compare the two briefs, you will see that they use exactly the same cases and same arguments they did in Ramsay. I encourage you at your convince two read both side by side and you will see the Defendants arguments are exactly the same. The district court rejected these arguments as detailed by the court in the opinion that I have attached (See Exhibit F) and this was affirmed by the Third Circuit in which they cited some of the same cases that Defendants did, but properly (See Exhibit G)

The item in the second foot not of the "brief" Defendants submitted yesterday claims that my arguments I submitted in response to their motion are "inappropriate" They don't offer any explanation to the validity of my arguments all of which I cited properly. These arguments however are protected by the "Litigation Privilege" I remember reading this somewhere, but I don't have time to do extensive research before getting this letter to you both. I found this explained in a case from the District of New Jersey (Case 3:18-cv-03540-AET-DEA:)

> The litigation privilege protects absolutely against not only defamation claims, "but also from a host of other tort-related claims." Rickenbach v. Wells Fargo Bank, N.A., 635 F. Supp. 2d 389, 401 (D.N.J. 2009). "[T]he New Jersey Supreme Court noted that 'the spectrum of legal theoriesto which the privilege has been applied includes negligence, breach of confidentiality, abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, civil conspiracy, interference with contractual or advantageous business relations, and fraud.'" Giles v. Phelan, Hallinan & Schmieg, L.L.P., 901F. Supp. 2d 509, 524 (D.N.J. 2012) (quoting Loigman v. Twp. Comm. of Twp. of Middletown, 185 N.J. 566, 583 (2006)

The cases Mr. Mandelsberg cites to "justify" adding his fraud to the record proves my point - that all he is doing is misrepresenting cases to this court. I know I have done nothing wrong when he cites cases that read "Not Precedential" then misquotes the case because anything published states the exact opposite; My accusations are protected by the litigation privilege. The first case in the second footnote of page two cites In re Paige, 738 F. App'x 85, 85 (3d Cir. 2018) and claims they can file a brief because of it. This is another misrepresentation because it states in the case

> "Appellant Michele Paige begins the Summary of the Argument section of her brief by stating that "[t]he lower courts unlawfully discriminated against my husband and I [sic] —implicitly, but unambiguously holding that we are 'faggots' and 'cunts' with no rights that anyone is bound to respect" In re Paige, 738 F. App'x 85, 85 (3d Cir. 2018)

First there is no indication in this opinion that I have included that this is why the case was dismissed, it clearly states the entire appeal was without merit. Second, it does not state anything about any briefing being strickened from any records as its only 4 pages long (See Exhibit H) Lastly, there is no record in this entire docket that I made any similar statements that suggest the court should set some sort of precedent because Mr. Mandelsberg and his clients "feels are hurt" because I know how to find things out are adverse to their position.

The next case, he does the exact same thing and misrepresents this case <u>Gunn v. Credit Suisse Group AG</u>, 610 F. App'x 155, 158 n.2 (3d Cir. 2015) to the court calming it somehow justifies submission of their brief which is not detailed anywhere in the case. It has nothing to do with any comments made. I have included this case also (<u>See</u> Exhibit I) As the court stated:

> Initially, the court noted Gunn's pro se status and acknowledged that his pleadings would be liberally construed and his complaint held to less stringent standards than one drafted by an attorney. See D. Ct. Mem. Op. at 3. Even with such liberal construction, however, **the District Court concluded that the complaint was subject to summary dismissal given the simple fact that Gunn, who is not an attorney, was not qualified to represent the United States.** Gunn v. Credit Suisse Group AG, 610 F. App'x 155, 158 n.2 (3d Cir. 2015)

It states in the foot note that "unfounded" accusations were made in the litigation which was not addressed in the courts opinion or the reason for the dismissal. Everything I have submitted I have cited, as I am not producing 60+ page briefs pulling information out of the air. I will be honest I did not even waste my time looking for this other 10th Circuit case that that has been cited because I already know what I am going to find. If there was a legitimate argument to be made, there would be published cases detailing his position and there is not because nothing "wrong" has happened here.

The next Item I need to address is the changing from "this is an accommodation case" in the brief to Judge Castner on page on page 14 of their brief:

> "Accommodations allow disabled examinees to test on a level playing field with other examinees. Therefore, having received such accommodations on the CBSE, Mr. Zangara presumptively tested on a level playing field with other examinees, all of whom are then subject to the same scoring standards. Stated differently, to the extent he qualifies as disabled under the ADA, his impairment was addressed by way of the accommodations he received when he tested, and there is no basis for scoring his performance any differently than other examinees."(<u>See</u> Exhibit E)

To "this is not an accommodations case" in the footnote on page 1 of their brief to Judge Goodman:

> "Mr. Zangara is not seeking testing accommodations in this lawsuit, on the USMLE or any other test that NBME develops or administers" (<u>See</u> Exhibit C)

They are assuming that Judge Castner will not read the brief that one statement contradicts their entire brief that they framed as an "accommodations case" (<u>See</u> Exhibit C) in their prior response (<u>See</u> Exhibit E) and Judge Goodman will not read the brief that contradicts the statements made to her. This is nothing new for Defendants as their Opposition Brief starts out with "We are grading the exams we are supposed to" to "It is not in the public interest to alter the scoring of standardized tests"

As you both can see, this letter really doesn't have anything to do with the merits of the case but the representations being made to this court by their council Mr. Mandelsberg. When you have all these briefs in front of you at the same time, you can see clear as day that he is not being honest with this court and constantly changing his position. All of the issues that I had stated to the court I was able to cut and paste entire paragraphs of the Circuits Judges opinion right into my brief because they overlap so much. Ramsay is clearly the Precedential case as it contradicts each and every argument that has been made on Defendants behalf. It has nothing to do with accommodations as the Judges explanted in detail all aspects of the same statue and

regulation that I am citing, same party same attorneys, there is no better case that fits into an application for an injunction then this one. It cannot get any clearer when Defendants for example, after losing Ramsay claim to Judge Castner:

> "Section 12189 does not by its terms impose any obligations on NBME"
> (See Exhibit E, page 14)

Then claim to Judge Goodman:

> "The Ramsay decision, however, involved fundamentally different issues than the present case and is not controlling authority on any issue now before the Court." (See Exhibit C, page 1)

I could be citing example after example again as I have in my prior briefs, but I do not that the time as I am rushing to get this letter out to be deliver to you on a Friday Afternoon. I conclude with stating that, (1) I still am convinced that the Documents that have been submitted to this court by Defendants and their council are fraudulent and (2) I believe that I have shown at length that Mr. Mandelsberg is "playing" you two to rule in his favor by his dishonesty and misrepresentations to this court.

Thank you for your time and please advise if you require anything else from me.

Very truly yours,

**Jason A. Zangara, Pro Se**
**Attorney for Plaintiff**

CC: Perkins Coie Via UPS Overnight
Judge Castner & Judge Goodman Via UPS Overnight