PerkinsCoie

700 13th Street, NW
Suite 800
Washington, D.C. 20005-3960

T +1.202.654.6200
F +1.202.654.6211
PerkinsCoie.com

August 18, 2023

Adam R. Mandelsberg
AMandelsberg@perkinscoie.com

**VIA ECF**

Hon. Robert Kirsch
United States District Court for the
District of New Jersey
Clarkson S. Fisher Building &
U.S. Courthouse
402 East State St.
Trenton, NJ 08608

**Re:    Zangara v. National Board of Medical Examiners, No. 3:22-cv-01559-RK-JBD**

Dear Judge Kirsch:

We are writing on behalf of defendant the National Board of Medical Examiners (NBME) in response to plaintiff Jason Zangara's August 11, 2023, letter requesting a hearing on his motion for preliminary injunction (Dkt. 56).

Before addressing Mr. Zangara's hearing request, NBME notes that this is not the first filing in which Mr. Zangara has falsely accused NBME, its counsel, and NBME psychometrician Carol Morrison, Ph.D., of submitting "fraudulent" documents to the Court.  NBME responded to similar accusations made by Mr. Zangara in his last preliminary injunction motion by way of a proposed sur-reply.  *See* Dkt. 27-1.  To avoid repetitive and wasteful briefing, NBME will not respond at this time to Mr. Zangara's most recent barrage of baseless accusations in his August 11 letter and preliminary injunction reply brief. For the avoidance of doubt, however, NBME denies categorically Mr. Zangara's claims of wrongdoing.

Mr. Zangara's repeated accusations aimed at NBME, its employees, and its counsel are inappropriate and inconsistent with the Court's Guidelines for Litigation Conduct (the "Guidelines").  Although Mr. Zangara is not a lawyer, the same standards of civility should apply to all parties.  As noted in the Preamble to the Guidelines, "[c]onduct that may be characterized as uncivil, abrasive, abusive, hostile, or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully, and efficiently.  Such conduct tends to delay and often to deny justice." *See also Dinnerstein v. Burlington Cty. College*, 2017 WL 5593776, at *6 (D.N.J. 2017) ("While the Court must afford a pro set litigant certain leeway, the pro se litigant must act with civility ….").

Hon. Robert Kirsch
August 18, 2023
Page 2

As for Mr. Zangara's request for a hearing on his latest preliminary injunction motion, NBME respectfully submits that Mr. Zangara has shown no basis for a hearing.  "The applicable Federal Rule does not make a hearing a prerequisite for ruling on a preliminary injunction." *Bradley v. Pittsburg Bd. of Educ.*, 910 F.2d 1172, 1175 (3d Cir. 1990) (citing Fed. R. Civ. P. 65(a)).  A hearing is not necessary, for example, "if the movant is proceeding on a legal theory which cannot be sustained" or "when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Id.* at 1176.  Mr. Zangara's request should be denied on both grounds, as discussed further in NBME's opposition brief (Dkt. 54).

We greatly appreciate Your Honor's consideration of this matter.

Respectfully Submitted,

*/s/ Adam R. Mandelsberg*
Adam R. Mandelsberg

cc: Jason Zangara (via ECF)