Adam Mandelsberg, Bar No. 065532013
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

*Attorneys for Defendant*
*National Board of Medical Examiners*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jason Zangara,<br><br>                    Plaintiff,<br><br>        v.<br><br>National Board of Medical Examiners,<br><br>                    Defendant. | Civil No. 3:22-cv-01559-RK-JBD<br><br>Motion Returnable September 5, 2023 |

## REPLY IN SUPPORT
## OF NBME'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.    Mr. Zangara's procedural arguments do not save his Amended Complaint from dismissal................................................................1

    A.    The Court's determination that Mr. Zangara may proceed *in forma pauperis* does not bear on the present motion. ..........................1

    B.    NBME has not waived any arguments as to personal jurisdiction.........................................................................2

    C.    NBME is not foreclosed from moving to dismiss by the Court's order permitting the amended Complaint to be filed. ..........................6

    D.    NBME is entitled to file a renewed motion to dismiss Mr. Zangara's amended Complaint..............................................6

II.    Mr. Zangara fails to assert any viable claim for relief in this action..............8

    A.    Mr. Zangara's own exhibits belie the factual allegations in his amended Complaint..............................................................8

    B.    Mr. Zangara has not stated a claim under the ADA...........................10

    C.    Mr. Zangara has not stated a claim under the Rehabilitation Act......12

    D.    Mr. Zangara cannot pursue a Title VII claim against NBME............13

    E.    Mr. Zangara fails to state a claim under the NJLAD. ........................13

    F.    Mr. Zangara fails to state a claim under the NJCRA. ........................14

CONCLUSION ...................................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<span style="font-variant: small-caps;">CASES</span>

*Alston v. Nat'l Conf. of Bar Exam'rs*,
  314 F. Supp. 3d 620 (E.D. Pa. 2018) ................................................................15

*Ball v. Buckley*,
  2011 WL 7070658 (M.D. Pa. 2011), *rep. and rec. adopted*, 2012
  WL 175158 (M.D. Pa. 2012) ..............................................................................2

*Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*,
  181 F.3d 435 (3d Cir. 1999) ...............................................................................5

*Boggi v. Med. Rev. & Accrediting Council*,
  415 F. App'x 411 (3d Cir. 2011) .......................................................................14

*Comm. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1988) .............................................................................14

*Doe v. Nat'l Bd. of Med. Exam'rs*,
  199 F.3d 146 (3d Cir. 1999) .............................................................................12

*Graf v. Lanigan*,
  2016 WL 324946 (D.N.J. 2016) ..........................................................................2

*In re Asbestos Prods. Liability Litig. (No. VI)*,
  921 F.3d 98 (3d Cir. 2019) ..............................................................................3, 4

*In re Texas Eastern Transmission Corp.*,
  15 F.3d 1230 (3d Cir. 1994) ...............................................................................2

*Jaroslawicz v. M&T Bank Corp.*,
  912 F.3d 96 (3d Cir. 2018), *reh'g granted and judgment vacated
  on other grounds*, 925 F.3d 605 (3d Cir. 2019) ..................................................7

*Keaton v. Argo Turboserve Corp.*,
  2021 WL 3879091 (D.N.J. 2021) ........................................................................7

*Leyse v. Bank of Amer. Nat'l Ass'n*,
  804 F.3d 316 (3d Cir. 2015) ...............................................................................7

## TABLE OF AUTHORITIES (continued)

**Page(s)**

*New Earthshell Corp. v. Lycos Internet Ltd.*,
  2015 WL 170564 (D.N.J. 2015) ........................................................................5

*NovaPlast Corp. v. Inplant LLC*,
  2021 WL 5770264 (D.N.J. 2021) .......................................................................3

*Sciore v. Phung*,
  2022 WL 950261 (D.N.J. 2022) .........................................................................4

*Vorchheimer v. Philadelphian Owners Ass'n*,
  903 F.3d 100 (3d Cir. 2018) ...............................................................................9

*Warren v. Fisher*,
  2013 WL 1164492 (D.N.J. 2013) .......................................................................3

*Zhang v. Fed. of State Med. Bds.*,
  2011 WL 7154507 (M.D.N.C. 2011), *rec. adopted*, 2012 WL
  381898 (M.D.N.C. 2012), *aff'd*, 473 F. App'x 193 (2013)................................14

**STATUTES**

28 U.S.C. § 1915 ....................................................................................................2

28 U.S.C. § 1915(e)(2)(B) .....................................................................................2

42 U.S.C. § 2000e-2 .............................................................................................13

42 U.S.C. § 12189 .......................................................................................8, 11, 12

**RULES**

Fed. R. Civ. P. 12 ...............................................................................................2, 3

Fed. R. Civ. P. 12(b) ..........................................................................................5, 7

Fed. R. Civ. P. 12(b)(6)......................................................................................7, 8

Fed. R. Civ. P. 12(g)(2).........................................................................................7

Fed. R. Civ. P. 15(a)(3).........................................................................................3

# TABLE OF AUTHORITIES (continued)

**Page(s)**

Fed. R. Civ. P. 56 ...................................................................................2

**REGULATIONS**

28 C.F.R. § 36.309 .............................................................................11, 13

28 C.F.R. § 36.309(a)................................................................................11

28 C.F.R. § 36.309(b)(1)(i) ................................................................11, 12

N.J. Admin. Code § 13.13-4.5 ..................................................................13

**OTHER AUTHORITIES**

5A C. Wright & A. Miller, Fed. Prac. & Proc. § 1388 ...............................8

The 56-page opposition brief filed by Plaintiff Jason Zangara ("Mr. Zangara") fails to save his claims from dismissal. *See* Pl.'s Opp. Br. to Def. Mot. to Dismiss (Dkt. 59) ("Pl. Br.").[1] After a second attempt at pleading, he has failed to allege facts sufficient to show that the Court has personal jurisdiction over NBME. Mr. Zangara argues that NBME has somehow waived its personal jurisdiction objection, but that is incorrect. NBME has contested personal jurisdiction from the outset of this case, and there has been no waiver.

Even if the Court were to assess the substantive sufficiency of Mr. Zangara's allegations, dismissal is still warranted for failure to state a claim. The exhibits attached to Mr. Zangara's amended Complaint refute his factual assertions and, in any event, those assertions fail to state a viable claim under the ADA based on NBME's alleged scoring methodology. His Rehabilitation Act, Title VII, New Jersey Law Against Discrimination (NJLAD), and New Jersey Civil Rights Act (NJCRA) claims also fail for the reasons set out in NBME's opening brief and discussed below.

## I.   Mr. Zangara's procedural arguments do not save his Amended Complaint from dismissal.

### A.   The Court's determination that Mr. Zangara may proceed *in forma pauperis* does not bear on the present motion.

Mr. Zangara argues that his "Complaint and allegations have already survived

---

[1] NBME is addressing Mr. Zangara's arguments as best NBME understands them and to the extent necessary to support its pending motion to dismiss. NBME's decision not to address any particular contention or theory should not be interpreted as conveying agreement with any such contention or theory.

a motion to dismiss" because the Court allowed Mr. Zangara to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pl. Br. at 4-6. But as courts in this Circuit have explained, nothing about the *in forma pauperis* screening process "is intended in any way to convey any final judgment on the sufficiency of [the] pleadings, and nothing in this preliminary determination prevents the defendants from filing proper dispositive motions under either Rule 12 or Rule 56." *Ball v. Buckley*, 2011 WL 7070658, at *3 n.3 (M.D. Pa. 2011), *rep. and rec. adopted*, 2012 WL 175158 (M.D. Pa. 2012). Indeed, "this Court can…dismiss a claim under 28 U.S.C. § 1915(e)(2)(B) at any time the Court determines that the complaint has failed to state a claim upon which relief may be granted." *Graf v. Lanigan*, 2016 WL 324946, at *3 (D.N.J. 2016) (dismissing pro se complaint in response to defendants' motion to dismiss).

### B. NBME has not waived any arguments as to personal jurisdiction.

Mr. Zangara's arguments that NBME somehow waived its personal jurisdiction defense are also mistaken. *See* Pl. Br. at 6-9. Unlike the defendants in *In re Texas Eastern Transmission Corp.*, 15 F.3d 1230, 1236 (3d Cir. 1994), who "actively litigated" the action, "failed to move to dismiss based on lack of service before litigating the motions for summary judgment" and also "moved for summary judgment on other grounds," *id.* 1236, NBME's first substantive filing in this case raised a personal jurisdiction defense, *see* Dkt. 12, as did NBME's opposition to Mr. Zangara's subsequent motion for preliminary injunction, *see* Dkt. 25, and NBME

has not moved for summary judgment or done anything other than respond to Mr. Zangara's pleadings and motions.

Nor did NBME waive its personal jurisdiction objection (or any of its defenses) in its response to Mr. Zangara's motion for leave to file an amended Complaint. "Parties do not waive their 'right to contest the sufficiency of a complaint when they fail to oppose a motion to amend.'" *NovaPlast Corp. v. Inplant LLC*, 2021 WL 5570264, at *4 n.4 (D.N.J. 2021) (citations omitted); *see also Warren v. Fisher*, 2013 WL 1164492, at *6 (D.N.J. 2013) (same). As explained in NBME's response, it did not oppose Mr. Zangara's motion to amend given his pro se status and instead deferred its substantive arguments with respect to Mr. Zangara's proposed pleading to a renewed Rule 12 motion. *See* Dkt. 39 at 2-3. As the Court noted in response to Mr. Zangara's previous attempt to raise the same waiver argument: "[T]he Court … does not read Defendant's consent as agreement that the Amended Complaint states a viable claim, but rather that Defendant does not contest amendment in order to move the litigation along." Mem. Op. (Dkt. 49) at 9. NBME's pending motion to dismiss is the "required response" to Mr. Zangara's "amended pleading," as expressly contemplated under Fed. R. Civ. P. 15(a)(3).

Likewise, NBME did not waive its personal jurisdiction defense in responding to Mr. Zangara's motion for reconsideration or, alternatively, for transfer to the Eastern District of Pennsylvania. This case is not like *In re Asbestos Prods. Liability*

*Litig. (No. VI)*, 921 F.3d 98 (3d Cir. 2019), where the defendants: (a) equivocated on whether they intended to waive their personal jurisdiction defense and requested additional rulings from the district court judge before deciding whether to waive the defense; (b) objected to the case's transfer to a district with personal jurisdiction; (c) filed an answer following the parties' agreement that such a filing would constitute a waiver of the defense; and (d) acquiesced in ongoing proceedings after the court unequivocally ruled that it did not have personal jurisdiction. *Id.* at 106-108. NBME has never equivocated on its personal jurisdiction defense. NBME did not consent to Mr. Zangara's motion to transfer because it is NBME's position that Mr. Zangara's case should be ***dismissed***, while transfer would simply perpetuate and exacerbate a waste of judicial and party resources. *See* Dkt. 48 at 2 (citing *Sciore v. Phung*, 2022 WL 950261, at *17 (D.N.J. 2022)).

Finally, NBME did not waive its personal jurisdiction objection by raising other arguments in response to Mr. Zangara's motions for preliminary injunction. *See* Pl. Br. at 9. In its first opposition brief, NBME argued that Mr. Zangara was not likely to succeed on the merits because he had not shown that the Court has personal jurisdiction over NBME. *See* Dkt. 25 at 10. Indeed, the Court denied Mr. Zangara's preliminary injunction motion on this basis. *See* Dkt. 40. When Mr. Zangara filed another preliminary injunction motion, NBME again raised a personal jurisdiction defense. *See* Dkt. 54 at 13-20. NBME's other arguments were raised in the event the

Court disagreed with NBME's personal jurisdiction arguments. *Cf.* Fed. R. Civ. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion."). This is not a case where NBME opposed Mr. Zangara's preliminary injunction motion without raising its personal jurisdiction defense. *See Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (addressing waiver where a defendant "participate[d] in the adjudication of the plaintiff's application for a preliminary injunction without securing a determination of [its] challenge to the court's personal jurisdiction over him"). NBME did not waive its personal jurisdiction argument by combining it with other arguments in response to Mr. Zangara's preliminary injunction motions. The Court is able to address personal jurisdiction "before considering the merits of [Mr. Zangara's] preliminary injunction application." *See, e.g., New Earthshell Corp. v. Lycos Internet Ltd.*, 2015 WL 170564, at *2 (D.N.J. 2015) (addressing threshold issue of personal jurisdiction in ruling on preliminary injunction motion where "[i]n their opposition, Defendants argued, *inter alia*, that this Court lacks personal jurisdiction over them").

Mr. Zangara's only response to NBME's personal jurisdiction defense apart from his waiver arguments is that "other courts did not dismiss any other action [against NBME] on the grounds of lack of jurisdiction...." Pl. Br. at 8. But those

cases involved different claims, and none of the decisions he cites addresses personal jurisdiction in the first place.

Mr. Zangara's amended Complaint should be dismissed for lack of personal jurisdiction.

### C.    NBME is not foreclosed from moving to dismiss by the Court's order permitting the amended Complaint to be filed.

Just as NBME did not waive or concede any defenses to Mr. Zangara's amended Complaint by not opposing his motion for leave to amend, *see supra* Section I.B, the Court has not made any preemptive ruling that Mr. Zangara's amended Complaint states a viable claim or otherwise would survive any motion to dismiss. *See* Pl. Br. at 12. As this Court noted in granting leave to amend: "The Court does not comment on whether a meritorious claim or sufficient facts to support personal jurisdiction are set forth within the 186 pages of Plaintiff's proposed Amended Complaint." Mem. Op. (Dkt. 49) at 9.

### D.    NBME is entitled to file a renewed motion to dismiss Mr. Zangara's amended Complaint.

Mr. Zangara further contends that NBME cannot file a motion to dismiss his amended Complaint because NBME previously filed a motion to dismiss his original Complaint. *See* Pl. Br. at 9-11. NBME, however, is not foreclosed from filing a second motion to dismiss in response to Mr. Zangara's *amended* complaint. NBME is

required to respond to that amended pleading, and it may do so through a motion to dismiss. *See* Fed. R. Civ. P. 12(b); 15(a).

The circumstances of this case differ from *Leyse v. Bank of Amer. Nat'l Ass'n*, 804 F.3d 316 (3d Cir. 2015), the case primarily relied on by Mr. Zangara in this argument. In *Leyse*, the Third Circuit addressed a second Rule 12(b)(6) motion that was filed after the district court's dismissal of the complaint was vacated on appeal and held that the defendant could not raise new arguments in response to the original complaint in a subsequent motion to dismiss on remand because of the procedural bar in Federal Rule of Civil Procedure 12(g)(2). *See id.* at 319-21. In this case, NBME is responding to new allegations and claims made in an amended complaint. "[W]here … 'an amended complaint contains new factual allegations in support of a claim, Rule 12(g)(2) does not apply and the defendant may raise new defenses and objections to that claim.'" *Keaton v. Argo Turboserve Corp.*, 2021 WL 3879091, at *3 n.2 (D.N.J. 2021) (citations omitted); *see also Jaroslawicz v. M&T Bank Corp.*, 912 F.3d 96, 105 n.4 (3d Cir. 2018) ("In its second motion to dismiss, M&T either raised new arguments opposing new allegations made in the second amended complaint or renewed arguments from its previous motion seeking to dismiss the first amended complaint. Thus, the arguments … in its second motion were either not previously available or not previously omitted."), *reh'g granted and judgment vacated on other grounds*, 925 F.3d 605 (3d Cir. 2019). This is not a case where NBME

has raised defenses in its second motion to dismiss "that were available but were not asserted in a timely fashion prior to amendment." Pl. Br. at 11 (citing, *inter alia*, 5A C. Wright & A. Miller, Fed. Prac. & Proc. § 1388).[2] NBME's arguments have been expanded to address the new allegations and claims asserted in the amended Complaint. *Compare* Complaint (Dkt. 1) *and* amended Complaint (Dkt. 51).

## II.     Mr. Zangara fails to assert any viable claim for relief in this action.

### A.     Mr. Zangara's own exhibits belie the factual allegations in his amended Complaint.

Mr. Zangara references NBME's citation to a standard governing motions to dismiss based on personal jurisdiction to argue that "all allegations Plaintiff has made in his complaint including his application of the meanings of documents are true." Pl. Br. at 39 (citing NBME Br. at 5). But as NBME noted in its opening brief, in reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, conclusory allegations are not entitled to an assumption of truth. NBME also noted

---

[2] In its first motion to dismiss, NBME noted that Mr. Zangara's complaint did not state a cognizable claim under 42 U.S.C. § 12189, but it did not further address that issue given the other deficiencies in Mr. Zangara's complaint (including allegations showing his claim was barred by the statute of limitations and a failure to allege that he is disabled within the meaning of the ADA). *See* Dkt. 12-1 at 11 n.6; *see id.* at 7-19. Given the substantial revisions to Mr. Zangara's amended Complaint—including omission of factual allegations regarding when he first attempted to take the CBSE and the addition of allegations regarding his alleged disability, which plead around arguments previously made by NBME in support of its motion to dismiss the original complaint—NBME's has expanded its discussion in the pending motion to dismiss as to why Mr. Zangara has not stated a cognizable claim under the ADA. This argument is not new, only the extent to which it has been developed.

that many of Mr. Zangara's factual assertions are refuted by his own exhibits to his amended Complaint. *See* Mem. of Law in Support of NBME's Mot. to Dismiss Plaintiff's Amended Complaint ("NBME Br.") at 13-20. In considering whether a claim is plausible, a court must consider not only the allegations in the complaint but also any exhibits attached to the complaint. *See Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018) (citation omitted). "And if [plaintiff's] own exhibits contradict [his] allegations in the complaint, the exhibits control." *Id.* (citations omitted).

Mr. Zangara vaguely references an unidentified "peer reviewed article that substantiates [his] Claims" and also cites Exhibit L to his amended Complaint, which references the "Modified Angoff" and "Hofstee" methods. *See* Pl. Br. at 27. He also addresses the email attached as Exhibit I to the amended Complaint. *See id.* at 28. NBME refers to its prior arguments regarding Mr. Zangara's factual assertions in his amended Complaint, *see* NBME Br. at 15-20, and further notes that Exhibit L to the amended Complaint reflects that medical schools decide what constitutes a passing score for their schools, not NBME. *See* NBME Br. at 18-19; Complaint Ex. L (Dkt. 51-13) (discussing "standard setting studies" conducted with medical school faculty that set proposed recommended standards and explaining: "The study results are provided to assist you [*i.e.,* the medical schools] in setting fair and valid passing and honors standards for this examination."). Meanwhile, Exhibit I to the amended

Complaint is an undated email apparently sent by his medical school in response to a question posed by Mr. Zangara (his email to the school is not shown), which states that the CMU Student Performance Assessment Committee (SPAC) "cannot interfere with rules or requirements of gradings" (i.e., scoring) of exams such as the CBSE or USMLE. It does not state that NBME sets passing or failing standards for Caribbean Medical University.[3]

Mr. Zangara contends that NBME's arguments about what a document shows constitutes "testimony" by NBME's counsel. *See* Pl. Br. at 49-55. But NBME is simply discussing the information that Mr. Zangara himself introduced and placed at issue in his amended Complaint. Mr. Zangara cannot avoid what is shown on the face of his own exhibits, and it is ultimately up to the Court to determine whether Mr. Zangara has pled any plausible claim based on his allegations *and* the documents he chose to attach as exhibits to his amended Complaint.[4]

### B.    Mr. Zangara has not stated a claim under the ADA.

Mr. Zangara's ADA claim (like his other claims) also fails as a matter of law.

---

[3] As NBME noted in its opening brief, Mr. Zangara's status in medical school, both generally and specifically with respect to his alleged inability to pass any particular exams at issue, is not clear. *See* NBME Br. at 19 n.7. Further muddling the issue, Mr. Zangara contends in his opposition brief that he can "obtain an injunction for exams he is not even eligible to take." Pl. Br. at 42.

[4] As for Mr. Zangara's arguments about website references and judicial notice, *see* Pl. Br. at 46, any discussion of website information in NBME's opening brief was provided for general context; the Court does not need to consider any of the website information cited to conclude that Mr. Zangara has failed to state a claim.

Mr. Zangara offers a lengthy explanation of his legal theory under the ADA. *See* Pl. Br. at 13-23. He states that he is not proceeding on an "accommodation claim" but a "disparate impact" claim under Title III of the ADA. *Id.* at 16; *see also id.* at 31. He purports to use a Title VII framework to "prove his claims." *Id.* at 18, *see also id.* at 31.

It is not necessary to disentangle Mr. Zangara's legal theories or wade into whether a "disparate impact" claim can be asserted under Title III of the ADA, in general or in the context of this case. More simply, Mr. Zangara concedes that his ADA claim is based on an alleged violation of the regulation found at 28 C.F.R. § 36.309. *See* Pl. Br. at 31 ("this action is based on the implementing regulations which Plaintiff pled directly in his complaint in paragraph 65"); Complaint ¶ 65 (quoting 28 C.F.R. § 36.309(b)(1)(i)). The regulation found at 28 C.F.R. § 36.309 implements a specific provision in Title III of the ADA, found at 28 U.S.C. § 12189. Assuming solely for the purposes of this motion to dismiss that the statute and regulation apply to all of the examinations implicated in Mr. Zangara's amended Complaint, the statute and regulation have nothing to do with the manner in which covered exams are scored. Instead, they require testing entities such as NBME to offer examinations related to licensing for professional purposes "in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 28 U.S.C. § 12189; *see also* 28 C.F.R. § 36.309(a).

Mr. Zangara focuses on the language in 28 C.F.R. § 36.309(b)(1)(i), *see* Complaint ¶ 65 and Pl. Br. at 28-29, but as the Third Circuit has explained:

> The notion of accessibility, or best ensuring that examination results accurately reflect 'aptitude or achievement level,' *see* 28 C.F.R. § 36.309(b)(1)(i), does not mandate that the NBME provide examinations to the disabled that yield technically equal results; it mandates changes to examinations — 'alternative accessible arrangements,' 42 U.S.C. § 12189 — so that disabled people who are disadvantaged by certain features of standardized examinations may ***take the examinations*** without those features that disadvantage them.

*Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 156 (3d Cir. 1999) (emphasis added). So while Mr. Zangara insists that this is not a "testing accommodation" case, the statute and regulations that he relies on as the basis for his ADA claim make clear that equal access to testing is to be achieved through changes to the manner in which tests are administered—by way of modifications, accommodations, or auxiliary aids or services—not changes to scoring methodology.[5] Mr. Zangara therefore cannot pursue his claim and requested relief against NBME under the ADA.

### C.     Mr. Zangara has not stated a claim under the Rehabilitation Act.

Mr. Zangara's claim of disability discrimination under the Rehabilitation Act fails for the same reasons as his ADA claim, and, additionally, because he fails to allege that NBME received federal financial assistance so as to be subject to the

---

[5] Mr. Zangara does not allege (nor could he) that he has submitted any testing accommodation request to NBME or had such a request denied by NBME.

statute he invokes. *See* NBME Br. at 22-23. Mr. Zangara does not address this argument in his lengthy opposition brief.

### D.  Mr. Zangara cannot pursue a Title VII claim against NBME.

Mr. Zangara's argument that NBME is somehow subject to Title VII in this case, Pl. Br. at 38-39, fails to save his Title VII claim. In addition to the exams in question not being employment exams and NBME not being his employer, Mr. Zangara does not contest that the basis of alleged discrimination—his alleged status as a disabled individual—is not a protected class under Title VII. *See* NBME Br. at 24 (citing 42 U.S.C. § 2000e-2). He cannot pursue a claim under Title VII.

### E.  Mr. Zangara fails to state a claim under the NJLAD.

Mr. Zangara does not address NBME's argument that the NJLAD does not apply extraterritorially. *See* Pl. Br. at 47-49. Instead, he curiously argues that NBME has "ignored" a NJLAD regulation found at N.J. Admin. Code § 13.13-4.5, *see* Pl. Br. at 47, when NBME cited this very regulation in its opening brief, *see* NBME Br. at 25-26.[6]

As NBME previously explained, even if the NJLAD applied here, the administrative regulations implementing the NJLAD show that, when applicable, the statute applies in the testing context in much the same way as the ADA. *See id*. Thus, if

---

[6] NBME also discusses the ADA implementing regulations found at 28 C.F.R. § 36.309 in its opening brief, *see* NBME Br. at 20-21, so Mr. Zangara's claim that NBME has somehow failed to cite this regulation, *see* Pl. Br. at 47, is also incorrect.

Mr. Zangara is disabled within the meaning of the NJLAD, the proper course is to pursue testing accommodations to address any testing-related functional limitations he experiences from those disabilities. His challenge to NBME's scoring methodology does not state a claim under the NJLAD.

### F.     Mr. Zangara fails to state a claim under the NJCRA.

Mr. Zangara offers various arguments in response to NBME's motion to dismiss his NJCRA claim based on a failure to allege that NBME is a state actor. *See* Pl. Br. at 33-37. But Mr. Zangara cannot use arguments in his opposition brief to supplement the allegations in his amended Complaint. *See Comm. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

His arguments are misplaced, in any event. NBME, a private entity, is not a state actor simply because state medical boards rely on USMLE results as part of the medical licensure process. *See, e.g., Boggi v. Med. Rev. & Accrediting Council*, 415 F. App'x 411, 414 (3d Cir. 2011) (affirming district court holding that NBME defendants were not shown to be state actors for purposes of Section 1983 claim); *Zhang v. Fed. of State Med. Bds.*, 2011 WL 7154507, at *3 (M.D.N.C. 2011) (dismissing Section 1983 claim where defendants (including NBME) "are private actors and there is no showing of any connection to a state actor"), *rec. adopted*, 2012 WL

-14-

381898 (M.D.N.C. 2012), *aff'd*, 473 F. App'x 193 (2013); *see also, e.g., Alston v. Nat'l Conf. of Bar Exam'rs*, 314 F. Supp. 3d 620, 625 (E.D. Pa. 2018) ("NCBE is a private, non-profit corporation, which receives no public funding. Plaintiff cites no precedent to support the proposition that NCBE's activities assisting courts with the qualifications of lawyers would amount to governmental action.").

And Mr. Zangara also fails to address NBME's argument that, even if he could show that NBME is a state actor (and he cannot), he nonetheless fails to state a claim under the NJCRA because he does not identify any underlying law or con-stitutional provision that NBME allegedly violated as the predicate for this claim in the first place. *See* NBME Br. at 27.

## CONCLUSION

Mr. Zangara's amended Complaint should be dismissed for lack of personal jurisdiction over NBME. Alternatively, his amended Complaint should be dismissed for failure to state a claim.

Dated:  August 29, 2023          **PERKINS COIE LLP**

By: */s/ Adam R. Mandelsberg*
Adam R. Mandelsberg, Bar No. 065532013
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.261.6867
Facsimile: +1.212.399.8067
AMandelsberg@perkinscoie.com

*Attorneys for Defendant*
*National Board of Medical Examiners*

-15-

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing reply brief was electronically filed with the United States District Court for the District of New Jersey on August 29, 2023 and was served upon the Pro Se Plaintiff via CM/ECF and email at:

Jason Zangara
573 Sidorske Avenue
Manville, New Jersey 08835
firefighterjazzyj@yahoo.com

*/s/ Adam R. Mandelsberg*
Adam R. Mandelsberg