

**Jason A. Zangara, MPH, MA, FF/NREMT, AIFireE**

573 Sidorske Avenue
Manville, NJ 08835
(908) 672-0626
firefighterjazzyj@yahoo.com

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*NOTICE OF APPEAL\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**This Appeal is submitted for expedited disposition from the denial of a Preliminary Injunction Pursuant to 28 U.S.C. § 1657, Fed. R. App. P. 2, LAR 4.1& 8.2**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

October 7, 2023

**<u>VIA ELECTRONIC DELIVERY</u>** "emergency.motions@ca3.uscourts.gov"
**Office of the Clerk**
**United States Court of Appeals for the Third Circuit**
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**<u>VIA ELECTRONIC DELIVERY</u>** "ecfhelp@njd.uscourts.gov"
**Office of the Clerk**
**Clarkson S. Fisher U.S. Court House**
402 East State Street
Room 2020
Trenton, NJ 08608

**Re: Zangara v. National Board of Medical Examiners**
   **<u>DNJ Docket Number 3:22-cv-01559-(RK)-(JBD)</u>**

Dear Sir / Madam,

    Please accept this letter as **Notice of Appeal <u>and</u> Request for expedited and urgent relief** from the District Court of the District of New Jersey for the above captioned matter. The Appeal is based on the following grounds:

1. **The District Courts Denial of Plaintiffs requests under Rule 65 for a preliminary injunction.**

    I request the court expedite this matter **pursuant to 28 U.S.C. § 1657, Fed. R. App. P. 2, LAR 4.1& 8.2** which allow this appeal to be heard as soon as possible. I have attached a Notice of Motion for the following:

1. **To Expedite Appeal Pursuant to LAR 4.1**
2. **Motion for Injunction Pending Appeal Pursuant to FRAP 8 and LAR 8.0**

This matter is involving a delay in taking Defendant's medical licensing examinations which this court and others has ruled constitutes irreparable harm warranting expedited disposition (See Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021)( Holding Delay in ability to take Defendants examinations and education constitutes irreparable harm); Rush v. National Board of Medical Examiners, 268 F. Supp.2d 673 (N.D. Tex. 2003) (Delay in medical education and pursuing career as a physician caused by Defendants examinations constituted irreparable harm); Berger v. Nat'l Bd. of Med. Exam'rs, No. 19-CV-99, 2019 WL 4040576, at *28 (S.D. Ohio Aug. 27, 2019) ( finding that "a delay in taking the Step 2 CK exam pending the resolution of this lawsuit would deprive [plaintiff] of the opportunity to practice his chosen profession of medicine"); Doe v. Samuel Merritt Univ., 921 F. Supp. 2d 958, 964 (N.D. Cal. 2013) (medical student was likely to suffer irreparable harm by inability to participate in clinical rotations and earn medical degree while lawsuit was pending, delaying her professional career).

Defendants' own attorney Robert A. Burgoyne, who will be representing them in this matter, has stated to the Second Circuit in Sampson v National Board of Medical Examiners Docket Number 23-3 that expedited consideration of injunctions involving his clients' examinations warrant expedited consideration under these same circumstances therefore consenting to a Federal Appeals Courts ability to do so:

> "Pursuant to 28 U.S.C. § 1657 and Fed. R. App. P. 2, Defendant-Appellant National Board of Medical Examiners("NBME") respectfully submits this motion for expedited proceedings on its appeal from the district court docket Order........
>
> ARGUMENT
> I. Appeals from preliminary injunction decisions should be expedited.
>
> Pursuant to 28 U.S.C. § 1657(a), "each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of … any action for temporary or preliminary injunctive relief, or any other action if good cause therefore is shown." Fed. R. App. P. 2 also gives the Court power to expedite its decision in any appeal, on its own motion or the motion of a party.......Expedited consideration is warranted in this case......
>
> /s/ Robert A. Burgoyne
> Robert A. Burgoyne
> Caroline M. Mew
> PERKINS COIE LLP
> 700 Thirteenth Street N.W., Suite 800
> Washington, DC 20005-3960
> Telephone: 202.654.1744
> Counsel of Record for DefendantAppellant
>
> (Citing Defendants Motion for Expedited Appeal in Sampson v National Board of Medical Examiners Docket Number 23-3, Court of Appeals for the Second Circuit, DK #12)

In addition to this, I am requesting this court issue an injunction pending appeal which is also allowed by the rules and I appropriate under these circumstances:

"A party must ordinarily move first in the district court for the following relief:.....granting an injunction....A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.......The motion must..... state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action" Fed. R. App. P. 8

I have moved before the District Court for an Injunction and the court "failed to afford the relief requested" as stated on the docket report I have attached as Exhibit "A" (See Exhibit A, dk#53) The courts opinion can be found at dk#66, which I have included as Exhibit "B" (See Exhibit B dk#66)

Prior to this, I had made a motion an Injunction which is found at dk#19. While this motion was pending before the court, an order was issued for me to file a motion to amend my complaint (dk#31) so I filed this motion (dk#38). While this motion was pending, the court used my original complaint to decide the motion for the injunction and denied this motion for lack of jurisdiction (dk#40,41) I promptly filed a motion for reconsideration asking the court to decide the motion for an injunction based on the amended complaint, since I was instructed to submit one; or in the alternate to transfer the case to the Eastern District of Pennsylvania if the court believed that the amended complaint did not fix the jurisdictional issues (dk#42). The court denied the motion for reconsideration because the amended complaint had not been filed & denied my alternate motion to transfer, but granted the motion to amend the complaint, unopposed by Defendants (dk#49) which I have attached as Exhibit "C" (See Exhibit C) The Amended Complaint wasn't opposed by Defendants and filed on July 27, 2023 (dk#51).

Since (1) Defendants indicated to the court that they didn't oppose amending the complaint (dk#39) (2) The court allowed the filing of the amended complaint (dk#50) and (3) The court denied the motion to transfer (dk#50), I believed any jurisdiction issues were moot. Therefore, I promptly filed a new application for a preliminary injunction (dk#53). The court then issued an opinion denying the injunction and transferring the case Exhibit "B" (See Exhibit B dk#66). This appeal is based the denial of my motion for an injunction filed on July 28, 2023 (dk#53) which was denied by the court in its October 6th, 2023 opinion (dk#66). The court held a telephone conference on September 27,2023; which I believed was regarding my injunction as I brought up the same case I had written in my brief for that injunction ((In re: Asbestos Products Liability Litigation (No. VI), No. 17-3471 (3d Cir. 2019) - Held Personal Jurisdiction is waived if Defendants litigate merits of the case, even if objection was raised) the "Asbestos case")The courts actions both constitute a denial of the motion and invoke this court's jurisdiction to review this denial on an expedited basis. See Rolo v. General Development Corp., 949 F.2d 695, 697-98 (3d Cir. 1991):

"Although the [October] Order did not expressly "refuse" a preliminary injunction, it nonetheless had the practical effect of doing so. See 11 C. Wright A. Miller Federal Practice and Procedure § 2962 at 614 (1973) ("when a court declines to make a formal ruling on a motion for a preliminary injunction, its refusal to issue a separate order will be treated as equivalent to the denial of a preliminary injunction and will be appealable."). See also Cedar Coal Co. v. United Mine Workers,560 F.2d 1153, 1161-62 (4th Cir. 1977), cert. denied, 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978); United States v. Lynd,301 F.2d 818, 822 (5th Cir.), cert. denied, 371 U.S. 893, 83 S.Ct. 187, 9 L.Ed.2d 125 (1962)." Rolo v. General Development Corp., 949 F.2d 695, 703 (3d Cir. 1991)

"We hold further that because the district court's [October] order effectively denied the [Plaintiffs] application for a preliminary injunction, that order is appealable under 28

U.S.C. § 1292(a)(1). Finally, we conclude that the district court abused its discretion in refusing to reach the merits of the [Plaintiffs] preliminary injunction application." Rolo v. General Development Corp., 949 F.2d 695, 697-98 (3d Cir. 1991)

"In this context, we conclude that the [October] Order... was an effective denial of that application and that, assuming the truth of the [Plaintiffs] allegations, that denial would impose "serious, perhaps irreparable" consequences on them. Accordingly, the district court's order refusing to reach the merits of the application for a preliminary injunction is appealable under § 1292(a)(1) " Rolo v. General Development Corp., 949 F.2d 695, 703 (3d Cir. 1991)

I have been granted *In forma pauperis* status in the District Court and in this court a few months ago and request Leave to Proceed *In Forma Pauperis* using the Original Record Pursuant to FRAP 24(c) and LAR 30.2 again in the same manner. Please find attached the following:

1. Orders granting *In forma pauperis* status to proceed on the original record in this court and proceed *In forma pauperis* in the District Court of New Jersey (Exhibit D)
2. Docket Report as (Exhibit A)
3. The October 6,2023 opinion denying preliminary injunction (subject of this appeal) as (Exhibit B)
4. The July 21, 2023 opinion denying the motion to transfer and granting the filing of the amended complaint (Exhibit C)
5. Notice of Motion
6. Brief in Support
7. Certification of Service

I request that the court relay on all of these documents including this notice of appeal, its attachments & brief along with the briefs from the district court located at dk#53, dk#54, dk#57 to make its determinations. I would also like to note that Defendants, and their Attorney, Robert A. Burgoyne have recognized that the District of New Jersey does have jurisdiction over the Defendants, National Board of Medical Examiners in Messenger v. NBME, Docket Number 3:17-cv-03755-FLW-DEA in 2017. I have attached a stipulation of dismissal to assist this court with locating the case if it so chooses as Exhibit "E" (See In re: Janice Shelburne Haagensen, Esq., C.A. Misc. Nos. 10-8013 and 10-8046 (3d. Cir.) "It is beyond dispute that this Court may take judicial notice of publicly filed documents in other cases. See McTernan v. City of York, Pa., 577 F.3d 521, 526 (3d Cir. 2009)")

Please advise if you have any questions or require any additional information from me. Thank you for your immediate attention to this matter.

Very truly yours,

Jason Zangara

**Jason A. Zangara, Pro Se**
**Attorney for Plaintiff /Appellant**