# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Case Number: _____

Case Name: Zangara v. NBME

_____

## INFORMAL BRIEF

**DIRECTIONS**: *Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary. The total number of pages cannot exceed 30. Parties are encouraged to use one side of the paper for ease of reading. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

**1. Jurisdiction:** What order(s) of the district court or agency are you appealing?

The Denial of the Preliminary Injunction Pursuant to Rule 65. This court has Jurisdiction to review that order on an expeditied basis pursuant to 28 U.S.C. § 1657 and Fed. R. App. P. 2

What is the date of the order(s)?

October 6, 2023

When did you file your notice of appeal or petition for review?

All documents are being filed at the same time.

**2. Statement of the case:** Explain the proceedings in the district court or before the agency (i.e. what the district court or the agency did in deciding your case).

DNJ never heard the first application for injunction which was filed and never presented to a judge. Following this, second application was denied due to "lack of personal jurisdiction" Complaint was amended (unopposed by Defendants) to include jurisdictional information. Motion for reconsideration of second injunction and/ or in the alternate transfer to the Eastern District of Pennsylvania was made. Court denied motion for reconsideration and motion to transfer issuing opinion (Zangara v. Nat'l Bd. of Med. Examiners, Civil Action 22-1559 (D.N.J. Jul. 21, 2023)) and third application was made. Clerks office never presented this (third) order to show cause to judge for second time so motion was made. Court did not hear the matter in an expedited manner and did not allow an evidential hearing after Plaintiff made the request to the judge specifically requesting one.

This (Third) application for injunction was denied and opinion is attached and available at dk#66

1

3. **Statement of facts**: Explain the facts and events that led to the complaint in the district court or the action before the agency.

As the court found in its April 6, 2023 opinion:

Plaintiff, a current medical student, alleges that Defendant NBME is not complying with the requirements of the ADA because of the manner in which several required medical exams are scored. (Id.) More specifically, Plaintiff asserts that the exams offered by NBME, such as the Comprehensive Basic Science Exam ("CBSE"), are "discriminatory against [Plaintiff] and others because [the exams] do not give [medical students] a fair chance to provide that [they] are competent in what [the students] are being tested on." (Id.) The Complaint ultimately requests that the Court enjoin Defendant from grading any of Plaintiff's exams, or the exams of others who have disabilities "on a curve and deciding passing or failing based on comparing [Plaintiff] to others." (Id. at 6.) Plaintiff further requests that all exams that he has already taken and will take in the future be "evaluated [on their] own merit to determine if [Plaintiff] meet[s] the objective requirements to practice medicine, not where [Plaintiff] stand[s] compar[ed] to other test takers." (Id.).....

Zangara v. Nat'l Bd. of Med. Examiners, Civil Action 22-1559, 3-4 (D.N.J. Apr. 6, 2023)

3

**4. Statement of related cases:** Have you filed an appeal or petition for review in this case before? If so, give title of case and docket number.

Case Number: 23-1412 (3rd Cir.)

Do you have any cases related to this case pending in the district court, in the court of appeals or before the agency? If so give title of case and docket number.

No

**5.** Did the district court or the agency incorrectly decide the facts of your case? yes  If so, what facts?

"Although the [District Court's] Order did not expressly "refuse" a preliminary injunction, it nonetheless had the practical effect of doing so. See 11 C. Wright A. Miller Federal Practice and Procedure § 2962 at 614 (1973) ("when a court declines to make a formal ruling on a motion for a preliminary injunction, its refusal to issue a separate order will be treated as equivalent to the denial of a preliminary injunction and will be appealable."). See also Cedar Coal Co. v. United Mine Workers,560 F.2d 1153, 1161-62 (4th Cir. 1977), cert. denied, 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978); United States v. Lynd,301 F.2d 818, 822 (5th Cir.), cert. denied, 371 U.S. 893, 83 S.Ct. 187, 9 L.Ed.2d 125 (1962)." Rolo v. General Development Corp., 949 F.2d 695, 703 (3d Cir. 1991)

"We hold further that because the district court's order effectively denied the [Plaintiffs] application for a preliminary injunction, that order is appealable under 28 U.S.C. § 1292(a)(1). Finally, we conclude that the district court abused its discretion in refusing to reach the merits of the [Plaintiffs] preliminary injunction application." Rolo v. General Development Corp., 949 F.2d 695, 697-98 (3d Cir. 1991)

"In this context, we conclude that the... Order... was an effective denial of that application and that, assuming the truth of the [Plaintiffs] allegations, that denial would impose "serious, perhaps irreparable" consequences on them. Accordingly, the district court's order refusing to reach the merits of the application for a preliminary injunction is appealable under § 1292(a)(1) " Rolo v. General Development Corp., 949 F.2d 695, 703 (3d Cir. 1991)

5a. Jurisdiction

"[T]he courts of appeals shall have jurisdiction of appeals from: Interlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve injunctions. . . If an order is injunctive, even though interlocutory, it is immediately appealable. Cohen v. Board of Tr. of the Univ of Medicine, 867 F.2d 1455, 1464 (3d Cir. 1989)

"Plaintiffs rel[ied] on the exception in 28 U.S.C. § 1292(a)(1), which grants appellate courts jurisdiction over "[i]nterlocutory orders of the district courts of the United States ... refusing ... injunctions." Our jurisdiction under § 1292(a)(1) extends to the review of orders expressly denying injunctions and "orders that have the practical effect of ... denying injunctions." Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991) (emphasis omitted) (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 287-88, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) ). Section 1292(a)(1) 's exception to the final-decision rule is limited, so we construe § 1292(a)(1) narrowly. Ross v. Zavarella, 916 F.2d 898, 902 (3d Cir. 1990)" Distributed v. Attorney Gen. N.J., 972 F.3d 193, 198 (3d Cir. 2020)

"[W]e have held that "[w]hen an appeal is taken from an order made appealable by statute, we have all the powers with respect to that order listed in 28 U.S.C. § 2106."United Parcel Serv., Inc. v. U.S. Postal Serv., 615 F.2d 102, 107 (3d Cir. 1980). Accordingly, we have broad authority to decide this case as appropriate under § 2106." OFC Comm Baseball v. Markell, 579 F.3d 293, 298 (3d Cir. 2009); McCreary Tire Rubber Co. v. CEAT S.p.A.,501 F.2d 1032, 1037-38 (3d Cir. 1974); Johnson v. Alldredge,488 F.2d 820, 822-23 (3d Cir. 1973), cert. denied sub nom: Cronrath v. Johnson, 419 U.S. 882, 95 S.Ct. 148, 42 L.Ed.2d 122 (1974)

6. Did the district court or the agency apply the wrong law (either cases or statutes)? **yes**
   If so, what law do you want applied?

The "Desprate impact" theory of liability for examinations pursuant to the Americans with Disabilities Act and its implementing regulations such as for example 28 CFR § 36.105; 28 CFR § 36.202; 28 CFR § 36.301

"This dispute comes to the Court on a disparate-impact theory of liability. In contrast to a disparate-treatment case, where a "plaintiff must establish that the defendant had a discriminatory intent or motive," a plaintiff bringing a disparate impact claim challenges practices that have a "disproportionately adverse effect on minorities" and are otherwise unjustified by a legitimate rationale. Ricci v. DeStefano, 557 U. S. 557, 577 (2009) (internal quotation marks omitted)." Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc., 576 U.S. 519 (2015).

" To state a claim under either the ADA or the RA, [Plaintiff] must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability" Furgess v. Pa. Dep't of Corr., 933 F.3d 285, 288-89 (3d Cir. 2019)

"Plaintiff must then show that he "will be excluded from participation in or denied the benefits of services, programs, or activities of the public entity, or subjected to discrimination by the public entity." Furgess , 933 F.3d at 288-89 ; 42 U.S.C. § 12132. To satisfy this element, a plaintiff may advance "one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation." Payan v. Los Angeles Cmty. Coll. Dist. , 11 F.4th 729, 738 (9th Cir. 2021) (quoting Davis v. Shah , 821 F.3d 231, 260 (2d Cir. 2016) (citation omitted)); B.C. v. Mount Vernon Sch. Dist. , 837 F.3d 152, 158 (2d Cir. 2016) ("Exclusion or discrimination may take the form of disparate treatment, disparate impact, or failure to make a reasonable accommodation."). Doe v. Perkiomen Valley Sch. Dist., 585 F. Supp. 3d 668, 687 (E.D. Pa. 2022)

"In Alexander v. Choate , the Supreme Court found that, in passing Section 504, "[d]iscrimination against the handicapped was perceived by Congress to be most often the product, not of invidious animus, but rather of thoughtlessness and indifference—of benign neglect.... [M]uch of the conduct that Congress sought to alter in passing the Rehabilitation Act would be difficult if not impossible to reach were the Act construed to proscribe only conduct fueled by a discriminatory intent." 469 U.S. 287, 297, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985). On this basis, the Court "assume[d] without deciding that § 504 reaches at least some conduct that has an unjustifiable disparate impact upon the handicapped." Id. at 299, 105 S.Ct. 712.Ten years later, the Third Circuit relied on Choate's reasoning to hold that the ADA's protections extend beyond "deliberate discrimination": Because the ADA evolved from an attempt to remedy the effects of "benign neglect" resulting from the "invisibility" of the disabled, Congress could not have intended to limit the Act's protections and prohibitions to circumstances involving deliberate discrimination. Such discrimination arises from "affirmative animus" which was not the focus of the ADA or section 504....
"[M]uch of the conduct that Congress sought to alter in passing the Rehabilitation Act [and the ADA] would be difficult if not impossible to reach were the Act [s] construed to proscribe only conduct fueled by a discriminatory intent." Alexander v. Choate , 469 U.S. at 296-97, 105 S.Ct. at 718. Thus, we will not eviscerate the ADA by conditioning its protections upon a finding of intentional or overt "discrimination."
Helen L. , 46 F.3d at 335. Helen L. may not have used the words "disparate impact," but its holding that the ADA's protections extend beyond cases involving "deliberate," "intentional," and "overt" discrimination as well as "affirmative animus," amounts to the same thing. See Raytheon Co. v. Hernandez , 540 U.S. 44, 52, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003) (explaining that disparate impact claims may succeed "without evidence of the employer's subjective intent to discriminate that is required in a 'disparate-treatment' case"). Indeed, in the context of a claim brought under Title I of the ADA, the Supreme Court has held that "[b]oth disparate-treatment and disparate-impact claims are cognizable under the ADA." Id. at 53, 124 S.Ct. 513 (citing 42 U.S.C. § 12112(b) ). Although Raytheon fell under Title I of the ADA, the reasoning in Helen L. leads inexorably to the conclusion that disparate impact claims are cognizable under Title II of the ADA and, hence, under Section 504

Doe v. Perkiomen Valley Sch. Dist., 585 F. Supp. 3d 668, 687-88 (E.D. Pa. 2022)

"The ADA prohibits, inter alia, use of employment tests that "screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the . . . test . . ., as used by the [employer], is shown to be job-related for the position in question and is consistent with business necessity." 42 U.S.C. § 12112(b)(6); see also 42 U.S.C. § 12112(b)(7) (defining "discriminate" to include "failing to select and administer tests concerning employment in the most effective manner to ensure that, when such test is administered to a job applicant or employee who has a disability that impairs sensory, manual, or speaking skills, such test results accurately reflect the skills, aptitude, or whatever other factor of such applicant or employee that such test purports to measure, rather than reflecting the impaired sensory, manual, or speaking skills of such employee or applicant. . . ."). "Both disparate treatment and disparate impact claims are cognizable under the ADA." Raytheon Co. v. Hernandez, 540 U.S. 44, 53, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003). Quoting E.E.O.C. v. Kronos Inc., 620 F.3d 287, 296 (3d Cir. 2010)

"Under the disparate-impact statute, a plaintiff establishes a prima facie violation by showing that an employer uses "a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(k)(1)(A)(i). An employer may defend against liability by demonstrating that the practice is "job related for the position in question and consistent with business necessity." Ricci v. DeStefano, 557 U.S. 557, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009).

"Courts apply the same substantive standard to claims brought under the Rehabilitation Act and Title III of the ADA Under regulations implementing § 12189, the United States Medical Licensing Examination Step 1 exam must be administered in a way that best ensures that its results will accurately reflect a disabled examinee's aptitude rather than his disability. 28 C.F.R. § 36.309(b)(1)(i). The court defers to such regulations as reasonable interpretations of the statute." Katz v. Nat'l Bd. of Med. Exam'rs, 751 F. App'x 231 (3d Cir. 2018)

"[T]he standards adopted by titles II and III of the ADA are generally the same as those required under the RHA and that for this reason, Courts typically consider the merits of claims under both statutes together" Ramsay v. Nat'l Bd. of Med. Examiners, CIVIL ACTION NO. 19-CV-2002, 20 n.6 (E.D. Pa. Dec. 30, 2019) affirmed by Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021)

Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020) cert. denied,
141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021) - Held a delay in medical education constituted irreparable harm for issuing Injunction against Defendants for all exams including ones Plaintiff was not even ready to take yet, rejecting their "speculation arguments"

7. Are there any other reasons why the district court's judgment or the agency's decision was wrong? yes

   If so, briefly state these reasons.

In re: Asbestos Products Liability Litigation (No. VI), No. 17-3471 (3d Cir. 2019) - Held Personal Jurisdiction is waived if Defendants litigate merits of the case, even if objection was raised

"As this Court has explained, "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig., 15 F.3d 1230, 1236 (3d Cir. 1994). "In re: Asbestos Products Liability Litigation (No. VI), No. 17-3471 (3d Cir. 2019)

"On September 26, 2022, Plaintiff filed a motion for a preliminary injunction seeking relief identical to what he sought in his Complaint...On October 17, 2022, Defendant opposed the motion, arguing against the merits of Plaintiffs injunction request." Zangara v. Nat'l Bd. of Med. Examiners, Civil Action 22-1559 (D.N.J. Jul. 21, 2023)

"On April 7, 2023, Plaintiff filed the subject motion for reconsideration and/or to transferthe case to the Eastern District of Pennsylvania where Defendant is headquartered. (ECF No. 42.) " Zangara v. Nat'l Bd. of Med. Examiners, Civil Action 22-1559 (D.N.J. Jul. 21, 2023)

"Defendant initially failed to respond, and on July 11, 2023, the Court ordered Defendant to file any opposition to Plaintiffs motion by July 14, 2023. (ECF No. 47.) On July 14, 2023, Defendant filed a brief submission opposing reconsideration and transfer. (ECF No. 48.)" Zangara v. Nat'l Bd. of Med. Examiners, Civil Action 22-1559 (D.N.J. Jul. 21, 2023)

8. What action do you want the Court of Appeals to take in this case?

Review the original record for the briefs submitted in the District court (dk#53, dk#54, dk#57) for Plaintiffs motion for an Injunction, reversing the District Court & granting a Preliminary Injunction against Defendants

_____
Signature

The entire district court record is available for the court's review. You must attach copies of the district court docket entries, the opinion and order appealed, and the notice of appeal. You may, but are not required to, attach any documents filed in the district court that you think the court of appeals must see in order to decide your appeal. Documents not admitted in the district court may not be submitted to the court of appeals without permission of the court.

IMPORTANT: IF YOU ARE PROCEEDING PROCEEDING IN FORMA PAUPERIS, YOU MUST FILE AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. IF YOU HAVE PAID THE DOCKETING FEE, YOU MUST FILE AN ORIGINAL AND SIX (6) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. A COPY OF THIS BRIEF AND ANY ATTACHMENTS MUST ALSO BE SENT TO ALL OPPOSING PARTIES. YOU MUST CERTIFY ON THE ATTACHED PROOF OF SERVICE THAT A COPY OF THIS BRIEF AND ANY ATTACHMENTS WERE SENT TO ALL OPPOSING PARTIES.

# PROOF OF SERVICE

I certify that on _____ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

See attached certification of service

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _____ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: 10/7/23

Rev. 06/2018

7