# Exhibit A

10/7/23, 7:31 AM
CM/ECF LIVE 8 U.S. District Court for the District of New Jersey
Case 3:22-cv-01559-RK-JBD   Document 68-4   Filed 10/07/23   Page 2 of 44 PageID: 2552

Query    Reports    Utilities    Help    Log Out

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CIVIL DOCKET FOR CASE #: 3:22-cv-01559-RK-JBD

| | |
|---|---|
| ZANGARA v. NATIONAL BOARD OF MEDICAL EXAMINERS | Date Filed: 03/18/2022 |
| Assigned to: Judge Robert Kirsch | Date Terminated: 10/06/2023 |
| Referred to: Magistrate Judge J. Brendan Day | Jury Demand: Plaintiff |
| Case in other court: Third Circuit, 23-01412 | Nature of Suit: 446 Civil Rights: Americans with |
| Cause: 42:1983 Civil Rights Act | Disabilities - Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**JASON ZANGARA**                    represented by **JASON ZANGARA**
                                     573 SIDORSKE AVE
                                     MANVILLE, NJ 08835
                                     Email: firefighterjazzyj@yahoo.com
                                     PRO SE

V.

**Defendant**

**NATIONAL BOARD OF MEDICAL**        represented by **ADAM ROSS MANDELSBERG**
**EXAMINERS**                        PERKINS COIE LLP
                                     1155 AVENUE OF THE AMERICAS
                                     22ND FLOOR
                                     NEW YORK, NY 10036
                                     212-261-6867
                                     Email: amandelsberg@perkinscoie.com
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2022 | 1 | Complaint Received. (Attachments: # 1 Application IFP, # 2 Text of Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Civil Cover Sheet, # 10 Cover letter, # 11 Envelope) (jdg, ) (Entered: 03/21/2022) |
| 03/18/2022 | 2 | Consent & Registration Form to Receive Documents Electronically by JASON ZANGARA (jdg, ) (Entered: 03/21/2022) |
| 03/21/2022 | 3 | Exhibit to 1 Complaint Received, by JASON ZANGARA. (Attachments: # 1 Text of Proposed Order to Show Cause w/TRO, # 2 Brief in Support of TRO, # 3 Envelope)(jjc, ) (Entered: 03/21/2022) |
| 04/11/2022 | 4 | TEXT ORDER REASSIGNING CASE. Case reassigned to Judge Georgette Castner for all further proceedings. Judge Michael A. Shipp no longer assigned to case. So Ordered by Chief Judge Freda L. Wolfson on 4/11/2022. (jdg, ) (Entered: 04/11/2022) |
| 06/08/2022 | 5 | ORDER granting 1 -1 Application to Proceed in Forma Pauperis; Ordering the Clerk to file 1 Complaint; Directing the U.S. Marshal to serve the Complaint. Signed by Judge Georgette Castner on 6/8/2022. (jal, ) Modified on 6/17/2022 (jmh). (Entered: 06/09/2022) |
| 06/08/2022 | | COMPLAINT filed. See Docket Entry 1 . (jal, ) Modified on 6/17/2022 (jmh). (Entered: 06/09/2022) |
| 06/09/2022 | 6 | SUMMONS ISSUED as to NATIONAL BOARD OF MEDICAL EXAMINERS. Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. (jal, ) (Entered: 06/09/2022) |
| 06/17/2022 | 7 | CLERK'S LETTER: Transmittal of USM 285 Forms. (jmh) (Entered: 06/17/2022) |
| 06/17/2022 | | CLERK'S QUALITY CONTROL MESSAGE - Please be advised that the 6 Summons issued by the Clerk's office on 6/9/2022 were issued in error. Please disregard. (jmh) (Entered: 06/17/2022) |

| 06/17/2022 | | _5_ Order, _7_ Transmittal Letter, 1 USM 285 Form, and a Sample mailed to Plaintiff via USPS on 6/17/2022. (jmh) (Entered: 06/17/2022) |
|---|---|---|
| 07/05/2022 | | USM-285 form received for NATIONAL BOARD OF MEDICAL EXAMINERS. (jal, ) (Entered: 07/05/2022) |
| 07/05/2022 | 8 | SUMMONS ISSUED as to NATIONAL BOARD OF MEDICAL EXAMINERS. Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. (jal, ) (Entered: 07/05/2022) |
| 07/25/2022 | _9_ | SUMMONS Returned Executed by USMS. NATIONAL BOARD OF MEDICAL EXAMINERS served on 7/19/2022, answer due 8/9/2022. (jal, ) (Entered: 07/25/2022) |
| 08/08/2022 | 10 | NOTICE of Appearance of Adam R. Mandelsberg on behalf of Defendant NATIONAL BOARD OF MEDICAL EXAMINERS. (Filed via ECF Help Desk) (jal, ) (Entered: 08/09/2022) |
| 08/08/2022 | 11 | Application and Proposed Order for Clerk's Order to extend time to answer as to NATIONAL BOARD OF MEDICAL EXAMINERS. (Filed via ECF Help Desk) (jal, ) (Entered: 08/09/2022) |
| 08/09/2022 | | Clerk's Text Order - The document 11 Application for Clerk's Order to Ext Answer/Proposed Order submitted by NATIONAL BOARD OF MEDICAL EXAMINERS has been GRANTED. The answer due date has been set for 8/23/2022. (jal, ) (Entered: 08/09/2022) |
| 08/09/2022 | | CLERK'S QUALITY CONTROL MESSAGE - The NOTICE of Appearance 10 and Application and Proposed Order for Clerk's Order to extend time 11 submitted by Adam R. Mandelsberg on 8/8/2022 appears to have address information that does not match the court's records for this case. Please refer to the court's website at www.njd.uscourts.gov for information and instructions on maintaining your account. (jal, ) (Entered: 08/09/2022) |
| 08/23/2022 | 12 | MOTION to Dismiss by NATIONAL BOARD OF MEDICAL EXAMINERS. Responses due by 9/6/2022 (Attachments: # _1_ Brief in Support of Defendant's Motion to Dismiss, # _2_ Text of Proposed Order Proposed Order) (MANDELSBERG, ADAM) (Entered: 08/23/2022) |
| 08/24/2022 | | Set Deadlines as to 12 MOTION to Dismiss . Motion set for 9/19/2022 before Judge Georgette Castner. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (jal, ) (Entered: 08/24/2022) |
| 09/07/2022 | 13 | BRIEF in Opposition filed by JASON ZANGARA re 12 MOTION to Dismiss (Attachments: # _1_ EXHIBIT A, # _2_ EXHIBIT B, # _3_ EXHIBIT C, # _4_ EXHIBIT D, # _5_ EXHIBIT E, # _6_ EXHIBIT F, # _7_ EXHIBIT G, # _8_ EXHIBIT H, # _9_ EXHIBIT I, # _10_ EXHIBIT J, # _11_ EXHIBIT K, # _12_ EXHIBIT L, # _13_ EXHIBIT M, # _14_ EXHIBIT N, # _15_ EXHIBIT O, # _16_ EXHIBIT P, # _17_ Envelope)(jal, ) (Entered: 09/07/2022) |
| 09/12/2022 | 14 | Corporate Disclosure Statement by NATIONAL BOARD OF MEDICAL EXAMINERS. (MANDELSBERG, ADAM) (Entered: 09/12/2022) |
| 09/12/2022 | 15 | REPLY to Response to Motion filed by NATIONAL BOARD OF MEDICAL EXAMINERS re 12 MOTION to Dismiss (MANDELSBERG, ADAM) (Entered: 09/12/2022) |
| 09/14/2022 | 16 | LETTER BRIEF filed by JASON ZANGARA. (Attachments: # _1_ Certificate of Service, # _2_ Cover letter, # _3_ Envelope)(jal, ) (Entered: 09/14/2022) |
| 09/16/2022 | 17 | MOTION for Leave to File _Response to Plaintiff's Sur-Reply on Defendant's Motion to Dismiss_ by NATIONAL BOARD OF MEDICAL EXAMINERS. (Attachments: # _1_ Exhibit)(MANDELSBERG, ADAM) (Entered: 09/16/2022) |
| 09/19/2022 | | Set Deadlines as to 17 MOTION for Leave to File _Response to Plaintiff's Sur-Reply on Defendant's Motion to Dismiss_. Motion set for 10/17/2022 before Judge Georgette Castner. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (jal, ) (Entered: 09/19/2022) |
| 09/19/2022 | 18 | BRIEF in Opposition filed by JASON ZANGARA re 17 MOTION for Leave to File _Response to Plaintiff's Sur-Reply on Defendant's Motion to Dismiss_ (Attachments: # _1_ Certificate of Service, # _2_ Cover letter, # _3_ EXHIBIT A, # _4_ EXHIBIT B, # _5_ EXHIBIT C, # _6_ EXHIBIT D, # _7_ EXHIBIT E, # _8_ EXHIBIT F, # _9_ EXHIBIT G, # _10_ Exhibit H)(jal, ) (Entered: 09/19/2022) |
| 09/26/2022 | 19 | MOTION for Preliminary Injunction by JASON ZANGARA. (Attachments: # _1_ Brief, # _2_ Proposed Order, # _3_ Certification in Support of Application, # _4_ Certificate of Service, # _5_ Certificate of Service 2, # _6_ Cover Letter, # _7_ Shipping Envelope)(kht) (Entered: 09/26/2022) |
| 09/26/2022 | 20 | Exhibit to 19 Motion for Preliminary Injunction, by JASON ZANGARA. (Attachments: # _1_ Exhibit A, # _2_ Exhibit B, # _3_ Exhibit C, # _4_ Exhibit D, # _5_ Exhibit E, # _6_ Exhibit F, # _7_ Exhibit G, # _8_ Exhibit H, # _9_ Exhibit I, # _10_ Exhibit J, # _11_ Exhibit K, # _12_ Exhibit L, # _13_ Exhibit M, # _14_ Exhibit N)(kht) |

| | | |
|---|---|---|
| | | NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 09/26/2022) |
| 09/26/2022 | 21 | TEXT ORDER: The Court is in receipt of Plaintiff's Motion for a Preliminary Injunction. (ECF No. 19 .) Defendant shall respond on or before October 10, 2022, and Plaintiff shall reply to Defendant's response on or before October 17, 2022. So Ordered by Judge Georgette Castner on 9/26/2022. (adi, ) (Entered: 09/26/2022) |
| 09/28/2022 | | Set Deadlines as to 19 MOTION for Preliminary Injunction. Motion set for 11/7/2022 before Judge Georgette Castner. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (jal, ) (Entered: 09/28/2022) |
| 09/28/2022 | | CLERK'S QUALITY CONTROL MESSAGE - Please note the set deadlines as to 19 MOTION for Preliminary Injunction by the Clerk's office on 9/28/2022 was docketed in error. Please disregard. (jal, ) (Entered: 09/28/2022) |
| 09/29/2022 | 22 | Application and Proposed Order for Clerk's Order to extend time to answer as to Response to Plaintiff's Motion for Preliminary Injunction.. (MANDELSBERG, ADAM) (Entered: 09/29/2022) |
| 09/30/2022 | 23 | Letter in Opposition to 22 request for extension of time from JASON ZANGARA. (Attachments: # 1 EXHIBIT A, # 2 EXHIBIT B, # 3 EXHIBIT C)(jal, ) (Entered: 09/30/2022) |
| 09/30/2022 | 24 | TEXT ORDER: The Court is in receipt of the letter filed on September 29, 2022 by Defendant National Board of Medical Examiners requesting additional time to respond to Plaintiff's Motion for Preliminary Injunction. (ECF No. 22 .) The Court will permit Defendant to file a response to Plaintiff's Motion on October 17, 2022. So Ordered by Judge Georgette Castner on 9/30/2022. (adi) (Entered: 09/30/2022) |
| 10/17/2022 | 25 | BRIEF in Opposition filed by NATIONAL BOARD OF MEDICAL EXAMINERS re 19 MOTION for Preliminary Injunction (Attachments: # 1 Declaration of Carol Morrison, PHD with Exhibits A-M)(MANDELSBERG, ADAM) (Entered: 10/17/2022) |
| 10/24/2022 | 26 | REPLY BRIEF in Support filed by JASON ZANGARA re 19 MOTION for Preliminary Injunction (Filed via ECF Help Desk) (Attachments: # 1 Certificate of Service)(jdg) (Entered: 10/24/2022) |
| 11/03/2022 | 27 | MOTION for Leave to File Sur-Reply Brief in Opposition to Motion for Preliminary Injunction by NATIONAL BOARD OF MEDICAL EXAMINERS. (Attachments: # 1 Exhibit A - Sur-Reply Brief in Opposition to Motion for Preliminary Injunction)(MANDELSBERG, ADAM) (Entered: 11/03/2022) |
| 11/04/2022 | | Set Deadlines as to 27 MOTION for Leave to File Sur-Reply Brief in Opposition to Motion for Preliminary Injunction. Motion set for 12/5/2022 before Magistrate Judge Lois H. Goodman. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (jal, ) (Entered: 11/04/2022) |
| 11/04/2022 | 28 | LETTER BRIEF in Opposition filed by JASON ZANGARA re 27 MOTION for Leave to File Sur-Reply Brief in Opposition to Motion for Preliminary Injunction (Filed via ECF Help Desk) (jal, ) (Entered: 11/04/2022) |
| 11/10/2022 | 29 | REPLY BRIEF to Opposition to Motion filed by NATIONAL BOARD OF MEDICAL EXAMINERS re 27 MOTION for Leave to File Sur-Reply Brief in Opposition to Motion for Preliminary Injunction (MANDELSBERG, ADAM) (Entered: 11/10/2022) |
| 11/14/2022 | 30 | REPLY to Response to Motion filed by JASON ZANGARA re 27 MOTION for Leave to File Sur-Reply Brief in Opposition to Motion for Preliminary Injunction (Attachments: # 1 Cover Letter, # 2 EXHIBIT A, # 3 Exhibit B, # 4 EXHIBIT C, # 5 EXHIBIT D, # 6 EXHIBIT E, # 7 EXHIBIT F, # 8 EXHIBIT G, # 9 EXHIBIT H, # 10 EXHIBIT I, # 11 Envelope)(jal, ) (Entered: 11/14/2022) |
| 01/05/2023 | | Reset Deadlines as to 27 MOTION for Leave to File Sur-Reply Brief in Opposition to Motion for Preliminary Injunction. Motion set for 12/5/2022 before Judge Georgette Castner. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (ijf, ) (Entered: 01/05/2023) |
| 03/02/2023 | 31 | TEXT ORDER: The Court received Plaintiff's Certification in Support of Leave to Amend Complaint {Docket Entry No. 18 }. Plaintiff is directed to file a Motion for Leave to File an Amended Complaint in accordance with Local Civil Rule 15.1 by March 24, 2023, made returnable April 17, 2023. So Ordered by Magistrate Judge Lois H. Goodman on 3/2/2023. [Text Order mailed via email and regular mail to pro se plaintiff].(ijf, ) (Entered: 03/02/2023) |
| 03/06/2023 | 32 | NOTICE OF APPEAL as to the 31 TEXT ORDER: Plaintiff is directed to file a Motion for Leave to File an Amended Complaint in accordance with Local Civil Rule 15.1 by March 24, 2023, made returnable April 17, 2023; The USDC denial of Plaintiff's request under Rule 65 for a preliminary injunction by JASON ZANGARA. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu |

|            |     | of the record and/or the certified copy of the docket entries. (Attachments: # 1 Cover Letter, # 2 Brief, # 3 Certificate of Service, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 3rd Circuit Affidavit of Poverty, # 9 Envelope)(mg, ) ***Plaintiff granted IFP status (Entered: 03/06/2023) |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 03/06/2023 | 33  | MOTION for Leave to Appeal in forma pauperis, Expedite Appeal, annd Injunction pending Appeal by JASON ZANGARA. (mg) (Entered: 03/06/2023) |
| 03/06/2023 | 34  | TEXT ORDER: This matter comes before the Court upon review of the docket. After Defendant filed its Motion to Dismiss (ECF No. 12 ), Plaintiff requested Leave to Amend Complaint (ECF No. 18 ). Plaintiff was directed to file a Motion for Leave to File an Amended Complaint by March 24, 2023 (ECF No. 31 ). Should Plaintiff's Motion be granted, Plaintiff's Amended Complaint would serve as the operative pleading in this matter. The Court, consequently, finds good cause to administratively terminate Defendant's Motion to Dismiss (ECF No. 12 ) pending decision on Plaintiff's Motion for Leave to File an Amended Complaint. If Plaintiff's Motion to Amend is denied, the Court will reinstate Defendant's Motion to Dismiss. If Plaintiff's Motion to Amend is granted, Defendant shall answer or otherwise respond to the Amended Complaint. Defendant's Motion for Leave to File a Sur-Reply (ECF No. 17 ) is denied as moot. So Ordered by Judge Georgette Castner on 3/6/2023.(adi) (Entered: 03/06/2023) |
| 03/08/2023 | 35  | USCA Case Number 23-1412 for 32 Notice of Appeal (USCA), filed by JASON ZANGARA. USCA Case Manager Alicia (Document Restricted - Court Only) (ca3amr) (Entered: 03/08/2023) |
| 03/09/2023 | 36  | TEXT ORDER setting a Telephone Conference for 3/16/2023 10:30 AM before Magistrate Judge Lois H. Goodman. The Court will provide parties with dial in information via email by 3/10/2023. So Ordered by Magistrate Judge Lois H. Goodman on 3/9/2023. (ijf, ) (Entered: 03/09/2023) |
| 03/09/2023 | 37  | TEXT ORDER cancelling the Telephone Conference scheduled for 3/16/2023 before Magistrate Judge Lois H. Goodman. So Ordered by Magistrate Judge Lois H. Goodman on 3/9/2023. (ijf, ) (Entered: 03/09/2023) |
| 03/23/2023 | 38  | MOTION to Amend Complaint by JASON ZANGARA. (Attachments: # 1 Cover Letter, # 2 Brief in Support of Motion, # 3 Amended Complaint, # 4 Proposed Settlement Order, # 5 Certificate of Service, # 6 Certification of Complaint Exhibits, # 7 Exhibit A, # 8 Exhibit B, # 9 Exhibit C, # 10 Exhibit D, # 11 Exhibit E, # 12 Exhibit F, # 13 Exhibit G, # 13 Exhibit H, # 14 Exhibit I, # 15 Exhibit J, # 16 Exhibit K, # 17 Exhibit L, # 18 Exhibit M, # 19 Exhibit N, # 20 Exhibit O, # 21 Exhibit P, # 22 Exhibit Q, # 23 Exhibit R, # 24 Exhibit S, # 25 Exhibit T, # 26 Envelope)(kht) (Entered: 03/23/2023) |
| 03/23/2023 |     | Set Deadlines as to 38 MOTION to Amend/Correct. Motion set for 4/17/2023 before Magistrate Judge Lois H. Goodman. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (kht) (Entered: 03/23/2023) |
| 04/03/2023 | 39  | RESPONSE to Motion filed by NATIONAL BOARD OF MEDICAL EXAMINERS re 38 MOTION to Amend/Correct (MANDELSBERG, ADAM) (Entered: 04/03/2023) |
| 04/05/2023 |     | Magistrate Judge J. Brendan Day added. Magistrate Judge Lois H. Goodman no longer assigned to case. (in-cmk) (Entered: 04/05/2023) |
| 04/06/2023 | 40  | MEMORANDUM OPINION filed. Signed by Judge Georgette Castner on 4/6/2023. (mg) (Entered: 04/06/2023) |
| 04/06/2023 | 41  | ORDER denying 19 Motion for Preliminary Injunction; denying 27 Motion for Leave to File Sur-Reply. Signed by Judge Georgette Castner on 4/6/2023. (mg) (Entered: 04/06/2023) |
| 04/07/2023 | 42  | MOTION for Reconsideration by JASON ZANGARA. (Filed Via ECF Help Desk) (Attachments: # 1 Cover, # 2 Certificate of Service, # 3 Brief)(jal, ) (Entered: 04/10/2023) |
| 04/10/2023 |     | Set Deadlines as to 42 MOTION for Reconsideration. Motion set for 5/15/2023 before Judge Georgette Castner. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (jal, ) (Entered: 04/10/2023) |
| 04/10/2023 | 43  | BRIEF in Support filed by JASON ZANGARA re 38 MOTION to Amend. (Attachments: # 1 Certificate of Service, # 2 Cover Letter, # 3 envelope)(jal, ) (Entered: 04/12/2023) |
| 05/09/2023 | 44  | ORDER of USCA as to 32 Notice of Appeal (USCA), filed by JASON ZANGARA (Finance notified) (Attachments: # 1 Letter)(ca3amr) (Entered: 05/09/2023) |
| 05/15/2023 | 45  | TEXT ORDER REASSIGNING CASE. Case reassigned to Judge Robert Kirsch for all further proceedings. Judge Georgette Castner no longer assigned to case. So Ordered by Chief Judge Renee Marie Bumb on 5/15/2023. (eaj, ) (Entered: 05/15/2023) |
| 06/07/2023 | 46  | LETTER ORDER from Chief Judge Renee Marie Bumb to Pro-Se litigant. Signed by Chief Judge Renee Marie Bumb on 6/7/23. (ar1, ) (Entered: 06/07/2023) |
| 07/11/2023 | 47  | TEXT ORDER: The Court is in receipt of Plaintiff's motion for reconsideration or in the alternative to transfer, filed on April 7, 2023 (ECF No. 42 ). Defendant's response was due May 1, 2023. The Court has not received any filing |

| | | from Defendant responsive to Plaintiff's motion. If Defendant wishes to be heard on Plaintiff's motion (ECF No. 42 ), in particular, its position regarding the Plaintiff's motion to transfer venue, Defendant must file its response by July 14, 2023 by 12:00 noon. So Ordered by Judge Robert Kirsch on 07/11/2023. (Markey, P) (Entered: 07/11/2023) |
|---|---|---|
| 07/14/2023 | 48 | RESPONSE to Motion filed by NATIONAL BOARD OF MEDICAL EXAMINERS re 42 MOTION for Reconsideration (MANDELSBERG, ADAM) (Entered: 07/14/2023) |
| 07/21/2023 | 49 | MEMORANDUM OPINION filed. Signed by Judge Robert Kirsch on 7/21/2023. (kht) (Entered: 07/21/2023) |
| 07/21/2023 | 50 | ORDER that Plaintiff's Motion to Amend Complaint 38 is GRANTED. Plaintiff will file his Amended Complaint 38 -3 on the docket within seven (7) days of entry of this Order. Plaintiff's Motion for Reconsideration 42 is DENIED and Plaintiff's Motion for Change of Venue 42 is DENIED. Signed by Judge Robert Kirsch on 7/21/2023. (kht) (Entered: 07/21/2023) |
| 07/27/2023 | 51 | AMENDED COMPLAINT against NATIONAL BOARD OF MEDICAL EXAMINERS, filed by JASON ZANGARA. (Attachments: # 1 Cover Letter, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Certification, # 23 Text of Proposed Order)(mlh) (Entered: 07/27/2023) |
| 07/27/2023 | 52 | APPLICATION for Order to Show Cause Pursuant to Rule 65 for by JASON ZANGARA. (Attachments: # 1 Cover Letter, # 2 Text of Proposed Order, # 3 Certification)(mlh) (Entered: 07/27/2023) |
| 07/28/2023 | 53 | MOTION for Preliminary Injunction by JASON ZANGARA. (Filed via ECF Help Desk) (Attachments: # 1 Cover Letter, # 2 Proposed TRO, # 3 Certificate in Support, # 4 Certificate in Support 2, # 5 Certificate of Service)(jdg) (Entered: 07/28/2023) |
| 07/28/2023 | | Set Deadlines as to 53 MOTION for Preliminary Injunction. Motion set for 8/21/2023 before Judge Robert Kirsch. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (jdg) (Entered: 07/28/2023) |
| 08/07/2023 | 54 | MEMORANDUM in Opposition filed by NATIONAL BOARD OF MEDICAL EXAMINERS re 53 MOTION for Preliminary Injunction (Attachments: # 1 Second Declaration of Carol Morrison, Ph.D, # 2 Exhibit A, # 3 Exhibit B. # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W) (MANDELSBERG, ADAM) (Entered: 08/07/2023) |
| 08/10/2023 | 55 | MOTION to Dismiss the Amended Complaint by NATIONAL BOARD OF MEDICAL EXAMINERS. Responses due by 8/22/2023. (Attachments: # 1 Memorandum of Law in Support, # 2 Exhibit A, # 3 Proposed Order) (MANDELSBERG, ADAM) (Entered: 08/10/2023) |
| 08/11/2023 | | Set Deadlines as to 55 MOTION to Dismiss the Amended Complaint. Motion set for 9/5/2023 before Judge Robert Kirsch. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (jdg) (Entered: 08/11/2023) |
| 08/11/2023 | 56 | Letter to Judge Kirsch requesting a court hearing re 53 MOTION for Preliminary Injunction from JASON ZANGARA. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(jdg) (Entered: 08/11/2023) |
| 08/11/2023 | 57 | Plaintiff's Reply Brief in Support re 53 MOTION for Preliminary Injunction (Attachments: # 1 Cover Letter, # 2 Certificate of Service)(jdg) (Entered: 08/11/2023) |
| 08/18/2023 | 58 | Letter from Adam R. Mandelsberg to the Hon. Robert Kirsch in Response to Plaintiff Jason Zangara's August 11, 2023 Letter Requesting a Hearing on his Motion for Preliminary Injunction re 56 Letter. (MANDELSBERG, ADAM) (Entered: 08/18/2023) |
| 08/18/2023 | 59 | Opposition Brief to Motion filed by JASON ZANGARA re 55 MOTION to Dismiss the Amended Complaint (Filed via ECF Help Desk) (Attachments: # 1 Cover Letter, # 2 Letter Brief)(jdg) (Entered: 08/21/2023) |
| 08/20/2023 | 60 | Letter Response from JASON ZANGARA re 58 Letter. (Filed via ECF Help Desk) (jdg) (Entered: 08/21/2023) |
| 08/21/2023 | 61 | RESPONSE in Opposition filed by JASON ZANGARA re 55 MOTION to Dismiss the Amended Complaint (Attachments: # 1 Cover Letter, # 2 Certification, # 3 Envelope)(mg) (Entered: 08/23/2023) |
| 08/23/2023 | | CLERK'S QUALITY CONTROL MESSAGE - Please note the 61 RESPONSE IN OPPOSITION filed by the Clerk's office on 8/21/2023 was docketed in error. Please disregard. (mlh) (Entered: 08/23/2023) |
| 08/29/2023 | 62 | REPLY BRIEF to Opposition to Motion filed by NATIONAL BOARD OF MEDICAL EXAMINERS re 55 MOTION to Dismiss the Amended Complaint (MANDELSBERG, ADAM) (Entered: 08/29/2023) |

| 08/29/2023 | 63 | Letter to Judge Kirsh from JASON ZANGARA re 62 Reply Brief to Opposition to Motion. (Filed via ECF Help Desk ) (jdg) (Entered: 09/01/2023) |
|---|---|---|
| 09/22/2023 | 64 | TEXT ORDER: Upon the Court's review of the docket, a *Telephone Conference* has been scheduled for 12:00 p.m. on Wednesday, September 27, 2023. Call-in information is as follows: 1-888-684-8852, access code 1317475. So Ordered by Judge Robert Kirsch on 09/22/2023. (pdm) (Entered: 09/22/2023) |
| 09/27/2023 | 65 | Minute Entry for proceedings held before Judge Robert Kirsch: Telephone Conference held on 9/27/2023. (Court Reporter, Carol Farrell (856-318-6100)) (pdm) (Entered: 09/27/2023) |
| 10/06/2023 | 66 | OPINION filed. Signed by Judge Robert Kirsch on 10/6/2023. (kht) (Entered: 10/06/2023) |
| 10/06/2023 | 67 | Order transferring case to the Eastern District of Pennsylvania. Plaintiff's 53 Motion for Preliminary Injunction and Defendant's 55 Motion to Dismiss are DENIED as moot. Signed by Judge Robert Kirsch on 10/6/2023. (kht) Modified on 10/6/2023 (kht). (Entered: 10/06/2023) |
| 10/06/2023 | | ***Civil Case Terminated. (kht) (Entered: 10/06/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/07/2023 07:31:39 | | | |
| **PACER Login:** | djjazzyj | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:22-cv-01559-RK-JBD Start date: 1/1/1980 End date: 10/10/2023 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

# Exhibit B

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JASON ZANGARA,

PLAINTIFF,

V.

NATIONAL BOARD OF MEDICAL
EXAMINERS,

DEFENDANT.

Civil Action No. 22-1559 (RK) (JBD)

**OPINION**

## KIRSCH, District Judge

**THIS MATTER** comes before the Court *sua sponte* pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, Plaintiff Jason Zangara's ("Plaintiff") Complaint shall be transferred to the United States District Court for the Eastern District of Pennsylvania. Accordingly, the pending motions in this case, Plaintiff's Motion for Preliminary Injunction (ECF No. 53) and Defendant's Motion to Dismiss (ECF No. 55), are **DENIED** as moot.

## I.      BACKGROUND

Plaintiff, *pro se*, Jason Zangara, is a current medical student at Caribbean Medical University on the island of Curacao. ("Amend. Compl.," ECF No. 51 at ¶ 14.) In order to complete his medical school program, Plaintiff must take several examinations administered by the National Board of Medical Examiners ("Defendant"), including the Comprehensive Basic Science Exam ("CBSE"), the United States Medical Licensing Examination ("USMLE"), Clinical Subject Examinations, and the Comprehensive Clinical Science Examination. (*See* ECF

No. 19-3 at ¶ 18.)[1] On March 18, 2022, Plaintiff filed this action against Defendant alleging that the manner in which Defendant scores its examinations impermissibly discriminates against test-takers with disabilities. ("Compl.," ECF No. 1 at 6.) Plaintiff has been diagnosed with Attention Deficit/Hyperactivity Disorder ("ADHD") and various learning disabilities. (*Id.* at 6.) In his original Complaint, Plaintiff asked the Court to enjoin Defendant from grading exams on a curve, which Plaintiff alleges compares the scores of disabled students to those of non-disabled students. (*Id.*)

On August 23, 2022, Defendant moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) Before the Court ruled on Defendant's motion, on September 26, 2022, Plaintiff filed a Motion for a Preliminary Injunction. (ECF No. 19). Defendants opposed the preliminary injunction motion on the basis that the Court lacked personal jurisdiction over Defendant and also on the merits. (ECF No. 25 at 10.) In his brief in opposition, Plaintiff requested leave to amend his complaint, (ECF No. 18), and on March 6, 2023, the Honorable Georgette Castner directed Plaintiff to file a motion for leave to file an amended complaint and administratively terminated Defendant's Motion to Dismiss, (ECF No. 34). On March 23, 2023, Plaintiff filed a Motion to Amend Complaint. (ECF No. 38.)

On April 6, 2023, before ruling on Plaintiff's Motion to Amend Complaint, Judge Castner denied Plaintiff's Motion for a Preliminary Injunction. (ECF Nos. 40, 41.) Without reaching the merits of Plaintiff's arguments, Judge Castner found that the Court lacked personal jurisdiction over Defendant. (ECF No. 40 at 10–11.) Judge Castner reasoned that Defendant was

---

[1] On April 7, 2023, in his Motion for Reconsideration or Transfer, Plaintiff raised the prospect of, and in the alternative, requested, transfer of the subject case to the Eastern District of Pennsylvania. (ECF No. 42-3 at 2.)

not subject to the Court's exercise of general jurisdiction because Defendant is incorporated in Washington, D.C., headquartered in Pennsylvania, and has no operations in New Jersey. (*Id.* at 9.) Judge Castner further found that the Court lacked specific jurisdiction over Defendant because Plaintiff's sole allegation of Defendant's contact with New Jersey—that Plaintiff apparently took Defendant's examinations for a fee while Plaintiff was located in New Jersey—was insufficient to establish that Defendant "purposefully availed itself or directed its activities to the state of New Jersey." (*Id.* at 10.)

The day after Judge Castner denied Plaintiff's Motion for a Preliminary Injunction, Plaintiff filed a Motion for Reconsideration or Transfer. (ECF No. 42-3.) Plaintiff requested that Judge Castner reconsider her opinion because the opinion relied on Plaintiff's original Complaint rather than his proposed Amended Complaint. (*Id.* at 1.) In the alternative, Plaintiff requested that this action be transferred to the Eastern District of Pennsylvania "which encompasses the city of Philadelphia where Defendant[']s principle [sic] place of business is located." (*Id.* at 2.)

On May 15, 2023, this case was reassigned to the Undersigned. (ECF No. 45.) Upon review of the docket in this case in July 2023, it came to the Court's attention that Defendant failed to respond to Plaintiff's Motion for Reconsideration or Transfer, notwithstanding the fact that the response deadline had passed on May 1, 2023, over two months prior. As a courtesy, the Court requested that Defendant respond by July 14, 2023 if Defendant wished to be heard on Plaintiff's motion and sought "in particular, [Defendant's] position regarding the Plaintiff's motion to transfer venue." (*Id.*) On July 14, 2023, Defendant filed its response—the response spans a little more than a single page and contains only one citation to a single unpublished, district court case. (ECF No. 48.)

On July 21, 2023, the Court denied Plaintiff's Motion for Reconsideration. (ECF Nos. 49, 50.) The Court also denied Plaintiff's Motion to Transfer without prejudice and with leave to refile. (ECF No. 49 at 8.) The Court reasoned that, because the parties had not substantially briefed the issue of transfer, the Court may benefit from more information from the parties. (*Id.* at 7–8.) The Court also found the interests of justice required that Plaintiff, who is proceeding *pro se*, have an opportunity to file an Amended Complaint. (*Id.* at 9.)

On July 27, 2023, Plaintiff filed his Amended Complaint. In his Amended Complaint, Plaintiff attempts to cure the jurisdictional defects identified by Judge Castner. (Amend. Compl. at ¶¶ 5–9.) The next day, Plaintiff filed a second Motion for a Preliminary Injunction, (ECF No. 53), and on August 10, 2023, Defendant filed a second Motion to Dismiss, (ECF No. 55), seeking to dismiss the Amended Complaint for lack of personal jurisdiction, as well as on the merits.

Upon reviewing Plaintiff's Amended Complaint and the parties' briefing on the pending motions, the Court continued to have reservations as to whether Defendant was subject to personal jurisdiction in this District. The Court, therefore, determined that it was prudent to hold a telephonic conference on the record to discuss the parties' respective positions on transfer of this case to the Eastern District of Pennsylvania. At the conference, Plaintiff consented to transfer. However, while Defendant acknowledged that the Eastern District of Pennsylvania would have personal jurisdiction over Defendant, Defendant nonetheless objected to transfer. The Court now, on its own motion pursuant to 28 U.S.C. § 1404(a), considers whether transfer to the Eastern District of Pennsylvania is in the interests of justice.

## II.     LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought or to any district or division to which all parties have consented." A decision to transfer a case pursuant to Section 1404(a) is within the sound discretion of the district court. *Lafferty v. Gito St. Riel*, 495 F.3d 72 (3d Cir. 2007) ("Section 1404(a) transfers are discretionary determinations made for the convenience of the parties."); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973) (district courts have "large discretion" in evaluating transfer); *Sidari v. Caesar's Pocono Resorts*, 29 F. App'x 845, 847 (3d Cir. 2002) ("Transfer decisions fall to the discretion of the District Court."); *Ziembiewicz v. R+L Carriers, Inc.*, 2013 U.S. Dist. LEXIS 17114, at *5–6 (D.N.J. Feb. 8, 2013) ("The decision to transfer under § 1404(a) is entirely within the discretion of the district court . . . .").

Coupled with the district court's significant discretion in making transfer decisions is the court's right to transfer cases *sua sponte*. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020); *see also Amica Mutual Insurance Co. v. Fogel*, 656 F.3d 167, 180 (3d Cir. 2011). However, when a court decides to *sua sponte* transfer a case, the court should provide the parties with an opportunity to be heard. *Deibler, et al v. Basic Research LLC*, et al, No. 119-20155, 2023 WL 6058866, at *4 (D.N.J. Sept. 18, 2023)

When considering whether transfer is appropriate, courts in the Third Circuit conduct a two-step analysis. First, the district court must determine whether the alternative venue is one in which the case might have been brought. This inquiry has two parts: (1) the Court must determine that venue would be proper in the transferee district, and (2) the Court must determine that the transferee district can exercise personal jurisdiction over all parties. Transfer under Section 1404(a) also presumes that venue is proper in the transferor district. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

If venue is proper and the transferee court would have personal jurisdiction, courts proceed to the second step of the analysis: assessing a set of "private" and "public" interests "to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (internal citation and quotations omitted). The private interests include: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in one of the fora; and (6) the location of books and records. *Id.* The public interests include: (1) the enforceability of the judgment; (2) practical considerations in making the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* "Though *Jumara* provided these factors to assess the appropriateness of transfer, 'there is no definitive formula or list of the factors to consider.'" *Deibler, et al*, 2023 WL 6058866, at *3 (*quoting Eagle View Techs., Inc. v. GAF Materials*, LLC, 594 F. Supp. 3d 613, 619 (D.N.J. Mar. 28, 2022)).

## III.   **DISCUSSION**

### A.  Forum Where this Case May Have Been Brought

At the first step of the transfer analysis, the Court finds that Plaintiff could have originally brought this action in the Eastern District of Pennsylvania.[2]

#### 1.  *Proper Venue*

---

[2] As a threshold matter, the Court also notes that, while the parties' briefing on the issue of transfer was, frankly, deficient, without question, the parties have had an opportunity to be heard both on the papers and during a telephonic conference. (*See* ECF Nos. 42, 48, 65.)

The first part of this inquiry requires the Court to consider whether venue is proper in both the transferor and transferee districts. Venue is proper in this District, the transferor district, because the parties do not contest it. By filing suit in the District of New Jersey, Plaintiff consented to venue here. *See, e.g.*, *Nowak Dental Supplies, Inc. v. Dentsply Int'l, Inc.*, No. 07-1799, 2008 WL 11363797, at *2 (M.D. Pa. Aug. 4, 2008). In addition, Defendant waived any objection to venue here by failing to raise it in its initial Motion to Dismiss. (ECF No. 12-1); *see Med-X Glob., LLC v. Azimuth Risk Sols., LLC*, No. 17-13086, 2018 WL 4089062, at *4 (D.N.J. Aug. 27, 2018).

Venue is also proper in the Eastern District of Pennsylvania, the transferee district. Venue properly lies in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Defendant is a non-profit corporation—a corporate defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). In short, a corporate defendant's residence for venue purposes is the same as its citizenship for personal jurisdiction purposes. The Court must therefore determine whether the Eastern District of Pennsylvania can exercise personal jurisdiction over Defendant.

A court may exercise personal jurisdiction over a corporate defendant in its place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Plaintiff alleges in his Amended Complaint that Defendant is incorporated in Washington, D.C. and has its principal place of business at its headquarters at 3750 Market Street in Philadelphia, Pennsylvania. (Amend. Compl. at ¶ 3.) The Court also notes that, according to the District of Columbia registry of corporations, NBME is incorporated in Washington, D.C. and has its "business address" in Pennsylvania. (ECF No. 12-1, Ex. A, at 27–28). Because Defendant's

principal place of business is in Philadelphia, Defendant would be subject to personal jurisdiction in the Eastern District of Pennsylvania.[3] It follows that venue is also proper there.

### 2.  *Personal Jurisdiction*

The second part of the inquiry is determining whether the transferee district can exercise personal jurisdiction over all parties. As noted above, the Eastern District of Pennsylvania can exercise personal jurisdiction over Defendant. Therefore, the Court turns to whether the Eastern District of Pennsylvania can exercise personal jurisdiction over Plaintiff. By proposing a transfer to the Eastern District of Pennsylvania, Plaintiff has consented to personal jurisdiction there. *See Beauty Plus Trading Co. v. I & I Hair Corp.*, No. 20-9268, 2020 WL 6156285, at *4 (D.N.J. Oct. 21, 2020); *see also Ingersoll-Rand Fin. Corp. v. Callison*, 844 F.2d 133, 137 (3d Cir. 1988). The Court also notes that during the Court's September 26, 2023 telephonic conference, Plaintiff represented that, if the Court were to find it lacks personal jurisdiction over Defendant, Plaintiff intends to refile this case in the Eastern District of Pennsylvania. The Court therefore finds that Plaintiff has consented to personal jurisdiction there.

### B.  Private and Public Interest Factors

Having determined that venue is proper and personal jurisdiction would exist over both parties in this case, this Court now turns to the second step of the transfer analysis: reviewing the *Jumara* factors to determine whether this case would more conveniently proceed, and the interests of justice would be bettered served, by transfer. Balancing the private and public interest factors in the context of this case, the Court concludes that the interests of justice are best served by transferring this case to the Eastern District of Pennsylvania.

---

[3] The Court notes that Philadelphia is located within the Eastern District of Pennsylvania.

1. *Private Interests*

First, the Court reviews the private interest factors. The first and second factors are the parties' forum preferences. The Court finds that these factors do not weigh heavily for or against transfer. Plaintiff's preferred forum is evidently New Jersey as he filed the case in this District. While a plaintiff's choice of forum is "presumptively correct . . . [t]he choice of forum by a plaintiff is simply a preference; it is not a right." *Prime Hookah, Inc. v. MK Distribs.*, Inc., No. 19-7283, 2020 WL 563524, at *3 (D.N.J. Feb. 5, 2020) (alteration in original) (internal citation and quotations omitted); *see also Dialight Corporation v. Allen*, No. 15–1090, 2015 WL 5996287, at *5 (D.N.J. Oct. 14, 2015). Moreover, "[c]ourts afford a plaintiff's choice substantially less weight where, for example, the central facts of the lawsuit did not occur there." *Interlink Prod. Int'l, Inc. v. Crowfoot*, No. 20-10566, 2020 WL 6707946, at *7 (D.N.J. Nov. 16, 2020) (citing *Nat'l Prop. Inv'rs VIII v. Shell Oil Co.*, 917 F. Supp. 324, 327 (D.N.J. 1995)). As will be addressed further below, the central facts of this lawsuit did not occur in New Jersey. Moreover, as noted above, Plaintiff raised the specter of transferring this case, signaling his consent to suit in the Eastern District of Pennsylvania, and has represented that, if the Court dismisses this case, he will refile it in the Eastern District of Pennsylvania. Defendant, by contrast, objects to transfer to its home venue. However, Defendant acknowledged at the Court's telephonic conference that the Eastern District of Pennsylvania would have personal jurisdiction over Defendant and that the only basis for Defendant's objection is its belief that Plaintiff's claims are meritless. The Court therefore finds that the parties' choice of forum is essentially neutral as to transfer.

The third private interest factor is where the claim arose. Generally, a claim arises in the forum containing the dispute's "center of gravity," that is, where the events and transactions central to the dispute occurred. *Allied Old Eng., Inc. v. Uwajimaya, Inc.*, Civil No. 11-1239, 2012 WL

3564172, at \*4 (D.N.J. Aug. 16, 2012). The Court concludes Plaintiff's claims arose in the Eastern District of Pennsylvania, and thus this factor weighs heavily in favor of transfer. Plaintiff's Amended Complaint challenges the methodology employed by Defendant to score its examinations. Indeed, each of Plaintiff's eighty-six (86) counts allege that Defendant "[has] committed and/or will commit discrimination in *grading/scoring* their examinations." (*See, e.g.*, Amend. Compl. at ¶ 126) (emphasis added).[4] Plaintiff claims that, after failing multiple examinations administered and graded by NBME, he began researching how the NBME examinations "were set up and scored." (*Id.* at ¶¶ 50–51.) He alleges that he "discovered his cause of action against Defendants" when he "found out these examinations . . . were scored using complex methods that were comparing his score to scores of others." (*Id.* at ¶ 53.) Plaintiff proceeds to describe NBME's alleged scoring methods and how "this scoring violates federal and state laws and regulations." (*See, e.g., id.* at ¶¶ 63, 68; *see also id.* at ¶ 84 ("[s]coring this exam in this manner is a violation of numerous federal and state laws"); *id.* at ¶ 101 ("Defendants scoring methods utilized are discriminatory."))

Simply put, the alleged violative conduct in this case is limited to Defendant's *scoring* of examinations. Plaintiff attempts to broaden the scope of this case by stating that this action "arises from those business activities in relation to including, but not limited to creating, administering and scoring examinations and collecting fees from Plaintiff and others." (*Id.* at ¶ 9.) However, the Court has carefully reviewed Plaintiff's one hundred and eighty-four-page (184), eight hundred

---

[4] *See also* Amend. Compl. at ¶¶ 131, 136, 146, 151, 156, 161, 166, 171, 176, 181, 186, 191, 196, 201, 206, 211, 216, 221, 226, 231, 236, 241, 246, 251, 256, 261, 266, 271, 276, 286, 296, 306, 316, 326, 336, 346, 356, 366, 376, 386, 396, 406, 416, 426, 436, 446, 456, 466, 476, 486, 496, 506, 516, 526, 536, 546, 556, 566, 576, 586, 596, 606, 616, 626, 636, 646, 656, 666, 676, 686, 696, 706, 716, 726, 736, 746, 756, 766, 776, 786, 796, 806, 816, 826.

and thirty-six-paragraph (836) Amended Complaint and concludes that Plaintiff's allegations are all based on NBME's scoring methods.

In considering this third factor, the Court finds that the central, allegedly wrongful acts giving rise to Plaintiff's claims—*i.e.* scoring of examinations—were performed in the Eastern District of Pennsylvania. Plaintiff does not allege that Defendant's scoring activities occurred in New Jersey.[5] Indeed, nothing in the Amended Complaint suggests to the Court any facts to support that NBME has any offices or employees located in New Jersey, let alone that NBME scores examinations in New Jersey. Moreover, in its Motion to Dismiss, Defendant represents that examination scoring takes place at NBME's offices in Philadelphia. (ECF No. 55 at 10–11.) In his opposition brief, Plaintiff does not contest this fact or present any conflicting evidence to suggest that scoring takes place in New Jersey. The Court therefore finds that Plaintiff's claims arose in the Eastern District of Pennsylvania, favoring transfer of this case there.

Next, the Court considers the fourth private interest factor: the convenience of the parties as indicated by their relative physical and financial condition. Neither party has indicated any physical or financial difficulties would stem from transfer, nor could they, given the proximity of the transferor and transferee districts. Transfer is not inconvenient for Plaintiff: the Eastern District of Pennsylvania is this District's neighbor. In addition, as the Court has noted multiple times, NBME is headquartered in the Eastern District of Pennsylvania, making it a more convenient

---

[5] The Court also points out that Plaintiff's Amended Complaint does not make clear that he even took any NBME examinations in New Jersey. Plaintiff alleges that he resides in Somerset County, New Jersey, but that he is enrolled as a medical student at Caribbean Medical University on the island of Curacao. (Amend. Compl. at ¶¶ 2, 14). The sole assertion that the Court has identified as to where Plaintiff's alleged test-taking took place is in Plaintiff's Certification in support of his first Motion for Preliminary Injunction, which was denied by the Honorable Georgette Castner, in which Plaintiff states that he took the CBSE and Subject Examinations in New Jersey. (ECF No. 19-3 at ¶¶ 23, 25).

venue for Defendant to litigate this case. The Court therefore finds that the fourth factor strongly weighs in favor of transfer.

The Court finds that the fifth factor, the convenience of the witnesses, is neutral. While the forum encompassing Defendant's headquarters is likely the most convenient location for the attendance of most of the witnesses in this case, this factor is only relevant "to the extent that witnesses may actually be unavailable for trial." *Jumara*, 55 F.3d at 879. Given this District's proximity to the Eastern District of Pennsylvania, it is unlikely that witnesses would be unavailable in either forum.

The final private interest factor is the location of books and records. Defendant's headquarters is also the likely site of most of the records that would be issue in this case. However, to the extent that these records can be produced electronically, their location is "of little relevance." *Deibler, et al*, 2023 WL 6058866, at *7 (citing *See Lang v. Patients Out of Time*, No. 20-615, 2020 WL 5531249, at *5 (D.N.J. Sept. 15, 2020) ("Given the prevalence of electronically stored information and technological advances, documents or records can be easily moved electronically to different venues.")). The Court thus finds the location of records to be neutral as to transfer to the extent that relevant records may be transmitted electronically. Having considered all six private interest factors, the Court concludes that, on balance, the private interest factors favor transfer.

2. *Public Interests*

The Court now turns to the public interest factors. The Court finds that these factors also support transfer. The first factor is the enforceability of the judgment. This factor is "not concerned with the *convenience* with which the parties may obtain a judgment; rather, this factor concerns whether a judgment is *capable* of being enforced at all." *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 406 n.10 (3d Cir. 2017) (emphasis in original). "[W]hen both forums are federal district

courts, this factor has little relevance because it is unlikely that there would be any significant difference in the difficulty of enforcing a judgment rendered by one federal forum or the other." *Interlink Prod. Int'l, Inc. v. Crowfoot*, No. 20-10566, 2020 WL 6707946, at *8 (D.N.J. Nov. 16, 2020); *see also In re Howmedica Osteonics Corp.*, 867 F.3d at 410. However, a party may obtain relief from a final judgment under Federal Rule of Civil Procedure 60(b)(4) "if the court that rendered [the judgment] lacked personal jurisdiction over the defendant." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). Here, both the transferor and transferee forums are federal district courts. However, as this Court will discuss further below, the Court's personal jurisdiction over Defendant is disputed, and if this Court were to lack jurisdiction over Defendant, it would, as a result, lack the authority to enforce a judgment against Defendant. Accordingly, this factor favors transfer.

The second public interest factor is the practical considerations in making the trial easy, expeditious, or inexpensive. This factor is "especially critical." *Care One, LLC v. Nat'l Lab. Rels. Bd.*, No. 23-3221, 2023 WL 4156859, at *5 (D.N.J. June 23, 2023). Courts in the Third Circuit have also referred to this factor as the interest in "conserving judicial resources," *Interlink Prod. Int'l, Inc.*, 2020 WL 6707946, at *8, and have found it appropriate to consider, at this step, whether the existence of personal jurisdiction in the transferor district is disputed, *see id.*; *see also Deibler, et al*, 2023 WL 6058866, at *10. "The Third Circuit has held that where there is a bona fide dispute over the existence of *in personam* jurisdiction, the interests of justice are furthered by transfer of the action to another district in which the action could clearly have been brought." *Amtrust at Lloyd's Ltd. v. Breslin*, No. 14-7761, 2015 WL 1399588, at *4 (D.N.J. Mar. 26, 2015) (citing *Schwilm v. Holbrook*, 661 F.2d 12, 16 (3d Cir. 1981)); *see also Interlink Prod. Int'l, Inc.*, 2020 WL 6707946, at *8–9 ("Transfer . . . obviates the need for the parties and the Court to expend

limited resources on jurisdictional preliminaries."); *Societe Novelle Generale de Promotion v. Kool Stop Int'l, Inc.*, 633 F.Supp. 153, 155 (E.D. Pa. 1985) ("If the lack of *in personam* jurisdiction is in doubt, sound judicial administration requires transfer to a district where it clearly could have been brought.").

As noted above, the Court has serious reservations regarding whether Defendant is subject to personal jurisdiction in this District.[6] The only allegations in Plaintiff's Amended Complaint connecting Defendant's activities to New Jersey are the following: (1) Defendant "administers the USMLE throughout the country, including the State of New Jersey" and (2) examinations developed by Defendant are required as a condition of medical licensure "in all states, including [New Jersey]." (Amend. Compl. at ¶¶ 5–8.) It bears repeating that Plaintiff's claims all pertain to the allegedly discriminatory method that Defendant employs to score examinations, which appears to take place at its offices in Philadelphia, and Plaintiff does not allege that Defendant has any offices or employees located in New Jersey. The existence of personal jurisdiction over Defendant in this District appears tenuous, counseling strongly in favor of transfer to the Eastern District of Pennsylvania, where neither party contests that they are subject to personal jurisdiction. The Court also notes that the proximity of Defendant's headquarters to the Eastern District of Philadelphia courthouse would also facilitate case administration. *Wenzhou Xin Xin Sanitary Ware Co., Ltd., v. Delta Faucet Co.*, No. 23-2038, 2023 WL 6158942, at *6 (D.N.J. Sept. 21, 2023). In addition, this case is still in its infancy in this District, and "no practical consideration concerning this Court's management of the case is served by retention in the District of New Jersey." *Id.* For these reasons, this critical factor weighs in favor of transfer.

---

[6] Judge Castner, as noted previously herein, expressed similar concerns regarding personal jurisdiction over Defendant in this case. (*See* ECF No. 40.)

The third public interest factor is the relative administrative difficulty in the two fora resulting from court congestion. Both this District and the Eastern District of Pennsylvania have congested dockets, and the Court recognizes that transfer to the Eastern District of Pennsylvania would add to the important and difficult work being conducted there. Courts in this Circuit have also counseled that the "'relative congestion of the respective courts' dockets' has minimal importance in the overall transfer inquiry . . . ." *Fernandes v. Deutsche Bank Nat'l Trust Co.*, 157 F. Supp. 3d 383, 390 (D.N.J. Dec. 18, 2015) (quoting *Yocham v. Novartis Pharm. Corp.*, 565 F. Supp. 2d 554, 560 (D.N.J. June 16, 2008)). Accordingly, this factor is neutral.

Fourth, the Court will consider the local interest in deciding controversies at home. Plaintiff is a New Jersey resident, and, as such, New Jersey has an interest in protecting its citizens from the harm alleged. However, the Court points out that Plaintiff also alleges that he attends Caribbean Medical University on the island of Curacao and that the Amended Complaint does not evidence any unique relationship between Plaintiff's claims and the District of New Jersey, other than this citizenship in this state. Defendant is a resident of Pennsylvania, and Pennsylvania has an interest in deciding claims levied against one of its home corporations. This factor is therefore neutral.

The fifth factor is the public policies of the fora. Plaintiff brings his claims under the Americans with Disabilities Act ("ADA"), Section 504 of Rehabilitation Act, Title VII of the Civil Rights Act of 1964, the New Jersey Law Against Discrimination ("NJLAD"), and the New Jersey Civil Rights Act ("NJCRA"). The Court is not aware of any difference between New Jersey and Pennsylvania policy with regard to the ADA, Rehabilitation Act, and Title VII claims in this case, each federal statutes. However, considerations of public policy may weigh in favor of adjudicating claims brought under New Jersey law in New Jersey. Nonetheless, as the Court has mentioned, the conduct giving rise to Plaintiff's claims occurred outside of the state of New Jersey, and courts in

15

this District have counseled that jury duty should not be imposed on the citizens of New Jersey under such circumstances. *Rubes v. Kohl's*, 17-04161, 2017 WL 4167457, at *2 (D.N.J. Sept. 19, 2017) (holding that the public policies of the fora weigh in favor of transfer because New Jersey jurors should not be burdened with jury duty regarding conduct that occurred almost exclusively outside New Jersey); *see also Foster v. Marriott Resort Hosp. Corp.*, 17-12901, 2018 WL 3360763, at *4 (D.N.J. July 10, 2018) (same). The Court therefore finds that this factor is also neutral.

The final public interest factor is the familiarity of the trial judge with the applicable state law in diversity cases. This is not a diversity case. Plaintiff's Amended Complaint states that his case is brought under the laws, regulations, and statutes of the United States, pursuant to this Court's federal question jurisdiction. (Amend. Compl. at ¶ 10). However, Plaintiff also alleges that Defendants violated the NJLAD and NJCRA and asserts that the Court has supplemental jurisdiction over these state law claims. Because there are New Jersey statutes at issue in this case, this factor counsels against transfer.

The Court finds that, on balance, the public interest factors support transfer. Having reviewed both the private and public interest factors, the Court concludes that the interests of justice favor transfer to the Eastern District of Pennsylvania.

C. Futility of Transfer

Finally, the Court addresses Defendant's objection to transfer on the basis that Plaintiff's claims are without merit. Defendant argues that transfer would be "a futile waste of judicial and party resources." (ECF No. 48 at 2.) The Court is not persuaded. The Court acknowledges that the Third Circuit has stated in dicta that dismissal in lieu of transfer best serves the interests of justice where it is clear that transfer would be a "futile waste of judicial and party resources." *United*

*States v. Foy*, 803 F.3d 128, 136 n.7 (3rd Cir. 2015). The single case that Defendant cites to support its objection to transfer on this basis is *Sciore v. Phung*, No. 19-13775, 2022 WL 950261 (D.N.J. Mar. 30, 2022). In *Sciore*, the court cited *Foy* to conclude that transfer was not in the interests of justice since the plaintiffs' claims were "clearly futile" and dismissed the case. *Id.* at *19–20. Defendant argues that, as in *Sciore*, Plaintiff's claims are meritless, making dismissal the only appropriate remedy.

However, this case is distinguishable from *Sciore* for two reasons. First, the court in *Sciore* reasoned that the plaintiffs' motion to transfer was a "last-ditch" request. *Id.* at *17. In *Sciore*, the plaintiffs first filed suit in August 2018. The parties negotiated and reached a settlement agreement, and the plaintiffs voluntarily dismissed the case. In June 2019, the plaintiffs filed a second action. The defendants filed a counterclaim in March 2020, and the parties began engaging in discovery. Ultimately, the parties filed multiple discovery motions and participated in multiple discovery conferences. The plaintiffs moved to dismiss the counterclaim, and the defendants filed a cross motion for summary judgment. Thereafter, the parties continued to file motions including multiple motions to dismiss and for sanctions. Finally in June 2021, almost three years after filing their first action and after extensive motions practice and discovery, the plaintiffs moved to transfer the case. In short, *Sciore* had a lengthy history before the plaintiff sought to transfer the case. *See Sciore v. Phung*, No. 1:19-cv-13755, ECF No. 14 (cataloguing the history of the case); *see also id.* at ECF Nos. 16, 22, 30, 32, 34, 71, 72, 78, 87, 94). Not so here. This case is in an inchoate phase. During the Court's telephonic conference with the parties, Defendant conceded that no discovery has been taken in this case and that this case has not moved beyond the pleading phase. This case was filed in 2022, and the Court does not view Plaintiff's April 2023 motion to transfer as a "last-ditch"

request. Nor does the Court perceive any prejudice whatsoever to Defendant in transferring this case to Defendant's home venue, and none has been articulated by Defendant to the Court.

Second, in *Sciore*, the court considered allegations that negative restaurant reviews posted on Yelp.com ("Yelp") constituted defamation, trade libel, and tortious interference with contractual relations and prospective contractual relations. The court concluded that "[e]ven a cursory examination" of the complaint evinced its futility. *Id.* at *18. For example, the allegedly defamatory Yelp reviews would most likely be found to be nothing more than opinion not capable of being proven false, which is a defense that necessitates dismissal in defamation cases. *Id.* at *9–14, 18. Likewise, in *Foy*, the Third Circuit commented that transfer would be futile because the transferee district had recently denied the defendant the exact relief the plaintiff sought. *Foy*, 803 F.3d at 136 n.7.[7]

The Court is unable to conclude at this early phase of this litigation that Plaintiff's Amended Complaint is so lacking in merit that Plaintiff's claims must be dismissed with prejudice. Neither the Undersigned nor the previous judges hearing this case have reached the merits of Plaintiff's claims. The only orders entered to date in this case, other than the Court's previous

---

[7] The Court also notes that, in another district court case in this Circuit, the court cited *Foy* for the proposition that "dismissal in lieu of transfer is appropriate where it is clear that" transfer would be futile. *Qayyum v. Tillerson*, No. 17-6780, 2018 WL 2095603, at *3 (D.N.J. May 7, 2018). In that case, the plaintiff, albeit *pro se*, attempted to state a claim for individual liability against one of the defendants under Title VII of the Civil Rights Act. *Id.* at *4. Even a cursory review of the plaintiff's claims revealed that they were without merit because it is settled law in this Circuit that Title VII does not provide for individual liability, and thus individuals cannot be named as defendants in Title VII cases. *See Newsome v. Admin. Office of the Courts of the State of New Jersey*, 51 F. App'x 76, 79 n.1 (3d Cir. 2002); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc). Moreover, the court pointed out that it was unclear that the remaining defendants, who had not yet been served, would be subject to personal jurisdiction in any forum to which transfer of the action would be appropriate, likely resulting in "severance of the case, and the maintenance of separate proceedings with substantially overlapping issues of law and fact [that] would give rise to judicial inefficiency." *Qayyum*, 2018 WL 2095603, at *4. No such obvious bases for dismissal or concerns about judicial inefficiency exist here. Indeed, this Court has already determined that the parties would both be subject to personal jurisdiction in the transferee forum and transfer would likely result in more efficient administration of this case.

order denying Plaintiff's reconsideration and transfer requests, have either been administrative orders or orders finding that Defendant was not subject to personal jurisdiction in this District. (ECF No. 41.) Here, a preliminary review of the claims does not clearly evince that transfer is inappropriate, and, once transferred, the case's disposition is not a foregone conclusion. This conclusion is bolstered by the fact that, unlike the plaintiffs in *Sciore* who were represented by competent counsel, Plaintiff in this case is *pro se*. It is well established that a *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005). The Court finds that, given Plaintiff's *pro se* status, dismissal with prejudice at this stage would not serve the interests of justice.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint shall be transferred to the United States District Court for the Eastern District of Pennsylvania. Accordingly, the pending motions in this case, Plaintiff's Motion for Preliminary Injunction (ECF No. 53) and Defendant's Motion to Dismiss (ECF No. 55), are **DENIED** as moot.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2023

Exhibit C

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JASON ZANGARA,

     PLAINTIFF,

          V.

NATIONAL BOARD OF MEDICAL
EXAMINERS,

     DEFENDANT.

Civil Action No. 22-1559 (RK) (JBD)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff Jason Zangara's April 7, 2023 Motion (ECF No. 42) seeking reconsideration of the Court's Order (ECF No. 41) denying Plaintiff's Motion for a Preliminary Injunction (ECF No. 19). In the alternative, Plaintiff seeks to transfer the case to the Eastern District of Pennsylvania. Defendant, the National Board of Medical Examiners ("NBME"), opposes both reconsideration and transfer. (ECF No. 48.) Also pending on is Plaintiff's motion to amend the complaint, (ECF No. 38), which Defendant does not oppose (ECF No. 39).

    The Court has carefully considered the record and the parties' submissions, and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion for Reconsideration (ECF No. 42) is **DENIED**; Plaintiff's alternative Motion to Transfer (ECF No. 42.) is **DENIED** without prejudice; and Plaintiff's Motion to File an Amended Complaint (ECF No. 38) is **GRANTED**.

1

Case 3:22-cv-01559-RK-JBD   Document 40   Filed 07/21/23   Page 2 of 10 PageID: 1544

I.      **BACKGROUND**

The Court's April 6, 2023 Memorandum Opinion (ECF No. 40) summarizes Plaintiff's claims. The Court presumes the parties' familiarity with Plaintiff's claims and recites only the facts and procedural history necessary to resolve Plaintiff's motion.

On March 18, 2022, Plaintiff filed the instant action alleging that Defendant's manner of administering its medical examination, which Plaintiff's medical school required Plaintiff to take, violated the Americans with Disabilities Act ("ADA"). (Compl., ECF No. 1.) The Complaint alleges that Plaintiff has been diagnosed with ADHD and learning disabilities, and seeks for Defendant to "be enjoined from grading [Plaintiff's] exams (and the exams of others that are disabled) . . . on a curve and deciding passing or failing based on comparing [Plaintiff] to others." (*Id.* at 6.)

On September 19, 2022, Plaintiff filed a submission indicating that Plaintiff sought to add approximately ten pages to his Complaint. (ECF No. 18.) On March 2, 2023, the Honorable Lois H. Goodman ordered Plaintiff to re-file his motion for leave to file an Amended Complaint in accordance with Local Civil Rule 15.1 by March 24, 2023. (ECF No. 31.) Plaintiff immediately appealed Judge Goodman's order to the Third Circuit Court of Appeals (ECF No. 32), which dismissed for lack of jurisdiction to review a Magistrate Judge's order (ECF No. 44.)

On March 23, 2023, Plaintiff filed a motion in response to Judge Goodman's Order, which included a proposed Amended Complaint running 184 pages and including 836 paragraphs and 86 separately-numbered counts. (ECF No. 38-3.) On April 3, 2023, Defendant filed a response, noting that the Amended Complaint ran afoul of Federal Rule of Civil Procedure 8(a)'s pleading requirements but stating that Defendant "does not oppose his motion" given Plaintiff's *pro se* status. (ECF No. 39 at 2.) Plaintiff replied on April 10, 2023. (ECF No. 43.)

On September 26, 2022, Plaintiff filed a motion for a preliminary injunction seeking relief identical to what he sought in his Complaint: to prevent Defendant from scoring his exam "objectively to determine passing or failing not his relation to the performance of others, on a curve, using percentiles or any other statistical method." (Proposed Order, ECF No. 19-2 at 2.) Plaintiff argued that he would likely succeed on the merits based on his learning disabilities and a provision of the ADA that required a "private entity offering an examination covered by this section" to ensure that when an examination is administered to a disabled person, its "results accurately reflect the individual's aptitude or achievement level." (Pl. Br., ECF No. 19-1 at 14–15 (quoting 28 C.F.R. § 36.309).) Plaintiff claimed irreparable harm based on his likely inability to pass the exam if Defendant continued administering it in the same manner (*id.* at 36–37), and argued that the public interest would be served by an injunction because it would "increase the number of qualified physicians." (*Id.*)

On October 17, 2022, Defendant opposed the motion, arguing against the merits of Plaintiff's injunction request and further contending that the Court lacked personal jurisdiction over Defendant. (ECF No. 25 at 10.) On October 24, 2022, Plaintiff filed his reply brief. (ECF No. 26.)

On April 6, 2023, the Honorable Georgette Castner denied Plaintiff's motion for a preliminary injunction. (Order, ECF No. 41; Mem. Op., ECF No. 40.) The Court found that it lacked personal jurisdiction over Defendant and therefore could not grant injunctive relief, even if it were to reach the merits of Plaintiff's request. (*Id.* at 7.) The Court could not exercise general jurisdiction because Defendant is a District of Columbia-registered, Pennsylvania-headquartered company with no operations in New Jersey. (*Id.* at 9.) The Court also held that it lacked specific jurisdiction. (*Id.* at 10.) Reviewing Plaintiff's Complaint, Certification in Support of Application

for Preliminary Injunction, and briefs in support of his injunction motion, the Court found that Plaintiff's sole allegation of Defendant's contact with New Jersey — that Plaintiff took Defendant's examinations for a fee while Plaintiff was located in New Jersey — was insufficient to establish Defendant's purposeful availment of the forum. (*Id.*)

On April 7, 2023, Plaintiff filed the subject motion for reconsideration and/or to transfer the case to the Eastern District of Pennsylvania where Defendant is headquartered. (ECF No. 42.) Defendant initially failed to respond, and on July 11, 2023, the Court ordered Defendant to file any opposition to Plaintiff's motion by July 14, 2023. (ECF No. 47.) On July 14, 2023, Defendant filed a brief submission opposing reconsideration and transfer. (ECF No. 48.)

## II.   LEGAL STANDARD

Reconsideration is an "extraordinary remedy" to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quotations and citations omitted). To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). Pursuant to Local Civil Rule 7.1(i), a party moving for reconsideration must file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." Local Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*,

130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citing Allyn Z. Lite, *New Jersey Federal Practice Rules* 30 (2001)).

A federal district court may transfer a civil action to a different venue pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The movant bears the burden of establishing that transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Section 1404(a) "is [intended] 'to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Kremer v. Lysich*, No. 18-3676, 2019 WL 3423434, at *3 (D.N.J. July 30, 2019) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Thus, the statute vests district courts "with a large discretion," S*olomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973), "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as of right "if the pleading is one to which a responsive pleading is required . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1). Once a plaintiff has amended his complaint as a matter of course, the rule provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." R. 15(a)(2). A "court should freely give leave when justice so requires." *Id.* The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970).

## III.   DISCUSSION

### A.   RECONSIDERATION

Plaintiff's sole argument in seeking the Court to reconsider its denial of motion for preliminary injunction is that the Court relied on the Complaint rather than Plaintiff's proposed Amended Complaint. (ECF No. 42-3.) Plaintiff notes that the "court references and relies on Plaintiff[']s original complaint when he was ordered to file a motion to amend his complaint by this court." (*Id.* at 1.) Essentially, Plaintiff believes that in deciding his motion for a preliminary injunction, the Court should have considered his proposed Amended Complaint attached to his March 23, 2023 motion to amend, (ECF No. 38), but that to date has not been ruled on. The Court's decision, handed down on April 6, 2023, cited Plaintiff's Complaint without reference to the Amended Complaint. (ECF No. 41.)

Plaintiff has failed to suggest any "need to correct a clear error of law or prevent manifest injustice." *Gibson*, 994 F.3d at 190. A proposed amended complaint is not legally operative until the Court grants the motion to amend, at which point the amended complaint becomes the operative pleading and nullifies the original. "[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" *West Run Student Housing Associates, LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1502 (3d Cir. 1996)). Here, at the time the District Court denied Plaintiff's motion for a preliminary injunction, his motion to amend was merely a request to change the operative complaint. Neither the fact that Plaintiff had filed his motion to amend after the Court instructed him to file his motion in compliance with Local Civil Rule 15.1 (ECF No. 31), nor that Defendant

6

indicated it would not oppose Plaintiff's motion to amend in light of his *pro se* status (ECF No. 39), affect this conclusion.

Accordingly, Plaintiff's motion for reconsideration of the Court's denial of his motion for a preliminary injunction is denied.

## B.   TRANSFER

Because the Court denies Plaintiff's motion to reconsider, it will consider his alternative request to transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

Plaintiff's argument in support of transfer is that the Eastern District of Pennsylvania is "where Defendant[']s principle place of business is located." (ECF No. 42-3 at 2.) Plaintiff claims transfer would serve the purposes of section 1404(a) by "prevent[ing] the waste of 'time, energy and money'" and "protect[ing] litigants, witnesses, and the public against unnecessary inconvenience and expense." (*Id.* at 2 (quoting *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993)).) In a brief opposition filed after prompting from the Court, Defendant objects to transfer, arguing that "Plaintiff has already wasted the time, energy, and money of NBME by asserting meritless claims in this action" and that transfer would not serve "the interests of justice" because it would be "a futile waste of judicial and party resources." (ECF No. 48 at 2 (quoting *Sciore v. Phung*, No. 19-13775, 2022 WL 950261, at *17 (D.N.J. Mar. 30, 2022)).)

Transfer at this stage of the litigation, with a pending motion to file an Amended Complaint, is premature and would unnecessarily inconvenience the parties and the transferee court if personal jurisdiction is cured by amendment. The Court notes that the parties have not briefed the transfer issue: Plaintiff's transfer request spans one page (ECF No. 42-3 at 3), and Defendant opposes transfer in a single page as well (ECF No. 48 at 2). The Court cannot easily apply the requisite public and private interest factors under section 1404(a) without the necessary

facts to determine which way each factor cuts. *See Jumara*, 55 F.3d at 879 (listing six private interest factors and six public interest factors the Court considers and balances in determining whether to transfer a case).

Plaintiff's motion to transfer the case to the Eastern District of Pennsylvania is denied without prejudice and may be refiled and briefed more thoroughly at a later date.

### C.   AMENDED COMPLAINT

Plaintiff's unopposed motion to file an Amended Complaint is also pending before the Court. Under Federal Rule of Civil Procedure 15, once the opportunity to amend as a matter of course has passed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id.*

Here, the Court find that justice requires that Plaintiff have an opportunity to file his Amended Complaint. While Plaintiff's first attempt to amend his complaint (ECF No. 18) did not qualify as amendment as of right under Federal Rule of Civil Procedure 15(a)(1) and did not comply with Local Rule 15.1's requirements, the attempted amendment, filed 28 days after Defendant filed its motion to dismiss, does not evidence bad faith, dilatory motive, or unfair prejudice that would result to Defendant. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Once the Court reviewed Plaintiff's attempted amendment and ordered him to file a motion to amend in compliance with Local Rule 15.1 (ECF No. 31), Plaintiff complied by filing the instant motion to amend by the deadline set by the Court (ECF No. 38), and Defendant "does not oppose his motion" given Plaintiff's *pro se* status. (ECF No. 39 at 2); *see Gingham v. Liberty Mut. Fire Ins. Co.*, No. 09-

2798, 2010 WL 1379909, at *7 (D.N.J. Mar. 26, 2010) (granting motion to amend when Defendant "does not object to the Court granting plaintiff leave to file an amended complaint").[1]

The Court does not comment on whether a meritorious claim or sufficient facts to support personal jurisdiction are set forth within the 186 pages of Plaintiff's proposed Amended Complaint. However, in light of Defendant's consent to file and lacking any evidence at this juncture that Plaintiff's litigation practice has been in bad faith, the Court grants Plaintiff leave to file his Amended Complaint. Plaintiff is directed to file his Amended Complaint on the docket in compliance with Local Civil Rule 15.1(a) ("If the motion to amend is granted, the moving party shall file the original forthwith as the amended pleading.").

---

[1] Plaintiff argues on reply that Defendant's consent for Plaintiff to file his Amended Complaint bars it from subsequently arguing that the Amended Complaint should be dismissed for failure to state a claim. (ECF No. 43 at 6–7.) While the Court need not reach this argument in order to resolve the pending motion, the Court notes that it does not read Defendant's consent as agreement that the Amended Complaint states a viable claim, but rather that Defendant does not contest amendment in order to move the litigation along.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's order denying his motion for a preliminary injunction (ECF No. 42) is **DENIED**. Plaintiff's alternative motion to transfer venue to the Eastern District of Pennsylvania (ECF No. 42) is **DENIED** without prejudice. Plaintiff's motion to file an amended complaint (ECF No. 38) is **GRANTED**.

_____

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: July 21st, 2023

Exhibit D

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. <u>23-1412</u>



v.


To:  Clerk


1)  Motion by Appellant for Leave to Proceed on the Original Record, to
    Expedite Appeal and for Injunction.

The foregoing motion is considered.

To the extent Appellant requests leave to proceed on the original record, the
motion is granted. To the extent Appellant requests to expedite the appeal and for an
injunction, the motion is referred to a panel of the Court for determination.



For the Court,

 s/ Patricia S. Dodszuweit
Clerk


Dated:  March 13, 2023
Amr/cc: All counsel of record

AO 240A (Rev. 01/09; NJ 06/17; NJ 10/21; NJ 1/22) Order to Proceed Without Prepaying Fees or Costs

# UNITED STATES DISTRICT COURT
## for the
### DISTRICT OF NEW JERSEY

JASON ZANGARA

Plaintiff(s),

v.

NATIONAL BOARD OF MEDICAL EXAMINERS

Defendant(s).

**ORDER ON APPLICATION
TO PROCEED WITHOUT
PREPAYMENT OF FEES**

Civil Action No. 3:22-cv-01559

Having considered the application to proceed without prepayment of fees under 28 U.S.C. §1915, **IT IS ORDERED** the application is:

☑ **GRANTED**, and

☑ The clerk is ordered to file the complaint,

☑ **IT IS FURTHER ORDERED**, the clerk issue a summons and the U.S. Marshal serve a copy of the complaint, summons and this order upon the defendant(s) as directed by the plaintiff(s). All costs of service shall be advanced by the United States.

☐ **DENIED**, for the following reasons:

☐ **IT IS FURTHER ORDERED**, the clerk is ordered to close the file. Plaintiff(s) may submit payment in the amount of **$402** within 14 days from the date of this order to reopen the case without further action from the Court.

ENTERED this ___ day of June ___, 2022   s/ *Georgette Castner*

Signature of Judicial Officer

Georgette Castner, U.S.D.J.

Name and Title of Judicial Officer

Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRYAN MESSENGER,               )
                              )
        Plaintiff,             )
                              )      Case No. 3:17-cv-03755-FLW-DEA
        v.                     )
                              )
NATIONAL BOARD OF MEDICAL      )
EXAMINERS,                     )
                              )
        Defendant.             )

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), plaintiff Bryan Messenger and defendant

National Board of Medical Examiners, by and through their attorneys, hereby stipulate to the

dismissal of plaintiff's Complaint and all claims asserted therein, with prejudice, each side to

bear its own costs and expenses except as otherwise agreed upon by the parties.

SO STIPULATED this __ day of November, 2017:

/s/ Clara R. Smit                          /s/ Felice B. Galant
Clara R. Smit                              Felice B. Galant
Law Office of Clara R. Smit                Norton Rose Fulbright US LLP
100 Horizon Center Boulevard               1301 Avenue of the Americas
Hamilton, New Jersey 08691                 New York, NY 10019-6022
Telephone: (732) 843-6600                  Telephone: (212) 318-3000
crsmitlaw@aol.com                          felice.galant@nortonrosefulbright.com

Mary M. Vargas (*pro hac vice*)            Robert A. Burgoyne (*pro hac vice*)
Martha M. Lafferty (*pro hac vice*)        Norton Rose Fulbright US LLP
Stein & Vargas, LLP                        799 9th Street, NW, Suite 1000
840 First Street NE, Third Floor           Washington, D.C. 20001
Washington, DC 20002                       Telephone: (202) 662-0200
Telephone: (202) 248-5092

                                           Counsel for Defendant

Counsel for Plaintiff

It is further ordered that the Clerk of the Court
is directed to reopen this action and upon entry
of this order, the case and docket shall be marked closed.
IT IS SO ORDERED:

FREDA L. WOLFSON, U.S.D.J. 12-12-17